# 19-1584-cv(L)

## 18-2191-cv(Con), 18-0855-cv(Con)

# United States Court of Appeals

### *for the*

# Second Circuit

CHEVRON CORPORATION,

*Plaintiff-Counter-Defendant-Appellee*,

- v. -

DONZIGER & ASSOCIATES, PLLC, STEVEN DONZIGER,
THE LAW OFFICES OF STEVEN R. DONZIGER,

*Defendants-Counter-Claimants-Appellants*.
*(caption continued on inside cover)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CASE NO. 1:11-CV-00691-LAK-JCF | THE HONORABLE LEWIS A. KAPLAN

### SUPPLEMENTAL APPENDIX
### VOLUME 2 OF 2
### (PAGES SA149 to SA440)

Randy M. Mastro
Andrea E. Neuman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166

Thomas G. Hungar
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., NW
Washington, D.C. 20036

William E. Thomson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071

*Attorneys for Chevron Corporation*

PABLO FAJARDO MENDOZA, LUIS YANZA, FRENTE DE DEFENSA DE LA AMAZONIA,
AKA AMAZON DEFENSE FRONT, SELVA VIVA SELVIVA CIA, LTDA, MARIA AGUINDA
SALAZAR, CARLOS GREFA HUATATOCA, CATALINA ANTONIA AGUINDA SALAZAR,
LIDIA ALEXANDRA AGUIN AGUINDA, PATRICIO ALBERTO CHIMBO YUMBO, CLIDE
RAMIRO AGUINDA, LUIS ARMANDO CHIMBO YUMBO, BEATRIZ MERCEDES GREFA
TANGUILA, LUCIO ENRIQUE GREFA TANGUILA, PATRICIO WILSON AGUINDA, CELIA
IRENE VIVEROS CUSANGUA, FRANCISCO MATIAS ALVARADO YUMBO, FRANCISCO
ALVARADO YUMBO, OLGA GLORIA GREFA CERDA, LORENZO JOSE ALVARADO YUMBO,
NARCISA AIDA TANGUILA NARVAEZ, BERTHA ANTONIA YUMBO TANGUILA, GLORIA
LUCRECIA TANGUI GREFA, FRANCISCO VICTOR TANGUILA GREFA, ROSA TERESA
CHIMBO TANGUILA, JOSE GABRIEL REVELO LLORE, MARIA CLELIA REASCOS REVELO,
MARIA MAGDALENA RODRI BARCENES, HUGO GERARDO CAMACHO NARANJO, JOSE
MIGUEL IPIALES CHICAIZA, HELEODORO PATARON GUARACA, LUISA DELIA TANGUILA
NARVAEZ, LOURDES BEATRIZ CHIMBO TANGUIL, MARIA HORTENCIA VIVER
CUSANGUA, SEGUNDO ANGEL AMANTA MILAN, OCTAVIO ISMAEL CORDOVA HUANCA,
ELIAS ROBERTO PIYAHUA PAYAHUAJE, JAVIER PIAGUAJE PAYAGUAJE, DANIEL CARLOS
LUSITAND YAIGUAJE, BENANCIO FREDY CHIMBO GREFA, GUILLERMO VICENTE
PAYAGUA LUSITANTE, DELFIN LEONIDAS PAYAGU PAYAGUAJE, ALFREDO DONALDO
PAYAGUA PAYAGUAJE, MIGUEL MARIO PAYAGUAJE, TEODORO GONZALOPIAGUAJE
PAYAGUAJE, FERMIN PIAGUAJE PAYAGUAJE, REINALDO LUSITANTE YAIGUAJE, LUIS
AGUSTIN PAYAGUA PIAGUAJE, EMILIO MARTIN LUSITAND YAIGUAJE, SIMON
LUSITANDE YAIGUAJE, ARMANDO WILMER PIAGUAJE PAYAGUAJE, ANGEL JUSTINO
PIAGUAG LUCITANT, KEMPERI BAIHUA HUANI, AHUA BAIHUA CAIGA, PENTIBO BAIHUA
MIIPO, DABOTA TEGA HUANI, AHUAME HUANI BAIHUA, APARA QUEMPERI YATE, BAI
BAIHUA MIIPO, BEBANCA TEGA HUANI, COMITA HUANI YATE, COPE TEGA HUANI,
EHUENGUINTO TEGA, GAWARE TEGA HUANI, MARTIN BAIHUA MIIPO, MENCAY BAIHUA
TEGA, MENEMO HUANI BAIHUA, MIIPO YATEHUE KEMPERI, MINIHUA HUANI YATE,
NAMA BAIHUA HUANI, NAMO HUANI YATE, OMARI APICA HUANI, OMENE BAIHUA
HUANI, YEHUA TEGA HUANI, WAGUI COBA HUANI, WEICA APICA HUANI, TEPAA
QUIMONTARI WAIWA, NENQUIMO VENANCIO NIHUA, COMPA GUIQUITA, CONTA
NENQUIMO QUIMONTARI, DANIEL EHUENGEI, NANTOQUI NENQUIMO, OKATA QUIPA
NIHUA, CAI BAIHUA QUEMPERI, OMAYIHUE BAIHUA, TAPARE AHUA YETE, TEWEYENE
LUCIANA NAM TEGA, ABAMO OMENE, ONENCA ENOMENGA, PEGO ENOMENGA, WANE
IMA, WINA ENOMENGA, CAHUIYA OMACA, MIMA YETI,

     *Defendants*,

STRATUS CONSULTING, INC., DOUGLAS BELTMAN, ANN MAEST,

     *Defendants-Counter-Claimants*,

ANDREW WOODS, LAURA J. GARR, H5,

*Respondents*.

# TABLE OF CONTENTS

PAGE

Email Thread between Aaron Page, Steven Donziger and others,
Produced by Aaron Page and Bates Stamped
AMPagePJD_0004172-74, dated November 6, 2017.......................... SA1

Supplemental Judgment as to Donziger Defendants and Defendants
Camacho and Piaguaje, filed February 28, 2018 (Dkt. 1962) ............ SA4

Proposed Order to Show Cause to Grant Chevron Corporation's Ex
Parte Application for Discovery and a Preservation Order in
Furtherance of this Court's March 4, 2014 Judgment and to Set a
Hearing Date Subsequent to that Discovery on Chevron's
Application to have Steven Donziger held in Contempt, filed
March 19, 2018 (Dkt. 1965)............................................................. SA6

Default Judgment as to Defaulted Defendants, filed April 23, 2018
(Dkt. 1985) ..................................................................................... SA9

Exhibit 1 to Chevron's Motion to Compel Donziger to Respond to
Post-Judgment Discovery Requests, Filed May 4, 2018 (Dkt.
1989-1)

Chevron Corporation's First Set of Requests for Production of
Documents in Aid of the Supplemental Judgment to Defendants
Steven Donziger, The Law Offices of Steven R. Donziger, And
Donziger & Associates, PLLC, Chevron Corporation's First
Information Subpoena in Aid of the Supplemental Judgment to
Defendants Steven Donziger, The Law Offices of Steven R.
Donziger, And Donziger & Associates, PLLC, Notice to
Judgment Debtor or Obligor, Chevron Corporation's Subpoena
Ad Testificandum to Steven R. Donziger, dated April, 26, 2018, .... SA14

Excerpted Transcript from May 8, 2018 Oral Argument,......................... SA54

Order granting Chevron's second motion to compel, filed October 18,
2019 (Dkt. 2108) ........................................................................... SA58

Exhibit 12 to Declaration of Anne Champion in Support of Chevron
Corporation's Motion to Hold Steve Donziger in Contempt of
Court for his failure to Comply with the RICO and Default

ii

PAGE

Judgments and the April 16, 2018 Restraining Notice, filed
October 24, 2018 (Dkt. 2114-2)

Email Chain forwarding a July 10,2016 Email Chain among
Steven Donziger Bill Twist and John van Merkensteijn, Dated
October 22, 2016 .......................................................................... SA61

Exhibit 89 to Declaration of Anne Champion in Support of Chevron
Corporation's Motion to Hold Steve Donziger in Contempt of
Court for his failure to Comply with the RICO and Default
Judgments and the April 16, 2018 Restraining Notice, filed
October 24, 2018 (Dkt. 2114-9)

Email Chain among Bill Twist and John van Merkensteijn,
Dated August 3, 2016 .................................................... SA69

Declaration of John Slavek in Support of Chevron Corporation's
Motion to Hold Steve Donziger in Contempt of Court for his
failure to Comply with the RICO and Default Judgments and the
April 16, 2018 Restraining Notice, filed October 24, 2018 (Dkt.
2115) ........................................................................................ SA73

Exhibit 2 to Declaration of John Slavek in Support of Chevron
Corporation's Motion to Hold Steve Donziger in Contempt of
Court for his failure to Comply with the RICO and Default
Judgments and the April 16, 2018 Restraining Notice, filed
October 24, 2018 (Dkt. 2115-1)

Investment Agreements Reviewed and Comparison with Known
Investor Deposits into Donziger-Related Bank Accounts, Time
Period May 2016 through January 2018 ........................................ SA95

Exhibit 4-A to Declaration of John Slavek in Support of Chevron
Corporation's Motion to Hold Steve Donziger in Contempt of
Court for his failure to Comply with the RICO and Default
Judgments and the April 16, 2018 Restraining Notice, filed
October 24, 2018 (Dkt. 2115-1)

iii

PAGE

Analysis of TD Bank Accounts – Balances, Investor Deposits and Transfers Between Accounts, Time Period January 1, 2016 through June 30, 2018 ................................................................... SA96

Exhibit 7-A to Declaration of John Slavek in Support of Chevron Corporation's Motion to Hold Steve Donziger in Contempt of Court for his failure to Comply with the RICO and Default Judgments and the April 16, 2018 Restraining Notice, filed October 24, 2018 (Dkt. 2115-1)

Summary of TD Bank Visa & American Express Credit Card – Top 50 Payees, Time Period January 2016 through June 30, 2018 ... SA99

Exhibit 7-B to Declaration of John Slavek in Support of Chevron Corporation's Motion to Hold Steve Donziger in Contempt of Court for his failure to Comply with the RICO and Default Judgments and the April 16, 2018 Restraining Notice, filed October 24, 2018 (Dkt. 2115-1)

Summary of TD Bank Visa & American Express Credit Card Expenses & Related Payments by Month & Card User, Time Period January 2016 through June 30, 2018 ...................................SA100

Declaration of Mary K. Sullivan in Support of Chevron Corporation's Motion to Hold Steve Donziger in Contempt of Court for his failure to Comply with the RICO and Default Judgments and the April 16, 2018 Restraining Notice, filed October 24, 2018 (Dkt. 2116) ..........................................................................................SA101

Exhibit 38 to Declaration of Mary K. Sullivan in Support of Chevron Corporation's Motion to Hold Steve Donziger in Contempt of Court for his failure to Comply with the RICO and Default Judgments and the April 16, 2018 Restraining Notice, filed October 24, 2018 (Dkt. 2116-3)

Letter from Aaron Page to Frank Libby, Dated May 3, 2018 ..........SA124

Exhibit 39 to Declaration of Mary K. Sullivan  in Support of Chevron Corporation's Motion to Hold Steve Donziger in Contempt of

iv

PAGE

Court for his failure to Comply with the RICO and Default
Judgments and the April 16, 2018 Restraining Notice, filed
October 24, 2018 (Dkt. 2116-3)

Copy of Checks, Dated May 3, 2018 .............................................SA127

Donziger's Letter Motion to Expedite Contempt Motions, filed
October 25, 2018 (Dkt. 2118) .........................................................SA130

Chevron Corporation's Letter Motion regarding Discovery, filed
October 26, 2018 (Dkt. 2119) .........................................................SA133

Exhibit B to Chevron Corporation's Letter Motion regarding
Discovery, filed October 26, 2018 (Dkt. 2119-2)

Email between Steven Donziger and Anne Champion, dated
October 25, 2018 ..........................................................................SA136

Declaration of Steven Donziger in Support of Steven Donziger's
Opposition to Chevron's Contempt Motion, filed October 31,
2018 (2122-1) ...............................................................................SA138

Declaration of John Slavek in Support of Chevron Corporation's
Reply Memorandum of Law in Support of Its Motion to Hold
Steve Donziger, The Law Offices of Steven R. Donziger, and
Donziger Associates, PLLC in Contempt of Court for their
failure to Comply with the RICO and Default Judgments and the
April 16, 2018 Restraining Notice, filed November 7, 2018 (Dkt.
2129) ............................................................................................SA149

Exhibit A to Chevron Corporation's Letter to Court regarding
Donziger's Email on Contempt of Forensic Order, filed March
12, 2019 (Dkt. 2173-1)

Email from Steven Donziger to Forensic Expert, dated March
11, 2019 ........................................................................................SA155

v

PAGE

Exhibit B to Chevron Corporation's Letter to Court regarding
    Donziger's Email on Contempt of Forensic Order, filed March
    12, 2019 (Dkt. 2173-2)

    Email from Forensic Expert to Matt Burke, dated March 11,
    2019 ............................................................................................SA162

Exhibit 2 to Declaration of Anne Champion in Support of Chevron
    Corporation's Motion to Hold Donziger in Contempt of
    Paragraphs 1 and 5 of the Rico Judgement Based on his
    Transactions with David Zelman, filed March 20, 2019 (Dkt.
    2180-2)

    Responses of David Zelman to Chevron's Discovery Requests,
    dated January 7, 2019 ................................................................SA164

Exhibit 5 to Declaration of Anne Champion in Support of Chevron
    Corporation's Motion to Hold Donziger in Contempt of
    Paragraphs 1 and 5 of the Rico Judgement Based on his
    Transactions with David Zelman, filed March 20, 2019 (Dkt.
    2180-5)

    Biographical Description of David Zelman, dated January 30,
    2019 ............................................................................................SA246

Exhibit 8 to Declaration of Anne Champion in Support of Chevron
    Corporation's Motion to Hold Donziger in Contempt of
    Paragraphs 1 and 5 of the Rico Judgement Based on his
    Transactions with David Zelman, filed March 20, 2019 (Dkt.
    2180-8)

    Excerpts from deposition transcript of David Zelman, dated
    February 27, 2019 ......................................................................SA249

Exhibit 11 to Declaration of Anne Champion in Support of Chevron
    Corporation's Motion to Hold Donziger in Contempt of
    Paragraphs 1 and 5 of the Rico Judgement Based on his
    Transactions with David Zelman, filed March 20, 2019 (Dkt.
    2180-11)

vi

Email between Steven Donziger and David Zelman, dated December 21, 2016......................................................................SA263

Declaration of Steven Donziger, filed May 29, 2019 (Dkt. 2217) ...........SA264

Order regarding Donziger's Motion for Extension of Time, filed May 29, 2019 (Dkt. 2218) ...................................................................SA266

Order Regarding Chevron's Motion to Hold Donziger in Contempt for Failure to Comply with the Court's March 5, 2019 Order, filed May 29, 2019 (Dkt. 2219)............................................................SA268

Order Finding Steven Donziger is in Wilful Contempt of Paragraph 5 of the March 5, 2019 Order, The Forensic Inspection Protocol, filed June 4, 2019 (Dkt. 2222) ........................................................SA269

Order requiring Parties File Stipulation regarding Donziger's Contempt, filed June 5, 2019 (Dkt. 2223) .....................................SA270

Excerpted Hearing Transcript from in Chevron Corporation. v. Steven Donziger et al, Case No. 11-CV-691 (LAK) filed June 10, 2019, (Dkt. 2352) ................................................................................SA271

Order Imposing Additional Coercive Civil Contempt Sanctions, filed June 11, 2019 (Dkt. 2232) .............................................................SA276

Donziger's Emergency Motion to Stay Fines and Sanctions Pending Appeal or in the Alternative for an Administrative Stay, filed June 12, 2019 (Dkt. 2234) ............................................................SA278

Chevron Corporation's Memorandum of Law in Support of Its Motion for Attorneys' Fees, filed on June 18, 2019 (Dkt. 2244)................SA293

Exhibit A to Declaration of Anne Champion in Support of Chevron Corporation's Memorandum of Law in Support of Its Motion for Attorneys' Fees, filed on June 18, 2019 (Dkt. 2245-1)

Gibson Dunn Attorney Fees to Chevron, filed June 18, 2019..........SA316

vii

PAGE

Order Concerning Coercive Civil Monetary Sanctions with Respect to
   Contempt of Forensic Inspection Protocol Paragraphs 4 and 5,
   filed June 28, 2019 (Dkt. 2252) .....................................................SA405

Donziger's Opposition to Untimely Motion for Attorney's Fees, filed
   July 1, 2019 (Dkt. 2253) ..............................................................SA406

Order regarding Donziger's Emergency Motion to Stay Fines and
   Sanctions Pending Appeal or in the Alternative for an
   Administrative Stay, filed July 2, 2019 (Dkt. 2254) ......................SA411

Order Granting Chevron Corporation's Motion for Award of
   Attorneys' Fees, filed July 16, 2019 (Dkt. 2264)...........................SA415

Order to Show Cause Why Defendant Steven Donziger Should Not be
   Held in Criminal Contempt, filed July 31, 2019 (Dkt. 2276) ..........SA417

Order to Show Cause Why Defendant Steven Donziger Should Not Be
   Held in Criminal Contempt, dated August 5, 2019 (Dkt. 1) ............SA427

Excerpted Hearing Transcript in U.S.A. v Steven Donziger, Case No.
   19-CR-561 (LAP), dated August 6, 2019,  ....................................SA437

Minute Order in U.S.A. v Steven Donziger, Case No. 19-CR-561
   (LAP) , Dated December 4, 2019 ..................................................SA439

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                                    x
CHEVRON CORPORATION,                                                :
                                                                    :
                        Plaintiff,                                  :
                                                                    :
            v.                                                      :   11 Civ. 0691 (LAK)
                                                                    :
STEVEN DONZIGER, et al.,                                            :
                                                                    :
                                                                    :
                        Defendants.                                 x
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DECLARATION OF JOHN A. SLAVEK IN SUPPORT OF**
**CHEVRON CORPORATION'S REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION TO HOLD STEVEN DONZIGER, THE LAW OFFICES OF STEVEN R.**
**DONZIGER, AND DONZIGER ASSOCIATES, PLLC IN CONTEMPT OF COURT**
**FOR THEIR FAILURE TO COMPLY WITH THE RICO AND DEFAULT**
**JUDGMENTS AND THE APRIL 16, 2018 RESTRAINING NOTICE**

I, JOHN A. SLAVEK, hereby declare under penalty of perjury pursuant to 28 U.S.C.

§ 1746, that the following is true and correct:

**Background**

1.      I am a Managing Director of Business Intelligence and Investigations at Kroll.  I

have been a Certified Public Accountant for approximately 22 years.  I make this declaration in

support of Chevron Corporation's ("Chevron") Motion to Hold Steven Donziger in Contempt of

Court for His Failure to Comply with the RICO and Default Judgments and the April 16, 2018

Restraining Notice.

2.      I provided a Declaration of John Slavek in Support of Chevron Corporation's

Motion to Hold Steven Donziger in Contempt of Court for His Failure to Comply with the RICO

and Default Judgments and the April 16, 2018 Restraining Notice on September 30, 2018.  Since

providing that declaration, I have received and reviewed additional source materials.

**Documents Reviewed and Relied Upon**

3.    Document productions from four different sources were reviewed and relied upon throughout the course of these analyses, as shown below.

| # | Source | Bates # Prefix |
|---|--------|----------------|
| 1 | TD Bank | TD BANK 000… |
| 2 | Chase Bank | CHASEPJD000… and DONZ00… |
| 3 | Josh Rizack | JRIZACK000… and RIZACKPJD-000… |
| 4 | Counsel for Russ DeLeon and Julian Jarvis | AV0000… and JRD00… |

4.    **Shares in the Ecuadorian Judgment to Pay Creditors**: RIZACKJPD-0000521 is a document with the title "Contracts, Reasons and Recommendations" and includes a listing of 14 individuals, 10 of whom have been assigned an apparent recommended percentage in the Ecuadorian Judgment.  Based on the metadata that accompanied the accredited translation of this document, it was authored by Donziger, last printed on August 29, 2016, and last saved by Rizack on September 26, 2016.  The document also includes reasons why these individuals should be entitled to a portion of the Ecuadorian Judgment, such as the following:

"Aaron Page/.25 (quarter point)
Aaron has worked over one hundred years as an attorney in this case, mostly without pay;"[1]

"Joshua Rizack/.25
Josh helps with fund raising; he has worked 4-5 years mostly without pay organizing POINTS, contracts, expenses and revenues.  He is an expert in financing.  In the future he will be key in organizing investments and attracting more funds."

"…Karen Hinton/.125 (eighth)
Has been the plaintiffs' spokeswoman in the U.S. and the world for years; has worked several years without pay."

---

[1]  It is assumed that the reference to working "over one hundred years" is a translation error on the part of the author, Donziger.

5.   Despite the above claims regarding the lack of pay to these individuals, bank records and other documentation provided show that payments were made to them, and six of the other individuals on the schedule, between January 1, 2012 and May 10, 2018. These payments came from the Donziger Chase and TD Bank accounts and the Donziger-controlled CWP Associates bank account as well as from Torvia and Amazonia Recovery Limited ("Amazonia Recovery").

6.   As shown on Exhibits 10, 10.1, and 10.2, Aaron Page (Forum Nobis) received a total of $298,820.60 in 21 payments between January 20, 2012 and March 14, 2018, an average of approximately $4,060 a month over the 74 months. The first six payments prior to the RICO judgment on March 4, 2014 totaled $159,320.60 and came from Torvia and Amazonia Recovery. The final four payments during this period totaled $70,000.00 and came from one of Donziger's personal accounts at TD Bank. The first three payments after the RICO judgment totaled $12,000.00 and came from two of Donziger's personal accounts at TD Bank.  The next six payments totaling $40,000.00 came from a Donziger & Associates business account at TD Bank. The final two payments to Page during this period totaled $17,500.00 and came from the CWP Associates bank account.

7.   While Donziger states in his October 31, 2018 Declaration "that it appears [Rizack] was paid a total of $12,566.33 over a period of more than five years ending June 2018 – that is, just over $2,000 per year," this figure only includes a payment from one of Donziger's personal TD Bank accounts.  As shown on Exhibits 10, 10.1, and 10.2, Josh Rizack (The Rising Group) received a total of $171,381.82 in six payments between February 2, 2012 and January 19, 2017, an average of approximately $34,500 per year, significantly more than Donziger's stated $2,000 per year.  The majority of this amount came in three payments totaling $156,636.99 from Torvia prior to RICO judgment.  The fourth payment to Rizack during this period was for $1,342.50 and

3

came from a Donziger business account at Chase Bank. There were two payments to Rizack after the RICO judgment which totaled $13,402.33 and came from two of Donziger's personal accounts at TD Bank.

8.  As shown on Exhibits 10, 10.1, and 10.2, Karen Hinton (Hinton Communications) received a total of $171,371.49 in nine payments between January 20, 2012 and February 6, 2018. All six payments prior to the RICO judgment came from Torvia and Amazonia Recovery and totaled $164,937.15.  There were three payments after the RICO judgment which totaled $6,434.34.  Two of these totaling $1,948.65 came from one of Donziger's personal accounts at TD Bank.  The final payment to Hinton was for $4,485.69 and came from the CWP Associates bank account.  It should also be noted that in a January 25, 2018 email exchange between Donziger and Katie Sullivan, Donziger stated "I don't want to pay her really…not a lot of work" when discussing a Hinton invoice and whether to include "Karen" in the 2018 budget.[2]

9.  A summary of the payments to the remaining six individuals shown on RIZACKJPD-0000521 is as follows.

> a.  The only other individual to receive a payment from Torvia or Amazonia Recovery was David Sherman who received one payment of $125,000.00 on February 2, 2012.

> b.  The only two other individuals to receive payments prior to the RICO Judgment were Rick Friedman ($150,000.00 from a Donziger TD Bank personal account on October 7, 2013) and Deepak Gupta ($100,000.00 from a Donziger TD Bank personal account on December 18, 2013).  Gupta also received one payment after

---

[2] MKS-0006310

4

the RICO judgment, receiving $25,000.00 from a Donziger TD Bank business account on December 16, 2016.

c.  The remaining three individuals received their payments after the RICO judgment. Patricio Salazar Cordova received three payments totaling $9,656.25 with two payments from two different Donziger TD Bank business accounts and the third from the CWP Associates account. Simon Billiness received two payments totaling $5,250.00 with one payment from a Donziger TD Bank personal account and the second from CWP Associates. Finally, Waddell Phillips received one payment for $2,220.07 from the CWP Associates account.

### Analyses of Deposits and Transfers into the Donziger Personal Bank Accounts and Payments to Laura Miller from the Donziger Business Accounts

10.  As noted on Exhibits 4-B and 5-B of my September 30, 2018 Declaration, a net total of $560,000.00 in Investor funds were either directly deposited into or transferred from business accounts to Donziger personal accounts at TD Bank. In addition, $135,000.00 in payments were made to Donziger's wife, Laura Miller, from two Donziger TD Bank business accounts via five wire transfers, as follows:

| Date | Amount |
|---|---|
| June 19, 2017 | $50,000.00 |
| August 9, 2017 | 25,000.00 |
| September 11, 2017 | 25,000.00 |
| March 5, 2018 | 20,000.00 |
| June 11, 2018 | 15,000.00 |
| **Total** | **$135,000.00** |

Thus, Donziger and his wife personally received at least $695,000.00 of Investor funds during the period from January 25, 2016 through June 11, 2018.

5

Executed on this 7th day of November, 2018 at New York, New York.

John A. Slavek

| From: | Steven Donziger |
|---|---|
| To: | Ondrej Krehel |
| Cc: | Burke, Matthew; Neuman, Andrea E.; Champion, Anne |
| Subject: | Correspondence from Steven Donziger |
| Date: | Monday, March 11, 2019 4:07:14 PM |
| Attachments: | 20181025 SRD letter to Kaplan re contempt.pdf |
| | 20181108 [2131] SRD letter to Kaplan re protocol.pdf |

[External Email]
Mr. Krehel,

Respectfully, there is a significant amount of information and background that Chevron appears to be trying to keep from you.

Judge Kaplan for the last year has been allowing largely unfettered post-judgment discovery targeting 25 or more people connected to me or the Ecuador case under the auspices of a motion that should have been resolved many months ago. Until it is resolved, I have very limited options to seek appellate review. While I naturally think the motion should be decided in my favor, even that is beside the point: it must be decided, period, before I can ethically release confidential and constitutionally-protected personal and client documents to Chevron, and certainly before I can allow my entire hard drive and online accounts to be effectively seized and mirrored.

I have explained this to Judge Kaplan on repeated occasions beginning almost one year ago. (Some of the background can be understood by reading some of my correspondence with the court, per the attached.) I clearly have stated that I will voluntarily go into civil contempt of the legally unfounded orders in order to obtain proper appellate review. Judge Kaplan and Chevron have known this long before starting the pointless process of having you appointed and crafting a review protocol, etc. So I hope you have not cleared your schedule to work on this matter, because, as Chevron knows, I will not be producing documents until my due process rights are respected.

This matter will presumably return to Judge Kaplan on yet another contempt motion sometime soon. At some point Judge Kaplan will find me in contempt and I will appeal. As I have also made clear to Chevron and the court, if the appellate court ultimately affirms Judge Kaplan's merits ruling on the authorizing motion and his overall handling of the post-judgment proceedings, then I will cooperate with the order of the court as is my obligation as a citizen and resident of New York. Until such time, you should not expect to hear more from me.

Finally, for purposes of background, you should know that a referral letter of Chevron and certain of its counsel at Gibson Dunn, in reference to their work on this case, has been forward to the U.S. Department of Justice. That letter provides additional context to my position and can be accessed via the link below.

Steven Donziger

https://chevroninecuador.org/assets/docs/2017-11-09-adc-doj-letter.pdf

VIA ELECTRONIC DELIVERY U.S. Department of Justice:
Moser, Sandra Acting Chief, Fraud Section Kahn, Daniel Chief,
FCPA Unit One St. Andrew's Plaza Washington, DC 20530
FCPA.Fraud@usdoj.gov Brian Stretch Heritage Bank Building
150 Almaden Blvd. Suite 900

chevroninecuador.org

U.S. Department of Justice November 9, 2017 Page 2 jurisdiction.2 The facts suggesting
possible criminal violations by Chevron and its agents are based on publicly available
documents, or on information and belief. This issue is time-sensitive given that some of

# STEVEN R. DONZIGER

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

October 25, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

    RE:    *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I write to respectfully inform the Court that I will be unable to comply with the order dated October 18, 2018 directing me to produce a potentially massive quantity of confidential and privileged documents and communications to Chevron.

I note that I have firmly asserted privilege over these documents in a manner consistent with the context of the proceedings and my abilities as a sole practitioner facing an onslaught of litigation in multiple fora. Many of Chevron's requests are ridiculously overbroad. For example, Request No. 21: "All DOCUMENTS evidencing or relating to any communication between YOU and any PERSON or ENTITY since March 4, 2014 concerning the ECUADOR JUDGMENT." As the Court knows, largely the entirety of my professional life revolves around the Ecuador case, which in turns revolves around the Ecuador Judgment. This one request sweeps in unknown thousands or tens of thousands of documents and communications, many of which are obviously likely to reflect highly protected attorney opinion work product and attorney-client communications or confidential information derived from such communications. Chevron has repeatedly refused to narrow this Request or any other Request. The Court cannot with a straight face suggest that I should be required to fully log, describe, and individually assert privilege regarding each of these documents and communications in order to maintain the privilege, especially when key preliminary legal questions remain unresolved (see below). If Chevron wishes to proceed with discovery, it should work with me to narrowly target its requests to information relevant to its claims regarding the litigation finance efforts and the existence

Hon. Lewis A. Kaplan
October 25, 2018
Page 2 of 3

of my assets, and this Court should resolve my long-outstanding objections to the basic foundation of these post-judgment proceedings.

This brings us to the real issue—the elephant in the room that I have been trying to draw attention to for over six months. I have repeatedly pleaded with the Court to explain to me how it can even pretend that it was "contemptuous" of me to continue to raise funds through pre-collection litigation finance when the Court itself acknowledged in its April 2014 Opinion on my stay motion that "[t]his case *always has been financed* on the movants' side by outside investors" and assured me that the RICO Judgment "*would not prevent Donziger from being paid*, just as he has been paid at least $958,000 and likely considerably more over the past nine or ten years." Dkt. 1901. In the same Opinion, the Court explained that the RICO Judgment's constructive trust and monetization provisions only impacted "proceeds" of a "collection" on the Ecuadorian Judgment. *Id.* And when I worried that the RICO Judgment would freeze up financing for my appeal and for ongoing Canadian litigation, the Court dismissed my concerns as so "fanciful" and "far fetched" as to "border on the irresponsible." *Id.*

The Court now appears to have changed its mind regarding what the word "traceable" means. I don't think that is proper as a matter of the law of the case, but even that is a separate issue. Even if the Court has improperly changed its position and now regards "traceable" as that described in its August 15, 2018 Order, and even if the Court's Default Judgment has changed the scope of allowable financing efforts in the United States, the Court cannot pretend that it has the ability to travel back in time and make "traceable" mean something different than what was described the April 2014 Opinion. As the Court knows, a finding of contempt against me is only possible if I knowingly and willfully disobeyed a clear and unambiguous order of the Court. In light of the Court's own words to me in its April 2014, it is impossible to maintain that a prohibition against litigation financing was so clear between April 2014 and August 2018 that I might lawfully be found in contempt. As such, the Court should have long ago ruled against Chevron on its original contempt motion filed in March 2018—thus eliminating the main basis to proceed with Chevron's massive post-judgment discovery which now has resulted in a wholly unjustified waiver of all of my privileges and a blank warrant for the company and its lawyers to target supporters of my clients in an effort to dry up funding for the case and the corporate accountability campaign.

Instead, apparently trapped by its own words, the Court has responded to this grave violation of my Constitutional rights and those of my clients with a transparently abusive strategy of silence and non-action. It has refused to address the key issue underlying Chevron's original contempt motion for over six months now. Meanwhile, the Court has greenlighted Chevron's outrageously intrusive discovery, intimidation, and demonization campaign—all of which, again, has zero basis to proceed if there is no colorable contempt

Hon. Lewis A. Kaplan
October 25, 2018
Page 3 of 3

case against me.[1] Were I to comply with the Court's October 18 Order (including without any assurances as to the scope of the individual requests, because the Court has refused to rule on my individual scope and burden objections), Chevron would succeed in gaining near wholesale access to my confidential, privileged, and protected documents, without any legitimate basis.

The Court's refusal to rule on the core issue in Chevron's original contempt motion has also strategically denied me an uncomplicated avenue of appellate relief—even though I do maintain that I have legitimate grounds for both a direct and interlocutory appeal and am pursuing those appeals in the Second Circuit. If the Court really thinks that a prohibition on litigation finance was so clear after April 2014 that I can be held in contempt thereof, it should make such a finding directly, which would allow me to seek appellate review. Because the Court refuses to do this, I apparently must take a contempt sanction in this second-layer discovery context, try to consolidate it with the pending appeals, and trust that the Second Circuit will be able to appreciate it all in totality and in the larger and deeply disturbing context of these post-judgment proceedings generally. I would urge the Court to rule on these critical issues or hold me in contempt and thereby allow me to appeal to the Second Circuit.

Sincerely,

/s

Steven R. Donziger

---

[1] Chevron's massive and growing discovery campaign against me and third-parties (including most recently public media outlets) is also illegitimate for the reason that it seeks to intrude on confidential internal deliberations and strategies of the loose team of advocates seeking to hold Chevron accountable for its contamination in Ecuador, and thus works a clear violation of the First Amendment right to association as protected by Second Circuit and Supreme Court precedent. Chevron is establishing the foundations of this constitutional violation day by day as it expands its vitriolic attacks on the "environmental, indigenous and shareholder activists, academics, and others who partake in [] efforts to force Chevron into a settlement" for its Ecuador liability. Dkt. 2107 at 1 (Chevron motion).

## STEVEN R. DONZIGER

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

November 8, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

    RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

That dripping sound is the drool coming off of Chevron's motion (Dkt. 2120) as it describes how it soon hopes to obtain my computer, all my "devices," passwords to all my email and social media accounts, and more, so as to begin scrutinizing the entirety of my digital life as it pleases, freely and pruriently browsing through confidential and privileged work product as well as utterly personal material, ever searching for more fuel for the increasingly demonic "demonization" campaign it has besieged me with for so many years now.

As I have argued repeatedly, discovery in these post-judgment proceedings has been illegitimate from the start. For six months, I have sought a basic explanation from the Court of how my litigation finance efforts can possibly be found in contempt of court given the assurances provided in the April 25, 2014 Opinion. Dkt. 1901. The Court has refused to rule for over six months, clearly boxed-in by its own words. Five months ago, I also sought a protective order "to prevent discovery in this case from turning into a private 'blank warrant' allowing Chevron to intrude and infiltrate itself into the First Amendment-protected political activities, associations, speech, operational practices, and strategic deliberations of [myself] and others." Dkt. 2026. The Court refused to provide relief and what I feared would happen is precisely what has happened.

The notion that Chevron's "protocol" would in any way protect my "legitimate privacy interests and the integrity of [my] data" is ludicrous. First, Chevron only proposes to use a "neutral" forensic expert for the "imaging" phase of its fantasized process; after that, the data apparently gets handed over to a "Chevron" expert who appears to answer to Chevron

Hon. Lewis A. Kaplan
November 8, 2018
Page 2 of 2

and Chevron alone. The notion that Chevron would be in any way limited in scope by its
protocol is a pretense revealed by even a cursory review of its list of 1000 or more
comically overbroad proposed search terms: "Chevron"; "Draft*"; "Indigenous"; "Sell*";
"Send"; "Settle"; "Credit card"; "Money"; "Paragraph"; and so on. The protocol targets
hundreds of colleagues, supporters, and friends and family members, and specifically
targets communications to and from my clients (e.g. "FDA," "Ermel Chavez," "Medardo
Zhingre," all "Lago Agrio Plaintiffs (collectively, or individually by name)"), my
colleagues on the Ecuador matter (e.g. "Patricio Salazar," "Alan Lenczner"), my personal
counsel in related and unrelated matters (e.g., "Deepak Gupta," "Friedman Rubin," "Martin
Garbus," "Gerald Lefcourt"), political supporters (e.g. "Jaime Vargas" [the current
president of the national Ecuadorian indigenous alliance], "Luis Macas" [distinguished
Ecuadorian indigenous leader]) allied organizations (e.g. "Global Witness," "Earth Rights
International," "Pachamama"). It seeks documents going all the way to March 2010. The
idea that Chevron would be in any limited by terms of this "protocol" is preposterous.

While I could make countless other objections to the abusiveness and disingenuousness of
Chevron's protocol and desired search (and attack) methodology, any and all objections
are pointless or at least premature at this point in light of my intended course of action, as
I openly informed the Court on October 25, 2018. Dkt. 2118. There I indicated that my
position is that I am not ethically able to comply with the Court's order to produce
mountains of confidential and privileged material to Chevron under a wholly improper
purported privilege waiver ruling and before the Court has even ruled on the core issue in
Chevron's original contempt motion. If the Court is unwilling to rule on the legal basis of
Chevron's motion and continues to refuse to allow me to assert any privilege whatsoever,
I intend to openly and ethically refuse to comply with any production order and to take an
immediate appeal of any resulting contempt finding the Court issues against me.

If that appeal is decided adverse to me and I am left with no choice but to produce the
documents, the terms and scope of an appropriate protocol genuinely calculated to protect
my legitimate privacy interests and the integrity of my data can be negotiated at that point
in time and I reserve all rights and objections.

Sincerely,

/s

Steven R. Donziger

| From: | Ondrej Krehel |
|---|---|
| To: | Burke, Matthew |
| Cc: | Steven Donziger; Neuman, Andrea E. |
| Subject: | RE: Chevron Corp. v. Donziger |
| Date: | Monday, March 11, 2019 11:12:43 AM |
| Attachments: | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

[External Email]

Dear Esq. Burke,

Per the Court's Order provided to me, I (Ondrej Krehel) or LIFARS general mailbox did not receive the listing #1 or #2 from Mr. Donzinger.

Kind Regards,

Ondrej Krehel



**Ondrej Krehel, CISSP, CEH, CEI , EnCE**
Digital Forensics Lead, LIFARS
+1.212.203.7082 | +1.212.222.7061 | ondrej.krehel@lifars.com |
LIFARS.com | 244 Fifth Avenue, Suite 2035, New York, NY 10001

**From:** Burke, Matthew <RMBurke@gibsondunn.com>
**Sent:** Monday, March 11, 2019 11:00 AM
**To:** Ondrej Krehel <ondrej.krehel@lifars.com>
**Cc:** Steven Donziger <sdonziger@donzigerandassociates.com>; Neuman, Andrea E.
<ANeuman@gibsondunn.com>
**Subject:** Chevron Corp. v. Donziger

Dear Mr. Krehel,

Per the Court's Order, Mr. Donziger was required to provide to you and Chevron's Forensic Expert, Spencer Lynch, a listing, "under penalty of perjury," of:

1. "[A]ll devices he has used to access or store information or for communication since March 4, 2012 – including, but not limited to, personal computers, tablets, phones, and external storage devices, such as external hard drives and thumb drives – (the 'Devices'), indicating for each of the Devices whether he has possession, custody, or control of the Devices, and if not, stating the reasons why that is so, i.e., whether they were destroyed, lost, etc. and the present location of the Devices"; and

2. "[A]ll accounts – including, but not limited to, email accounts (including web-based

email accounts); accounts (including web- or cloud-based) related to any document management services, such as Dropbox; and accounts related to any messaging services, such as WhatsApp, Facebook Messenger, instant messages, etc. – Donziger has used since March 4, 2012 (the 'Media'), indicating whether he presently has the ability to access those accounts and, if not, stating the reasons why that is so."

*See* Dkt. 2172 at 1-2. Mr. Lynch has informed us that he did not receive the ordered listing from Mr. Donziger. Can you please confirm to us and Mr. Donziger (copied here) today whether you received the list?

Thank you for your prompt attention to this matter.

Best,
**R. Matthew Burke**


**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3813 • Fax +1 212.817.9413
RMBurke@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

The information contained in this message and any attachments may be privileged, confidential, proprietary or otherwise protected from disclosure. If you, the reader of this message, are not the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this message and any attachment is strictly prohibited. If you have received this message in error, please notify the sender immediately by replying to the message, permanently delete it from your computer and destroy any printout.

Chevron Corporation v. Steven Donziger, et al
David Zelman Subpoena
January 7, 2019


**Response to Requests for Information**

I, David Zelman, submit this Response to the Information Subpoena attached hereto as Exhibit A and swear that I've answered each of the questions to the best of my ability.

1. I, David Zelman, am an executive coach and offer consulting services for personal and professional growth. I offer my clients a Transitions Program that consists of 4 half day sessions. In the fall of 2016, I met Steven Donziger ("Donziger") thru my friend John Van Merkensteijn ("JVM"). Shortly thereafter, Donziger enrolled in my Transitions Program. The Transitions Program outline is attached hereto as Exhibit B. Donziger began the Transitions Program in late 2016 and after completing the program in 2017, I continued coaching him periodically and continue to do so today. I have received, and responded to, various requests for editorial coaching on written communications regarding several matters, including but not limited to the Chevron case. These communications are well documented and were produced in response to the Request for Documents.

   Steven's wife, Laura ("Donziger's Wife"), also completed the Transitions Program. Her focus was on her career and personal development.

   I also provide ongoing coaching at no cost to JVM on a number of topics, including but not limited to his interest in the Chevron case.

   The fundamental focus of my consulting business is effective and impactful communication. I have coached all 3 of the above individuals in support of their various goals and endeavors.

2. Other than consulting services provided to Donziger (as outlined above), I have not provided consulting services to any of the RICO Defendants or anyone acting on their collective or individual behalf, nor have I interacted with any of those individuals.

3. I provided the Transitions Program to Donziger in exchange for a cash payment of $3,000, plus a contingent payment tied to the enforcement of the Ecuador Judgment, as further outlined in the agreement attached hereto as Exhibit C.

   I provided the Transitions Program to Donziger's Wife in exchange for a cash payment of $3,000, plus a contingent payment tied to the enforcement of the Ecuador Judgment, as further outlined in the agreement attached hereto as Exhibit D.

   Steven also agreed to pay me an additional $2,000 for ongoing coaching after completing the Transitions Program.

**SA166**

Chevron Corporation v. Steven Donziger, et al
David Zelman Subpoena
January 7, 2019

4. I made no payments or transferred anything of value to any of the RICO Defendants (other than Donziger) and, likewise, the RICO Defendants made no payments or transferred anything of value to me.

5. Donziger pledged a portion of the proceeds he might receive from the Ecuador Judgment in exchange for services provided by me. My interest and claim to such proceeds are outlined in Exhibit C and Exhibit D.

6. The agreements pursuant to which Donziger pledged to me an interest in the Ecuador Judgment is outlined in Exhibit C and Exhibit D.

7. The agreement pursuant to which Donziger pledged to me an interest in the Ecuador Judgment is outlined in Exhibit C and Exhibit D.

8. In exchange for the consulting services provided to Donziger and Donziger's Wife via my Transitions Program, Steven agreed to pay me $3,000 in cash, plus a contingent payment as outlined in the agreement attached hereto as Exhibit C and Exhibit D.

9. I have no information relating to any assets and/or property that Donziger owns or controls.

10. I have no information relating to any accounts that Donziger owns or controls.

11. Other than JVM, I am not aware of any communication between myself and any of the individuals listed. There are several email communications between JVM, Donziger and me, most of which relate to the Ecuador Judgment, Chevron and Donziger. All such email communications have been provided in response to the Request for Documents. The primary focus of the email correspondence relates to the wording of Donziger's biography and various communications he produced.

**[Signature Page to Immediately Follow]**

Chevron Corporation v. Steven Donziger, et al
David Zelman Subpoena
January 7, 2019


The undersigned does hereby swear under the penalties of perjury that the foregoing
information is true and correct in all respects.


_____
David Zelman



**SWORN TO AND SUBSCRIBED BEFORE ME,** by David Zelman in Dallas County, Texas this 7TH day
of January, 2019.


_____
NOTARY PUBLIC STATE OF TEXAS


STEPHANIE C NEW
Notary Public, State of Texas
Comm. Expires 07-01-2019
Notary ID 13028113-0

Chevron Corporation v. Steven Donziger, et al
David Zelman Subpoena
January 7, 2019

**Exhibit A**

**SUBPOENA**

SA171

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Chevron Corp. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   11 Civ. 0691 (LAK) |
| Steven Donziger, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
David Zelman, 6319 Mill Point Circle
Dallas, TX 75248

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place: Gibson, Dunn & Crutcher LLP | Date and Time: |
|---|---|
| 2100 McKinney Ave #1100, Dallas, TX 75201 | 01/15/2019 9:00 am |

The deposition will be recorded by this method:   Stenographic means and audiovisual recording/Livenote

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/12/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Chevron Corp.
_____ , who issues or requests this subpoena, are:

Andrea E. Neuman, Gibson Dunn & Crutcher LLP
200 Park Avenue, New York NY 10166  aneuman@gibsondunn.com 212-351-4000

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  11 Civ. 0691 (LAK)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  David Zelman
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction— which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Chevron Corp. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11 Civ. 0691 (LAK) |
| Steven Donziger, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              David Zelman, 6319 Mill Point Circle
                                         Dallas, TX 75248

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Gibson, Dunn & Crutcher LLP | Date and Time: |
|---|---|
| 2100 McKinney Ave #1100, Dallas, TX 75201 | 12/28/2018 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/12/2018

         *CLERK OF COURT*
                                                          OR
                                                                       _____
_____                                   _____
   *Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Chevron Corp.
_____ , who issues or requests this subpoena, are:

Andrea E. Neuman, Gibson Dunn & Crutcher LLP
200 Park Avenue, New York NY 10166, aneuman@gibsondunn.com 212-351-4000

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11 Civ. 0691 (LAK)

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* David Zelman
on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CHEVRON CORPORATION,

      Plaintiff,

    v.,                         :     11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## CHEVRON CORPORATION'S FIRST INFORMATION SUBPOENA, SUBPOENA DUCES TECUM, AND SUBPOENA AD TESTIFICANDUM TO DAVID ZELMAN

**TO:**    David Zelman
           6319 Mill Point Circle
           Dallas, TX 75248

     In the above entitled action in the United States District Court for the Southern District of

New York,[1] judgment was entered on March 4, 2014 in favor of Chevron Corporation against

Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC

(collectively referred to in the judgment as "Donziger"), and others (the "RICO Judgment"). The

RICO Judgment "impose[d] a constructive trust for the benefit of Chevron on all property,

---

[1] The parties to this action are Chevron Corporation (Plaintiff) and Defendants Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, Stratus Consulting, Inc. Douglas Beltman, Anne Maest, Pablo Fajardo Mendoza, Luis Yanza, Frente de Defensa de la Amazonia A/K/A Amazon Defense Front, Selva Viva Selviva Cia, Ltda, Maria Aguinda Salazar, Carlos Grefa Huatatoca, Catalina Antonia Aguinda Salazar, Lidia Alexandra Aguinda Aguinda, Patricio Alberto Chimbo Yumbo, Clide Ramiro Aguinda Aguinda, Luis Armando Chimbo Yumbo, Beatriz Mercedes Grefa Tanguila, Lucio Enrique Grefa Tanguila, Patricio Wilson Aguinda Aguinda, Celia Irene Viveros Cusangua, Francisco Matias Alvarado Yumbo, Francisco Alvarado Yumbo, Olga Gloria Grefa Cerda, Lorenzo Jose Alvarado Yumbo, Narcisa Aida Tanguila Narvaez, Bertha Antonia Yumbo Tanguila, Gloria Lucrecia Tanguila Grefa, Francisco Victor Tanguilla Grefa, Rosa Teresa Chimbo Tanguila, Jose Gabriel Revelo Liore, Maria Clelia Reascos Revelo, Maria Magdalena Rodriguez Barcenes, Jose Miguel Ipiales Chicaiza, Heleodoro Pataron Guaraca, Luisa Delia Tanguila Narvaez, Lourdes Beatriz Chimbo Tanguila, Maria Hortencia Viveros Cusangua, Segundo Angel Amanta Milan, Octavio Ismael Cordova Huanca, Elias Roberto Piyahuaje Payahuaje, Daniel Carlos Lusitande Yaiguaje, Benancio Fredy Chimbo Grefa, Guillermo Vicente Payaguaje Lusitante, Delfin Leonidas Payaguaje Payaguaje, Alfredo Donaldo Payaguaje Payaguaje, Teodoro Gonzalo Piaguaje Payaguaje, Miguel Mario Payaguaje Payaguaje, Fermin Piaguaje Payaguaje, Reinaldo Lusitante Yaiguaje, Luis Agustin Payaguaje Piaguaje, Emilio Martin Lusitande Yaiguaje, Simon Lusitande Yaiguaje, Armando Wilfrido Piaguaje Payaguaje, and Angel Justino Piaguage Lucitante.

1

whether personal or real, tangible or intangible, vested or contingent, that Donziger has received, or hereafter may receive, directly or indirectly, or to which Donziger now has, or hereafter obtains, any right, title or interest, directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment anywhere in the world." The RICO Judgment also stated, "Donziger . . . is hereby further enjoined and restrained from undertaking any acts to monetize or profit from" the ECUADOR JUDGMENT, as defined herein, "including without limitation by selling, assigning, pledging, transferring or encumbering any interest therein." Chevron Corporation is entitled "to conduct discovery against non-parties with respect to Donziger's compliance or non-compliance with the judgment," as authorized in a memorandum and order entered on July 23, 2018.

A supplemental judgment was entered on February 28, 2018 in favor of Chevron Corporation against Steven Donziger, The Law Offices of Steven R. Donziger, Donziger & Associates, PLLC, and others, for the sum of $813,602.71, which remains due and unpaid.

A default judgment was entered on April 23, 2018 in favor of Chevron Corporation against all defendants who defaulted in the above entitled action. The default judgment "impose[d] a constructive trust for the benefit of Chevron on all property, whether personal or real, tangible or intangible, vested or contingent, that the Defaulted Defendants have received, or hereafter may receive, directly or indirectly, or to which the Defaulted Defendants now have, or hereafter obtain, any right, title or interest, directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment anywhere in the world." The judgment also stated, "The Defaulted Defendants . . . are hereby further enjoined and restrained from undertaking any acts to monetize or profit from" the ECUADOR JUDGMENT, as defined herein, "including without limitation by selling, assigning, pledging, transferring, or encumbering any interest therein."

2

Federal Rule of Civil Procedure 70 provides that, "[i]f a judgment requires a party . . . to perform any . . . specific act and the party fails to comply within the time specified," then "[t]he court may . . . hold the disobedient party in contempt."

*INFORMATION SUBPOENA*: **YOU ARE COMMANDED**, in accordance with Rules 69 and 70 of the Federal Rules of Civil Procedure and Rules 5223 and 5224 of the New York Civil Practice Law and Rules, to answer the following questions under oath and return the original of the questions together with your answers to the undersigned in the pre-paid addressed return envelope accompanying this subpoena within ten days of their receipt. False swearing or failure to comply with this subpoena is punishable as a contempt of court.

*PRODUCTION*: **YOU ARE COMMANDED**, in accordance with Rules 69 and 70 of the Federal Rules of Civil Procedure, to produce for examination at Gibson, Dunn & Crutcher LLP, 2100 McKinney Ave #1100, Dallas, TX 75201 within fourteen days of receipt all documents, electronically stored information, or objects described in **Exhibit A** to this Subpoena. The production may be completed electronically to the electronic mail address provided below.

*TESTIMONY:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Place: Gibson, Dunn & Crutcher LLP, 2100 McKinney Ave #1100, Dallas, TX 75201
Date: January 15, 2019
Time: 9:00 AM

The deposition will be recorded by stenographic means and audiovisual recording/Livenote.

3

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rules 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

TAKE NOTICE THAT false swearing on such examination or failure to comply with this SUBPOENA is punishable as a contempt of court under CPLR 5223.

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

Dated: December 12, 2018

Andrea E. Neuman

The name, address, email address, and telephone number of the attorney representing plaintiff Chevron Corporation, who issues or requests this subpoena, are:

Andrea E. Neuman
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
aneuman@gibsondunn.com
212-351-4000

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

1.      Incorporated herein by reference is Rule 26.3 of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York governing Uniform Definitions in Discovery Requests and the definitions set forth therein.

2.      "ACCOUNT" means and refers to any record of financial information, INCLUDING savings accounts, checking accounts, money market accounts, brokerage accounts, certificates of deposit, lines of credit, and any other credits or debits.

3.      "ASSET" means any tangible or intangible PROPERTY, INCLUDING real PROPERTY, personal PROPERTY, intellectual PROPERTY, chattels, cash, securities, derivative products, accounts, debts, contract rights, security interests, claims, and causes of action, anywhere in the world.

4.      "CONTROL" (INCLUDING, with correlative meanings, the terms "controlled by" and "under common control with"), as used with respect to any PERSON or ENTITY, shall mean the possession, directly or indirectly, of the power to direct or cause the actions, direction of the management, or policies of such PERSON or ENTITY, whether through the OWNERSHIP of voting securities, by contract or otherwise.

5.      "DONZIGER" means and refers to Steven Donziger, individually, The Law Offices of Steven R. Donziger, and/or Donziger & Associates, PLLC (all located at 245 West 104th Street, #7D, New York, NY 10025); and, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

6.       "ECUADOR JUDGMENT" means and refers to the judgment entered in *Maria Aguinda y Otros v. Chevron Corporation*, in the Provincial Court of Justice of Sucumbíos in Ecuador, on February 14, 2011 as modified by subsequent proceedings.

7.       "ENTITY" and "ENTITIES" mean and refer to all corporations, associations, partnerships, joint ventures, companies, funds, trusts, limited liability companies, limited liability partnerships, any government or regulatory authority, and all other forms of incorporated and unincorporated organizations that are not natural persons.

8.       The terms "INCLUDE" and "INCLUDING" mean including, but not limited to. When the word "INCLUDE" or "INCLUDING" is followed by one or more specific examples, those examples are illustrative only and do not limit in any way the information requested.

9.       "OWN" and "OWNERSHIP" mean owned directly or indirectly, in whole or in part, as sole owner or jointly with others, either of record or beneficially, INCLUDING as a partner, general or limited, limited liability member, fiduciary, and as an equity or debt holder, or demand deposit holder.

10.      "PERSON" means and refers to any natural person or any business, legal or governmental ENTITY or association.

11.      "PROPERTY" means anything that may be the subject of OWNERSHIP.

12.      "RICO DEFENDANTS" means and refers to all of the Defendants in the above entitled action as identified in footnote 1 *supra*.

13.      "YOU" and "YOUR" mean and refer to David Zelman, INCLUDING any officers, agents, employees, and others acting on your behalf or on behalf of Transitions Institute.

14.      Each REQUEST herein constitutes a request for DOCUMENTS in their entirety, with all enclosures and attachments, and without abbreviation, redaction, or expurgation.

6

DOCUMENTS attached to each other, INCLUDING by staple, clip, tape, email attachment, or "Post-It" note, shall not be separated, although any page on which a Post-It note covers or obscures text on the DOCUMENT shall be produced both with and without the Post-It note. The production must also INCLUDE, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the DOCUMENTS.

15.     YOU shall produce the following metadata and production information associated with responsive DOCUMENTS (INCLUDING Microsoft Word DOCUMENTS that preserve and reveal any hidden notations, creation or alteration records) and make it reasonably accessible to Chevron: BEG_PROD_NUM, END_PROD_NUM, BEGATTACH, ENDATTACH, FROM, RECIPIENT, CC, BCC, DATE (sent date for email, create date for files), SUBJECT (subject line for email, filename for file, title for hard copy), UNREAD (unread status of email messages) DOCTYPE, FILENAME, ALL CUSTODIANS FILE PATHS, MD5 HASH, REVISION (revision number of DOCUMENT), AUTHOR, MODIFY DATE, MODIFIED BY, TOTAL EDIT TIME, LAST PRINTED, and ALL CUSTODIANS. This INCLUDES metadata that is stored as part of the responsive DOCUMENT, and metadata stored by the file system in which the responsive DOCUMENT is stored. YOU shall preserve all metadata associated with all responsive DOCUMENTS, INCLUDING metadata that is not produced pursuant to this instruction, and Chevron reserves the right to request the production of native copies of responsive DOCUMENTS for which the produced metadata is incomplete to the extent native copies are not already called for by these REQUESTS.

16.     If YOU object to a portion or an aspect of a REQUEST, state the grounds for YOUR objection with specificity and respond to the remainder of the document REQUEST. If

any DOCUMENTS, or portion thereof, are withheld because YOU claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, YOU are required to PROVIDE a privilege log, specifying for each such DOCUMENT or withheld information: (1) the type of DOCUMENT, e.g., letter or memorandum; (2) the general subject matter of the DOCUMENT; (3) the date of the DOCUMENT; and (4) the author of the DOCUMENT, the addressees of the DOCUMENT, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

17.     Defined terms may be capitalized for the convenience of the parties; the definitions herein apply whether or not the term is capitalized.

18.     Except where expressly stated, the relevant time period for these requests is March 4, 2014 through the present.

## INFORMATION REQUESTS

1.      Identify and describe in detail any and all services, including any "consulting services," provided by YOU to DONZIGER or any other PERSON acting in concert with DONZIGER, or anyone acting on their collective or individual behalf.

2.      Identify and describe in detail any and all services, including any "consulting services," provided by YOU to any of the RICO DEFENDANTS, or anyone acting on their collective or individual behalf.

3.      Identify and describe in detail any and all payments or transfers of anything of value from DONZIGER to YOU and/or from YOU to DONZIGER.

4.      Identify and describe in detail any and all payments or transfers of anything of value from any of the RICO DEFENDANTS to YOU and/or from YOU to any of the RICO DEFENDANTS.

8

5.       Identify and describe in detail ANY interest YOU may have or claim in ANY potential recovery from enforcement of the ECUADOR JUDGMENT or proceeds of such enforcement.

6.       Identify and describe in detail any and all agreements (including drafts) between you and DONZIGER, including but not limited to an agreement in which DONZIGER pledged 14/250 of an eighth of a point in the ECUADOR JUDGMENT, to be paid from his contingency fee, in exchange for $14,000 worth of services provided by YOU to DONZIGER.

7.       Identify and describe in detail any and all agreements (including drafts) in which DONZIGER or any other PERSON acting in concert with DONZIGER, or anyone acting on their collective or individual behalf, assigned or transferred (or would have assigned or transferred) to YOU an equity or other interest in the ECUADOR JUDGMENT, including an interest in any future collections on the ECUADOR JUDGMENT, whether or not any such agreement was ultimately executed, in exchange for services provided to DONZIGER or any other PERSON acting in concert with DONZIGER, or anyone acting on their collective or individual behalf.

8.       Identify and describe in detail any communication between YOU and DONZIGER, or any PERSON or ENTITY acting in concert with any of them, or anyone else acting on their collective or individual behalf, concerning the ECUADOR JUDGMENT or any attempts by anyone, successful or not, to monetize or profit from it, INCLUDING by selling, assigning, pledging, promising, transferring, borrowing against, or encumbering any interest therein to YOU or others.

9.       Identify and describe in detail any domestic or foreign ASSET or PROPERTY that DONZIGER OWNS or CONTROLS.

9

10.     Identify and describe in detail any domestic or foreign ACCOUNTS that DONZIGER OWNS or CONTROLS.

11.     Identify and describe in detail all COMMUNICATIONS between and among YOU and any of the following individuals regarding the ECUADOR JUDGMENT, Chevron, DONZIGER, or any RICO DEFENDANT, or anything related thereto:

a.   Abbiati, Tony

b.   Aulestia, Juan

c.   Barnes, Ben

d.   Ben-Jacob, Michael

e.   Billeness, Simon

f.   Eisler, Benjamin

g.   Eisler, Clifford

h.   Fontaine, Phil

i.   Friedman, Richard

j.   Friesen, Jennifer

k.   Golinger, Eva

l.   Grant, Peter

m.   Guaman, Carlos

n.   Hinton, Karen

o.   Kahn, Jeff

p.   Krevlin, Glenn

q.   LeMay, Kathy

r.   Lenczner, Alan

s.  Littlepage, Zoe

t.  Mahoney, Kathleen Elizabeth

u.  Merkensteijn, III, John H. van

v.  Munoz, Cristina

w.  Page, Aaron Marr

x.  Patterson, Cary

y.  Phillips, John

z.  Salazar, Augustin

aa. Salazar, Patricio

bb. Saltzstein, Steve

cc. Sherman, David

dd. Sherman, Susan Donziger

ee. Tabuns, Anton

ff.  Tomaino, Pat

gg. Waters, Roger

hh. Watson, Ian

ii.  Weyler, Rex

jj.  Yanza, Luis

## DOCUMENTS REQUESTED

1.    All documents sufficient to determine the nature of any and all services, including

any "consulting services," provided by YOU to DONZIGER or any other PERSON acting in

concert with DONZIGER, or anyone acting on their collective or individual behalf.

2.      All documents sufficient to determine the nature of any and all services, including any "consulting services," provided by YOU to any of the RICO DEFENDANTS, or anyone acting on their collective or individual behalf.

3.      All documents reflecting or relating to all of YOUR communications with DONZIGER regarding the nature of any and all services, including any "consulting services," provided by YOU to DONZIGER and any offers or agreements regarding YOUR compensation for providing such services.

4.      All documents reflecting or relating to any and all payments or transfers of anything of value from DONZIGER to YOU and/or from YOU to DONZIGER.

5.      All documents reflecting or relating to any and all payments or transfers of anything of value from any of the RICO DEFENDANTS to YOU and/or from YOU to any of the RICO DEFENDANTS.

6.      All documents reflecting or relating to ANY interest YOU may have or claim in ANY potential recovery from enforcement of the ECUADOR JUDGMENT or proceeds of such enforcement.

7.      All documents reflecting or relating to any and all agreements (including drafts) between you and DONZIGER, including but not limited to an agreement in which DONZIGER pledged 14/250 of an eighth of a point in the ECUADOR JUDGMENT, to be paid from his contingency fee, in exchange for $14,000 worth of services provided by YOU to DONZIGER.

8.      All documents reflecting or relating to any and all agreements (including drafts) in which DONZIGER or any other PERSON acting in concert with DONZIGER, or anyone acting on their collective or individual behalf, assigned or transferred (or would have assigned or transferred) to YOU an equity or other interest in the ECUADOR JUDGMENT, including an

interest in any future collections on the ECUADOR JUDGMENT, whether or not any such agreement was ultimately executed, in exchange for services provided to DONZIGER or any other PERSON acting in concert with DONZIGER, or anyone acting on their collective or individual behalf.

9.    All documents reflecting or relating to any communication between YOU and DONZIGER, or any PERSON or ENTITY acting in concert with any of them, or anyone else acting on their collective or individual behalf, concerning the ECUADOR JUDGMENT or any attempts by anyone, successful or not, to monetize or profit from it, INCLUDING by selling, assigning, pledging, promising, transferring, borrowing against, or encumbering any interest therein.

10.    All DOCUMENTS evidencing or relating to any domestic or foreign ASSET or PROPERTY that DONZIGER OWNS or CONTROLS.

11.    All DOCUMENTS evidencing or relating to any domestic or foreign ACCOUNTS that DONZIGER OWNS or CONTROLS.

12.    All documents reflecting or relating to all communications between and among YOU and the following individuals regarding the ECUADOR JUDGMENT, Chevron, DONZIGER, or any RICO DEFENDANT, or anything related thereto:

    a.   Abbiati, Tony

    b.   Aulestia, Juan

    c.   Barnes, Ben

    d.   Ben-Jacob, Michael

    e.   Billeness, Simon

    f.   Eisler, Benjamin

13

g.   Eisler, Clifford

h.   Fontaine, Phil

i.   Friedman, Richard

j.   Friesen, Jennifer

k.   Golinger, Eva

l.   Grant, Peter

m.   Guaman, Carlos

n.   Hinton, Karen

o.   Kahn, Jeff

p.   Krevlin, Glenn

q.   LeMay, Kathy

r.   Lenczner, Alan

s.   Littlepage, Zoe

t.   Mahoney, Kathleen Elizabeth

u.   Merkensteijn, III, John H. van

v.   Munoz, Cristina

w.   Page, Aaron Marr

x.   Patterson, Cary

y.   Phillips, John

z.   Salazar, Augustin

aa.  Salazar, Patricio

bb.  Saltzstein, Steve

cc.  Sherman, David

**SA192**

Chevron Corporation v. Steven Donziger, et al
David Zelman Subpoena
January 7, 2019

## EXHIBIT B

**TRANSITIONS PROGRAM**

# The Transitions Program
## Session 1 Outline

## SETTING THE STAGE FOR THE TRANSITIONS PROCESS:
## CREATING A FOUNDATION OF SELF-AWARENESS



TRANSITIONS
Institute

6319 Mill Point Circle    Dallas, Texas    75248
214.528.9401    •    817.288.0855 fax
www.transitionsinstitute.com

Session 1 Outline

**I. Introductions**
- Participants
- Transitions Institute
- Program Leaders


**II. What's It All About**
- Purpose of Transitions Program
- Purpose of Transitions Institute
- The commitment of a Transitions Coach
  1. To give a client access to themselves
  2. To give a client access to their personal gift


**III. The Transitions Process – How It Works**
- Each day builds upon previous work
- Each day stands on its own


**IV. Elements of training**
- Inquiry / dialogue
- Information / presentation
- Exercises (individual & group)
- Assignments
- Possibly some readings
- Sharing it with others – letting them know
- May include your spouse or significant other
- Keeping a journal
  1. Goals
  2. Insights
  3. Breakdowns
  4. Resources / people
  5. Promises / commitments

Copyright © Transitions Institute, Inc.

**V. Coaching**
- Relationship with coaching
- Distinguish coaching from...
  1. Consultant
  2. Psychologist
  3. Teacher
  4. Mentor
  5. Clergy

**VI. Why Do the Transitions Process?**
- Intended outcomes
- What results would you like to produce?
- What would you like to accomplish?
- What will be different after the process?

**VII. What Got You Here?**

**VIII. How People Produce Results**

**IX. The World of Listening**

**X. The Power of Commitment**

Copyright © Transitions Institute, Inc.

**Session 1 Assignments**

- Complete a minimum of five (5) interviews.

- Shift at least two (2) AUTOMATIC conversations to INTENTIONAL conversations.

- Write out a list of the following:
  - Major successes
  - Major transition points
  - Significant failures
  - Major decisions that shaped your life
  - Significant incompletions (something that reoccurs, that you return to)
  - Any major withheld conversations / undelivered communications

Copyright © Transitions Institute, Inc.

SA201



## THE WORLD OF LISTENING
*Automatic versus Intentional Listening*

**AUTOMATIC**
Status-quo, already set, always there
Experience, history, past-based, stingy

**INTENTIONAL**
Future-based, intentional, created
Breakthrough, chosen, generous

| | |
|---|---|
| **ASSESSMENTS**<br>Assess others & self<br>Limits<br>Standards & should's | **COMMITMENTS**<br>Shared commitments<br>Background commitments<br>Listen for commitments |
| **PERSONAL**<br>"I" based<br>What's in it for me? | **PARTNERSHIP**<br>"We" based; community;<br>empowerment; win/win |
| **LOOKING GOOD**<br>Compromise; conform<br>Fit in | **BELONGING**<br>Vulnerable<br>Accountability / ownership |
| **UTILITY**<br>How can I use this? What's it good for? | **CONTRIBUTION**<br>Value; making a difference |
| **CLOSURE**<br>Confirmation; I'm right, you're wrong; I<br>already know… | **OPEN**<br>Inclusive; put aside my point of view to<br>hear yours |
| **RESIGNATION**<br>No possibility; "IS" world – it IS that way | **POSSIBILITY**<br>Creative; allowing for another<br>way/idea |

Copyright © Transitions Institute, Inc.

## Interview Questionnaire

*Interview questions to ask others.  Please interview at least five (5) people and take notes so we can review responses.*

1.   What do you see as my key strengths?

2.   What is most distinguishing or unique about me?

3.   What, if anything, is bothersome to you about me?

4.   What do you, or others, rely on me for, i.e. when the chips are down, etc.?

5.   Could you tell me something about myself that I don't already know?

6.   When am I most powerful?

7.   In what situations am I least powerful?

8.   When am I most inspired?

9.   If you could wish one thing for me in the next year, what would it be?

Copyright © Transitions Institute, Inc.

**SA206**

# The Transitions Program
## Session 2 Outline

## COMPLETING YOUR PAST:
## CREATING A FOUNDATION OF SELF-ACCEPTANCE



6319 Mill Point Circle    Dallas, Texas    75248
214.528.9401    •    817.288.0855 fax
www.transitionsinstitute.com

Session 2 Outline

**I.  Review of Session 1 Assignments**
    A.  What's been happening since the first session?
    B.  What have you noticed out of doing the assignments?
        1.  Shifting conversations from stingy to generous
        2.  Making lists
        3.  Interviews

**II.  Reviewing Interview Results**
    A.  What to listen for
    B.  How to report on – the facts

**III. Interviews: Who You Are for Others**

**IV.  Identifying Life-Determining Events**
    A.  Successes
    B.  Failures
    C.  Withheld communications
    D.  Family events / relationships
    E.  Education and personal development
    F.  Professional events / relationships
    G.  Major transition points
    H.  Major decisions that have shaped your life
    I.  Significant incompletions

**V.  Inquiry: Who You Are for Others versus Who You Are for Yourself**

Copyright © Transitions Institute, Inc.

**SA209**

## VI.  Completing Your Past
    A.   Taking responsibility
    B.   Compassion / forgiveness
        1.   Give up resistance
        2.   Give up point-of-view
    C.   Commitment to being complete
        1.   Create a possibility
    D.   Creating a condition of being complete (well-being)

## VII.  The Nature of Commitment

## VIII.  Assignments

Copyright © Transitions Institute, Inc.

**Session 2 Assignments**

- Complete five (5) interviews (optional)

- Complete the Summary of Interview Feedback

- Keep looking at who you are for yourself & others.  Come to the next session with a minimum of three (3) stingy conversations that you shifted to generous conversations

- What is your predictable future?  Write it out and bring to the next session

- Identify areas of your life where you experience any loss of power

Copyright © Transitions Institute, Inc.

**SA214**

# Summary of Interview Feedback

*Please list three common themes per question that you discovered in your interviews.*

1.     What do you see as my key strengths?

| | | |
|---|---|---|
| | | |

2.     What is most distinguishing or unique about me?

| | | |
|---|---|---|
| | | |

3.     What, if anything, is bothersome to you about me?

| | | |
|---|---|---|
| | | |

4.     What do you, or others, rely on me for, i.e. when the chips are down, etc.?

| | | |
|---|---|---|
| | | |

5.     Could you tell me something about myself that I don't already know?

| | | |
|---|---|---|
| | | |

6.     When am I most powerful?

| | | |
|---|---|---|
| | | |

7.     In what situations am I least powerful?

| | | |
|---|---|---|
| | | |

8.     When am I most inspired?

| | | |
|---|---|---|
| | | |

9.     If you could wish one thing for me in the next year, what would it be?

| | | |
|---|---|---|
| | | |

Copyright © Transitions Institute, Inc.

# The Transitions Program
## Session 3 Outline

## ASSESSING WHO YOU ARE AND WHAT IS POSSIBLE:
## ACHIEVING AUTHENTIC FREEDOM



6319 Mill Point Circle    Dallas, Texas    75248
214.528.9401    •    817.288.0855 fax
www.transitionsinstitute.com

**SA218**

Session 3 Outline

I.  **Review of Session 2 Assignments**
    - What's been happening since the last session?
    - What have you noticed out of doing the assignments?
        1. Interviews
        2. Summary of Interview Results worksheet
        3. Identifying stingy conversations and shifting to generous conversations
        4. Writing out your predictable future
        5. Identifying areas where you experience a loss of power

II.  **Inquiry: Who You Are for Others versus Who You Are for Yourself**
    - Who are others for you?

III.  **Predictable Future**
    - What is likely?
    - What is not?

IV.  **Areas of Life Where You Experience a Loss of Power**
    - Inquiry
    - How do you restore your power?

V.  **The Beginning, Part II**
    - Creating possible futures
    - The power of declarations

    "The most dangerous people are those who dream while they are awake."

VI.  **Tools for Being in Action**

VII.  **The Power of Commitment**

Copyright © Transitions Institute, inc.

**SA220**

**Session 3 Assignments**

- List the important areas of your life, i.e. family, relationships, career, health, finances, etc.

  1. Identify the current / historical conversations you have about each of these areas?

  2. If you look 1, 3, 5, 10 years out – what are your goals and dreams for each of these areas?  (Pick a time frame and write them down for each area of your life)

- Inquire into the question: What is my gift?

Copyright © Transitions Institute, Inc.

# Kinds of Conversations



**Stands**

**Court**

In tennis, what puts points on the board?

People don't distinguish between what they think and what they do – the actions they take. There is a big difference. Thinking about something doesn't produce the result – taking actions produces the result.

| FUTURE | PRESENT | PAST |
|---|---|---|
| Will / won't | Action-based | Observer |
| Possibility | Now, now, now | Give an account |
| Commitment | Experience | Describe |
| Declaration | - Thoughts | Assess / judge |
| | - Feelings | Interpret |
| | Requests | Explain |
| | Promises | History |
| | | Stories |

Copyright © Transitions Institute, Inc.

**SA224**

## Elements of Committed Speaking

**Speech Acts that Bring Forth a Commitment**

| | |
|---|---|
| <u>Declarations</u> | "X" is so (for me) because I say so |
| <u>Assertions</u> | "X" is so and I am willing to provide evidence |
| <u>Requests</u> | I request that you do "X" by "Y"<br>▪ Relationship<br>▪ X = specific action<br>▪ Y = specific time (by when)<br><br>Responses to Request:<br>▪ I accept (yes)<br>▪ I decline (no)<br>▪ Counter offer<br>▪ Commit to commit |
| <u>Promises</u> | I promise you that I will do "X" by "Y"<br>▪ Relationship<br>▪ X = specific action<br>▪ Y = specific time (by when)<br>▪ Revoke promise – the closer to the due date, & the more often you do it, the more costly |

Copyright © Transitions Institute, Inc.

Case 1:11-cv-00691-LAK-JCF   Document 2180-2   Filed 03/20/19   Page 64 of 83

# The Transitions Program
## Session 4 Outline

**LIVING THE FUTURE NOW**



TRANSITIONS
Institute

6319 Mill Point Circle    Dallas, Texas    75248
214.528.9401    •    214.526.3626 fax
www.transitionsinstitute.com

SA227

Session 4 Outline

I. **Review of Session 3 Assignments**
   - What's been happening since the last session?
     1. What is new or different? (reconfirm, questions, insights)
     2. What seems the same? (reconfirm, questions, insights)
   - What have you noticed out of doing the assignments?
     1. List the important areas of your life.
     2. Identify the current / historical conversations you have for each of these areas.
     3. What are your goals and dreams for each of these areas?

II. **The Current, the Future and the Gap**
   - Inquiry: What have you been saying is responsible for the gap?

III. **Clear, Powerful Declaration of the Future You Are Committed To**

IV. **Creating Pathways and Structures for Fulfilling on your Commitments for the Future**
   - People
   - Purpose, vision, commitment
   - Plan: how, where, when, etc.
   - Actions
   - Support structures to put in place

V. **Completing the Process**
   - Debrief process
   - Final thoughts
   - Acknowledgments

Copyright © Transitions Institute, Inc.

## Structure for Fulfillment

1.  Conversation for Being Related
    - Include people who share your commitment

2.  Conversation for Possibility
    - Inquiry
    - Speculative
    - Exploratory
    - Brainstorming
    - Based in the future
    - Not constrained by the past

3.  Conversation for Opportunity
    - The plan
    - Feasibility
    - The who, what, when, where & how

4.  Conversation for Action
    - Promises
    - Requests

5.  Conversation for Resolving Breakdowns
    - Declare breakdown
    - Re-declare commitment
    - Recreate steps 1-4

6.  Conversation for Existence
    - Commit to existence
    - Displays
    - Public vs. private

7.  Conversation for Completion
    - Commit to completion
    - Finished vs. whole, lacking nothing

8.  Conversation for Acknowledgment and Appreciation
    - Creating who others are for you
    - Creating who others are for others
    - Empower new level of being related

Copyright © Transitions Institute, Inc.

SA231

## Process for Resolving Breakdowns

**BREAKDOWN:** An interruption in the progress being made towards fulfilling a future.

Step 1    DECLARE A
          BREAKDOWN

Step 2    STATE THE
          COMMITMENT
          TO BE FULFILLED

Step 3    WHAT POSSIBILITIES
          CAN YOU INVENT
          TO FULFILL THE
          COMMITMENT?

Step 4    HOW COULD YOU
          ORGANIZE TO
          FULFILL THE
          POSSIBILITY?

Step 5    WHAT ACTIONS WILL
          YOU TAKE?

Copyright © Transitions Institute, Inc.

Chevron Corporation v. Steven Donziger, et al
David Zelman Subpoena
January 7, 2019


**EXHIBIT C**


**DONZIGER AGREEMENT**
**DONZIGER TRANSITIONS PROGRAM**

Case 1:11-cv-00691-LAK-JCF   Document 2180-2   Filed 03/20/19   Page 73 of 83

EXHIBIT C

## Brian Zelman

| | |
|---|---|
| **From:** | David Zelman <dzelman@transitionsinstitute.com> |
| **Sent:** | Monday, January 07, 2019 10:50 AM |
| **To:** | Brian Zelman |
| **Subject:** | [EXTERNAL] FW: Agreement |

**From:** "dzelman@transitionsinstitute.com" <dzelman@transitionsinstitute.com>
**Date:** Friday, December 23, 2016 at 11:37 AM
**To:** Steven Donziger <sdonziger@donzigerandassociates.com>
**Subject:** Re: Agreement

Steven,

Thank you for this agreement.
I confirm that it is acceptable to me.

David Zelman

**From:** Steven Donziger <sdonziger@donzigerandassociates.com>
**Date:** Friday, December 23, 2016 at 10:27 AM
**To:** David Zelman <dzelman@transitionsinstitute.com>
**Subject:** Agreement

David,

I write to confirm our agreement regarding consulting services you are providing to me to develop my professional capacities with regard to the Ecuador litigation matter against Chevron, and other endeavors.

In exchange for you providing me with $14,000 worth of such services, I pledge to you an interest in the Ecuador judgment from my fees should they be collected. The amount pledged is based on a pro rata proportion of the latest investment round in the case, which values a $250,000 investment as one-eighth of a point in the total claim won by villagers against Chevron. Your interest thus will be valued equally with this round based on an investment of $14,000. The actual amount that will be paid to you will be based on the total amount collected. To be more specific, your amount under this agreement will be 14/250 of an eighth of a point of whatever is recovered of the total claim.

Note that I am pledging this amount out of my personal fees from this litigation. Should my personal fees not be recovered from the Ecuador case, you will not be entitled to any recovery of the $14,000. Should a proportion of my fees be recovered, but not the full amount, your recovery will be decreased on a pro rata basis equal to the overall decrease affecting my fees.

If this is acceptable to you, please send me back an email so confirming.

Thanks so much.

1

SA238

Steven

SA239

**SA240**

Chevron Corporation v. Steven Donziger, et al
David Zelman Subpoena
January 7, 2019

## <u>EXHIBIT D</u>

**DONZIGER AGREEMENT**
**DONZIGER'S WIFE TRANSITIONS PROGRAM**

EXHIBIT V

## Brian Zelman

| | |
|---|---|
| **From:** | David Zelman <dzelman@transitionsinstitute.com> |
| **Sent:** | Monday, January 07, 2019 10:53 AM |
| **To:** | Brian Zelman; David Zelman |
| **Subject:** | [EXTERNAL] FW: Agreement (rev) |

**From:** "dzelman@transitionsinstitute.com" <dzelman@transitionsinstitute.com>
**Date:** Monday, March 6, 2017 at 4:25 PM
**To:** Steven Donziger <sdonziger@donzigerandassociates.com>
**Subject:** Re: Agreement (rev)

Please have Laura bring check for $2,000 on Wednesday.

**From:** Steven Donziger <sdonziger@donzigerandassociates.com>
**Date:** Monday, March 6, 2017 at 8:45 AM
**To:** "dzelman@transitionsinstitute.com" <dzelman@transitionsinstitute.com>
**Subject:** Re: Agreement (rev)

let's talk about.  when are u back in NY?

**From:** David Zelman <dzelman@transitionsinstitute.com>
**Sent:** Thursday, March 2, 2017 5:03:18 PM
**To:** Steven Donziger
**Subject:** FW: Agreement (rev)

Steven,

What do you think regarding the following:

David:

I write to confirm our agreement regarding consulting services you are providing to Laura Miller to develop her professional capacities.

In exchange for you providing me with $11,000 worth of such services, I pledge to you an interest in the Ecuador judgment from my fees should they be collected.  The amount pledged is based on a pro rata proportion of the latest

1

SA243

investment round in the case, which values a $250,000 investment as one-eighth of a point in the total claim won by villagers against Chevron.  Your interest thus will be valued equally with this round based on an investment of $11,000.  The actual amount that will be paid to you will be based on the total amount collected.  To be more specific, your amount under this agreement will be 11/250 of an eighth of a point of whatever is recovered of the total claim.

Note that I am pledging this amount out of my personal fees from this litigation.  Should my personal fees not be recovered from the Ecuador case, you will not be entitled to any recovery of the $11,000. Should a proportion of my fees be recovered, but not the full amount, your recovery will be decreased on a pro rata basis equal to the overall decrease affecting my fees.

If this is acceptable to you, please send me back an email so confirming.

Thanks so much.

Steven Donziger

**SA246**



(http://transitionsweb.wpengine.com)

# Transitions Institute (http://www.transitionsinstitute.com/)

## ABOUT DAVID ZELMAN

David Zelman practices what he preaches. As founder and president of Transitions Institute, Inc., Dr. Zelman has successfully reinvented himself several times.

The psychotherapist and business coach has found his niche both professionally and personally, but that wasn't always so. At 21, he had dropped out of college disillusioned after discovering he was dyslexic and just couldn't keep up. He was down and out in California in the '60's with no money, no job, and no future.

Then something happened. He picked up a psychology textbook and was captivated by the mind-body connection. The New York native returned to the University of Cincinnati and graduated with a degree in psychology, winding up on the dean's list during his last year.

"For the first time in my life I gave myself permission to give everything I had to accomplishing the goal," he says. "I had to read things three or four times to get it. It didn't come naturally."



Dr. Zelman went on to get his master's and a doctorate in behavioral psychology at the University of Wisconsin, and soon began a private clinical and consulting practice that focused on training, team-building and communication programs to corporations and non-profit organizations.

He became more and more interested in those who wanted to reinvent themselves, and his individual counseling practice grew. Soon he was jetting to Los Angeles, New York, and London to work one-on-one with high profile professionals and international elites.

"He listens heartfully, but is strategically minded," says one client. "I look at his role as part confessor, part co-conspirator."

David reinvented himself again by starting the Transitions Institute to focus on helping people design their "second lives." In his Amazon #1 bestselling book, *If I Can, You Can: Transformation Made Easy*, David lays out his Transitions Process.

"In the end," he says, "people need to ask themselves the question, 'If I was financially independent and didn't have to work, what would I do with my time?' You have to have a sense of self-worth that extends beyond what you do for a living. That's the real creation of wealth."

David lives in Dallas, Texas with his wife, Karen. They have three children, Michael, Brian, and Lauren. As the founder and CEO of the Transitions Institute, Inc., David specializes in consulting individuals and coaching executives, entrepreneurs and organizations on maximizing productivity and, of course, personal well-being

TII's technology is designed to enhance an individual organization's ability to break with traditional methods and approaches by creating environments in which individuals and groups can safely and powerfully develop those organizational skills that inspire and

move people to action.

Drawing upon 20 years of clinical and consulting experience, David is a dynamic and provocative speaker. He has trained or coached in excess of 20,000 individuals and has worked with hundreds of corporations.

David Zelman's unique approach to fully expressing one's humanity has empowered people to step beyond what is predictable and create truly extraordinary lives.

Designed by Wheatmark, Inc. (http://wheatmark.com)

DAVID ZELMAN

Page 1

1           UNITED STATES DISTRICT COURT

2           SOUTHERN DISTRICT OF NW YORK

3

4    CHEVRON CORPORATION          *

                                  *

5    VS.                          *   NO. 11-CIV-0691

                                  *

6    STEVEN DONZIGER, ET AL       *

7

8

9           ----------------------------

            ORAL AND VIDEOTAPED DEPOSITION OF

10                   DAVID ZELMAN

                FEBRUARY 27, 2019

11          ----------------------------

12

13

14

15        ANSWERS AND DEPOSITION OF DAVID ZELMAN, a

16   witness produced at the instance of the

17   Plaintiff, taken in the above styled and

18   numbered cause, on the 27th day of February,

19   2019 from 8:16 a.m. to 11:12 a.m., before Gail

20   Spurgeon, a Certified Court Reporter in and for

21   the State of Texas, at the offices of Gibson

22   Dunn & Crutcher, 2100 McKinney Avenue, Suite

23   1100, City of Dallas, County of Dallas, and

24   State of Texas, pursuant to the Federal Rules of

25   Civil Procedure.

DAVID ZELMAN

Page 18

1  pulling and he helped me organize it to send to
2  you.
3      Q.  So you went on your -- do you use
4  Outlook or Gmail or --
5      A.  Yes.
6      Q.  Outlook.
7          So you went onto your Outlook and you
8  searched with Donziger?
9      A.  Anything with Steven or Donziger,
10  yes.
11      Q.  And did you search for any other
12  names?
13      A.  I don't think so.
14      Q.  I'm going to ask you to turn -- well,
15  I don't want to interrupt you.
16          Other than searching your e-mail for
17  Mr. Donziger's name, did you conduct any other
18  searches on your computer?
19      A.  On the computer?  No.
20      Q.  Did you conduct any searches for hard
21  copy documents?
22      A.  Yes.
23      Q.  Can you describe those for me,
24  please?
25      A.  I take notes during the four sessions

Page 19

1  that I have with people in the Transitions
2  Process.
3      Q.  And you --
4      A.  And?
5      Q.  -- took notes during your sessions
6  with Mr. Donziger?
7      A.  Right.  And I think I submitted them
8  as well.  But if you didn't -- you're welcome to
9  a copy.  He's given me permission to have you
10  have them.
11      Q.  I don't believe we received any.
12  These would be handwritten documents --
13      A.  Correct.
14      Q.  -- or would they be typed?
15      A.  Handwritten.
16      Q.  I don't think we received those.
17      A.  Okay.
18      Q.  Do you have them with you today?
19      A.  I do.
20      Q.  Could we make a copy?
21      A.  Sure.
22      Q.  Here, let's go ahead and get them so
23  we can send them out to copy.
24          MR. DONZIGER:  Can I
25  clarify?  Steven Donziger.  Is this

Page 20

1  -- is the witness turning over
2  documents to Chevron right now?
3          MS. NEUMAN:  He's looking
4  through his briefcase.
5          THE WITNESS:  The answer is
6  yes, Steven.
7          MR. DONZIGER:  Okay.  And
8  is -- is -- is the -- can you
9  describe the documents?  I might
10  want to lodge an objection.  Not
11  being there, obviously, I can't see
12  what they are.
13          THE WITNESS:  If I describe
14  them to you, they're some notes that
15  I took during our sessions.  They
16  are extremely limited.  But it talks
17  about the intent of our
18  conversations.
19          MR. DONZIGER:  I'm -- I am
20  uncomfortable with those being
21  turned over and I object to them
22  being turned over and I would ask
23  you not to turn them over until we
24  can sort of resolve these issues.
25  My concern is this goes directly to

Page 21

1  a privilege we have between us, you
2  being, however you want to describe
3  it, my psychologist, therapist, life
4  coach.  And I'm also concerned that
5  they might reflect some thoughts I
6  had about litigation strategies and
7  that kind of stuff that's protected.
8  So I object to those being turned
9  over.  Possible I would not object
10  if I could -- if I could look at
11  them.  But right now, I have to
12  object.
13          How many -- how -- how
14  extensive are the notes?  Are there
15  lots of pages or what -- what -- can
16  you describe the quantity of the
17  material?
18          THE WITNESS:  There are about
19  six or seven handwritten pages.  A
20  couple of the pages reflect
21  interviews that you conducted as
22  part of your homework assignment.
23          MS. NEUMAN:  I'll just
24  state for the record that these are
25  responsive documents to the subpoena

6 (Pages 18 - 21)

**SA251**

DAVID ZELMAN

Page 26

1  privilege?
2      MR. M. ZELMAN:
3  Third-party privacy, privacy, and...
4      MR. DONZIGER:  I mean, Mr.
5  -- Mr. Zelman has an obligation to
6  me not to turn over those documents.
7  And, you know, this isn't just a
8  free-for-all.  And so whatever went
9  down in my meetings with Mr. Zelman
10  -- or Dr. Zelman, which are really
11  intimate stuff, personal stuff,
12  family stuff, litigation strategy.
13  I mean, that's just not -- I really
14  strongly object.  I think that if
15  this is ultimately resolved such
16  that the court orders these
17  documents to be turned over,
18  obviously at that point you can turn
19  them over.  But I mean, not now.
20  You have plenty of stuff to depose
21  him on.
22      MS. NEUMAN:  Mr. Donziger,
23  are you done?  Because you're
24  repeating yourself.
25      Mr. Donziger, did you have any

Page 27

1  other privileges you're going to
2  identify?
3      MR. M. ZELMAN:  No, that's
4  it.
5      MS. NEUMAN:  So
6  third-party privacy?
7      MR. M. ZELMAN:  Privacy.
8  Yes.
9      MS. NEUMAN:  And that's a
10  privilege.
11      MR. M. ZELMAN:  Yeah.  If
12  you need to get a court order to get
13  these, I'm sure we're happy to talk
14  to you about these documents and
15  review them and --
16      MS. NEUMAN:  You
17  understand the subpoena is a court
18  order?
19      MR. M. ZELMAN:  Correct.
20  You have to file a motion.
21      MS. NEUMAN:  Well, we
22  served the subpoena, so why would we
23  have to file a motion?
24      MR. M. ZELMAN:
25  Understood.  We're not producing the

Page 28

1  documents.
2      MS. NEUMAN:  Okay.
3      Q  (BY MS. NEUMAN)  Can you identify for
4  the record exactly how many pages are there and
5  the dates, any other identifying information
6  that would have appeared on a privilege log, had
7  a timely privilege been asserted in response to
8  the subpoena?
9      MR. M. ZELMAN:  There's
10  seven pages.
11      MS. NEUMAN:  And what are
12  the dates?
13      MR. M. ZELMAN:  There are
14  no dates.
15      THE WITNESS:  Yeah, there are,
16  at the top, on at least two of them.
17      MR. M. ZELMAN:  11/28.
18  This is just for purposes of
19  identifying the documents.  1/25.
20      Q  (BY MS. NEUMAN)  Mr. Zelman, all the
21  documents that you gathered from your briefcase
22  just now that your lawyer has indicated you will
23  not be producing, are those all notes that you
24  personally made?
25      A.  Yes.

Page 29

1      Q   And the handwriting on those
2  documents is all your handwriting?
3      A.  Correct.
4      Q.  And were all of those notes made
5  during meetings that you had with Steven
6  Donziger?
7      A.  Yes.
8      Q.  And do those notes in any way relate
9  to Chevron?
10      A.  It depends on what you mean by that.
11  Was Chevron discussed?  Or what?  I mean --
12      Q.  Yes.  Was Chevron part of the
13  discussion you were having with Mr. Donziger on
14  which you were taking notes?
15      A.  I actually have to look at them
16  myself to know.  Can I have them?  It's -- it's
17  hard to answer that question.  Indirectly, I
18  think the question is yes.
19      Q.  You mean you think the answer is yes?
20      A.  I think indirectly.  In other words,
21  the word "Chevron" did not appear in any of
22  those documents.
23      Q.  Why do you say indirectly it relates
24  to Chevron?
25      A.  Because we were talking about

8 (Pages 26 - 29)

# SA252

DAVID ZELMAN

Page 46

1  broadcasts.
2      Q.  And do you know any of these people
3  to be involved in the Ecuador litigation?
4      A.  No.
5      Q.  Is the first -- when you received
6  this note from Mr. van Merkensteijn in September
7  of 2016, was this the first you had heard about
8  the Ecuador litigation?
9      A.  I'm unclear.  I have no -- I don't
10  know exactly what the timeline was.
11      Q.  Of when you first heard about the
12  case?
13      A.  Right.
14      Q.  Do you recall how you first heard
15  about the case?
16      A.  No.  But I'm pretty certain it would
17  have been through John van Merkensteijn.
18      Q.  Mr. van Merkensteijn indicates in his
19  note, "I am supporting this litigation in
20  Canada."  Do you see that?
21      A.  Yes.
22      Q.  Did he discuss with you how he was
23  supporting the litigation in Canada?
24      A.  I can't remember anything specific to
25  this particular e-mail.

Page 47

1      Q.  Have you ever met with Canadian
2  counsels for the Ecuadorians?
3      A.  No.
4      Q.  Have you ever met with any Canadian
5  investor?
6      A.  No.
7      Q.  Did there come a time when
8  Mr. van Merkensteijn recommended that you work
9  with Mr. Donziger?
10      A.  Yes.
11      Q.  And what was the basis of that
12  recommendation, as he explained it to you?
13      A.  As he said, he's supporting
14  Mr. Donziger and felt that perhaps I could also
15  be of support.
16      Q.  In what role?
17      A.  By -- by providing my process.  And
18  once again, the results of that allow people to
19  focus, gain clarity about how to accomplish
20  their goals.
21          (Exhibit No. 5581 marked.)
22      Q   (BY MS. NEUMAN)  I hand the witness a
23  document that's been marked Plaintiff's Exhibit
24  5581.  Bears the Bates numbers JVN 8898 through
25  8900.  It's an e-mail exchange between

Page 48

1  Mr. van Merkensteijn and Mr. Donziger from
2  October of 2016.  This was produced by
3  Mr. van Merkensteijn.
4          Have you seen this document before,
5  Mr. Zelman?
6      A.  I don't think so.
7      Q.  On the first page in the e-mail in
8  the bottom half of the page,
9  Mr. van Merkensteijn writes to Mr. Donziger, in
10  the second -- third paragraph, "Did you give
11  Zelman a piece of the future payout to make up
12  for the lack of up-front cash?  Basically I
13  guess he would invest 12,000 of his time.  I
14  think it would be great if he had a small stake
15  in your outcome."  Do you see that?
16      A.  Yes.
17      Q.  How did Mr. van Merkensteijn become
18  involved in your exchanges with Mr. Donziger
19  about retaining you for your services?
20      A.  I don't know that.
21      Q.  You don't know that he was involved?
22      A.  I just don't know how he did
23  anything.
24      Q.  Okay.  Did -- I'm going to withdraw
25  that.

Page 49

1          When did you first have contact with
2  Steven Donziger?
3      A.  I'm not certain but it looks, from
4  the e-mails I had, it's around this time,
5  October 2016.
6      Q.  Do you recall the form that your
7  first contact with Mr. Donziger took?  Did you
8  meet him in person?  Did you talk to him?  Did
9  you e-mail him?
10      A.  It was probably -- no, I don't.  The
11  answer is, I have no idea.
12      Q.  Is it accurate to say that he was
13  referred to you as a client by
14  Mr. van Merkensteijn?
15      A.  As a potential client, yes.
16      Q.  Did you reach out to Mr. Donziger or
17  did he reach out to you originally?
18      A.  Sorry.
19      Q.  You don't recall?
20      A.  No.
21      Q.  Who first proposed the idea that you
22  would be paid with an interest in the Ecuadorian
23  judgment for services provided to Mr. Donziger?
24      A.  I believe it was John.
25      Q.  Did you ever discuss with Mr. van

13 (Pages 46 - 49)

DAVID ZELMAN

Page 58

1          (Exhibit No. 5583 marked.)
2          Q    (BY MS. NEUMAN)  I hand the witness a
3     document that we've marked as Exhibit 5583.  Is
4     this Mr. Lappen's response --
5          A.   Yes.
6          Q.   -- that you were just describing?
7          A.   Yeah.
8          Q.   And other than this written exchange,
9     you didn't have any other conversations with him
10    on this topic?
11         A.   Not at all.
12         (Exhibit No. 5584 marked.)
13         Q    (BY MS. NEUMAN)  I'm going to hand
14    the witness a document we've marked as
15    Exhibit 5584.  It's a two-page document bearing
16    the Bates numbers D Zelman PJD 66 through 67.
17         This is a document you produced,
18    Mr. Zelman?
19         A.   Looks like it, yes.
20         Q.   In Exhibit 5584, on December 8, 2016,
21    you write Mr. Donziger, "Subject:  Fees
22    agreement."  It says, "Dear Steven, this
23    document is intended to clarify our financial
24    agreement.  In exchange for my services, which
25    would normally cost you $14,000, you agree to

Page 59

1     pay me .007 percent of the potential payout."
2          Do you see that?
3          A.   Uh-huh.
4          Q.   Is that a yes?
5          A.   Yes.
6          Q.   Is that the potential payout from the
7     Ecuador judgment?
8          A.   I assume so.
9          Q.   Well, you wrote this.
10         A.   Well --
11         Q.   Is that your understanding?
12         A.   There's the -- that's the only
13    judgment I'm aware of.
14         Q.   You indicate here that the
15    Transitions program would normally cost $14,000?
16         A.   Correct.
17         Q.   Is that the standard cost of that
18    program?
19         A.   It varies slightly but, yes, that's
20    the general cost.
21         Q.   And what makes it vary?
22         A.   Me.  What I want to charge someone,
23    their capacity to pay.
24         Q.   And how much does it vary?
25         A.   Friends and family might get the

Page 60

1     program for $10,000.
2          Q.   And then is 14 the upper limit or
3     does it go above that?
4          A.   15 is pretty much the upper limit.
5          Q.   You go on to write, "For example, if
6     the settlement was $10 billion, I would collect
7     700,000.  If the settlement was $9 billion, my
8     share would be 630,000, et cetera."
9          Are you referring to a settlement
10    with Chevron there?
11         A.   I assume so.
12         Q.   Well, you wrote this so I'm asking
13    you what you were thinking when you wrote it.
14         A.   I say I assume because I'm not quite
15    sure.  When you say "Is this the settlement with
16    Chevron?", I'm not sure I had to listen to that,
17    that's -- that's why I'm responding that way.
18         Q.   Okay.  When you say settlement
19    amount, you're referring to monies paid pursuant
20    to a settlement of a piece of litigation?
21         A.   Yes.
22         Q.   And what litigation were you
23    referring to as being settled when you wrote
24    this e-mail?
25         A.   The Chevron litigation.  Is that

Page 61

1     helpful?
2          Q.   Yes.
3          A.   Oh, good.
4          Q.   You then say, "This is consistent
5     with the deal you have offered others.  See
6     attached document."
7          Do you see that?
8          A.   Yes.
9          Q.   Who were the others you're referring
10    to?
11         A.   John van Merkensteijn.
12         Q.   Okay.  And if we go to Page 67 of the
13    exhibit, referring to the Bates number --
14         A.   Uh-huh.
15         Q.   -- there is some -- there's a chart?
16         A.   Yes.
17         Q.   With handwritten notations?
18         A.   Yes.
19         Q.   And is the handwriting yours?
20         A.   No.
21         Q.   Whose handwriting is that?
22         A.   John's.
23         Q.   And the calculations to the right,
24    those are calculations that Mr. van Merkensteijn
25    sent you?

16 (Pages 58 - 61)

DAVID ZELMAN

Page 62

1    A.  Yes.
2    Q.  And you understood that he was --
3  well, what did you understand this chart to
4  show?
5    A.  The top portion represents a return
6  on his investment for $250,000.  And the numbers
7  on the right would represent what I would be
8  entitled to, period.
9    Q.  For a $14,000 investment?
10    A.  Yeah.
11    Q.  Did anyone discuss with you any
12  efforts being undertaken to attempt to force
13  Chevron to settle the Ecuador matter?
14    A.  Forced?  I don't know how to -- no.
15    Q.  Did anyone discuss with you any
16  attempts to get Chevron to settle the Ecuador
17  matter?
18    A.  If you're referring to the fact that
19  the litigation has moved to Canada, yes.  Other
20  than that, no.
21    Q.  Did Mr. Donziger ever discuss with
22  you attempts to put any type of pressure on
23  Chevron, through its shareholders or its board
24  or --
25    A.  No.

Page 63

1    Q.  -- anything of that nature?
2    A.  No.
3    Q.  And if he had discussed those topics
4  with you, would they be reflected in your notes?
5    MR. DONZIGER:  Objection.
6  The question about -- this question
7  is about the seven pages of notes.
8  I object.  And I ask the lawyer for
9  the witness to direct him not to
10  answer.
11    Please don't do that,
12  Ms. Neuman, when you know I have a
13  standing objection.  Move on to
14  something other than the seven
15  pages.
16    MS. NEUMAN:  Mr. Donziger,
17  there is no such thing as a standing
18  objection.  That's something you
19  created.  And I'll question the
20  witness appropriately.
21    MR. DONZIGER:  I object to
22  the witness answering this question,
23  given the privileges involved with
24  regard to the intimate relationship
25  I had with him in these various

Page 64

1  sessions and his role as a
2  psychologist and life coach.  And --
3  and I -- I don't think he should
4  answer any questions regarding the
5  seven pages in terms of what might
6  or might not be in them until --
7  excuse me, until the legal issues
8  surrounding them are resolved.  So
9  it's tricky for you to try to ask
10  him a question about that.  I would
11  ask that you ask him questions about
12  other things that are relevant.
13    MS. NEUMAN:  Can you read
14  the question back to the witness,
15  please?
16    (Requested portion was read.)
17    MR. DONZIGER:  That's
18  purely spec -- would they be
19  reflected?
20    A.  The answer is --
21    MR. DONZIGER:  I object on the -- on
22  form.  I really would ask the lawyer for the
23  witness to direct the witness not to answer any
24  questions related to these seven pages.
25    MR. M. ZELMAN:  I think

Page 65

1  this is a hypothetical based on
2  David Zelman's process.  I don't
3  think it goes to the content of the
4  notes.
5    A.  The answer is, probably not.
6    Q.  (BY MS. NEUMAN)  Now, Mr. Donziger
7  has stated that he viewed himself as having an
8  intimate relationship with you.  Do you view
9  yourself as having an intimate relationship with
10  Mr. Donziger?
11    MR. DONZIGER:  I object.
12  Come on.  It mischaracterizes my --
13  what I said, number one.  Number
14  two, please, it's irrelevant.
15    Q.  (BY MS. NEUMAN)  Can you answer the
16  question, sir?
17    MR. M. ZELMAN:  Objection,
18  vague and ambiguous as to intimate.
19  You can answer.
20    A.  I don't know how to answer that
21  question.  I have a professional relationship
22  with him.
23    Q.  (BY MS. NEUMAN)  Are you
24  Mr. Donziger's psychologist?
25    A.  No.

17 (Pages 62 - 65)

DAVID ZELMAN

Page 66

1    Q.   You're not treating him as a
2  psychologist?
3    A.   Absolutely not.
4    Q.   Are you Mr. Donziger's life coach?
5    A.   I don't know what you would call a
6  life coach.  I'm a transitions coach.  That's
7  what I call myself.  I'm a performance coach.
8    Q.   And when you say performance, you're
9  referring to professional, not personal
10 performance; is that correct?
11   A.   No, I'm actually referring to both.
12   Q.   Okay.  And to clarify for the record,
13 you are not Mr. Donziger's treating physician in
14 any sense of the word?
15   A.   Correct.
16   Q.   Do you need a -- we've been going for
17 a little over an hour.  Do you want a break?
18   A.   I could use a little more coffee.
19       MS. NEUMAN:  Let's take a
20   five-minute break.
21       THE VIDEOGRAPHER:  Off the
22   record.  9:29 a.m.
23   (Break taken from 9:29 a.m. to 9:40 a.m.)
24       THE VIDEOGRAPHER:  9:40
25   a.m.  Back on the record.

Page 67

1    Q    (BY MS. NEUMAN)  We're back on the
2  record after a short break.
3        Mr. Zelman, did you have any
4  communications with anybody, other than your
5  lawyer, during the break?
6    A.   No.
7    Q.   I'm going to hand the witness a
8  document that we've marked as Exhibit 5585.
9        (Exhibit No. 5585 marked.)
10   Q    (BY MS. NEUMAN)  Bears the Bates
11 numbers JVM 3791 through 3798.  It is a
12 December 10, 2016 e-mail from Steven Donziger to
13 John van Merkensteijn and David Zelman.
14 Subject:  Updated Ecuador investment documents.
15 Mr. Donziger writes, "John and David, these
16 documents should be good to go if you want to
17 send to prospective investors interested in the
18 Ecuador matter.  Let me know if any additional
19 tweaks are necessary as you read this.  Best,
20 Steven."
21       Did you read this document on or
22 about December 10 of 2016, Mr. Zelman?
23   A.   I believe so.
24   Q.   And the Ecuador matter that
25 Mr. Donziger is referring to is the Ecuador

Page 68

1  Chevron matter?
2    A.   Yes, I assume so.
3    Q.   Prior to receiving this e-mail, had
4  you had discussions with Mr. Donziger indicating
5  that you were willing to participate in
6  soliciting investors in the Ecuador judgment?
7    A.   No.
8    Q.   Did you have any discussions with him
9  about prospective investors interested in
10 Ecuador prior to this time?
11   A.   No.
12   Q.   When you received the e-mail, did you
13 have any discussions with him about why he sent
14 it to you?
15   A.   No.
16   Q.   Did you have an understanding when
17 you received the e-mail as to why Mr. Donziger
18 was sending you materials for prospective
19 investors interested in the Ecuador matter?
20   A.   Yes.
21   Q.   What was that understanding?
22   A.   He appreciated my eyes on documents
23 and would ask for any insight.  Tweaks, as he
24 called them here.
25   Q.   How long had you known Mr. Donziger

Page 69

1  as of December of 2016?
2    A.   I'm not quite sure.  I think --
3  sometime in the fall is when I believe we were
4  formally introduced.
5    Q.   You said he appreciated your eyes on
6  documents.  Had you edited any documents for
7  Mr. Donziger prior to December 10 of 2016?
8    A.   I doubt it.
9    Q.   Had you had any conversation with
10 Mr. Donziger prior to December 10 of 2016 in
11 which he requested that you send materials to
12 prospective investors interested in the Ecuador
13 matter?
14   A.   He never asked me to send documents
15 to people.
16   Q.   To prospective investors?
17   A.   Right.
18   Q.   Did you ever send materials to
19 prospective investors?
20   A.   No.
21   Q.   If he never asked you to send such
22 materials, do you know why he was sending them
23 to you?
24   A.   Again, it's right here, "Let me know
25 if you have any additional tweaks necessary."

18 (Pages 66 - 69)

DAVID ZELMAN

Page 74

1  December.  I'm not sure.
2     Q.   And the services you provided
3  included your Transitions program?
4     A.   Exactly.
5     Q.   Did you provide services in addition
6  to your Transitions program?
7     A.   To whom?
8     Q.   Mr. Donziger.
9     A.   When the program was complete, we had
10  a couple of lunches where I would coach him as
11  well.
12     Q.   Any other services provided to
13  Mr. Donziger?
14     A.   None.
15     Q.   When you say the Transitions program
16  was complete, does it consist of a specified
17  number of hours or how do you know when the
18  program is complete?
19     A.   Four sessions.  Four four-hour
20  sessions.
21     Q.   So at the end of the 16 hours, you
22  view the program as complete?
23     A.   Correct.
24     Q.   And as of December 19 of 2016 --
25     A.   Yes.

Page 75

1     Q.   -- had Mr. Donziger completed the
2  Transitions program or only started it?
3     A.   Started.
4     Q.   And do you know how far along he was
5  at that point in time?
6     A.   I believe one session.
7     Q.   With three more sessions to go?
8     A.   Correct.
9     Q.   And did he engage in the program in
10  the typical fashion, the four separate four-hour
11  sessions?
12     A.   Yes.
13     Q.   And were the -- are the four-hour
14  sessions in person, you and him?
15     A.   Yes.
16     Q.   Anybody else present?
17     A.   No.
18     Q.   And where did the sessions take
19  place?
20     A.   In an office that I use in Midtown
21  Manhattan.
22     Q.   So in New York?
23     A.   Yes.
24     Q.   Do you work in New York on a regular
25  basis?

Page 76

1     A.   Yes.
2     Q.   And are you -- other than the fee for
3  the program, the 14,000, do you have additional
4  charges associated with the program, like travel
5  or...
6     A.   Depends on the individual.
7     Q.   Did you charge Mr. Donziger --
8     A.   No.
9     Q.   -- additional monies for the
10  Transitions program?
11     A.   No.
12        (Exhibit No. 5587 marked.)
13     Q   (BY MS. NEUMAN)  I'm going to hand
14  the witness a document marked as Exhibit 5587.
15  It's a December 21, 2016 e-mail from
16  Mr. Donziger to Mr. Zelman.  It says, "Draft
17  agreement for professional services."
18  Mr. Zelman writes, "David, let me know if the
19  language below is acceptable.  If so, I will
20  send as a formal letter on letterhead that you
21  can countersign.  If you have any questions, let
22  me know and we can talk it through.  Under this
23  agreement, if there is a full recovery and I
24  collect my fees in full, you will be entitled to
25  700,000.  You're a pretty good negotiator.  Any

Page 77

1  chance I can fold another person, thinking of my
2  wife, into this same deal?  Thanks much,
3  Steven."
4        Do you see that?
5     A.   Yes.
6     Q.   And you received this on December 21
7  in 2016?
8     A.   Yeah.
9     Q.   When Mr. Donziger refers to a full
10  recovery, is it your understanding he was
11  referring to the -- a recovery of the Ecuador
12  judgment against Chevron?
13     A.   Yes.
14     Q.   And when he talks about his fees, it
15  was your understanding he was talking about his
16  interest in the Ecuador judgment against
17  Chevron?
18     A.   I assume so.
19     Q.   Did you fold Mr. Donziger's wife into
20  this same agreement?
21     A.   No.
22     Q.   Did you have a separate agreement
23  related to his wife?
24     A.   Yes.
25        (Exhibit No. 5588 marked.)

20 (Pages 74 - 77)

DAVID ZELMAN

Page 78

1    Q.   (BY MS. NEUMAN)  I'm going to show
2  the witness a document I'm going to mark as
3  Exhibit 5588.  It's a document bearing the Bates
4  number D Zelman PJD 337.  At the bottom,
5  Mr. Donziger writes on December 23, "I write to
6  confirm our agreement regarding consulting
7  services that you are providing me to develop my
8  professional capabilities with regard to the
9  Ecuador litigation matter against Chevron and
10 other endeavors."
11      Do you see that?
12    A.   Yes.
13    Q.   What are the other endeavors?
14    A.   I have no idea.
15    Q.   Mr. Donziger goes on to state, "In
16 exchange for you providing me with $14,000 worth
17 of such services, I pledge to you an interest in
18 the Ecuador judgment from my fees should they be
19 collected."
20      Do you see that?
21    A.   Yes.
22    Q.   He then goes on to say that your --
23 your -- "The actual amount paid to you will be
24 based on the total amount collected.  To be more
25 specific, your amount under this agreement will

Page 79

1  be 14/250, an eighth of a point, whatever is
2  recovered of the total claim."  Do you see that?
3    A.   Yes.
4    Q.   And you respond, "Thank you for this
5  agreement I confirm that this is acceptable to
6  me"?
7    A.   Correct.
8    Q.   And this is the written agreement
9  that you and Mr. Donziger entered into?
10    A.   Yes.
11    Q.   And it was pursuant to this agreement
12 that you provided him with your Transitions
13 program?
14    A.   When you say pursuant, what does that
15 mean?
16    Q.   Under this agreement.
17    A.   Yes.
18    Q.   Did Mr. Donziger pay you any of the
19 $14,000 in cash?
20    A.   Yes.
21    Q.   How much?
22    A.   $2,000.
23    Q.   And how was that $2,000 paid?
24    A.   By check.
25    Q.   I don't believe you produced that

Page 80

1  check.  Do you have a copy of that check?
2    A.   Do I?  I mean, we use QuickBooks in
3  my company.
4    Q.   Do you know one way or the other if
5  you have a copy of the check?
6    A.   I don't know how to answer that.  I
7  mean, having the check.  I don't have a check,
8  right?
9    Q.   That's why I said do you have --
10    A.   The check was cashed.
11    Q.   -- a copy of it?
12    A.   I do not have a copy of it.  I am
13 sure QuickBooks has registered that check.
14    Q.   And do you have information on the
15 bank on which the check was made?
16    A.   Absolutely not.
17    Q.   Did you check your bank records to
18 see --
19    A.   Yes.
20    Q.   -- if it shows the bank from which
21 the check was deposited?
22    A.   No.  I just -- I know it was
23 deposited in my checking account, if that's what
24 you're asking, and I saw the deposit.
25    Q.   To clarify, were you providing 16,000

Page 81

1  in total services, 14 of which --
2    A.   14,000.
3    Q.   14 total?
4    A.   Yes.
5    Q.   For which you received $2,000 via
6  check?
7    A.   Yes.
8    Q.   And 14/250th of an eighth of a point
9  in the Ecuador judgment from Mr. Donziger's
10 personal interest?
11    A.   I believe that's correct.
12    Q.   Did Mr. Donziger tell you at the time
13 you entered into this agreement that he had
14 already been ordered to turn over any interest
15 he had in the judgment to Chevron?
16       MR. DONZIGER:  Objection,
17    assumes facts not in evidence.
18    A.   I don't know what he said.
19    Q.   (BY MS. NEUMAN) He's just making an
20 objection for the record.  You can answer.
21    A.   What's the question?
22    Q.   Did Mr. Donziger tell you, prior to
23 entering into this agreement with you, that he
24 had already been ordered to turn over his
25 interest in the judgment to Chevron?

21 (Pages 78 - 81)

DAVID ZELMAN

Page 86

1    (Exhibit No. 5589 marked.)
2    Q.   (BY MS. NEUMAN)  I'm going to show
3  the witness a document we marked as
4  Exhibit 5589, bearing the Bates No. D Zelman PJD
5  71.  And before I ask you about this document --
6  this document, Mr. Zelman, after you entered
7  into the agreement set forth in Exhibit 5588
8  with Mr. Donziger, you provided him with the
9  remaining three session of Transitions program?
10    A.   Subsequent to this?  Yes.
11    Q.   Yes, that's what I meant.
12    A.   Yeah.
13    Q.   Okay.  Returning to Exhibit 5589.
14    A.   Uh-huh.
15    Q.   You write to Mr. Donziger in March 2
16  of 2017, "Steven, what do you think regarding
17  the following:  David, I write to confirm our
18  agreement regarding consulting services you are
19  providing to Laura Miller to develop her
20  professional capabilities."
21        Do you see that?
22    A.   Yes.
23    Q.   And why are you writing this to
24  Mr. Donziger but in his name?
25    A.   Probably to accelerate the

Page 87

1  conversation.
2    Q.   Were you seeking to enter into an
3  agreement to provide consulting services to
4  Ms. Miller?
5    A.   Yes.
6    Q.   And the consulting services you were
7  providing to Laura Miller were to develop her
8  professional capabilities, did those relate in
9  any way to the Ecuador litigation?
10    A.   No.
11    Q.   You wrote to Mr. Donziger, "I
12  exchange for providing" -- "In exchange for" --
13  sorry.  "In exchange for you providing me with
14  $11,000 worth of such services, I have pledged
15  to you an interest in the Ecuador judgment from
16  my fees should they be collected."
17        Do you see that?
18    A.   Uh-huh.
19    Q.   Yes?  That's a yes?
20    A.   Yes.
21    Q.   What did you understand that to mean,
22  "I pledge to you an interest in the Ecuador
23  judgment from my fees"?
24    A.   Fundamentally, I was trying to
25  re-create the previous contract or agreement

Page 88

1  that's in 5588.
2    Q.   And why is the amount here $11,000?
3    A.   Again, I was supposed to receive some
4  cash on the front end.
5    Q.   And in the case of Ms. Miller, were
6  you receiving $3,000?
7    A.   I should have received $3,000.
8  Correct.
9    Q.   You say you should have.  Did you?
10    A.   No.  I only received two.
11    Q.   What form did you receive the $2,000?
12    A.   A check.
13    Q.   Who wrote the check?
14    A.   Sorry, I can't remember whether it
15  was Laura or Steve.
16    Q.   Did you and Mr. Donziger enter into
17  the agreement set forth in Exhibit 5589 with
18  regard to providing the -- and this was for the
19  Transitions course, I take it?
20    A.   Yes.
21    Q.   And did you enter into this agreement
22  in connection with providing the Transitions
23  course to Ms. Miller?
24    A.   I provided her -- with that -- my
25  understanding was that we agreed in principle.

Page 89

1  I don't know that there was any documentation to
2  it.
3    Q.   But you understood this to be the
4  agreement?
5    A.   Yeah.
6    Q.   For your compensation?
7    A.   Correct.
8    Q.   Do you know if Ms. Miller was aware
9  you were being paid with Donziger's interest in
10  the Ecuador judgment?
11    A.   I'm not sure what she knew.
12    Q.   You never discussed that with her?
13    A.   I can't remember the specifics of any
14  conversation.  I knew -- no.  Can't go there.
15    Q.   And subsequent to this, Ms. Miller
16  took and completed the Transitions program?
17    A.   She did.
18    Q.   Did she take the program in New York,
19  as well?
20    A.   Yes.
21        (Exhibit No. 5590 marked.)
22    Q.   (BY MS. NEUMAN)  I'm going to hand
23  the witness a document that we're going to mark
24  as Plaintiff's Exhibit 5590, bearing the Bates
25  No. D Zelman PJD 53, Dated Saturday, July 1 of

23 (Pages 86 - 89)

DAVID ZELMAN

Page 90

1 2017.  It's an exchange between Mr. Zelman and
2 Mr. Donziger.
3     A.  Uh-huh.
4     Q.  Mr. Donziger asks, "Also, why did you
5 bill me $2,000?  Was it for Laura?  I thought we
6 were done with the funds."
7        Do you see that?
8     A.  Yes.
9     Q.  You then state, "FYI, yes, the
10 additional 2,000 is for Laura."  And is that in
11 connection with her Transitions program?
12     A.  Yes.
13     Q.  "To date, you have only paid 2,000 of
14 the 4,000 cash we agreed to."
15        Do you see that?
16     A.  Yes.
17     Q.  Is the 4,000 referring to both his --
18 Mr. Donziger and Ms. Miller's Transitions
19 Programs or just hers?
20     A.  You have -- you know, I'm not quite
21 clear what I was referring to at that time.
22     Q.  You then state, "The $11,000 balance
23 will, I hope, be covered by lawyer support for
24 in creating a TED talk."  What did that refer
25 to?

Page 91

1     A.  One I started working with her, and I
2 had not received Steven's -- you know, the
3 agreement in writing for the additional -- the
4 duplicate of what we had earlier agreed for he
5 and I, it became obvious to me that she had some
6 personal talents and skills that I wanted to
7 take advantage of.  And therefore, the
8 agreement -- we shifted to the fact that she
9 would provide me support in terms of TED talk in
10 exchange for the balance of the fees.
11     Q.  And what was the nature of that
12 support?
13     A.  Doing research on how to conduct TED
14 talks, where the appropriate places were to
15 apply for TED talks, et cetera; some of the
16 preparation materials, et cetera.
17     Q.  So they're all -- they were
18 nonmonetary but --
19     A.  Yes, nonmonetary.
20     Q.  And did she ultimately provide you
21 those services?
22     A.  Yes.
23     Q.  And did you ultimately conduct a TED
24 talk?
25     A.  No.  That's on me.

Page 92

1        (Exhibit No. 5591 marked.)
2     Q.   (BY MS. NEUMAN)  I'm going to hand to
3 the witness a document that we've marked as
4 Plaintiff's Exhibit 5591, bearing the Bates Nos.
5 D Zelman PJD 424.
6     A.  Yes.
7     Q.  This is an e-mail exchange.  The
8 bottom e-mail is from February 27, 2017, and the
9 top e-mail is from March 26, 2018.
10     A.  Right.
11     Q.  You wrote on March 26, "Steve, you
12 and I agree that consistent with the terms set
13 below, I have delivered an additional 2,000
14 worth of consulting services, which entitles me
15 to 2 over 250 of an eighth of a point of
16 whatever is collected of the total claim."
17        Do you see that?
18     A.  Yes.
19     Q.  Again you're referring to a
20 collection of the Ecuador judgment against
21 Chevron?
22     A.  Yes.
23     Q.  And this $2,000 worth of consulting
24 certificates that you're referring to, what did
25 those relate to?

Page 93

1     A.  Coaching conversations we had over
2 lunch.
3     Q.  You go on to say, "It is noted that
4 you are pledging this amount out of your
5 personal fees from the litigation."  Is that
6 accurate?
7     A.  Yes.
8     Q.  Did you ever have any discussions
9 with Mr. Donziger about him selling any
10 portion of the Ecuador judgment unrelated to his
11 fees?
12     A.  No.
13     Q.  Then Mr. Donziger replies, "Let me
14 confirm the calculation.  Agree in concept.
15 Thanks."
16        Do you see that?
17     A.  Yes.
18     Q.  And did you view that as your final
19 agreement on this matter?
20     A.  I think at the time we just dropped
21 the whole thing.  We didn't follow through on
22 it.  So I assume that whatever his, "Let me
23 confirm the calculation.  Agree in concept.
24 Thanks," that was the last communication we had
25 on that subject, I believe.

24 (Pages 90 - 93)

DAVID ZELMAN

Page 94

1    (Exhibit No. 5592 marked.)
2    Q    (BY MS. NEUMAN) I'm going to show
3  the witness a document that we're going to mark
4  as Exhibit 5592, bearing the Bates Nos. D Zelman
5  PJD 54. It's a continuation of the prior e-mail
6  string dated Tuesday, March 27 of 2018.
7    Does this refresh your recollection
8  that the prior document was not the last
9  exchange you had on the topic?
10    A    Yeah I guess so. Uh-huh. Right.
11    Q    So in response, Mr. Donziger writes,
12  "Just to be clear, I am barred by court order in
13  the U.S. from collecting fees on the matter."
14  Do you see that?
15    A    Yes.
16    Q    Had he ever told you that before
17  March 27 of 2018?
18    A    I don't believe so.
19    Q    Did you ask him after you received
20  this e-mail why he had not previously told you
21  that?
22    A    No.
23    Q    Did you ask him how this impacted
24  your prior agreement to be paid from his fees?
25    A    No.

Page 95

1    Q    Did you discuss with him at any time
2  after you received the e-mail in Exhibit 5592
3  his statement, "Just to be clear, I am barred by
4  court order in the U.S. from collecting fees on
5  the matter"?
6    A    Right. What's the --
7    Q    Did you ever discuss that with him
8  after you received the e-mail?
9    A    I think I understood that in the
10  U.S., there is something called -- he was barred
11  from doing something, but that the case was in
12  Canada and being legislated -- or not
13  legislated, but it was being looked at there.
14  So to me, that was a nonfact. It didn't matter.
15    Q    It didn't matter to you that
16  Mr. Donziger was barred from collecting fees on
17  the matter even though you had agreed to be paid
18  from his fees that he couldn't collect?
19    A    That's correct.
20    Q    Did you have an understanding as to
21  how you were going to be paid from fees he
22  wasn't allowed to collect?
23    A    No. Again, I -- as I understood, if
24  he collected fees, I would be compensated. That
25  was the bottom line. I didn't have to get into

Page 96

1  the who said what and when, where, how all that
2  stuff worked out. It's way over my head.
3    Q    So you didn't have any understanding
4  of the likelihood that he would actually collect
5  the fees?
6    A    I considered it a long shot.
7    Q    Based on what?
8    A    Just the fact that it's taken so long
9  to collect the fees so far. It's been in the
10  court system for a very long time.
11    Q    And was it your understanding that
12  the fees were in connection with a judgment that
13  had been found in the U.S. to have been obtained
14  by fraud?
15    A    No.
16    Q    You weren't aware of that?
17    A    I did not -- the word "fraud" never
18  came up.
19    Q    You indicated that you never read the
20  RICO judgment, correct?
21    A    I don't recall what I said. I don't
22  recall what the RICO judgment is. Is that a
23  document?
24    Q    Yes, sir. It's the decision that the
25  court wrote when it found that Mr. Donziger --

Page 97

1    A    Is it part of --
2    Q    -- had committed --
3    A    What was sent to me?
4    Q    -- money laundering and so forth.
5    A    Is it part of the documents that were
6  sent to me in the subpoena?
7    Q    No, sir.
8    A    Yes or no?
9    Q    No. The ultimate judgment is, but
10  not the decision that describes what went on.
11    A    I'm confused. Sorry.
12    Q    That's okay.
13    So when the court decides a case, it
14  writes an opinion that explains --
15    A    I never saw that.
16    Q    Okay. You never saw the opinion
17  explaining --
18    A    No.
19    Q    -- why Mr. Donziger was being found
20  to have committed extortion and money
21  laundering?
22    A    Not to my knowledge, I don't think
23  I've ever seen that.
24    Q    Okay. Did you start to follow the
25  case after you had this contingent fee interest

25 (Pages 94 - 97)

DAVID ZELMAN

Page 114

1    A.  No.
2    Q.  You said you and Mr. Donziger are
3  friends; is that accurate?
4    A.  I would call him a friend.
5    Q.  And do you -- outside of the
6  Transitions program and the coaching services,
7  do you interact socially?
8    A.  No.
9    Q.  Do you ever go golfing?  Go to lunch,
10  dinner, that sort of thing?
11    A.  I think we played golf together once
12  with Mr. van Merkensteijn.
13    (Exhibit No. 5598 marked.)
14    Q   (BY MS. NEUMAN) I'm going to hand
15  the witness a document we've marked as Exhibit
16  5598, bearing the Bates numbers JVM 6267 through
17  6269.
18    A.  Uh-huh.
19    Q.  The persons in the CC line, can you
20  tell me who they are, other than yourself and
21  Mr. Donziger and Mr. Miller?
22    A.  Which CC line?  At the top?
23    Q.  At the top, yes.
24    A.  I believe all of those people are
25  folks that John plays golf with.

Page 115

1    Q.  Do any of those people, other than
2  Mr. Donziger, have a connection to the Ecuador
3  case that you're aware of?
4    A.  No, not that I'm aware of.
5    Q.  Are you aware of any attempts by
6  Mr. Donziger to profit from the Ecuador
7  judgment?
8    A.  No.
9    Q.  Did he ever discuss with you giving
10  interest in the Ecuador judgment to persons
11  other than yourself?
12    A.  No.
13    (Exhibit No. 5599 marked.)
14    Q   (BY MS. NEUMAN) I'm going to hand
15  the witness a document we've marked as Exhibit
16  No. 5599, bearing the Bates numbers JVM 6847.
17    Can you take a minute to read
18  Exhibit 5599 and tell me what it relates to,
19  Mr. Zelman?
20    A.  It looks like it was an invitation to
21  go to Dr. Bohm's house.
22    Q.  In the top e-mail
23  Mr. van Merkensteijn writes, "I will have to pay
24  for Donziger too."
25    Do you see that?

Page 116

1    A.  Uh-huh.
2    Q.  Do you know what that refers to?
3    A.  No.
4    Q.  Was Mr. Donziger's involvement in
5  this event related to the Ecuador judgment or
6  Chevron?
7    A.  No.  And I don't think this event
8  ever actually occurred.
9    Q.  Okay.  Thank you.
10    MS. NEUMAN:  We've been
11  going for another hour.  I'm going
12  to suggest we take about five
13  minutes.  We're off the record.
14    THE VIDEOGRAPHER:  Off the
15  record.  10:43 a.m.
16  (Break taken from 10:43 a.m. to 10:57 a.m.)
17    THE VIDEOGRAPHER:  Back on
18  record.  10:58 a.m.
19    Q   (BY MS. NEUMAN) Mr. Zelman, are you
20  ready to proceed?
21    A.  Yes.  Thank you.
22    Q.  Uh-huh.
23    During the break, did you have any
24  communications with anyone other than your
25  lawyer?

Page 117

1    A.  No.
2    Q.  Are you -- you mentioned that you
3  provided services in New York?
4    A.  Yes.
5    Q.  To Mr. Zelman and Ms. Miller and
6  others --
7    A.  Yes.
8    Q.  -- is that right?
9    Are you a licensed psychologist in
10  New York?
11    A.  No.
12    Q.  Do you hold any New York licenses or
13  certifications?
14    A.  No.
15    Q.  And what address do you work out of
16  in New York?
17    A.  The Phillips Club, 155 West 66th.
18    Q.  And what percentage of your time do
19  you spend working in New York?
20    A.  Typically I spend three to four days
21  a month in New York.
22    Q.  Providing services to clients --
23    A.  Yes.
24    Q.  -- of the Transitions Institute?
25    A.  Yes.

30 (Pages 114 - 117)

DAVID ZELMAN

Page 118

1      Q.   And do you maintain a residence in
2   New York?
3      A.   The Phillips Club.
4      Q.   And is that -- I'm not familiar with
5   that.  So do you --
6      A.   It's a partial ownership.
7      Q.   So you own an interest in The
8   Phillips Club?
9      A.   Yes.
10     Q.   So when you're in New York, that's
11  where you live?
12     A.   Yes.
13     Q.   Okay.  And how long have you had that
14  residence, roughly?
15     A.   Seven years.
16         MS. NEUMAN:  Mr. Zelman -- the other
17  Mr. Zelman -- to clarify your objection and
18  instructions to the witness, you said that you
19  were making a third-party privacy objection?
20         MR. M. ZELMAN:  That's
21     correct.  I'm happy to meet and
22     confer with you and potentially do
23     some sort of protective order, but
24     this is the first that I've seen
25     this document and I was only able to

Page 119

1      briefly review it when Mr. Zelman
2      pulled it out.
3          MS. NEUMAN:  Understood.
4      I just wanted to ask you, who is the
5      third party?
6          MR. M. ZELMAN:  That would
7      be Mr. Donziger.
8          MS. NEUMAN:  Okay.  Thank
9      you.
10     Q    (BY MS. NEUMAN)  Did Mr. Donziger
11  ever discuss with you using the story of the
12  Ecuador judgment to make a book or a movie or
13  anything from which he would personally profit?
14     A.   It might have come up as a thought
15  bubble.
16     Q.   What is a thought bubble?
17     A.   You know, the speculation.  Never a
18  serious conversation.
19     Q.   You say it might have come up.  Do
20  you recall it coming up or you just can't rule
21  it out?
22     A.   No, not really.  Not specifically.
23     Q.   If it had come up, would it be in
24  your notes?
25     A.   Would it?

Page 120

1      Q.   Be in your notes.
2      A.   There you go again.  Now I'm getting
3   smart about the notes.  But the answer is no.
4          Maybe I should object, right?  Can I
5   do that?  Is that the way it works?  No?  Okay.
6          MR. DONZIGER:  I did
7      remiss -- trying to get through
8      this, but I'll lodge an objection to
9      the question to the extent it calls
10     for an answer related to the notes
11     that we referenced at the beginning
12     of this deposition, the seven pages.
13         MS. NEUMAN:  So pending issues
14     related to protection deficiencies
15     and the production of the notes and
16     questions related to the notes, I
17     don't think I have any further
18     questions at this time, but would
19     leave the deposition open.
20         MR. M. ZELMAN:  We would
21     -- I think it can be closed.  We're
22     giving you another hour to -- to ask
23     any questions that you believe are
24     necessary.
25         MS. NEUMAN:  Well, we

Page 121

1      can't close the deposition because,
2      based on Mr. Zelman's description of
3      his search, it was not consistent
4      with the subpoena so we have to meet
5      and confer about that.  And
6      obviously we can question him on the
7      notes you're refusing to give us.
8      So if you want to give us the notes
9      and let us question, but we can't
10     close the deposition where -- when
11     documents are being withheld.
12         MR. M. ZELMAN:  Well,
13     perhaps we can work something out.
14     If -- if you do have follow-up
15     questions regarding the documents,
16     then maybe we can have sworn
17     responses as well.  We'll see where
18     -- we'll see
19     where -- what you need from these
20     notes after you've seen them.
21         MR. DONZIGER:  If -- if --
22     if they see them.  I'm objecting.
23         MR. M. ZELMAN:  Correct.
24         MR. DONZIGER:  Okay.  Can
25     I -- can I ask a couple of

31 (Pages 118 - 121)

**SA263**

| | |
|---|---|
| **From:** | Steven Donziger <sdonziger@donzigerandassociates.com> |
| **Sent:** | Wednesday, December 21, 2016 5:42 PM |
| **To:** | David Zelman <dzelman@transitionsinstitute.com> |
| **Subject:** | draft agreement for professional services |

David:

Let me know if the language below is acceptable.  If so, I will send as a formal letter on letterhead that you can countersign.  If you have any question let me know and we can talk it though. Under this agreement, if there is a full recovery, and I collect my fees in full, you will be entitled to 700,000.  You're a pretty good negotiator.  Any chance I can fold another person (thinking my wife) into the same deal?

Thanks much, Steven


David,

I write to confirm our agreement regarding consulting services you are providing to me to develop my professional capacities with regard to the Ecuado litigation matter against Chevron, and other endeavors.

In exchange for you providing me with $14,000 worth of such services, I pledge to you an interest in the Ecuador judgment from my fees should they be collected.  The amount pledged is based on a pro rata proportion of the latest investment round in the case, which values a $250,000 investment as one-eighth of a point in the total claim won by villagers against Chevron.  Your interest thus will be valued equally with this round based on an investment of $14,000.  The actual amount that will be paid to you will be based on the total amount collected.  To be more specific, your amount under this agreement will be 14/250 of an eighth of a point of whatever is recovered of the total claim.

Note that I am pledging this amount out of my personal fees from this litigation.  Should my personal fees not be recovered from the Ecuador case, you will not be entitled to any recovery of the $14,000. Should a proportion of my fees be recovered, but not the full amount, your recovery will be decrease on a pro rata basis equal to the overall decrease affecting my fees.

If this is acceptable to you, please send me back an email so confirming.

Thanks so much.

Steven

DZelman_PJD_0000051

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CHEVRON CORPORATION,

                    Plaintiff,

        v.                                                          11 Civ. 0691 (LAK)

STEVEN DONZIGER *et al.*,

                    Defendants.

## DECLARATION OF STEVEN DONZIGER

With respect to the Court's recent contempt opinion (Dkt. 2209), I hereby state pursuant to paragraph 5 (*id.* at 71) that I have provided Chevron with the assignment described by paragraph 1 (*id.* at 69) and have provided the appointed expert Mr. Krehel (both orally over a month ago and in writing today) with information as required by paragraph 2 (*id.* at 70) and paragraph 4 of Dkt. 2172. I understand that the clerk has already entered a supplemental judgment as regards paragraph 1(c) of Dkt. 2209. I thus understand that I am in compliance with the limited "coercive" orders in the recent opinion (Dkt. 2209 at 69-71).

While I am in compliance with these limited orders, I note for the record that I have filed a notice of appeal as to the Court's contempt opinion, which seeks to radically and unlawfully expand the scope of the limited RICO Injunction that was affirmed by the Second Circuit in 2016. As expanded, the RICO Injunction now appears to target all efforts, anywhere in the world, to generate support for the thousands of Indigenous peoples and others in Ecuador's Amazon who are fighting for survival by trying to enforce their landmark pollution judgment against Chevron. Despite overwhelming efforts by Chevron and this Court to "change the narrative" and "blame the

victims," the facts behind the judgment are palpably obvious, which is why global civil society and the public at large continue to support the affected Ecuadorian communities and myself. The contamination left by Chevron while it was (as Texaco) the legal operator of the oil fields in Ecuador is overt (a person can fall right into it), deadly (as shown by elevated cancer statistics in villages surrounding the contamination), and intolerable. The judgment won by the Amazon communities in Ecuador has been upheld by Ecuador's highest courts (both the National Court of Justice and the Constitutional Court) in the forum where Chevron insisted the trial be held and where Chevron had accepted jurisdiction. No matter how much the attacks on me escalate, the problem is not going away either for Chevron, for the Gibson Dunn firm (which manufactured the core evidence in the RICO trial), or for the Court, which has facilitated this SLAPP-style sabotage effort for almost a decade now. The fight for justice represented by the Ecuador Judgment is far too big to be "tainted" by attacks on me in this Court. Chevron will only find repose when it recognizes the suffering of the communities, holds itself accountable the past actions of it and its subsidiaries, and takes steps necessary to realize justice on the substantive environmental claims that the communities have advanced for over 25 years now.

I hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

DATED:        May 29, 2019               Respectfully submitted,

                                         *s/ Steven R. Donziger*
                                         Steven R. Donziger
                                         245 W. 104th Street, #7D
                                         New York, NY 10025
                                         Tel: (917) 678-3943
                                         Fax: (212) 409-8628
                                         Email: sdonziger@donzigerandassociates.com

                                         *Pro se*

# SA266

## STEVEN R. DONZIGER, ESQ.

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

**MEMO ENDORSED**

212-570-4499 (O)
917-566-2526 (CELL)

*\* Not presently admitted to practice*

May 27, 2019

**VIA ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/29/2019
```

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan:

I am gratified to have received the Court's opinion (Dkt. 2209) finally resolving Chevron's March 18, 2018 contempt motion (Dkt. 1966). As Your Honor knows, I repeatedly have requested the Court over the last year to decide the motion and explain the plausibility of Chevron's contempt claims in light of the Court last interpretation of the RICO Injunction in its April 25, 2014 opinion, which expressly authorized me (or explained that it was authorized for me) to continue working on the Ecuador case and "be[] paid, just as [I] ha[d] been paid . . . over the past nine or ten years." Dkt. 1901 at 7-8. Now that I have the Court's recent opinion that radically and I believe illegally expands the scope of its original RICO injunction, I have filed a Notice of Appeal and will prosecute that appeal as expeditiously as possible.

The Court's recent opinion is 74 pages and addresses a wide range of interlinked claims and defenses emerging from a byzantine post-judgment procedural history. Some of the legal issues involved are familiar; many are new. The Court purports to rely on factual claims from the numerous "expert" analyses of my finances.[1] In the end, the Court establishes a series of coercive fines that appear to rise exponentially such that they will escalate to over $1 million per day in a week's time, and reach over $1 billion per day in under three weeks. The fines start accumulating on May 28, 2019—that is, *one* business day after the issuance of the recent opinion.

As the Court knows, I am representing myself *pro se*. I barely have begun to grasp the nuances of the Court's lengthy and complex opinion. I respectfully request a 10-day extension of time in

---

[1]   It is worth noting that the Court appears to rest its main contempt finding exclusively on the fact that I received monies it now considers "traceable" to the Ecuador environmental judgment. I never contested the utterly uncontroversial fact that I received some of the funds raised from investors—just as the Court authorized under the terms RICO Inunction in its April 2014 Opinion. Thus no discovery was necessary for the Court to either adhere to its April 204 interpretation or hold me in contempt based on its new understanding of "traceability."

**SA267**

<u>Memorandum Endorsement</u>                    <u>Chevron Corp v. Donziger, 11-cv-0691 (LAK)</u>

The motion is denied as unnecessary and, in addition, substantially for the reasons stated by Chevron in its response.  The Court notes also the following:

First, there is no prescribed time period within which to file a motion for a stay pending appeal.

Second, it appears from the parties' filings today that Donziger has purged himself of the contempt finding that resulted in the imposition of the first of two coercive fines.  They may be in disagreement as to whether that is so with respect to the second.  Unless the parties file a stipulation, on or before May 31, 2019, stating that they are in agreement that Donziger has purged himself of both contempts as to which coercive fines were imposed by the May 23, 2019 decision, the Court will hold a hearing at 10:00 a.m. on June 10, 2019 to resolve any remaining disagreement. In any case, Donziger holds the keys in his pocket, figuratively speaking, with respect to any coercive fines imposed by the Court's May 23, 2019 decision.  If he fully has purged or hereafter purges himself of the contempts to which they apply, the coercive fines will be avoided.  *See AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 427-28 (1st Cir. 2015).

Third, the enforcement of the supplemental judgment for compensatory damages is stayed by Rule 62(a) for 30 days from its entry unless the Court otherwise orders.  This Court has not done so.  After the expiration of the 30 day period, it may be stayed further as upon the posting of a bond or other security.

Any application for a stay pending appeal ordinarily must be made in the first instance to this Court.  FED. R. APP. P. 8.

SO ORDERED.

Dated:        May 29, 2019

                                        /s/    Lewis A. Kaplan
                                _____
                                        Lewis A. Kaplan
                                    United States District Judge

SA268

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

                                    Plaintiff,


                 -against-                                                    11 Civ. 0691 (LAK)


STEVEN DONZIGER, et al.,

                                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY  FILED                │
│ DOC #:_____               │
│ DATE FILED: 5/29/2019                │
└─────────────────────────────────────┘
```

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        The Court inadvertently failed to dispose fully of Chevron's motion to hold Donziger in contempt for failure to comply with the Court's March 5, 2019 order [DI 2175]. It does so now.

        The Court finds that Donziger is in wilful contempt of paragraph 5 of the March 5, 2019 order, the Forensic Inspection Protocol [DI 2172]. Unless Donziger previously shall have complied fully with each duty imposed upon him by paragraph 5 of the March 5, 2019 order, he shall pay a coercive civil fine to the Clerk of Court with respect to June 3, 2019 and each subsequent day from that date until the date on which he fully purges himself of this contempt by doing so. The amount of the coercive fine shall begin at $2,000 for June 3, 2019. It shall double for each subsequent day during which Donziger fails fully to purge himself of this contempt until the fine, so calculated, would reach or exceed $100,000, at which point it would become $100,000 for that and each subsequent day that Donziger fails to purge fully the contempt.[1]


        SO ORDERED.

Dated:      May 29, 2019


                                 /s/    Lewis A. Kaplan
                                   _____
                                     Lewis A. Kaplan
                             United States District Judge

---

[1]     The Court intended to include this language in prescribing the escalating nature of the fines in the May 23, 2019 opinion, paragraphs 1(b) and 2(b) of the conclusion. The Court would amend those paragraphs accordingly if the Court of Appeals were to restore jurisdiction for that purpose.

**SA269**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                    Plaintiff,

          -against-                                 11 Civ. 0691 (LAK)

STEVEN DONZIGER, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: 6/4/2019             │
└─────────────────────────────────┘
```

**ORDER**
(Corrected)

LEWIS A. KAPLAN, *District Judge.*

       The Court inadvertently failed to dispose fully of Chevron's motion to hold Donziger in contempt for failure to comply with the Court's March 5, 2019 order [DI 2175]. It does so now.

       The Court finds that Donziger is in wilful contempt of paragraph 5 of the March 5, 2019 order, the Forensic Inspection Protocol [DI 2172]. Unless Donziger previously shall have complied fully with each duty imposed upon him by paragraph 5 of the March 5, 2019 order, he shall pay a coercive civil fine to the Clerk of Court with respect to June 3, 2019 and each subsequent day from that date until the date on which he fully purges himself of this contempt by doing so. The amount of the coercive fine shall begin at $2,000 for June 3, 2019. It shall double for each subsequent day during which Donziger fails fully to purge himself of this contempt until the fine, so calculated, would reach or exceed $100,000, at which point it would become $100,000 for that and each subsequent day that Donziger fails to purge fully the contempt.[1]

       Nothing herein forecloses the possibility of the Court granting additional coercive relief, including increased fines and other measures, in the event the civil contempt herein is not fully purged.

       SO ORDERED.

Dated:       May 29, 2019
Corrected:  June 4, 2019

                            /s/   Lewis A. Kaplan
                                  ————————————————————
                                    Lewis A. Kaplan
                                 United States District Judge

---

[1]   The Court intended to include this language in prescribing the escalating nature of the fines in the May 23, 2019 opinion, paragraphs 1(b) and 2(b) of the conclusion. The Court would amend those paragraphs accordingly if the Court of Appeals were to restore jurisdiction for that purpose.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

                              Plaintiff,

                 -against-                                        11-cv-0691 (LAK)

STEVEN DONZIGER, et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/5/2019
```

## ORDER

LEWIS A. KAPLAN, *District Judge*.

       1.     Unless the parties file a stipulation, on or before June 7, 2019, stating that they are in agreement that Donziger has purged himself of the contempt as to which coercive fines were imposed by the May 29, 2019 order, as corrected, the Court will hold a hearing at 10:00 a.m. on June 10, 2019 to resolve any remaining disagreement. As previously noted, Donziger holds the keys in his pocket, figuratively speaking, with respect to any coercive fines imposed upon him. If he fully has purged or hereafter purges himself of the contempts to which they apply, the coercive fines will be avoided. *See AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 427-28 (1st Cir. 2015).

       2.     Chevron promptly shall advise the Court as to whether it will respond to Donziger's recent motion to vacate. Any such response shall be filed no later than June 7, 2019. Any reply to any such response shall be filed no later than 8:30 a.m. on June 10, 2019.

       SO ORDERED.

Dated:     June 5, 2019

                          /s/   Lewis A. Kaplan
                                 Lewis A. Kaplan
                         United States District Judge

J6AACHEOps

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   CHEVRON CORPORATION,

4                   Plaintiff,

5          v.                            11 Civ. 691 (LAK)

6   STEVEN DONZIGER, et al.,

7                   Defendants.          Oral Argument

8   ------------------------------x

9                                        New York, N.Y.
                                         June 10, 2019
10                                       10:10 a.m.

11

12  Before:

13                      HON. LEWIS A. KAPLAN,

14                                         District Judge

15                      APPEARANCES

16

    GIBSON, DUNN & CRUTCHER, LLP
17       Attorneys for plaintiff
    BY:  RANDY M. MASTRO, ESQ.
18       ANDREA NEUMAN, ESQ.
         WILLIAM E. THOMSON, ESQ.
19       ANNE MARIE CHAMPION, ESQ.
         HERBERT J. STERN, ESQ.
20

    STEVEN R. DONZIGER
21       Defendant Pro Se

22

    Also Present:  Andrew R. Romero-Delmastro, Esq.
23                 Supervising Counsel
                   Chevron Corporation
24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

**SA272**

J6AACHEOps

1    Mr. Krehel dated June 5th, with which you are presumably

2    familiar.  The fifth is something from Apple.  It's a massive

3    document of about four pages.  The sixth is a couple of pages

4    of a transcript from a deposition at which you were present on

5    June 6th.  Exhibit G is a few pages of listings from AT&T.

6    Exhibit H are 12- and 14-year-old e-mails to and from you,

7    which, if memory serves me, were exhibits at trial five years

8    ago.  Exhibit I seems to be a copy of your listing on some

9    website.  It's about three pages.  Exhibit J is essentially the

10   same sort of thing.  And Exhibit A is a listing of the dates

11   and times of something like eight or nine chat messages that

12   occurred 12 years ago.  This is not massive information.

13          OK.  Let's go from there.

14          MR. DONZIGER:  I respectfully disagree for this

15   reason:  If you look at their statements, they claim that they

16   have records from AT&T saying I have -- there's up to 18

17   devices.

18          THE COURT:  Look, Mr. Donziger, this is very simple.

19   I am here to take evidence.  You have a position on the facts.

20   They have a position on the facts.  I've read what they've

21   said.  I have the documents in front of me.  I think if your

22   position is that you have complied fully with paragraph 4, or

23   anything else, though I understand there is no dispute about

24   the assignments, you should get on the witness stand and give

25   such testimony under oath as you care to give and be

**SA273**

J6AACHEOps

1    denied it last week.

2              MR. DONZIGER:  I didn't get this information, sir,

3    until Friday.

4              THE COURT:  Mr. Donziger, do you understand what the

5    word "denied" means?

6              MR. DONZIGER:  OK.  So what do you want me to do at

7    this point?  I'm not prepared to put in evidence saying I have

8    no evidence.  I need to revise my declaration to make sure I

9    know the information I can present to the Court.

10             THE COURT:  Anything that you want to present that is

11   within your ken you are welcome to present now, from the

12   witness stand.

13             MR. DONZIGER:  I just told you, I am not prepared to

14   do that today.  That's, to me, that's very unfair, sir.  Can I

15   have a few days to develop evidence and then we can -- I can

16   put it under oath, put it in a declaration.  If it's necessary

17   to be cross-examined, I'll come back.

18             THE COURT:  In other words, what you say from the

19   lectern you are not prepared to say on the witness stand.  Is

20   that right?

21             MR. DONZIGER:  That's not true.  I have a draft

22   affidavit that I sent in good faith to Chevron to work with

23   them to get in compliance.  I intend to get in compliance on

24   paragraph 4.

25             THE COURT:  What about paragraph 5?

**SA274**

J6AACHEOps

1          MR. DONZIGER:  That's a separate issue.  My position

2     on that, as I've stated for months now, is, it implicates core

3     constitutional rights for me and many people associated with

4     this case.  If you really look at what would happen under your

5     protocol, which I've expressed deep problems with in the letter

6     to Mr. Krehel, Chevron will get access to all sorts of

7     privileged information, including my conversations with

8     counsel, for example, from my bar proceeding, conversations

9     with counsel in Canada who is enforcing the equitable judgment

10    against Chevron in Canada.  And I don't feel like I, as a

11    private citizen -- obviously I'm no longer a lawyer because

12    I've been suspended, and I'm contesting that, as you know --

13    but as a private citizen, I retain constitutional rights.  And

14    if I were to do that, it would completely moot out my ability

15    to vindicate my constitutional rights, would essentially for

16    all intents and purposes moot the appeal.

17         So what I would ask is, when you resolve the motion --

18    I'm filing something tomorrow morning, as you know -- if you

19    deny the motion to vacate, I intend to move for a stay before

20    your Honor to block the imposition of whatever coercive fines

21    would apply to paragraph 5.  You know, I believe that I'm in

22    compliance with paragraph 4, or can get in compliance, and I

23    intend to.  With regard to paragraph 5, I believe the Court,

24    given the motion to vacate and given my briefing, does not have

25    jurisdiction to impose any sort of fine on that, or any sort of

# SA275

J6AACHEOps

1    sanction on that, given there's been no contempt finding on the

2    additional order, and my appeal was already filed prior to its

3    issuance.

4           THE COURT:  I know what your position is.  You've

5    repeated it any number of times.  And I'll await your reply to

6    Chevron's brief tomorrow, and I'll rule on it.  I don't think

7    you'll have to wait long, although you may surprise me.

8           MR. DONZIGER:  Can I raise another issue?

9           THE COURT:  What?

10          MR. DONZIGER:  I'm concerned about a broader thing

11   going on here, which is this.  If you sort of look at the

12   discovery that you, this Court, have authorized Chevron to

13   engage in, which has now gone on for many months -- it's

14   implicated a lot people, including just last week my wife, my

15   brother-in-law, bank accounts associated with my son -- and you

16   combine that with the order to turn over my devices, I believe

17   I will no longer have any minimal space in which to conduct my

18   affairs as an advocate or a lawyer on this case.  Obviously I'm

19   not a lawyer at this moment, but I have been up until July of

20   last year.

21          And you say in your contempt findings of May 23rd that

22   I have a right to work on the Lago Agrio case.  You've always

23   said that, back from the RICO judgment and beyond.  I don't

24   know anymore what, in your mind, is permissible for me to do or

25   not do on this case.  It's very confusing to me and I feel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                              Plaintiff,


                  -against-                                    11-cv-0691 (LAK)


STEVEN DONZIGER, et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/11/2019


### ORDER IMPOSING ADDITIONAL COERCIVE CIVIL CONTEMPT SANCTION


LEWIS A. KAPLAN, *District Judge.*

           On May 23, 2019, the Court held Steven Donziger in civil contempt of, *inter alia,* paragraph 4 of the Forensic Inspection Protocol of March 5, 2019 [DI 2172] (the "Protocol") and imposed a coercive fine with respect to May 28, 2019 and each subsequent day from that date until the date on which he fully purges himself of that contempt.  [DI 2209]

           On May 29, 2017, the Court held Donziger in civil contempt of paragraph 5 of the Protocol and imposed an additional coercive fine with respect to June 3, 2019 and each subsequent day from that date until the date on which he fully purges himself of that contempt. [DI 2222]

           On June 10, 2019, the Court held a hearing with respect to whether Donziger has fully purged himself of either of these contempts.  He concededly has not done so with respect to the contempt of paragraph 5 of the Protocol.  He professes a desire to satisfy the plaintiff that he has done or will do so as to paragraph 4.  But offered the chance to take the witness stand at yesterday's hearing to substantiate his claims of compliance to date, the veracity and completeness of which have been questioned, he first sought an adjournment and, when that was denied, declined to testify.

           Further, Donziger has not paid any part of the coercive fines referred to above which, as of June 9, 2019, totaled $826,000 with respect to his contempt of paragraph 4 and $126,000 with respect to his contempt of paragraph 5.[1]  He maintained in substance at the June 10, 2019 hearing that all of his assets are frozen and that he lacks means to pay any of the fines.

           In the circumstances, the Court finds that additional coercive remedies are necessary to obtain full compliance.  Keeping in mind that it is desirable to calibrate coercive sanctions to employ as little "coercion" as is needed to produce compliance, an appropriate next step – in view

---

[1]           Of course, as the Court has made clear before, any accrued coercive fines will be expunged upon full compliance with the orders.

2

of the ineffectiveness to date of escalating coercive fines – is to require Donziger to surrender his passport(s) pending his full compliance with the outstanding order.

This is well within the Court's authority.  As the Seventh Circuit has written:

"[A] judge does have the power to imprison a recalcitrant litigant for contempt, implying the lesser power to set conditions on freedom.  Surrendering one's passport is a common condition of release on bail, which is Bruetman's effective status. (This perspective reinforces the jurisdictional conclusion, for orders setting terms of bail are appealable.  *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).) Just as a litigant held in civil contempt has the keys in his own pocket—for he will be released as soon as he cooperates—so Bruetman can get his passport back whenever he pleases.  All he need do is complete the examination, fully disclosing all of his assets.  Then the proceedings will end and Bruetman will be free to travel (though his assets must stay behind)."  *Herbstein v. Bruetman,* 241 F.3d 586, 589 (7th Cir. 2001).

The same is true of Donziger.  All he need do to obtain release of his passport(s) is to comply fully with the Court's orders.

Accordingly, it is hereby

ORDERED, that Donziger, on or before June 12, 2019 at 4 p.m., shall surrender to the Clerk of the Court each and every passport issued to him by each and every nation to have issued a passport to him, the Clerk to retain possession thereof unless and until this Court determines that Donziger has complied fully with paragraphs 4 and 5 of the Protocol.

SO ORDERED.

Dated:        June 11, 2019

_____
Lewis A. Kaplan
United States District Judge

**SA278**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CHEVRON CORPORATION, | |
| Plaintiff, | 11 Civ. 0691 (LAK) |
| v. | |
| STEVEN DONZIGER *et al.*, | |
| Defendants. | |

**EMERGENCY MOTION TO STAY FINES AND SANCTIONS
PENDING APPEAL OR IN THE ALTERNATIVE FOR AN
ADMINISTRATIVE STAY**

Undersigned moves the Court to stay (a) the draconian coercive fines imposed on me, a human rights advocate and sole practitioner, for making good-faith efforts to protect the core constitutional rights of me and my Ecuadorian clients, Indigenous peoples and farmer communities who are victims of extensive oil pollution in the Amazon rainforest; and (b) its recent order that I turn over my passport pending resolution of the pending motion to vacate (Dkt. 2221). I ask for a stay pending resolution of my appeal of the Court's May 23, 2019 contempt opinion ("Contempt Opinion") and potentially resolution of any forthcoming appeal of the Court's one-page "Paragraph 5" contempt finding (Dkt. 2219) ("Paragraph 5 Contempt Order") or two-page Passport Order (Dkt. 2232), depending on the outcome of the motion to vacate and whether I need to separately notice appeals of those orders. I further request an immediate administrative stay of all fines and coercive orders to allow for resolution of the instant motion and if necessary an emergency stay motion to the Second Circuit.  This matter implicates my fundamental constitutional rights and the fundamental rights of thousands of  Indigenous peoples in Ecuador,

whose lives truly hang in the balance. Utmost care and deference to these rights is warranted by the Court.

The requested stay is undeniably an emergency. While I have respectfully informed the Court on a regular basis for several months that I would be unable to comply with an order that I turn over massive amounts of privileged and First Amendment-protected materials to my adversary Chevron until I was able to assert my rights on appeal -- understanding that I would potentially have to bear a contempt sanction to establish the necessary appellate jurisdiction -- I have sought to proceed in an orderly and transparent manner. I have complied with orders of the Court, cooperated with Chevron, and made offers of compromise. But instead of allowing room for argument and due consideration, the Court inappropriately seems intent on whipping this matter into an urgent frenzy of purported non-compliance, outrage, and demonization of me personally.

The Court gave me only two days to comply with its patently *ultra vires* Paragraph 5 Contempt Order, and only one day (technically no days) to comply with its egregious Passport Order. It has thus far refused to stay any fines, despite the pending motion challenging the fundamental basis of the Paragraph 5 Contempt. Your Honor was utterly dismissive of my repeated attempts (drafting and submitting two separate declarations) to come into compliance with Paragraph 4 of the Protocol Order (Dkt. 2172). Instead Your Honor is ratcheting up the "additional coercive remedies," while Chevron gleefully references the "jailhouse" and deployment of the U.S. Marshals in its pleadings and argument. Dkt. 2228. This is a "sad pass" if there ever was one.

I urge the Court to shift to a more restrained approach. As I repeatedly have testified under oath and shown with evidence, I have consistently acted in good faith to comply with the Court's RICO Injunction as I understood it—from the Court's *plain words*—explained in the April 2014

Clarification Opinion (Dkt. 1901).[1] I only have had the Court's fundamentally revised interpretation of the RICO Injunction for two weeks. I believe I have powerful grounds to vacate everything the Court has done in the last 18 months on appeal, *see infra*, but I have assured the Court and will reassure it again today that if I do not prevail on appeal I will do what is necessary to come into compliance with all orders of the Court. Chevron has no conceivable claim of urgency: the Ecuador Judgment is being enforced in only one country, and it is a routine briefing schedule with no imminent threat of any action or decision adverse to Chevron and years before any sort of final resolution. There is no reason I cannot have my appellate rights respected before undertaking the severe unconstitutional harm apparent in the Court's various orders. Certainly there is no reason the Court cannot allow for an orderly process two weeks while it decides this motion and if necessary allows me time to seek an emergency appeal to the Circuit.

## ARGUMENT

The Court is intimately familiar with the procedural posture of the case and the orders I am challenging on appeal and seeking to stay in this motion. A stay of deeply prejudicial and draconian coercive fines and measures pending a contempt appeal appears to be the customary and responsible practice. I cited several cases on this point in my motion to vacate, *see* Dkt. 2221 at 4 (citing *In re Grand Jury Investigation of Possible Violations of 18 U.S.C. § 1956 and 50 U.S.C. § 1705*, No. MC 18-175, 2019 WL 2182436, at *5 (D.D.C. Apr. 10, 2019) (noting that both parties "agree [that] contempt sanctions should not accrue during the pendency of the banks' appeal") and *United States v. City of Yonkers*, 856 F.2d 444, 452 (2d Cir. 1988), *rev'd sub nom. Spallone v.*

---

[1]   After scrutinizing millions of documents from almost every person I have interacted with professionally and personally in the last four years, Chevron and the Court can only point to one lapse, where I may have carelessly agreed to a monetization-type arrangement with a life coach—an agreement that is now null, if it ever was valid, and involved no investment of funds in the case.

**SA281**

*United States*, 493 U.S. 265 (1990) (noting that the Second Circuit had stayed the district court's coercive fines pending appeal)). Chevron provided no directly contrary authority in its opposition. In any event, "[t]he four factors to be considered in issuing a stay pending appeal are well known: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Center Disaster Site Litigation,* 503 F.3d 167, 170 (2d Cir. 2007).

## I.   Likelihood of Success

A stay applicant must show "a substantial possibility, although less than a likelihood of success, on appeal." *Lopez Torres v. New York State Bd. of Elections*, 462 F.3d 161, 207 (2d Cir. 2006), *rev'd on other grounds,* 552 U.S. 196, 128 S. Ct. 791 (2008). "The probability of success that must be demonstrated [for the first factor] is inversely proportional to the amount of irreparable injury [the applicant] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002). That is, "the necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors." Given the extraordinary injury that undersigned faces—million of dollars in fines, seizures of property, threat of imprisonment and financial ruin—undersigned need only a low likelihood of success. However, the probability of success is strong for at least the following reasons, and many more.

### A.   Bait and switch

My repeated arguments against the Court's approach throughout the last year can be applied wholesale against the Contempt Opinion as actually issued. The Court never came close in its Opinion to directly addressing and disposing of my objections. Now as before, it is impossible

for the Court to credibly maintain that by acting ***in careful compliance with the Court's own explanation***[2] of the meaning and scope of the RICO Injunction I can lawfully be held in contempt of the RICO Injunction. The Court claims that the legal effect of what I call the Clarification Opinion was only to deny a stay, and that the Clarification Opinion cannot have "modified" the RICO Injunction. But I have never claimed it modified it: I have claimed that in the Clarification Opinion, irrespective of the relief it afforded on the stay, the Court explained its view of the meaning and scope of various terms, such as "traceable," and chose to make *bald and unequivocal assertions* regarding what my clients and I could do under the RICO Injunction, including:

- "Nothing in the [RICO Injunction] prevents Donziger from continuing to work on the Lago Agrio case. Period. The pertinent question is whether and to what extent it affects ***his compensation***. . ." 37 F. Supp. 3d 653, 658 (S.D.N.Y. 2014) (emphasis added).

- The RICO Injunction does "not prevent Donziger from being paid, ***just as he has been paid*** . . . over the past nine or ten years," *id.* (emphasis added); *id.* at 665 ("This case always has been financed on the movants' side by outside investors").

- "The point of [the anti-monetization] paragraph [is] to prevent Donziger and the LAP Representatives from avoiding the effect of the constructive trust imposed on assets in their hands that otherwise would have been direct proceeds of the Judgment by selling, assigning, or borrowing on ***their*** interests in the Lago Agrio Judgment and thus at least confusing the issue of traceability." *Id.* at 659-60 (underline: emphasis original).

- Other interest-holders in the Ecuador Judgment "are virtually unconstrained by the [RICO Injunction] in their ability to attempt to fund their litigation efforts against Chevron by continuing to sell shares in anything that may be recovered for whatever investors are willing to pay." *Id.* at 665.

Guided by this unambiguous language, I continued to "work on the Lago Agrio case." "Period." I never made any pretense otherwise. I continued to be paid for my exhaustive, full-time efforts "just as I had been paid" in the past—out of litigation finance funds raised to support the case. Those litigation finance deals were carefully constructed only to "monetize" interests other than my

---

[2]   *Schering Corp. v. Illinois Antibiotics Co.*, 62 F.3d 903, 908 (7th Cir. 1995) (it is appropriate to give "particularly heavy weight" to the interpretation of an injunction by "the same judge who entered it and is thus familiar with its history") (Posner, J.).

own—"unconstrained" interests—in the Ecuador Judgment, specifically the entirely separate interest of the *Frente de Defensa de la Amazonía* in both the Ecuador Judgment and the separate incentive award.

Absolutely nothing in the RICO Injunction or the Clarification Opinion suggests that my *work*—my efforts, my activity, my time, my conversations—is somehow constrained by the "anti-monetization" paragraph. Nor is any such constraint workable. The paragraph enjoins me from monetizing my legal interest in the case; that at least is a clear, comprehensible bright line. The Court now seems to think the RICO Injunction enjoins me from making any *efforts* to monetize *any* interest, even the interest of others who may seek my assistance in various ways.[3] How can I possibly understand what is and is not allowed under this prohibition? If I have lunch with a wealthy individual interested in social justice, and pass his name along to another person working on the Ecuador case, have I violated the Court's newly-expanded anti-monetization provision? The new provision is incomprehensible and flagrantly unconstitutional.

In any event, the standard for contempt does not allow me to be held in contempt for legitimately and in good faith misunderstanding the limits of the RICO Injunction. This is not a question of whether I acted in good faith—although the fact that I *did* act in good faith is an

---

[3]   The best the Court can do to justify this new interpretation is to play games with italics. It reprints the key quote from the Clarification Opinion limiting the anti-monetization injunction to "their interests" (Donziger and Mssrs. Camacho and Piaguaje) but strips away the original italics it placed on the words "their interests." Dkt. 2209 at 51. Then it reprints the phrase "any interest" from the RICO Injunction and applies italics to the word "any." *Id.* Presto change-o.

Even worse, the Court tries to dodge the effect of its own words—which, again, assured me that "The point of [the anti-monetization] paragraph [is] to prevent Donziger and the LAP Representatives from avoiding the effect of the constructive trust imposed on assets in their hands"—with the following claim: "nothing in the passage [says] that [this was] the *only* point of paragraph 5 . . ." *Id.* at 52. The Court might as well just argue that it had its fingers crossed behind its back, or that Donziger never said "no backsies."

important fact. The question, as the Court acknowledges, is whether the injunction with which I allegedly "failed to comply was clear and unambiguous." Dkt. 2209 at 35. In light of the Court's own words as stated above—and indeed even the RICO Injunction on its face—the substance and scope of the RICO Injunction is nowhere near the level of "clear and ambiguous" that courts have found necessary to justify a finding of contempt. *See, e.g.*, *Drywall Tapers & Pointers v. Local 530*, 889 F.2d 389, 395 (2d Cir. 1989) (the order must be so clear and unambiguous as to leave "no doubt in the minds of those to whom it was addressed [as to] precisely what acts are forbidden"). This fact has been at the core of these post-judgment proceedings from Day One. It was the basis for my motion to dismiss over a year ago, and my principled resistance to handing over reams of First Amendment-protected information as part of a patently unjustified chimera of a contempt claim.

It is highly likely that the Second Circuit will agree with me and will vacate the findings, orders, and all other consequences of these post-judgment proceedings *en toto*. I urge the Court to demonstrate the humility necessary to recognize that the appellate court is likely to have a dramatically different view of the legitimacy of these proceedings and allow me the necessary time to pursue my appellate rights in an orderly fashion without imposing any penalties—much less draconian fines which the court knows that I do not have the resources to pay.

B.   *End run around the Second Circuit affirmance of the Court's RICO Opinion*

Another key reason why the Second Circuit will reverse the Court's Contempt Opinion and post-judgment orders generally is that I trust the appellate court to recognize that the Court is effectively making an end-run around the Second Circuit's carefully limited affirmance of the Court's March 2014 RICO opinion. The Second Circuit repeatedly emphasized that the only thing that the RICO Injunction did was (a) "prohibit[] Donziger and the LAP Representatives from

seeking enforcement of the Ecuadorian judgment *in the United States*" and (b) "prohibit Donziger and the LAP Representatives from profiting" on the Ecuador Judgment. 833 F.3d 74, 151 (2d Cir. 2016) (emphasis added). The appellate court also repeatedly emphasized that the Court's "confine[d]" relief would not even "disturb the Ecuadorian judgment." *Id.* at 81. The Contempt Opinion and its dramatic recasting of the RICO Injunction fundamentally changes the nature of the relief in ways directly contrary to the "confined" nature of the relief the appellate court affirmed. As discussed briefly above, the Court under its revised Injunction is now purporting to enjoin my efforts to seek enforcement of the Ecuadorian judgment *outside of the United States* and further to enjoin my ability to work on the case (and get paid for my work) entirely.

The Court's disturbingly unfounded Passport Order, *see infra*, also demonstrates that the Court will do whatever it can to undermine, at a practical level, my ability to continue my advocacy for the affected Ecuadorian communities generally—even outright blocking my ability to meet with them. The record in this case easily demonstrates that my continued work on the case is absolutely critical to the continued vitality of the Ecuador case generally, for a host of reasons. By seeking to shut down my international travel entirely, the Court is transparently seeking to "disturb" the Ecuador Judgment in ways that the Second Circuit has repeatedly said are inappropriate. The Court's actions thus flagrantly violate the mandate rule of the law of the case doctrine, *see, e.g.*, *In re FCC*, 217 F.3d 125, 133 (2d Cir. 2000) ("the terms of the mandate [must be] scrupulously and fully carried out and [] the inferior court's actions on remand [must] not [be] inconsistent with either the express terms or the spirit of the mandate.") as well as seeking to accomplish a deeply illegitimate and unjust "termination" to the historic advocacy effort seeking accountability for Chevron's crimes in Ecuador.

C.     *Transparent strategy to infiltrate and shut down constitutionally-protected activity*

The Second Circuit is also likely to vacate the Contempt Opinion and all the Court's post-judgment orders based on its rejection of the broader strategy that is so evident underneath all these post-judgment proceedings. The Court held Chevron's initial contempt motion open for over a year, allowing wide-ranging and intrusive discovery that in the end proved entirely unnecessary to decide the discrete legal issues regarding the scope of the RICO Injunction. The Court has turned a blind eye to the well-established pattern of Chevron's abusive conduct in misusing discovery material and launching vicious attacks on its adversaries, dragging them into litigation to intimidate them into distancing themselves from the Ecuador case solely so that Chevron's vicious, unfounded attacks will, in the words of Boston mother and businesswoman Katie Sullivan, "be over as quickly as possible." Dkt. 2026 at 5-12; Dkt. 2122 at 3, 2-8. The Court has repeatedly dismissed and outright sneered at the fundamental associational rights at stake in these proceedings—"fancy" constitutional rights, it called them at the recent hearing. The Second Circuit will take a different view of whether these rights deserve to be respected, as it has in the numerous right-of-association cases I cited in my briefing. These entire post-judgment proceedings are fairly seen as SLAPP-style attack on public interest advocacy, an effort to protect a "company of considerable importance to our economy" from the consequences for its actions at the expense of the company's victims, and perhaps even an effort to crush me as an example to the human rights community generally of what will happen if an advocates threatens powerful corporate interests too effectively.

D.     *Excessive and abusive sanctions*

The ways in which the Court's treatment of me in these post-judgment proceedings has been excessively harsh, abusive, and lacking in due process are too numerous to even list

exhaustively here. The Court is intimately familiar with these proceedings and knows fully each of these excesses and abuses. Merely the most recent ones are illustrative.

    1.  The Court's purported amendment of the Contempt Opinion

    The Court's Paragraph 5 Contempt Order is in plain violation of core the principle of appellate jurisdiction, based at most on the pretense that a finding of contempt under Paragraph 5 of the Protocol Opinion is not part of the "same aspect of the case" as the Court's finding of contempt under Paragraph 4 of the Contempt Opinion. My arguments on this are set out in the motion to vacate (Dkt. 2221) and my reply in support thereof (Dkt. 2231). The Paragraph 5 Contempt Order simply thumbs its nose at the fundamental principle that the act of filing a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

    2.  The Passport Order

    This was issued yesterday. The Court has given me barely 24 hours to comply with a "coercive" sanction that directly targets a fundamental aspect of personal liberty protected by the Due Process clause of the Constitution. *See Kent v. Dulles,* 357 U.S. 116, (1958) ("Travel abroad, like travel within the country, may be necessary for a livelihood. It may be as close to the heart of the individual as the choice of what he eats, or wears, or reads. Freedom of movement is basic in our scheme of values."); *Omar v. Kerry*, 2015 WL 5964901, at *6 (N.D. Cal. Oct. 13, 2015) (citing *Vartelas v. Holder*, 132 S. Ct. 1479, 1488 (2012) ("Loss of the ability to travel abroad is itself a harsh penalty, made all the more devastating if it means enduring separation from close family members living abroad.") and *Eunique v. Powell*, 302 F.3d 971, 973 (9th Cir. 2002) ("It is undoubtedly true that there is a constitutional right to international travel.")). I have not had time to fully research the issue, much less move the Court for appropriate relief.

On a preliminary investigation, it appears that the Court's order is thoroughly unfounded. The Court cites a single case from the Seventh Circuit, *Herbstein v. Bruetman*, 241 F.3d 586 (7th Cir. 2001), presumably indicating that authority from the Second Circuit is unavailable. The key fact in *Herbstein* was that the targeted defendant in that case has repeatedly "left for Argentina" "without warning" in order to avoid judgment enforcement procedures. *Id.* at 587 ("Bruetman has demonstrated a propensity to leave the country when the heat is turned up"). It was this directly on-point fact that justified to district court's order seizing the defendant's passport for the specific purpose of preventing him from leaving the country to avoid paying a judgment. The Court's Passport Order doesn't even suggest that the ordered seizure of my passport is for the same purpose. It merely characterizes the seizure as an "additional coercive remed[y]"—an increase in pain, pressure, or inconvenience—without reference to any specific purpose as in *Herbstein*. Nor would the Court's application of the *Herbstein* rationale in this context be tolerable: there is ***no record whatsoever*** of me leaving the country for strategic purposes. By contrast, the record is that I have stayed in New York, where my wife is employed and my son goes to school, despite over a decade of egregious and abusive attacks by this Court based on its jurisdiction over me as a New York resident. The *Herbstein* case is entirely inapposite.

## II.    Irreparable Harm Absent a Stay

As to the coercive fines, which the Court maintains are now in excess of $1 million and will soon be vastly more than that, imposed on a life-long human rights advocate and sole practitioner, they are by themselves severe harm sufficient to satisfy this factor. And to the extent the Court is able to leverage these brutal fines and other sanctions—*see infra* re the passport order—to force me to turn over constitutionally-protected materials before I can seek any relief at the Second Circuit, I would obviously suffer devastating and irreparable harm. Of course, the

dissemination of my private information to Chevron would be unconstitutional harm, as described above. And it would be irreparable: even if a future order of the Second Circuit directed Chevron to delete improperly received materials, no such order would be able to force Chevron's vast team of hundreds of lawyers, investigators, and public relations operatives working on this case to "unlearn" what they might have gleaned from reading unlawfully compelled materials.[4]

Worse, the forced production of massive amounts of material from my devices and the forced disgorgement of my account information could also effectively moot my pending appeal. "[L]oss of appellate rights is  quintessential form of prejudice. Thus, where the denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement is satisfied." *In re Adelphia Communs. Corp.*, 361 B.R. 337, 347-48 (S.D.N.Y. 2007); *see also In re St. Johnsbury Trucking Co.*, 185 B.R. 687, 690 (S.D.N.Y. 1995) ("[T]he government is correct that there is a risk that its appeal will be mooted absent a stay. . . . The government thus is threatened with irreparable injury."); *In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987) ("[A]n order that information be produced that brushes aside a litigant's claim of a privilege not to disclose, leaves only an appeal after judgment as a remedy. Such a remedy is inadequate at best. Compliance with the order destroys the right sought to be protected . . . . Often, to deny review is

---

[4]    As I have repeatedly explained, the notion that the harm of disclosure would be at all mitigated by the terms and procedures of the Forensic Inspection Protocol is a fantasy. *See, e.g.*, Dkt. 2151, 2184 at 4-6; *cf.* Dkt. 2230-4. The Protocol relies on Chevron's wildly overbroad search terms, which would sweep in basically all privileged and confidential documents related to, inter alia, by upcoming bar hearing, communications with counsel during the RICO trial and the prior appeal to the Second Circuit, communications regarding the enforcement proceedings in Canada, communications with my clients, communications with civil society allies, and more. Ten percent of these documents would be provided directly to Chevron lawyers. By broadly coding this 10%, Chevron could ensure that any and all other documents it wishes will be part of a subsequent production to Chevron itself—a production that would occur without any additional review or oversight by the "neutral" or myself. While I could theoretically seek to claw back documents at that point, it would be impossible to force Chevron operatives to "unlearn" anything they should not have been exposed to.

to deny the privilege.").

Seizure of my passport also threatens irreparable injury. The case against Chevron is part of, and relies on, a larger global effort by numerous groups of advocates, lawyers, Indigenous peoples, and other communities who all share a commitment to seeing Chevron held accountable for its crimes in Ecuador. The case's reliance on these networks depends significantly on personal relationships I have with individuals and groups all over the world. My inability to continue to cultivate and advance these interests in person while the Court is holding my passport—for how long, I have no idea, *see infra note 6*—threatens irreparable harm to those relationships and thus the case and the impacted Ecuadorian communities.

## III.   No Injury to Chevron

There is no conceivable harm to Chevron in granting the requested stay. If the appellate court agrees that it has a right to access information on my devices and in my accounts, it will gain such access subsequent to the resolution of my appeal, as I have repeatedly assured the Court. Its rights to discovery for money-judgment enforcement purposes present no basis for urgency. Money judgment enforcement typically takes time, and Chevron is presumably entitled to recovery of interest. There is no evidence that any activity arguably subject to the RICO Injunction (collection, monetization) is imminent, and in fact no such activity is imminent. In any event, the Court should grant the requested administrative stay to hear if Chevron even pretends that it would face any injury from a stay pending appeal, and I will respond to any such claim by Chevron in due course in reply.

## IV.   The Public Interest

To satisfy the fourth factor, an applicant need only show that the granting of the motion will not harm the public interest. *See In re Albicocco*, No. 06-CV-3409, 2006 WL 2620464, at *5

(E.D.N.Y. Sept. 13, 2006). No public interest will be undermined by the grant of a stay. To the contrary, the public interest overwhelmingly favors allowing potentially meritorious claims to be fully heard on appeal rather than rapid-fire deployment of brutally "coercive" measures to force compliance with potentially unconstitutional measures, at a risk of extinguishing constitutional rights and wide-reaching constitutional harm. There is no denying that the issue of Chevron's accountability for its contamination in Ecuador is an issue of global public significance. Tens of thousands of Ecuadorian lives are at stake, and organizations including Amazon Watch, Greenpeace, Human Rights Watch, Global Witness, Amnesty International, and countless others have for decades, and continue to this day, to aggressively push (and yes, pressure) Chevron to account for bot hits contamination and its strategic decision-making in response to the Ecuador Judgment, namely, litigating the RICO case and bearing down on me personally in these post-judgment proceedings.[5] As I have repeatedly articulated, forcing me to disclose confidential First Amendment-protected information prior to exhaustion of my appeal rights would not just harm me and my clients, but would impinge the associational rights of the entire coalition engaged in social justice efforts on behalf of the Ecuadorian cause. *See, e.g.*, Dkt. 2026. Again, Chevron has repeatedly demonstrated its propensity to use any information about its opponents to attack them, drag them into litigation, and improperly intimidate them into distancing themselves from the Ecuador case for illegitimate reasons. *See supra*. Furthering all this abusive conduct by not granting a stay is distinctly opposed to the public interest. Again, I urge the Court to simply restrain itself sufficient to allow for an orderly process for my claims of right to be heard on appeal.

---

[5]   *See, e.g.*, "The First Annual SLAPP Awards 2018," Protect the Protest Coalition, at https://www.protecttheprotest.org/2019/02/25/the-first-annual-slapp-awards-2018/ (naming Chevron "Corporate Bully of the Year" and noting that "Chevron has only ramped up its bully tactics in what has been described as the 'vengence stage' of its 25-year long legal effort to avoid accountability for oil-spilling in Ecuador.")

SA292

## CONCLUSION

For the foregoing reasons, undersigned requests that the Court administratively stay all fines and coercive orders to allow for resolution of the instant motion and grant the motion to stay all of its coercive fines and sanctions pending my current appeal and any forthcoming appeal of Dkts. 2219 and/or 2232. In the alternative, if the Court is unwilling to issue the full stay, undersigned requests that the Court administratively stay of all fines and coercive orders until the Second Circuit is able to resolve a forthcoming emergency motion to stay under Rule 8 of the Federal Rules of Appellate Procedure.[6]

DATED:      June 12, 2019           Respectfully submitted,

                                      *s/ Steven R. Donziger*
                                      Steven R. Donziger
                                      245 W. 104th Street, #7D
                                      New York, NY 10025
                                      Tel: (917) 678-3943
                                      Fax: (212) 409-8628
                                      Email: sdonziger@donzigerandassociates.com

                                      *Pro se*

---

[6] I am not able to comply with the Court's deadline of 4 p.m. today in the Passport Order on account of this pending motion for emergency relief and the severe and irreparable harm as articulated in this motion. Indeed, I am still working to understand the nature and scope of the harm potentially imposed by the Passport Order, which issued just 24 hours ago. In particular, I am trying to understand the extent of the potential threat that the Court could permanently refuse to return my passport until I pay the millions of dollars it has ordered me to pay to Chevron. Given that I have no basis to expect to be able to pay those debts *ever*, I am concerned that the seizure of my passport could be permanent—I could never be allowed to travel out the country for any purpose for the rest of my life. I do not yet know if this is a genuine threat—I am struggling *pro se* to understand this question and what the consequences would and should be for my actions. In the last 24 hours I have prepared this emergency stay motion to Your Honor, and I am immediately turning to the task of preparing an emergency stay to the Circuit in the event Your Honor denies this motion. I will also continue to try to understand the present situation I am in and make considered decisions about the necessary next steps.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

               Plaintiff,

    v.

                                 11 Civ. 0691 (LAK)

STEVEN R. DONZIGER, *et al.*,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHEVRON CORPORATION'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Plaintiff Chevron Corporation*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ............................................................................................ 1

ARGUMENT ................................................................................................... 2

I.    The Court Has Already Found That Chevron Is Entitled to an Award of Attorneys' Fees and Expert Costs ............................................................ 2

II.   The Hours Expended in Connection With the Contempt Motions Were Reasonably Necessary to Obtain a Successful Outcome ............................ 3

      1.  Chevron Seeks $1,623,750.75 for Attorneys' Fees Related to Contempt Motions and Hearings ............................................. 8

      2.  Chevron Seeks $1,569,144.55 for Attorneys' Fees Related to Post-Judgment Discovery and Discovery-Related Motion Practice Pertinent to the Contempt Motions ............................... 10

      3.  Chevron Seeks $240,489 for Expert Witness Fees ............................. 12

III.  The Hourly Rates Claimed by Chevron's Counsel and Experts Are Reasonable Within the Relevant Market and Considering the Nature of the Work ..................... 13

CONCLUSION ............................................................................................ 18

## TABLE OF AUTHORITIES

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
    522 F.3d 182 (2d Cir. 2008).................................................................................3, 14

*Bergerson v. N.Y. State Office of Mental Health*,
    652 F.3d 277 (2d Cir. 2011)...........................................................................................3

*Chevron Corp. v. Donziger*,
    974 F. Supp. 2d 362 (S.D.N.Y. 2014)........................................................................16

*Destefano v. Zynga, Inc.*,
    No. 12-CV-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ....................18

*Ebbert v. Nassau Cty.*,
    No. CV 05-5445 (AKT), 2011 WL 6826121 (E.D.N.Y. Dec. 22, 2011) ................15

*Grant v. Martinez*,
    973 F.2d 96 (2d Cir. 1992)............................................................................................3

*Gucci Am., Inc. v. Rebecca Gold Enters., Inc.*,
    No. 89 Civ. 4736 (BN), 1993 WL 88270 (S.D.N.Y. Mar. 23, 1993) ........................3

*Lenihan v. City of New York*,
    640 F. Supp. 822 (S.D.N.Y. 1986)................................................................................4

*Lilly v. Cty. of Orange*,
    910 F. Supp. 945 (S.D.N.Y. 1996)..............................................................................15

*Luciano v. Olsten Corp.*,
    109 F.3d 111 (2d Cir. 1997)..........................................................................................3

*Middleton v. Green Cycle Hous., Inc.*,
    No. 15MC0023, 2017 WL 715747 (S.D.N.Y. Feb. 23, 2017)............................2, 13

*Miroglio S.P.A. v. Conway Stores, Inc.*,
    629 F. Supp. 2d 307 (S.D.N.Y. 2009).........................................................................3

*Mt. Airy Ins. Co. v. Town of Orangetown*,
    22 F. Supp. 2d 57 (S.D.N.Y. 1998)..............................................................................4

*N.Y. State Assoc. for Retarded Children, Inc. v. Carey*,
    711 F.2d 1136 (2d Cir. 1983)........................................................................................3

*N.Y. State Nat. Org. for Women v. Terry*,
    952 F. Supp. 1033 (S.D.N.Y. 1997).............................................................................2

**SA296**

*Niles v. Palmer*,
    No. 97 Civ. 7573, 1999 WL 1419042 (S.D.N.Y. Oct. 22, 1999) ...........................................13

*In re Payne*,
    707 F.3d 195 (2d Cir. 2013).................................................................................................5

*Tran v. Tran*
    166 F. Supp. 2d 793 (S.D.N.Y. 2001)....................................................................................13

*Weitzman v. Stein*,
    98 F.3d 717 (2d Cir. 1996)....................................................................................................2

**Rules**

S.D.N.Y. Civ. R. 83.6(a)...........................................................................................................3

**SA297**

**INTRODUCTION**

On May 23, 2019, the Court granted four motions by Chevron Corporation ("Chevron") to hold Steven Donziger in contempt of the RICO Judgment and related orders.  Dkt. 2209.  The Court based its opinion on the substantial evidence Chevron had amassed showing Donziger's monetizing of, and profiting from, the Ecuadorian judgment, in contravention of this Court's RICO Judgment prohibiting such activities.  The contempt order followed extensive motion practice, numerous court conferences and hearings, and more than a year of post-judgment discovery.  As part of that order, the Court awarded attorneys' fees to Chevron.  Chevron now respectfully submits this motion to detail the fees to which the Court has found Chevron is entitled.

Especially in light of Donziger's own tactics over the past two years, which compounded Chevron's legal costs, Chevron's claimed fees are reasonable.  Indeed, Donziger's bad faith, delay, and disregard of this Court's RICO Judgment and related orders are what necessitated the contempt motions in the first place.  Donziger's behavior during the prosecution of the contempt motions—rife with subterfuge, defiance, and obstruction—added substantially to the time and resources that Chevron (and this Court) were forced to expend.

In accordance with the Court's order (Dkt. 2209), Chevron does not seek attorneys' fees for all of the work it performed in connection with these post-judgment proceedings, such as responding to Donziger's nonsensical motions like his "motion to dismiss" Chevron's contempt motion (Dkt. 2018), or fees related to Donziger's jurisdictionally-improper appeals (*see* 2d Cir., Nos. 18-855-cv (L), 18-2191-cv (Con)).  Instead, Chevron has limited its request for fees to those activities directly related to the contempt motions that the Court granted in the May 23, 2019 order—specifically, preparing and litigating the contempt motions, engaging in discovery to obtain evidence of Donziger's contempt, working with experts to analyze the evidence, and attending court hearings and depositions.

As a consequence, Chevron seeks an award of $3,433,384.30 for attorneys' fees incurred in these activities, reflecting over 3,600 hours billed by Chevron's outside counsel at Gibson, Dunn & Crutcher LLP and Stern, Kilcullen & Rufolo LLC, and over 680 hours billed to Chevron by the expert forensic accountant team of John Slavek from Kroll.  Mr. Slavek's work in particular was crucial to understanding how the funds Donziger raised were moved around between accounts in an attempt to conceal them.  This amount is based on reasonable hourly rates—commensurate with those charged by comparable firms in the Southern District of New York—and an appropriate number of hours worked in light of the scope and extent of Donziger's contempt, as well as his obstruction in these post-judgment proceedings.

## ARGUMENT

**I.    The Court Has Already Found That Chevron Is Entitled to an Award of Attorneys' Fees and Expert Costs**

The Court found that "Donziger's contempts as specifically enumerated" in the order "were willful" and that "Chevron is entitled to recover its reasonable attorneys['] fees, disbursements, and expert witness fees with respect to the discovery and litigation of those civil contempts."  Dkt. 2209 at 68.  This award was well grounded in Second Circuit precedent.  In fact, the Second Circuit has held that "a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt."  *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996).

Courts in this Circuit regularly award attorneys' fees arising from contempt proceedings.  *See, e.g.*, *Middleton v. Green Cycle Hous., Inc.*, No. 15MC0023, 2017 WL 715747, at *7–*10 (S.D.N.Y. Feb. 23, 2017) (awarding attorneys' fees and costs for willfully contemptuous violations of restraining order and related court orders); *N.Y. State Nat. Org. for Women v. Terry*, 952 F. Supp. 1033, 1044–45 (S.D.N.Y. 1997) (reinstating attorneys' fee award against contemnors);

*see also* S.D.N.Y. Civ. R. 83.6(a) ("A reasonable counsel fee, necessitated by the contempt proceedings, may be included as an item of damage" for civil contempt).

## II.    The Hours Expended in Connection With the Contempt Motions Were Reasonably Necessary to Obtain a Successful Outcome

As Chevron detailed in its prior fee application in this Court (Dkt. 1890), the rule is that "[a]ttorneys' fees are awarded by determining a *presumptively reasonable fee*, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011) (emphasis added).  The Second Circuit adopted this "presumptively reasonable fee" approach in *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 186–93 (2d Cir. 2008).

The Second Circuit has held that "[i]n reviewing a fee application, the district court examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997).  "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 312 (S.D.N.Y. 2009) (quoting *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992)).

In support of a request for attorneys' fees, the party seeking fees "must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Assoc. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  "[W]here the record is substantial, it is permissible to file an application in the form of an affidavit, appending in computer printout form a copy of the relevant portions of the contemporaneous time records." *Gucci Am., Inc. v. Rebecca Gold Enters., Inc.*, No. 89 Civ. 4736 (BN), 1993 WL 88270, at *3 (S.D.N.Y. Mar. 23, 1993).  A party

seeking fees may transfer information from "contemporaneous records [to] a form convenient for the Court"—submission of the actual physical records is not required. *Lenihan v. City of New York*, 640 F. Supp. 822, 824 (S.D.N.Y. 1986).  The ultimate purpose of any submission is to permit the district court to evaluate whether the hours were "usefully and reasonably expended." *Mt. Airy Ins. Co. v. Town of Orangetown*, 22 F. Supp. 2d 57, 59 (S.D.N.Y. 1998).

Chevron seeks fees it incurred for the legal and expert work necessary to bring the contempt motions and related discovery.  Uncovering Donziger's contempt, and pursuing the four successful contempt motions, required a substantial amount of attorney and expert time.  This time reflected the extensive evidence offered in support of the contempt motions and Donziger's determined efforts to conceal, delay, and obstruct at every turn.

In early 2018, Chevron learned about Donziger's attempt to obtain funding from Elliott Management Corporation.  In the nearly fifteen months from when Chevron initially sought leave of court to conduct post-judgment discovery to when the Court issued its contempt decision, *see* Dkts. 1966, 2209, Chevron engaged in extensive efforts to uncover Donziger's misconduct.  A chronology of relevant motions, hearings and discovery is attached hereto as Exhibit B to the Declaration of Anne Champion submitted with Chevron's Application for Attorneys' Fees ("Champion Decl.").

After learning about Donziger's solicitation of Elliott Management, Chevron began investigating Donziger's misconduct, and ultimately filed on March 19, 2018 an *ex parte* application by order to show cause seeking post-judgment discovery, thus kicking off a fifteen-month effort to discover the truth regarding Donziger's violations of the RICO Judgment.  *See* Champion Decl., Ex. B at 1; Dkt. 1965.  Soon thereafter, Chevron served a request for production and an information subpoena on Donziger.

In typical fashion, Donziger obstructed the process throughout, and his willful behavior increased Chevron's fees. No doubt this was part of his objective. For example, he refused to comply with the information subpoena, which forced Chevron to move to compel his coopera- tion and required Chevron to prepare additional briefing after having spent valuable time on meet and confers with Donziger. This Court recognized Donziger's "stonewall[ing]" efforts, noting that Donziger "defied court process compelling him to provide discovery and to take other ac- tions" and "ignored the fundamental 'proposition that all orders and judgments of courts must be complied with promptly.'" Dkt. 2209 at 2 (quoting *In re Payne*, 707 F.3d 195, 206 (2d Cir. 2013)).

As part of its efforts to uncover the truth, Chevron also served a number of subpoenas on third parties, including Mary Katherine Sullivan, Joshua Rizack, David Zelman, Aaron Marr Page, Forum Nobis PLLC (Aaron Page's law firm), Laura Miller (Donziger's wife), Cliff Eisler, Glenn Krevlin, John Van Merkensteijn, Tony Abbiati, Wellbeck Partners, Gary Greenberg, JP Morgan Chase Bank, TD Bank, and American Express. *See* Champion Decl., Ex. B at 1–7, 10– 11. These subpoenas required Chevron's counsel to engage in meet-and-confer negotiations with dozens of individuals and entities, to analyze their document productions, and to prepare for their deposition when a deposition was had. In certain instances, such as with Ms. Sullivan, Chevron incurred substantial fees also engaging with Donziger as he tried to prevent incriminat- ing evidence in Ms. Sullivan's possession from being revealed. For example, Chevron was forced to oppose Donziger's attempt to designate every document in Ms. Sullivan's production as confidential. Champion Decl., Ex. B at 7; Dkt. 2107. Throughout this process, Chevron's counsel conducted legal research, drafted motions and responses to motions, and conducted ex- tensive analysis of the evidence obtained, together with Kroll's forensic accounting experts,

whose fees Chevron also seeks with this fee application.

Ultimately, Chevron was forced to pursue extensive discovery to uncover Donziger's contemptuous behavior.  Although Chevron is not seeking fees for all discovery conducted, it is important to understand the full scope of discovery to put into perspective the extensive amount of work required to develop the record that the Court had before it when it ruled on the contempt motions.  Over the past fifteen months, Chevron served over 70 subpoenas, deposed 15 witnesses for more than 60 collective hours of testimony and introducing more than a combined 400 new exhibits, and collected and reviewed approximately 106,000 pages of documents.  *See* Champion Decl., Ex. B.  In support of discovery efforts and enforcement of this Court's orders, Chevron also brought eight formal motions during that same period for which Chevron now seeks attorneys' fees, including multiple motions to compel against Donziger.  *See* Dkts. 1966, 1989, 2050, 2073, 2089, 2112, 2175, 2178.[1]  Chevron's briefs on these filings alone exceeded 160 pages of substantive argument, with at least 10 supporting declarations and over 175 cumulative supporting exhibits.  Chevron also had to respond to multiple motions and requests for relief by Donziger and other discovery targets, from repeated efforts to delay and continue to motions designed to prevent discovery, and, although Chevron is not claiming fees for all of that work, it was essential to establishing Donziger's contempt.  *E.g.*, Dkt. 2067 (Donziger motion to stay discovery pending appeal); Champion Decl., Ex. B at 4.

---

[1]  Chevron also filed several other motions during this time period for which it is not here seeking fees.  *See* Champion Decl., Ex. B; Dkt. 1976 (motion for default judgment as to non-appearing defendants); Dkts. 1980 and 1982 (request to enter default judgment); Dkt. 1994 (motion for attorneys' fees as to the defaulted RICO defendants); Dkt. 2016 (letter motion to adjourn conference and request for date certain for Donziger to respond to judgment compliance discovery requests); Dkt. 2046 (motion to compel Donziger to execute an unqualified transfer of Amazonia shares); Dkt. 2083 (motion to hold Donziger in contempt for failure to comply with August 15 and August 21, 2018 orders); Dkt. 2138 (motion to compel Gary Greenberg to respond to post-judgment discovery).

Discovery also revealed that Donziger had instructed third parties to withhold documents from Chevron, despite those documents being responsive. *See, e.g.*, Champion Decl. at Ex. E (J. Rizack Dep. Tr. at 28:2 – 29:13 (June 26, 2018)).  And in one instance, Donziger had Aaron Marr Page withhold three boxes of responsive documents from production to Chevron, while instructing Page to send the boxes to Donziger in New York, which effectively took them out of Page's—and Chevron's—reach.  Champion Decl. at Ex. F.

Notwithstanding Donziger's efforts to obstruct these proceedings, Chevron's effort culminated in a 71-page opinion from this Court which laid forth Donziger's multiple acts of contempt in extensive detail.  Dkt. 2209.  The Court's opinion was thorough and well-supported by the record that Chevron developed, including incontrovertible evidence showing the money transfers to Donziger by way of bank account records.  The hours expended by Chevron to achieve this result were both necessary and reasonable.

The amount of time that Chevron expended on these motions and the discovery related to them was more than reasonable.  And Chevron has supported its work by submitting with this fee application records of the attorney and expert time for which Chevron seeks reimbursement. *See* Champion Decl. Exs. A, C; Exhibit A of Declaration of Joel Silverstein submitted with Chevron's Application for Attorneys' Fees ("Silverstein Decl.").

Chevron's $3,433,384.30 fee request is only a portion of the full cost of its fees and expenditures related to the contempt motions.  Chevron also has not included time billed by its in-house attorneys or from other law firms that it consulted in connection with specific aspects of the motions.  Chevron has not included these and other fees in order to streamline the Court's consideration of this fee request.

1. **Chevron Seeks $1,623,750.75 for Attorneys' Fees Related to Contempt Motions and Hearings**

Chevron seeks $1,623,750.75 in attorneys' fees related to contempt motions and hearings. *See* Champion Decl., Ex. A-1 (Gibson Dunn fees of $1,562,576); Silverstein Decl., Ex. A-1 (Stern Kilcullen fees of $61,174.75).

Chevron does not seek attorneys' fees and expert expenses for all time related to post-judgment discovery and motions practice, but, in addition to the scope enumerated by the Court and in an effort to streamline this petition for the Court, Chevron also is excluding from the application certain categories of time entries despite the fact that they relate to the preparation and litigation of the actual contempt motions that are the subject of the Court's opinion.

For example, although it would be well within its rights to do so, Chevron is not seeking fees for responding to a number of Donziger's meritless motions, including a number of letter motions, his nonsensical "motion to dismiss" Chevron's contempt motion  (Dkt. 2018), his "motion for a protective order to protect First Amendment rights " (Dkt. 2026), or for letter motions whose goal was to delay the proceedings, such as his "emergency" motion to stay (Dkt. 2028), or his letter motion to continue the June 28, 2018 hearing (Dkt. 2039).  And Chevron is not seeking fees related to motions filed in connection with third-party discovery, such as Chevron's motion to compel Gary Greenberg to respond to the post-judgment subpoena issued to him (Dkt. 2138). Finally, Chevron also is not seeking reimbursement for fees incurred on the contempt motions and related discovery by non-attorneys, such as paralegals, or for fees incurred after April 15, 2019—the day that briefing closed on the contempt motions filed on March 20, 2019.

The contempt motions for which Chevron does seeks fees are as follows.

Chevron filed its first motion for contempt against Donziger on March 19, 2018.  Dkts. 1965–68.  That motion alleged that Donziger was in contempt of Paragraphs 3 and 5 of the RICO

Judgment because he both failed to transfer his Amazonia shares to Chevron and sought to sell an interest in the Ecuadorian judgment to Elliott Management in order to profit from that judgment.  Dkt. 1966 at 12–16.  This motion further asked for post-judgment discovery in order to compile a complete evidentiary record.  *Id.* at 19–20.  The Court subsequently allowed post-judgment discovery to proceed with respect to compliance with Paragraph 5 but ordered a hearing with regard to what had occurred with Elliott Management.  Dkt. 2209 at 7.  The hearing took place on May 8, 2018, and subsequently, the Court granted Chevron additional leave to conduct post judgment discovery.  *See* Dkts. 2006, 2009 (granting Chevron leave to conduct discovery but reserving decision on timing); Dkt. 2020 (granting Chevron's request for Paragraph 5 discovery against Donziger); Dkt. 2022 (granting Chevron leave to conduct discovery against third-party witnesses); Dkt. 2056 (granting Chevron further leave to conduct discovery).  This initial motion was crucial to establishing Donziger's contempt as it led to the discovery that, in turn, developed evidence supporting Chevron's subsequent contempt motions.

Chevron filed a second motion for contempt on October 1, 2018 (Dkts. 2089, 2112) asserting four separate bases for contempt: (1) Donziger was in contempt of Paragraph 1 of the RICO Judgment for failing to assign to Chevron his interest in the Ecuadorian judgment as well as investor funds he received; (2) Donziger had violated Paragraph 5 of the RICO Judgment by acting to monetize and profit from the Ecuadorian judgment and Paragraph 4 of the Default Judgment by actively participating with the Amazon Defense Front and other defaulted defendants in their monetization of that judgment; (3) Donziger violated the restraining notice served by Chevron; and (4) Donziger continued to engage in the same pattern of racketeering activity that led to the RICO Judgment against him.  Dkts. 2090, 2113.

On March 20, 2019, Chevron filed two more motions to hold Donziger in contempt.

Dkts. 2175, 2178.  One motion contended both that Donziger continued to violate Paragraph 1 of

the RICO Judgment by failing to assign his rights to a contingent fee to Chevron and that

Donziger had violated Paragraph 5 of the RICO Judgment by signing over to David Zelman, a

"performance coach," a share of Donziger's personal interest in the judgment in exchange for

Mr. Zelman's services.  Dkt. 2178.  The second contempt motion related to Donziger's failure to

turn over his electronic media for imaging, as required by this Court's Forensic Inspection Proto-

col (*see* Dkt. 2171).  Dkt. 2175.

### 2. Chevron Seeks $1,569,144.55 for Attorneys' Fees Related to Post-Judgment Discovery and Discovery-Related Motion Practice Pertinent to the Contempt Motions

Chevron seeks $1,569,144.55 in attorneys' fees related to post-judgment discovery.  *See*

Champion Decl., Exs. A-2 (Gibson Dunn: $807,544.70), A-3 ($149,804.20), A-4 ($509,443.40);

Silverstein Decl., Ex. A-2 (Stern Kilcullen: $86,611.25), A-3 ($15,754).  First, Chevron seeks

$1,419,340.35 in attorneys' fees relating to discovery itself.  *See* Champion Decl., Exs. A-2 and

A-4.  This amount comprises $894,155.95 in fees related to drafting discovery requests (*id.* at

Ex. A-2), conducting legal research, and ongoing discovery expenses such as meet-and-confers,

and $525,184.40 in fees related to preparing for and taking depositions (*id.* at Ex. A-4).

Chevron sought discovery from Donziger as well as from a number of third parties, in-

cluding Mary Katherine Sullivan, who helped to coordinate the meeting with Elliott Manage-

ment, and David Zelman, to whom Donziger granted an interest in the judgment in exchange for

Zelman's services.  Chevron also sought discovery from banks to obtain records to show

Donziger's fraudulent transfers, as well as from investors, to determine to what extent Donziger

had sought to profit from the Ecuadorian judgment or assisted others in doing so.  These efforts

required Chevron to propound discovery requests, including issuing more than 70 subpoenas and

deposing 15 witnesses, to engage in numerous meet-and-confer discussions to resolve disputes,

SA307

even when the discovery target was not allied with Donziger, and to review documents produced in response to Chevron's discovery requests.  All of this discovery helped build the record that supports Chevron's motions for contempt.

Chevron also seeks $149,804.20 stemming from discovery-related motion practice necessitated primarily by Donziger's intransigence and obstruction.  Champion Decl., Ex. A-3. The Court noted in its contempt decision that, "[a]s is evident from prior rulings, Donziger has sought to frustrate Chevron's efforts to . . . conduct discovery with respect to Donziger's compliance with the equitable provisions of the RICO Judgment at every turn."  Dkt. 2209 at 10–11; *see also* Dkt. 2171 at 2 (Donziger engaged in an "obdurate refusal to make any serious, good faith effort to produce the documents he has been ordered to produce"); Dkt. 2108 at 2 (noting "Donziger's stonewalling of post-judgment discovery").  Indeed, Donziger's conduct was such a hindrance to discovery that Chevron was forced to bring motions to compel to obtain his cooperation with regard to post-judgment discovery.  Dkt. 1989, 2073.

The discovery-related fees Chevron seeks are reasonable because they are narrowly tailored and tie in directly to these contempt motions.  This is especially true because Chevron is not seeking here fees related to all its post-judgment discovery efforts, such as depositions that occurred *after* the contempt motion briefing was completed on April 15, 2019 (such as Aaron Marr Page's April 18, 2019 deposition), or motions filed after that date (such as the motion to compel Laura Miller to respond to post-judgment discovery requests, filed on April 19, 2019). Dkt. 2187.  For example, Chevron seeks fees for the work it was forced to undertake to obtain discovery from Ms. Sullivan, including a sworn declaration detailing Donziger's efforts to monetize the Ecuadorian judgment in violation of the Court's orders.  The Court relied on this testimony and evidence in holding Donziger in contempt.  *See* Dkt. 2209 at 20, 26–29, 56.  Obtaining

11

the declaration required extensive effort and expense, including two separate depositions and

multiple rounds of meet-and-confers and document productions.  It is worth noting that part of

the fees Chevron had to incur with regard to Ms. Sullivan were a result of efforts by Donziger

and his cohort, Aaron Marr Page, to obstruct and conceal evidence, including documents that

Josh Rizack transferred to Ms. Sullivan which Donziger has yet to produce.

     Post-judgment discovery also led Chevron to David Zelman, who provided responses to

information requests, documents and deposition testimony.  The Court relied on this discovery in

holding Donziger in contempt, finding that Zelman and Donziger had entered into an agreement

whereby "Donziger would pay for [Zelman's services] by granting Zelman 'an interest in the Ec-

uador judgment from [Donziger's] fees should they be collected.'"  *Id.* at 18.

     And post-judgment discovery played a key role in revealing the 2017 retainer agreement

between Donziger and the FDA (the "2017 Retainer").  This agreement, which purported to grant

to Donziger personally an additional 6.3% interest in the Ecuadorian judgment, was concealed

by Donziger until he was forced to produce it at the Elliott contempt hearing.  *Id.* at 16.  The

Court also relied on this evidence, finding that Donziger's 2017 Retainer and failure to assign his

contractual rights to Chevron violated Paragraph 1 of the RICO Judgment.  *Id.* at 36.

### 3.  Chevron Seeks $240,489 for Expert Witness Fees

     Chevron seeks $240,489 in expert witness fees for forensic accountant John Slavek's

work.  Champion Decl., Ex. C.  To streamline the Court's review of this application, Chevron is

not seeking fees for Ecuadorian law expert Dr. Santiago Velazquez Coello.[2]

     A key part of Chevron's work in these contempt proceedings required a detailed expert

---

[2]  Chevron consulted with Dr. Velazquez on issues of Ecuadorian law.  Dr. Velazquez pro-
vided Chevron with a declaration filed in support of Chevron's motion to hold Donziger in con-
tempt on the basis of multiple agreements in which Donziger pledged interests in the Ecuadorian
judgment to investors.  Dkt. 2113 at 14; Dkt. 2117.

analysis to follow the money.  Chevron retained expert forensic accountant John Slavek and his team at Kroll to review and analyze records from Donziger's numerous bank accounts, credit cards, and other financial assets, in addition to other financial records produced by third parties.  Kroll tracked funds deposited with Donziger by investors in the Ecuadorian judgment and then used by Donziger for his personal profit.

Kroll's work culminated in three expert declarations, with exhibits, submitted by Mr. Slavek (Dkts. 2059, 2115, 2129), each of which helped Chevron demonstrate Donziger's contempt of the RICO Judgment and restraining notice.  Mr. Slavek's September 30, 2018 declaration identified $1,242,985.16 in investor funds received into Donziger's accounts.  Dkt. 2115 ¶ 22.  Mr. Slavek also identified the $666,476.34 in investor funds that Donziger "received in his personal capacity," which resulted in the second supplemental judgment against Donziger.  Dkt. 2209 at 56–57 & nn.184–185 (citing Slavek Decl., Dkt. 2115, Ex. 5-B).  The September 30, 2018 declaration also outlined the rampant commingling of client funds in Donziger's accounts and showed that Donziger violated the restraining notice by transferring funds from his restrained accounts.  Dkt. 2115 ¶¶ 25–36, 62.  The Court made repeated use of Mr. Slavek's expert testimony in its contempt opinion.  Dkt. 2209 at 22, 24–25, 29–34, 41, 53, 56, 59.  The expert fees for the work of Mr. Slavek and his team at Kroll total $240,489.00.  *See* Champion Decl. at Ex. C.

## III.   The Hourly Rates Claimed by Chevron's Counsel and Experts Are Reasonable Within the Relevant Market and Considering the Nature of the Work

"When fixing a reasonable rate for attorneys' fees, it is appropriate for a court to consider and to apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonably comparable skill, experience and reputation."  *Niles v. Palmer,* No. 97 Civ. 7573, 1999 WL 1419042, at *17 (S.D.N.Y. Oct. 22, 1999); *see also Tran v. Tran* 166 F. Supp. 2d 793, 803 (S.D.N.Y. 2001).  The Court should also take into account, among other things, the

13

SA310

time and labor required, the skill requisite to perform the legal service properly, the difficulty of the matter, and the results achieved. *See Middleton*, 2017 WL 715747, at *8.

The rates claimed by Chevron are reasonable. The contempt motions were a major component of Chevron's defense against an ongoing multi-billion dollar extortion scheme perpetrated by Donziger and his allies. It has become quite clear—even after this Court found Donziger was leading a racketeering scheme—that he remains undeterred in pursuing his fraudulent plan to extort Chevron, notwithstanding the express prohibitions in the RICO Judgment and related orders. Moreover, Donziger resides in the Southern District of New York, where the prevailing rates for legal services are higher than in many other jurisdictions. Accordingly, it was reasonable—indeed necessary—for Chevron to use experienced, capable counsel, and for that counsel to devote many hours to the pursuit of the contempt motions. And the result was multiple findings of contempt and some measure of compensatory relief for Chevron.

The fees Chevron seeks are not hypothetical. They are actual fees incurred by Chevron. Champion Decl. ¶ 6. Chevron is a sophisticated buyer of legal services and requires detailed invoices in support of bills for legal fees, and monitors the tasks done by its outside counsel to ensure that its legal work is being carried out in an efficient manner. Consequently, this Court need not "bear[] the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 184. Those shoes are already filled, and the fees incurred by Chevron in this case define what "a reasonable, paying client would be willing to pay[.]" *Id.*

The rates Chevron requests are reasonable. A 2016 National Law Journal survey—the most recent survey available—determined that the market for partner hourly rates in New York City for peer New York firms ranges from an average of $800 to $1,350 per hour. Champion

SA311

Decl., Ex. D.  The average 2018 hourly rate paid by Chevron for partners included in this fee ap-

plication was $1,067.60 for Gibson Dunn partners and $690 for Stern Kilcullen partners.  These

averages rates are below the *2016* average partner rate at several of Gibson Dunn's peer firms.

*See id.* (Paul Weiss average $1,240; Quinn Emmanuel average $1,103; Wilkie Farr average

$1,350).  Moreover, the rates paid by Chevron are similar to those regularly charged to and paid

by Gibson Dunn's clients—including Chevron.  Champion Decl. Ex. D; *Lilly v. Cty. of Orange*,

910 F. Supp. 945, 949 (S.D.N.Y. 1996) ("The actual rate that counsel can command in the mar-

ket place is evidence of the prevailing market rate.").[3]

Chevron's contempt motions were hard fought and required investigating Donziger's fi-

nancing in order to uncover his willful disregard and contempt for the Court's orders and

March 4, 2014 opinion.  Chevron's outside counsel had to fight every step of the way with

Donziger in the post-judgment period leading to the contempt motions and resulting contempt

order.  The requested rates are appropriate given the experience and special expertise that Chev-

ron's counsel at Gibson Dunn brought to the contempt motions.  *See Ebbert v. Nassau Cty.*, No.

CV 05-5445 (AKT), 2011 WL 6826121, at *18 (E.D.N.Y. Dec. 22, 2011) (approving rates based

in part on the attorneys' "special expertise" they brought to the case).

Gibson Dunn was eminently qualified to continue to represent Chevron with regard to

these motions.  Gibson Dunn is a leading international law firm with more than 1,300 attorneys

---

[3]  Having failed to object to the rates Chevron paid to its counsel throughout this litigation,
Donziger is hard pressed to object to the reasonableness of the rates now.  After the RICO trial,
Chevron filed an attorneys' fee motion and provided detailed evidence to support the rates
charged by its counsel.  Dkts. 1889–1891.  Yet despite having been given repeated opportunities
to challenge the reasonableness of Chevron's rates (*see* Dkt. 1923), Donziger never challenged
them (Dkt. 1927), a fact the Court recognized in an October 5, 2017 order.  *See* Dkt. 1937.

worldwide, including 300 in its New York office.  Among other accolades, *The American Law-yer* named Gibson Dunn a Finalist in its 2018 Litigation Department of the Year competition, an award following the firm's unprecedented three wins in this biennial competition—as the 2016, 2012, and 2010 Litigation Department of the Year—and 2014 Finalist honors.  The firm has represented Chevron before this Court for nearly a decade and its expertise, high caliber of lawyering, knowledge of the case, and experience with Donziger and his tactics made this counsel an appropriate choice for Chevron.

Finally, the fact that Gibson Dunn has represented Chevron in this action since 2011 and has substantial familiarity with Donziger's past misconduct was of critical importance in continuing to use the firm as counsel for the post-judgment portion of this litigation.  Chevron leveraged Gibson Dunn's familiarity with Donziger's tactics to prevent further delay in obtaining discovery.  Although Donziger still did everything in his power to prevent Chevron from discovering the truth, this approach helped to keep the discovery moving apace given the Court's involvement from the start.  Gibson Dunn's experience with Donziger's tactics also helped Chevron inform Kroll's forensic accounting expert about how Donziger operates, including his penchant for actively concealing evidence,[4] thereby ensuring that Kroll would be able to draw most effectively and efficiently upon Gibson Dunn's expertise from the beginning about how to uncover Donziger's concealment of investor funds.

Stern, Kilcullen & Rufolo was also highly qualified to continue to represent Chevron with regard to these motions.  The firm is led by Herbert J. Stern, a former federal district court judge and United States Attorney for the District of New Jersey, and has been selected by major

---

[4]  *See, e.g.*, *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 432–435 (S.D.N.Y. 2014) (describing secret account used by Donziger and his co-conspirators to pay Richard Cabrera outside the court process).

corporations and individuals to represent them in high-profile, high-stakes civil and criminal litigation nationwide for almost three decades.  Mr. Stern has been Co-Director of the Advocacy Institute at the University of Virginia School of Law, from 1980 to 2001.  He has taught as an Adjunct Professor at the Seton Hall Law School from 1976-1986, and at the Rutgers School of Law from 1980-1986.  The firm specializes in civil litigation, criminal defense, taxation, estate planning, business planning and transactions, real estate structuring, and legislative and regulatory matters.  The firm is known for giving abundant attention to each client and relentlessly seeking the best, most efficient way to realize the client's needs.

The requested rates are also appropriate for the experts Chevron employed.  Kroll, a division of Duff & Phelps, is a leading global provider of risk solutions that provided forensic accounting services in Chevron's discovery of Donziger's contempt.  John Slavek is the Managing Director of Business Intelligence and Investigations at Kroll, and was the leader of the forensic accounting team.  Since joining Kroll in 1998, Mr. Slavek has assisted clients in assessing a wide range of finance and accounting issues, including corporate fraud, embezzlement, business income losses, bankruptcy, contractual disputes, and internal control evaluation.  His expert work proved invaluable in the Court's ultimate contempt findings and was relied upon by this Court in formulating its opinion.  For example, Mr. Slavek's declaration supports the finding that Donziger raised at least $2,367,500 through post-judgment efforts.  Dkt. 2209 at 22 (citing Slavek Decl., Ex. 2, Dkt. 2115-1).  The Court detailed this finding in Table 1 of its opinion, which traced the funds received by Donziger in detail and tracked them to Donziger's various bank accounts.  *Id.* at 24.  And, more importantly, Mr. Slavek's declaration supports the Court's holding that "Donziger personally profited from this money that he raised[.]"  *Id.* at 29.  Mr. Slavek's declaration also supports the Court's finding that Donziger made several transfers of

funds in violation of the restraining notice as well as the Court's finding that Donziger made three contemptuous transfers in violation of the restraining notice: "$35,000 back to his personal account, $15,000 to his wife, and $3,620.43 from a personal account or accounts to American Express to cover his credit card bill." *Id.* at 59–61.  Relying on these findings from Mr. Slavek's declaration, the Court then went on to hold "that both Donziger and his law firm are in contempt of the restraining notice." *Id.* at 61.

Kroll's rates were reasonable.  Kroll's hourly rates ranged from $100 to $525 per hour—rates objectively reasonable for a forensic accountant of Mr. Slavek's caliber.  Indeed, rates higher than Kroll's rates have been deemed reasonable by courts in connection with forensic accounting work.  *See Destefano v. Zynga, Inc.*, No. 12-CV-04007-JSC, 2016 WL 537946, at *19 (N.D. Cal. Feb. 11, 2016) (finding that "rates ranging from $300 to 615 for forensic accountants" were reasonable).

## CONCLUSION

For the foregoing reasons, Chevron respectfully requests that this Court order Donziger and Donziger & Associates PLLC to pay, within fourteen days of this Court's order, Chevron's attorneys' fees in the total amount of $3,433,384,30.

Dated: June 18, 2019                    Respectfully submitted,

New York, New York                   GIBSON, DUNN & CRUTCHER LLP

                                      */s/ Randy M. Mastro*

                                      Randy M. Mastro
                                      Andrea E. Neuman
                                      200 Park Avenue
                                      New York, New York 10166
                                      Telephone: 212.351.4000
                                      Facsimile: 212.351.4035
                                      Email: rmastro@gibsondunn.com

18

Email: aneuman@gibsondunn.com

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520
Email: wthomson@gibsondunn.com

STERN, KILCULLEN & RUFOLO LLC
Herbert J. Stern
Joel M. Silverstein
325 Columbia Turnpike, Suite 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664
E-mail: hstern@sgklaw.com
E-mail: jsilverstein@sgklaw.com

*Attorneys for Plaintiff Chevron Corporation*

# SA316

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 01/08/18 | Thomson, William E | 1.1 | 1039 | 1142.9 | Review contempt case law and revise draft motion for contempt and circulate same to client. |
| 01/11/18 | Thomson, William E | 0.5 | 1039 | 519.5 | Analyze prior research on contempt and discovery, and follow-up with team regarding same. |
| 01/12/18 | Thomson, William E | 0.5 | 1039 | 519.5 | Follow-up with team regarding contempt motion and discovery. |
| 01/12/18 | Kostecka, Allison K | 0.4 | 774 | 309.6 | Update motion for civil contempt. |
| 01/12/18 | Kostecka, Allison K | 0.5 | 774 | 387 | Participate in conference call regarding contempt motion. |
| 01/12/18 | Herrera, Alejandro A | 1.1 | 774 | 851.4 | Review and analyze draft contempt motion and supporting memoranda. |
| 01/19/18 | Thomson, William E | 0.8 | 1039 | 831.2 | Review latest reworked draft of contempt motion. |
| 01/19/18 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding civil contempt and post-judgment discovery. |
| 01/23/18 | Henrick, Stephen W | 0.4 | 729 | 291.6 | E-mails with team regarding Donziger contempt. |
| 01/31/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Analyze and edit draft memorandum on contempt issues and review comments. |
| 02/02/18 | Thomson, William E | 1.2 | 1039 | 1246.8 | Edit and comment on draft memorandum regarding Donziger contempt. |
| 02/09/18 | Kostecka, Allison K | 0.4 | 774 | 309.6 | Correspond regarding motion for civil contempt. |
| 02/10/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Work on contempt issues and edit documents and exchanges with team regarding same. |
| 02/10/18 | Thomson, William E | 1.3 | 1039 | 1350.7 | Edit revised draft of motion for contempt, including attempts to monetize judgment. |
| 02/10/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and redraft contempt motion. |
| 02/11/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on discovery and contempt motion. |
| 02/14/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | E-mails and telephone conferences regarding potential contempt. |
| 02/14/18 | Neuman, Andrea E | 0.6 | 1179 | 707.4 | Analysis of authorities on contempt issues. |
| 02/15/18 | Champion, Anne M | 0.6 | 1017 | 610.2 | Provide comments on contempt strategy. |
| 02/16/18 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Exchanges with team on contempt motion. |
| 02/18/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding draft contempt motion. |
| 02/19/18 | Thomson, William E | 1.4 | 1039 | 1454.6 | Work on editing contempt motion against Donziger. |
| 02/19/18 | Champion, Anne M | 0.3 | 1017 | 305.1 | Review Elliott documents. |
| 02/19/18 | Champion, Anne M | 1.7 | 1017 | 1728.9 | Provide comments on contempt strategy, facts, and brief. |
| 02/19/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Review and analyze evidence of Donziger monetization of Ecuadorian judgment. |
| 02/19/18 | Herrera, Alejandro A | 2.3 | 774 | 1780.2 | Review and redraft civil contempt motion. |
| 02/20/18 | Neuman, Andrea E | 1.4 | 1179 | 1650.6 | Work on contempt materials and approach and exchanges with client regarding same. |
| 02/20/18 | Kostecka, Allison K | 0.8 | 774 | 619.2 | Research case law for motion for civil contempt. |
| 02/20/18 | Kostecka, Allison K | 5.9 | 774 | 4566.6 | Review documents and draft background insert for motion for civil contempt. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page177 of 301

1

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 02/20/18 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Review and redraft motion for ex parte discovery and civil contempt. |
| 02/21/18 | Kostecka, Allison K | 2.8 | 774 | 2167.2 | Draft motion for civil contempt. |
| 02/21/18 | Herrera, Alejandro A | 3 | 774 | 2322 | Review and redraft ex parte application for contempt and discovery. |
| 02/22/18 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Draft and edit contempt papers and exchanges regarding same. |
| 02/22/18 | Kostecka, Allison K | 1.1 | 774 | 851.4 | Research for civil contempt motion. |
| 02/22/18 | Herrera, Alejandro A | 2.1 | 774 | 1625.4 | Review and redraft ex parte motion for civil contempt and post judgment discovery. |
| 02/23/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Review and redraft ex parte motion for civil contempt. |
| 02/24/18 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Review and redraft motion for civil contempt. |
| 02/26/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt motion and e-mails and telephone conference. |
| 02/26/18 | Herrera, Alejandro A | 1.5 | 774 | 1161 | Review and redraft brief and supporting documents in support of ex parte filing seeking post-judgment discovery and contempt. |
| 02/27/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt draft and e-mails and telephone conferences. |
| 02/27/18 | Thomson, William E | 2.2 | 1039 | 2285.8 | Edit revised version of contempt motion and order to show cause and circulate same internally. |
| 02/27/18 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Review and redraft ex parte application for discovery and contempt. |
| 02/28/18 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on contempt and review orders. |
| 02/28/18 | Thomson, William E | 0.9 | 1039 | 935.1 | Edit contempt motion to include Judge Kaplan quotes and memorandum regarding key quotes and circulate same to client. |
| 02/28/18 | Hamburger, Bradley J | 0.7 | 848 | 593.6 | Review draft of contempt motion. |
| 02/28/18 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Review and redraft ex parte application for discovery and contempt. |
| 03/01/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Conference with J. Stern on contempt issues and Elliott interviews and follow-up regarding same. |
| 03/01/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and redraft ex parte filing in support of post judgment discovery. |
| 03/05/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and redraft discovery requests for ex parte filing. |
| 03/06/18 | Mastro, Randy M | 2 | 1255 | 2510 | Revise contempt motion and e-mails regarding same. |
| 03/06/18 | Thomson, William E | 2.1 | 1039 | 2181.9 | Review and edit revised versions of contempt motion and draft discovery documents and circulate same to client. |
| 03/06/18 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Review and redraft ex parte application and supporting documents. |
| 03/07/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt papers. |
| 03/07/18 | Thomson, William E | 0.7 | 1039 | 727.3 | Edit draft ex parte application. |
| 03/07/18 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Review and redraft ex parte filing and supporting documents. |
| 03/08/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on contempt papers and e-mails regarding same. |
| 03/08/18 | Herrera, Alejandro A | 4.5 | 774 | 3483 | Review and redraft ex parte application and supporting documents in preparation for filing. |
| 03/09/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on contempt motion. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page178 of 301

# SA318

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 03/09/18 | Herrera, Alejandro A | 1 | 774 | 774 | Finalize ex parte application for filing. |
| 03/09/18 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Strategize with attorney team regarding the same. |
| 03/09/18 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Research and analyze filing requirements for ex parte application. |
| 03/12/18 | Herrera, Alejandro A | 1.1 | 774 | 851.4 | Finalize ex parte application for filing. |
| 03/13/18 | Mastro, Randy M | 0.3 | 1255 | 376.5 | E-mails regarding contempt status. |
| 03/13/18 | Thomson, William E | 0.5 | 1039 | 519.5 | Revise draft motion for contempt per request of A. Romero. |
| 03/14/18 | Thomson, William E | 1.2 | 1039 | 1246.8 | Revise motion for post-judgment discovery and contempt. |
| 03/14/18 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Review and redraft ex parte application in support of judgment enforcement. |
| 03/15/18 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Edit and comment on draft contempt pleadings and supporting declaration and documents. |
| 03/15/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and redraft ex parte application in support of judgment enforcement. |
| 03/18/18 | Mastro, Randy M | 0.3 | 1255 | 376.5 | E-mails regarding contempt papers. |
| 03/19/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on contempt papers, analysis of order, and service. |
| 03/19/18 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Finalize ex parte application filing and exchanges with team regarding same. |
| 03/19/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Analyze Judge Kaplan's order on contempt motion. |
| 03/19/18 | Hamburger, Bradley J | 0.6 | 848 | 508.8 | Review final version of contempt motion. |
| 03/19/18 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Strategize with attorney team regarding the same. |
| 03/19/18 | Herrera, Alejandro A | 5 | 774 | 3870 | Finalize and file ex parte application and supporting documents. |
| 03/19/18 | Henrick, Stephen W | 0.6 | 729 | 437.4 | Review and finalize ex parte application for contempt and discovery and communications with team regarding same. |
| 03/20/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on contempt issues and e-mails regarding same. |
| 03/20/18 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Work on finalizing ex parte application and related discovery and exchanges with team regarding same. |
| 03/20/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding contempt hearing and post judgment discovery. |
| 03/21/18 | Mastro, Randy M | 0.3 | 1255 | 376.5 | Telephone conference and e-mails regarding contempt status. |
| 03/23/18 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Research and analyze legal authority regarding contempt. |
| 03/25/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | File opposition to Donziger's request for extension to respond to contempt motion. |
| 03/25/18 | Hamburger, Bradley J | 1.7 | 848 | 1441.6 | Draft opposition to Donziger's request for extension to respond to contempt motion. |
| 03/25/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and analyze Donziger request for extension of time. |
| 03/25/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and analyze opposition to Donziger request. |
| 03/25/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding the same. |
| 03/26/18 | Mastro, Randy M | 0.3 | 1255 | 376.5 | E-mails regarding Judge Kaplan order. |
| 03/26/18 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Strategize with attorney team regarding contempt proceedings. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page179 of 301

# SA319

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page180 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 03/28/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding contempt hearing. |
| 04/11/18 | Herrera, Alejandro A | 1.1 | 774 | 851.4 | Strategize with attorney and expert team regarding post- judgment discovery. |
| 04/17/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Call with outside expert forensic accountant. |
| 04/17/18 | Herrera, Alejandro A | 1.5 | 774 | 1161 | Review and analyze T. Dahlberg expert report and supporting documents. |
| 04/24/18 | Thomson, William E | 0.8 | 1039 | 831.2 | Review and analyze Donziger opposition to motion regarding discovery for contempt and communicate with client regarding same. |
| 04/24/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Review Donziger's opposition to contempt motion. |
| 04/24/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and analyze Donziger opposition to contempt. |
| 04/24/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Call with forensic accounting expert. |
| 04/25/18 | Hamburger, Bradley J | 0.7 | 848 | 593.6 | Discuss reply in support of contempt motion with K. Scolnick and A. Herrera. |
| 04/25/18 | Hamburger, Bradley J | 1.2 | 848 | 1017.6 | Develop arguments for reply in support of contempt motion. |
| 04/25/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Draft reply brief in support of contempt hearing application. |
| 04/25/18 | Herrera, Alejandro A | 1 | 774 | 774 | Strategize with attorney team regarding reply brief in support of contempt hearing application. |
| 04/25/18 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Review and analyze Donziger opposition to contempt hearing application and cited documents. |
| 04/25/18 | Henrick, Stephen W | 0.2 | 729 | 145.8 | Review Donziger opposition to motion for contempt. |
| 04/26/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on Donziger opposition. |
| 04/26/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Analyze and comment on Donziger opposition and cited materials. |
| 04/26/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding reply brief in support of contempt hearing. |
| 04/26/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Draft reply brief in support of contempt hearing. |
| 04/27/18 | Herrera, Alejandro A | 2 | 774 | 1548 | Research and analyze legal and factual authorities for reply brief in support of contempt application. |
| 04/27/18 | Herrera, Alejandro A | 2.3 | 774 | 1780.2 | Draft reply brief in support of contempt application. |
| 04/29/18 | Herrera, Alejandro A | 2.3 | 774 | 1780.2 | Draft reply brief in support of contempt application. |
| 04/29/18 | Herrera, Alejandro A | 3.1 | 774 | 2399.4 | Review and analyze legal and factual authorities related to reply brief in support of contempt application. |
| 04/30/18 | Hamburger, Bradley J | 4.1 | 848 | 3476.8 | Revise reply in support of contempt motion. |
| 04/30/18 | Herrera, Alejandro A | 1.6 | 774 | 1238.4 | Review and redraft reply brief in support of contempt application. |
| 05/01/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on reply papers. |
| 05/01/18 | Thomson, William E | 2.4 | 1039 | 2493.6 | Work on editing draft reply in support of contempt and circulate same. |
| 05/01/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Discuss reply in support of contempt motion with W. Thomson and A. Herrera. |
| 05/01/18 | Hamburger, Bradley J | 0.9 | 848 | 763.2 | Revise reply in support of contempt motion. |
| 05/01/18 | Herrera, Alejandro A | 0.9 | 774 | 696.6 | Strategize with attorney team regarding the same. |

4

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 05/01/18 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Review and edit reply brief in support of contempt application. |
| 05/02/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on reply brief and telephone conferences and e-mails regarding same. |
| 05/02/18 | Thomson, William E | 1.9 | 1039 | 1974.1 | Work on further revisions to reply in support of contempt and attorneys' fees motion, including responding to inquiries from A. Romero and circulate drafts to client and co-counsel. |
| 05/02/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | E-mail with W. Thomson and A. Herrera regarding reply in support of contempt motion strategy. |
| 05/02/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review R. Mastro edits to reply in support of contempt motion. |
| 05/02/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review revised draft of reply in support of contempt motion. |
| 05/02/18 | Hamburger, Bradley J | 0.6 | 848 | 508.8 | Revise draft of reply in support of contempt motion. |
| 05/02/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding the same. |
| 05/02/18 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Review and edit reply brief in support of contempt application. |
| 05/03/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on contempt reply briefing and discovery. |
| 05/03/18 | Thomson, William E | 1.8 | 1039 | 1870.2 | Work on revising latest draft of reply in support of contempt, including incorporating comments from A. Romero and circulating same to client. |
| 05/03/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Discuss hearing preparation with team. |
| 05/03/18 | Hamburger, Bradley J | 1.5 | 848 | 1272 | Revise reply in support of contempt motion. |
| 05/03/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and edit reply brief in support of contempt. |
| 05/03/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Draft Mastro declaration in support of reply brief. |
| 05/03/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Draft oral argument materials for contempt hearing. |
| 05/04/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on reply and motion to compel. |
| 05/04/18 | Thomson, William E | 1.6 | 1039 | 1662.4 | Edit and finalize reply in support of contempt and motion to compel Donziger discovery. |
| 05/04/18 | Champion, Anne M | 0.4 | 1017 | 406.8 | Meet with R. Mastro to discuss hearing preparation. |
| 05/04/18 | Champion, Anne M | 0.6 | 1017 | 610.2 | Review contempt reply for consistency with motion to compel. |
| 05/04/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Revise reply in support of contempt motion. |
| 05/04/18 | Herrera, Alejandro A | 1.1 | 774 | 851.4 | Strategize with attorney team regarding oral argument on contempt application. |
| 05/04/18 | Herrera, Alejandro A | 2.6 | 774 | 2012.4 | Edit and finalize reply brief in support of contempt application and supporting documents. |
| 05/05/18 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Prepare modules for contempt hearing. |
| 05/05/18 | Herrera, Alejandro A | 2.2 | 774 | 1702.8 | Draft oral argument materials for oral argument on contempt application. |
| 05/06/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on contempt hearing preparation. |
| 05/06/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Cross-examination modules for contempt hearing. |
| 05/06/18 | Champion, Anne M | 1.6 | 1017 | 1627.2 | Correspond with team regarding same. |
| 05/06/18 | Champion, Anne M | 2.8 | 1017 | 2847.6 | Prepare modules for contempt hearing. |

# SA321

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page182 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 05/06/18 | Champion, Anne M | 3.6 | 1017 | 3661.2 | Work on slides for hearing. |
| 05/06/18 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Review and edit oral argument materials for contempt application. |
| 05/07/18 | Mastro, Randy M | 5 | 1255 | 6275 | Work on slides and hearing preparation. |
| 05/07/18 | Neuman, Andrea E | 1.9 | 1179 | 2240.1 | Review and comment on hearing preparation materials and exchanges with team regarding same. |
| 05/07/18 | Champion, Anne M | 0.4 | 1017 | 406.8 | Review financial materials from Kroll and draft summary. |
| 05/07/18 | Champion, Anne M | 0.6 | 1017 | 610.2 | Meet with A. Herrera to discuss preparation. |
| 05/07/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Review funds flow document and incorporate into hearing preparation. |
| 05/07/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Telephone conferences with R. Mastro regarding hearing preparation. |
| 05/07/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Meet with R. Mastro to discuss edits to slides and modules. |
| 05/07/18 | Champion, Anne M | 3.2 | 1017 | 3254.4 | Prepare and revise cross-examination modules. |
| 05/07/18 | Champion, Anne M | 4.4 | 1017 | 4474.8 | Prepare modules for R. Mastro preparation for contempt hearing. |
| 05/07/18 | Herrera, Alejandro A | 1 | 774 | 774 | Draft cross-examination for Donziger. |
| 05/07/18 | Herrera, Alejandro A | 1.8 | 774 | 1393.2 | Strategize with attorney team regarding the same. |
| 05/07/18 | Herrera, Alejandro A | 3.4 | 774 | 2631.6 | Review and edit oral argument materials for contempt hearing. |
| 05/08/18 | Mastro, Randy M | 7.5 | 1255 | 9412.5 | Work on contempt hearing preparation and conduct hearing. |
| 05/08/18 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Review and comment on hearing summary. |
| 05/08/18 | Neuman, Andrea E | 2.4 | 1179 | 2829.6 | Preparation meeting for hearing before Judge Kaplan. |
| 05/08/18 | Neuman, Andrea E | 3.6 | 1179 | 4244.4 | J. Kaplan hearing regarding Motion for Contempt. |
| 05/08/18 | Champion, Anne M | 0.2 | 1017 | 203.4 | Draft follow up correspondence to S. Donziger attaching assignment forms. |
| 05/08/18 | Champion, Anne M | 0.3 | 1017 | 305.1 | Draft letter to court regarding scheduling of follow up hearing. |
| 05/08/18 | Champion, Anne M | 0.7 | 1017 | 711.9 | Final review of modules and slides. |
| 05/08/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Correspond with team regarding follow up. |
| 05/08/18 | Champion, Anne M | 1.5 | 1017 | 1525.5 | Meet with team to review materials to take to courthouse. |
| 05/08/18 | Champion, Anne M | 2 | 1017 | 2034 | Attend hearing. |
| 05/08/18 | Champion, Anne M | 2.1 | 1017 | 2135.7 | Meet with R. Mastro to prepare for hearing, incorporate edits into modules and slides. |
| 05/08/18 | Champion, Anne M | 2.4 | 1017 | 2440.8 | Revise cross-examination modules in preparation for contempt hearing. |
| 05/08/18 | Herrera, Alejandro A | 1.7 | 774 | 1315.8 | Attend contempt hearing. |
| 05/08/18 | Herrera, Alejandro A | 2.8 | 774 | 2167.2 | Strategize with client and attorney team regarding oral argument. |
| 05/08/18 | Herrera, Alejandro A | 3 | 774 | 2322 | Review and edit oral argument materials for contempt hearing. |
| 05/09/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on contempt and assignment issues and review draft document regarding Donziger. |
| 05/09/18 | Champion, Anne M | 0.4 | 1017 | 406.8 | Follow up with Donziger regarding executed forms. |

# SA322

**A-1: Contempt**

Champion Decl. Exhibit A - GDC Billing Records

Case 18-855, Document 141, 12/17/2019, 2732048, Page183 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 05/09/18 | Champion, Anne M | 0.6 | 1017 | 610.2 | Prepare letter to court regarding Donziger's failure to execute assignment forms. |
| 05/09/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Continue preparation of cross-examination outline for contempt hearing. |
| 05/09/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Review Donziger letter and revise letter to court, send to client for approval. |
| 05/09/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Follow up on appropriate form for assignments and legal effectiveness of assignment forms. |
| 05/09/18 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Prepare summary of contempt hearing. |
| 05/09/18 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Follow up on letter to court regarding scheduling of hearing and e-mail to Donziger regarding assignment forms. |
| 05/09/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Review contempt hearing transcript. |
| 05/09/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding contempt hearing. |
| 05/09/18 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Review and analyze contempt hearing transcript. |
| 05/09/18 | Henrick, Stephen W | 0.4 | 729 | 291.6 | Review transcript from hearing on Chevron motion to hold Donziger in contempt. |
| 05/09/18 | Henrick, Stephen W | 0.5 | 729 | 364.5 | Summarize hearing. |
| 05/10/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Finish summary of contempt hearing and send to client. |
| 05/11/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on contempt briefing and reply brief on motion to compel. |
| 05/11/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review recently filed letters regarding contempt motion. |
| 05/14/18 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Plan for contempt hearing. |
| 05/14/18 | Champion, Anne M | 3.5 | 1017 | 3559.5 | Revise Donziger cross-examination outline. |
| 05/15/18 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on contempt discovery, hearing, and assignment issues. |
| 05/15/18 | Champion, Anne M | 0.9 | 1017 | 915.3 | Telephone conference with C. Barrett regarding deposition and hearing preparation and discuss with A. Neuman. |
| 05/15/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Correspond with team regarding slides for hearing. |
| 05/15/18 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Meet with team to discuss hearing preparation. |
| 05/15/18 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Telephone conference with A. Champion and S. Henrick regarding slides for argument of motion to compel discovery. |
| 05/15/18 | Eisinger, Vincent R | 0.3 | 733 | 219.9 | Review S. Henrick's slides and suggest revisions. |
| 05/15/18 | Henrick, Stephen W | 6.1 | 729 | 4446.9 | Revise presentation materials for hearing on motion to compel Donziger to respond to discovery requests. |
| 05/16/18 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Discuss developments with client and team regarding contempt hearing. |
| 05/16/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Work on collections plan and exchanges with Kroll regarding assets. |
| 05/16/18 | Thomson, William E | 2.7 | 1039 | 2805.3 | Analyze orders received from Judge Kaplan, and work to develop strategy for contempt hearing and motion to compel. |
| 05/16/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Incorporate edits from team to slides for contempt hearing. |
| 05/16/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Review court order on contempt motion. |
| 05/16/18 | Champion, Anne M | 1 | 1017 | 1017 | Review trial subpoena to Donziger and discuss with client and team. |

# SA323

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page184 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 05/16/18 | Champion, Anne M | 2.1 | 1017 | 2135.7 | Revise slides for contempt hearing. |
| 05/16/18 | Champion, Anne M | 2.2 | 1017 | 2237.4 | Revise outline of cross admissions, send to team for comment, incorporate comments and send to client. |
| 05/16/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Review order on contempt motion. |
| 05/16/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and edit cross-examination outline for Donziger contempt hearing. |
| 05/16/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and edit oral argument materials for motion to compel hearing. |
| 05/16/18 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Strategize with attorney team regarding contempt hearing. |
| 05/16/18 | Eisinger, Vincent R | 0.3 | 733 | 219.9 | Begin revising outline of mechanisms for enforcing judgment. |
| 05/16/18 | Eisinger, Vincent R | 0.4 | 733 | 293.2 | Meet with A. Neuman to discuss assignment regarding research mechanisms for enforcing judgment. |
| 05/16/18 | Eisinger, Vincent R | 1.1 | 733 | 806.3 | Revise slides for hearing on motion to compel discovery based on comments from A. Champion and B. Thompson. |
| 05/16/18 | Henrick, Stephen W | 0.3 | 729 | 218.7 | E-mails with team regarding slides for discovery hearing. |
| 05/16/18 | Henrick, Stephen W | 0.6 | 729 | 437.4 | Telephone call with team regarding hearing on Donziger contempt motion. |
| 05/16/18 | Henrick, Stephen W | 6.9 | 729 | 5030.1 | Review court filings and orders in preparation for contempt hearing and discuss same with team. |
| 05/17/18 | Mastro, Randy M | 4 | 1255 | 5020 | Work on contempt hearing, review decision on Motion to Compel and telephone conferences and e-mails regarding hearing. |
| 05/17/18 | Thomson, William E | 1.8 | 1039 | 1870.2 | Prepare for contempt and motion to compel hearing, including review of draft transfer documents and slide deck for hearing. |
| 05/17/18 | Champion, Anne M | 0.2 | 1017 | 203.4 | Serve Donziger subpoena. |
| 05/17/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Meet with team to prepare for contempt hearing. |
| 05/17/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Discuss slides with R. Mastro and team. |
| 05/17/18 | Champion, Anne M | 6.3 | 1017 | 6407.1 | Draft Donziger cross-examination and review documents related to same. |
| 05/17/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and edit Donziger assignment forms. |
| 05/17/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and edit oral argument materials for motion to compel hearing |
| 05/17/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with client and attorney team regarding the same. |
| 05/17/18 | Herrera, Alejandro A | 2.2 | 774 | 1702.8 | Review and edit cross-examination outline for Donziger contempt hearing. |
| 05/17/18 | Herrera, Alejandro A | 1.7 | 774 | 1315.8 | Strategize with attorney team regarding the same. |
| 05/17/18 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Revise outline for Donziger cross-examination. |
| 05/17/18 | Henrick, Stephen W | 3.4 | 729 | 2478.6 | Revise presentation for discovery hearing. |
| 05/17/18 | Henrick, Stephen W | 5.8 | 729 | 4228.2 | Revise cross-examination modules in advance of contempt hearing. |
| 05/17/18 | Cole, Laura R | 3 | 656 | 1968 | Analyze retainer agreements and deposition testimony for Donziger cross. |
| 05/18/18 | Mastro, Randy M | 3 | 1255 | 3765 | Work on contempt hearing preparation and Donziger extension request and telephone conferences and e-mails regarding same. |
| 05/18/18 | Thomson, William E | 1.6 | 1039 | 1662.4 | Review Donziger letter motion regarding evidentiary hearing and edit draft response to same, including commenting on strategy. |

8

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page185 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 05/18/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Confer with team on status of Donziger cross-examination outline and assign out remaining parts. |
| 05/18/18 | Champion, Anne M | 1.3 | 1017 | 1322.1 | Correspond with team regarding preparation for hearing. |
| 05/18/18 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Draft cross-examination outline. |
| 05/18/18 | Champion, Anne M | 3.5 | 1017 | 3559.5 | Revise cross- examination outline. |
| 05/18/18 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding the same. |
| 05/18/18 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Strategize with attorney team regarding contempt evidentiary hearing. |
| 05/18/18 | Herrera, Alejandro A | 3.4 | 774 | 2631.6 | Review and edit Donziger cross-examination outline for contempt hearing. |
| 05/18/18 | Henrick, Stephen W | 6.1 | 729 | 4446.9 | Revise modules for Donziger cross at evidentiary hearing. |
| 05/18/18 | Cole, Laura R | 5 | 656 | 3280 | Analyze retainer agreements and other documents for Donziger cross. |
| 05/19/18 | Herrera, Alejandro A | 1.6 | 774 | 1238.4 | Review and edit Donziger cross-examination modules. |
| 05/19/18 | Henrick, Stephen W | 2.7 | 729 | 1968.3 | Revise Donziger cross-examination modules and prepare exhibits for contempt hearing. |
| 05/20/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt hearing preparation. |
| 05/20/18 | Thomson, William E | 4.3 | 1039 | 4467.7 | Work on preparations for contempt hearing, including reviewing all relevant filings and court orders. |
| 05/20/18 | Champion, Anne M | 1.6 | 1017 | 1627.2 | Correspond with team regarding additional items for hearing preparation, including third-party subpoenas, assignment forms, etc. |
| 05/20/18 | Champion, Anne M | 4.2 | 1017 | 4271.4 | Meet with team to finalize cross-examination modules for R. Mastro. |
| 05/20/18 | Champion, Anne M | 4.5 | 1017 | 4576.5 | Review and revise cross-examination outline and correspond with team regarding follow up and edits. |
| 05/20/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding the same. |
| 05/20/18 | Herrera, Alejandro A | 2.8 | 774 | 2167.2 | Review and edit Donziger cross-examination modules. |
| 05/20/18 | Henrick, Stephen W | 9.5 | 729 | 6925.5 | Revise cross-examination modules for contempt hearing. |
| 05/21/18 | Mastro, Randy M | 4 | 1255 | 5020 | Work on contempt hearing preparation. |
| 05/21/18 | Thomson, William E | 3.1 | 1039 | 3220.9 | Prepare for contempt hearing. |
| 05/21/18 | Champion, Anne M | 0.5 | 1017 | 508.5 | Review research on assignments and discuss with team. |
| 05/21/18 | Champion, Anne M | 0.6 | 1017 | 610.2 | Address adjournment of hearing. |
| 05/21/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Respond to R. Mastro requests regarding hearing preparation. |
| 05/21/18 | Champion, Anne M | 2.5 | 1017 | 2542.5 | Prepare cross- examination outline. |
| 05/21/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding the same. |
| 05/21/18 | Herrera, Alejandro A | 1.6 | 774 | 1238.4 | Review and edit cross-examination outline for Donziger contempt hearing. |
| 05/21/18 | Eisinger, Vincent R | 3.1 | 733 | 2272.3 | Research hearing and discover requirements for contempt hearings. |
| 05/21/18 | Henrick, Stephen W | 1.5 | 729 | 1093.5 | Revise modules for Donziger deposition. |
| 05/21/18 | Henrick, Stephen W | 4.5 | 729 | 3280.5 | Revise cross modules for contempt hearing. |

# SA325

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 05/22/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Revise Donziger cross outline. |
| 05/23/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on contempt issue and Canada-related issues as injected by Donziger in contempt hearing. |
| 05/23/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding assignment forms for Donziger. |
| 05/23/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding the same. |
| 05/23/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Draft letter to court regarding June 27 hearing. |
| 05/24/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and edit letter to court regarding June 27 contempt evidentiary hearing. |
| 05/25/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt issue and court correspondence. |
| 05/25/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and edit letter to Judge Kaplan regarding rescheduled contempt hearing. |
| 05/29/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team Donziger deposition and cross-examination outlines. |
| 05/30/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt hearing preparation, e-mails and document review. |
| 05/30/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding contempt hearing. |
| 05/31/18 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Review and respond to multiple team inquiries and analysis of draft materials and comment on contempt related issues. |
| 06/01/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on contempt hearing preparation. |
| 06/01/18 | Thomson, William E | 0.3 | 1039 | 311.7 | Analyze Judge Kaplan order regarding contempt hearing and formulate response. |
| 06/04/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt hearing preparation. |
| 06/05/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Telephone conference with team regarding preparation of Donziger cross and provide materials to team. |
| 06/05/18 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding Donziger cross-examination outline. |
| 06/05/18 | Eisinger, Vincent R | 2.9 | 733 | 2125.7 | Collect and identify key documents for review by J. Bell in preparation for outlining the cross-examination of S. Donziger. |
| 06/05/18 | Henrick, Stephen W | 1.4 | 729 | 1020.6 | Discussions with J. Bell and team regarding preparation for Donziger cross-examination at contempt hearing and Donziger deposition. |
| 06/05/18 | Barrett, Claudia M | 0.7 | 716 | 501.2 | Work with A. Champion and J. Bell regarding Donziger cross outline. |
| 06/06/18 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Begin reviewing briefing for motion for contempt. |
| 06/06/18 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Begin revising outline for cross-examination of S. Donziger. |
| 06/06/18 | Eisinger, Vincent R | 2 | 733 | 1466 | Review documents and evidence of S. Donziger's failure to account for litigation funds. |
| 06/06/18 | Henrick, Stephen W | 1.7 | 729 | 1239.3 | Discussions with team regarding strategy for Donziger cross at contempt hearing. |
| 06/06/18 | Cole, Laura R | 2.9 | 656 | 1902.4 | Work on Donziger cross outline. |
| 06/07/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt hearing preparation, third-party and Donziger discovery. |

10

# SA326

A-1: Contempt

Champion Decl. Exhibit A - GDC Billing Records

Case 18-855, Document 141, 12/17/2019, 2732048, Page187 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/07/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding Donziger cross- examination outline for evidentiary hearing. |
| 06/07/18 | Eisinger, Vincent R | 1 | 733 | 733 | Discuss revisions to cross- examination outline with J. Bell. |
| 06/07/18 | Eisinger, Vincent R | 4 | 733 | 2932 | Review record evidence and testimony for additional impeachment citations in cross-examination outline. |
| 06/07/18 | Eisinger, Vincent R | 8.1 | 733 | 5937.3 | Revise outline for cross-examination of S. Donziger at contempt hearing. |
| 06/07/18 | Henrick, Stephen W | 0.5 | 729 | 364.5 | Work with team regarding contempt hearing preparation. |
| 06/07/18 | Cole, Laura R | 1 | 656 | 656 | Work on S. Donziger cross. |
| 06/08/18 | Henrick, Stephen W | 0.8 | 729 | 583.2 | Review Donziger cross-examination outline and discuss same with team regarding contempt hearing. |
| 06/08/18 | Cole, Laura R | 0.8 | 656 | 524.8 | Work on S. Donziger cross-examination. |
| 06/09/18 | Eisinger, Vincent R | 1.3 | 733 | 952.9 | Revise outline for cross-examination of S. Donziger. |
| 06/10/18 | Neuman, Andrea E | 1.5 | 1179 | 1768.5 | Analysis of Amazonia documents and exchanges with J. Bell regarding same on Donziger cross. |
| 06/10/18 | Neuman, Andrea E | 1.6 | 1179 | 1886.4 | Review and comment on draft Donziger cross outline. |
| 06/10/18 | Neuman, Andrea E | 2.7 | 1179 | 3183.3 | Review prior Donziger testimony regarding comment on Donziger cross and deposition preparation. |
| 06/10/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and revise Donziger cross-examination outline. |
| 06/10/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding the same. |
| 06/10/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Discuss revisions to outline with A. Neuman, J. Bell, S. Henrick, A. Herrera, and L. Cole. |
| 06/10/18 | Eisinger, Vincent R | 1 | 733 | 733 | Revise cross-examination outline for S. Donziger. |
| 06/10/18 | Henrick, Stephen W | 2.2 | 729 | 1603.8 | E-mails with team regarding preparations for Donziger cross at contempt hearing. |
| 06/10/18 | Cole, Laura R | 1 | 656 | 656 | Work on Donziger cross-examination. |
| 06/11/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on contempt hearings and discovery issues. |
| 06/11/18 | Eisinger, Vincent R | 0.7 | 733 | 513.1 | Revise outline for cross-examination of S. Donziger. |
| 06/11/18 | Henrick, Stephen W | 1.8 | 729 | 1312.2 | Discussions with team regarding revisions to Donziger deposition and contempt hearing preparation. |
| 06/11/18 | Barrett, Claudia M | 2.5 | 716 | 1790 | Analyze and edit Donziger cross outline and e-mail to J. Bell regarding same. |
| 06/12/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on contempt hearing preparation and discovery issues. |
| 06/12/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Draft witness list for evidentiary hearing. |
| 06/13/18 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on contempt preparation, discovery issues, and e- mails regarding same. |
| 06/14/18 | Champion, Anne M | 0.5 | 1017 | 508.5 | Correspond with team regarding contempt hearing. |
| 06/14/18 | Eisinger, Vincent R | 3.5 | 733 | 2565.5 | Begin revising and drafting additional portions of outline for cross- examination of S. Donziger according to instructions from J. Bell. |

11

# SA327

Champion Decl. Exhibit A - GDC Billing Records

Case 18-855, Document 141, 12/17/2019, 2732048, Page188 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/15/18 | Champion, Anne M | 0.4 | 1017 | 406.8 | Correspond with team regarding contempt hearing and negotiations with Donziger over 502 stipulation and protective order. |
| 06/15/18 | Eisinger, Vincent R | 1 | 733 | 733 | Continue revising and drafting additional portions of outline for cross-examination of S. Donziger according to instructions from J. Bell. |
| 06/18/18 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on contempt hearing preparation and discovery. |
| 06/18/18 | Herrera, Alejandro A | 0.9 | 774 | 696.6 | Review and revise cross-examination outline for S. Donziger at contempt evidentiary hearing. |
| 06/19/18 | Mastro, Randy M | 3 | 1255 | 3765 | Work on contempt hearing preparation, discovery issues and e-mails, telephone conference and conferences regarding same. |
| 06/19/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and edit Donziger cross-examination outline. |
| 06/19/18 | Eisinger, Vincent R | 2 | 733 | 1466 | Review record for documents to use in cross-examination of S. Donziger regarding contempt of judgment. |
| 06/19/18 | Eisinger, Vincent R | 6.9 | 733 | 5057.7 | Review and revise cross-examination outline for S. Donziger according to instructions from J. Bell. |
| 06/20/18 | Mastro, Randy M | 3.5 | 1255 | 4392.5 | Work on contempt hearing preparation, discovery document review, and correspondence to court. |
| 06/20/18 | Neuman, Andrea E | 2.9 | 1179 | 3419.1 | Work on multiple hearing, deposition and cross issues and exchanges with client and team regarding same. |
| 06/20/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding Donziger contempt related to Amazonia recovery Limited. |
| 06/20/18 | Eisinger, Vincent R | 5.7 | 733 | 4178.1 | Revise cross-examination outline for S. Donziger and deliver to R. Mastro. |
| 06/21/18 | Mastro, Randy M | 3 | 1255 | 3765 | Work on contempt hearing preparation, discovery and deposition issues. |
| 06/21/18 | Thomson, William E | 1.3 | 1039 | 1350.7 | Outline contempt motion strategy in light of Judge Kaplan rulings. |
| 06/21/18 | Eisinger, Vincent R | 4.7 | 733 | 3445.1 | Review and revise outline for cross-examination of S. Donziger according to J. Bell's instructions. |
| 06/22/18 | Mastro, Randy M | 3 | 1255 | 3765 | Work on contempt hearing preparation, e-mails and correspondence with Donziger, court, review and Sullivan deposition. |
| 06/22/18 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Prepare for contempt hearing. |
| 06/22/18 | Eisinger, Vincent R | 2 | 733 | 1466 | Review and revise cross-examination outline for S. Donziger based on instructions from J. Bell. |
| 06/22/18 | Eisinger, Vincent R | 4.5 | 733 | 3298.5 | Revise cross-examination outline for S. Donziger based on deposition of K. Sullivan. |
| 06/23/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on contempt hearing preparation. |
| 06/24/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on contempt hearing preparation and discovery. |
| 06/24/18 | Eisinger, Vincent R | 5.4 | 733 | 3958.2 | Review and revise outline for cross-examination of S. Donziger according to instructions from J. Bell. |
| 06/25/18 | Mastro, Randy M | 5 | 1255 | 6275 | Work on contempt hearing preparation, e-mails, documents and review Donziger deposition and letter request review. |
| 06/25/18 | Champion, Anne M | 0.5 | 1017 | 508.5 | Discuss deposition with cross-examination team regarding key points to incorporate into cross-examination. |

# SA328

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/25/18 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Strategize with client and attorney team regarding potential motion practice and plan for evidentiary hearing. |
| 06/25/18 | Eisinger, Vincent R | 3 | 733 | 2199 | Review transcript of deposition of S. Donziger for portions that could be used in cross-examination. |
| 06/25/18 | Eisinger, Vincent R | 5.1 | 733 | 3738.3 | Revise outline for cross-examination of S. Donziger based on instructions from J. Bell. |
| 06/25/18 | Henrick, Stephen W | 1 | 729 | 729 | E-mails with team regarding contempt hearing and case strategy. |
| 06/26/18 | Mastro, Randy M | 4.5 | 1255 | 5647.5 | Work on contempt hearing and correspondence. |
| 06/26/18 | Neuman, Andrea E | 1.2 | 1179 | 1414.8 | Review Sullivan deposition transcript regarding contempt hearing preparation. |
| 06/26/18 | Thomson, William E | 2.7 | 1039 | 2805.3 | Work on strategy preparation for contempt hearing. |
| 06/26/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Meet with client and team in preparation for hearing on motion for contempt. |
| 06/26/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Correspond with team regarding Sullivan deposition and potential appearance at hearing. |
| 06/26/18 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Correspond with team regarding preparations for contempt hearing. |
| 06/26/18 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Prepare for contempt hearing. |
| 06/26/18 | Herrera, Alejandro A | 1 | 774 | 774 | Strategize with attorney team regarding contempt hearing. |
| 06/26/18 | Eisinger, Vincent R | 3.9 | 733 | 2858.7 | Review production of J. Rizack for additions to cross-examination outline. |
| 06/26/18 | Eisinger, Vincent R | 10 | 733 | 7330 | Revise outline for cross-examination of S. Donziger. |
| 06/26/18 | Henrick, Stephen W | 1.9 | 729 | 1385.1 | E-mails with team regarding contempt hearing preparation |
| 06/27/18 | Mastro, Randy M | 12 | 1255 | 15060 | Hearing preparation, conferences, telephone conferences, e-mails, document review and edit letters and motion and review orders. |
| 06/27/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Analyze and comment on hearing materials. |
| 06/27/18 | Thomson, William E | 3.7 | 1039 | 3844.3 | Work on Donziger contempt hearing preparation. |
| 06/27/18 | Champion, Anne M | 0.2 | 1017 | 203.4 | Review list of items to take to court and provide comments. |
| 06/27/18 | Champion, Anne M | 0.6 | 1017 | 610.2 | Meet with team to discuss preparation for hearing. |
| 06/27/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Review boxes for transportation to court. |
| 06/27/18 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Prepare documents and questioning for contempt hearing. |
| 06/27/18 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Strategize with attorney team regarding contempt hearing. |
| 06/27/18 | Eisinger, Vincent R | 1.2 | 733 | 879.6 | Discuss contempt hearing preparation with A. Neuman, A. Champion, J. Bell, and A. Herrera. |
| 06/27/18 | Eisinger, Vincent R | 3 | 733 | 2199 | Review deposition transcript of J. Rizack for additions to cross-examination outline of S. Donziger. |
| 06/27/18 | Eisinger, Vincent R | 4 | 733 | 2932 | Revise outline for cross-examination of S. Donziger according to instructions from J. Bell. |
| 06/27/18 | Eisinger, Vincent R | 8 | 733 | 5864 | Prepare and organize all exhibits and transcripts for contempt hearing. |
| 06/28/18 | Mastro, Randy M | 10 | 1255 | 12550 | Work on contempt hearing preparation, attend contempt hearing and post-date next steps strategy. |

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/28/18 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Review hearing flash report and exchange with A. Champion regarding same. |
| 06/28/18 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Conference with team and client regarding next steps including additional briefing and investigative tasks. |
| 06/28/18 | Neuman, Andrea E | 1.8 | 1179 | 2122.2 | Draft outlines for additional contempt motions and related research issues and multiple exchanges with team regarding same. |
| 06/28/18 | Neuman, Andrea E | 4.2 | 1179 | 4951.8 | Prepare for and attend contempt hearing before Judge Kaplan. |
| 06/28/18 | Thomson, William E | 3.2 | 1039 | 3324.8 | Participate in contempt hearing and follow-up regarding same. |
| 06/28/18 | Champion, Anne M | 0.2 | 1017 | 203.4 | Identify and assign research relevant to retainer agreement. |
| 06/28/18 | Champion, Anne M | 0.3 | 1017 | 305.1 | Telephone conference with J. Stern regarding hearing. |
| 06/28/18 | Champion, Anne M | 0.5 | 1017 | 508.5 | Review court order resolving Donziger motions, edit summary of hearing and send to client. |
| 06/28/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Review and provide comments on draft summary. |
| 06/28/18 | Champion, Anne M | 0.8 | 1017 | 813.6 | Review retainer agreement and send for translation, discuss agreement with team. |
| 06/28/18 | Champion, Anne M | 5.1 | 1017 | 5186.7 | Prepare for and attend evidentiary hearing on motion for contempt. |
| 06/28/18 | Hamburger, Bradley J | 0.9 | 848 | 763.2 | Review transcript of evidentiary hearing on contempt motion. |
| 06/28/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding the same. |
| 06/28/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and analyze new Donziger retainer. |
| 06/28/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding contempt hearing. |
| 06/28/18 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Draft summary regarding the same. |
| 06/28/18 | Herrera, Alejandro A | 5.2 | 774 | 4024.8 | Contempt hearing. |
| 06/28/18 | Eisinger, Vincent R | 1 | 733 | 733 | Draft summary of hearing and submit to A. Herrera for revisions. |
| 06/28/18 | Eisinger, Vincent R | 1.8 | 733 | 1319.4 | Complete organization of exhibits for contempt motion hearing. |
| 06/28/18 | Eisinger, Vincent R | 5 | 733 | 3665 | Provide support for hearing and attend hearing. |
| 06/28/18 | Henrick, Stephen W | 0.9 | 729 | 656.1 | Review transcript from contempt hearing and discussions with team regarding same. |
| 06/29/18 | Mastro, Randy M | 2 | 1255 | 2510 | E-mails regarding motion practice, contempt, and discovery. |
| 06/30/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | E-mails regarding motion practice, contempt, and discovery. |
| 07/02/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on contempt next steps. |
| 07/03/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Conference with team regarding strategies on additional motions including two-page briefing, expanded contempt motion and motion to compel. |
| 07/03/18 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Draft and edit two-page brief regarding post contempt hearing briefing. |
| 07/03/18 | Eisinger, Vincent R | 0.9 | 733 | 659.7 | Revise letter to Judge Kaplan regarding supplemental briefing on contempt. |
| 07/03/18 | Barrett, Claudia M | 5.5 | 716 | 3938 | Research and draft outline for future briefing on Donziger monetizing the Ecuadorian judgment. |
| 07/09/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt-related filings and letters. |

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 07/09/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Review Donziger's letter opposing further briefing on contempt motion. |
| 07/09/18 | Cole, Laura R | 4.5 | 656 | 2952 | Draft outline for Donziger contempt motion. |
| 07/11/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on contempt-related correspondence. |
| 07/11/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding contempt application. |
| 07/11/18 | Cole, Laura R | 0.5 | 656 | 328 | Draft S. Donziger contempt motion. |
| 07/12/18 | Hamburger, Bradley J | 0.5 | 848 | 424 | Conference regarding strategy for supplemental brief in support of contempt motion. |
| 07/12/18 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Strategize with attorney team regarding contempt briefing on Donziger retainer agreements. |
| 07/12/18 | Eisinger, Vincent R | 0.7 | 733 | 513.1 | Conference call with B. Hamburger, S. Henrick, and A. Herrera regarding supplemental briefing on motion for contempt. |
| 07/12/18 | Henrick, Stephen W | 0.6 | 729 | 437.4 | Call with team regarding supplemental submission on Donziger contempt. |
| 07/12/18 | Cole, Laura R | 3 | 656 | 1968 | Draft Donziger contempt motion. |
| 07/13/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on contempt-related filings. |
| 07/13/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | E-mail with team regarding supplemental brief in support of contempt motion. |
| 07/13/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and edit contempt briefing related to Donziger retainers. |
| 07/13/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding the same. |
| 07/14/18 | Hamburger, Bradley J | 1.6 | 848 | 1356.8 | Revise outline of supplemental brief in support of contempt motion regarding Donziger's retainer agreements and intercreditor agreement. |
| 07/14/18 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Review and edit contempt brief related to Donziger retainers. |
| 07/14/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Revise outline regarding supplemental briefing for contempt motion. |
| 07/15/18 | Herrera, Alejandro A | 1.7 | 774 | 1315.8 | Review and edit contempt brief related to Donziger retainers. |
| 07/16/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding supplemental contempt brief related to Donziger retainers. |
| 07/16/18 | Eisinger, Vincent R | 0.3 | 733 | 219.9 | Begin revising supplemental brief regarding contempt motion. |
| 07/16/18 | Cole, Laura R | 6.9 | 656 | 4526.4 | Draft Donziger contempt and disgorgement motion. |
| 07/17/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with forensic accountants regarding TD Bank documents. |
| 07/17/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding supplemental contempt briefing related to Donziger retainer agreements. |
| 07/17/18 | Eisinger, Vincent R | 2 | 733 | 1466 | Review and revise supplemental briefing regarding contempt motion. |
| 07/17/18 | Cole, Laura R | 2.7 | 656 | 1771.2 | Draft Donziger contempt and disgorgement motion. |
| 07/18/18 | Hamburger, Bradley J | 2.2 | 848 | 1865.6 | Revise supplemental brief in support of contempt motion. |
| 07/18/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding the same. |
| 07/18/18 | Herrera, Alejandro A | 1.1 | 774 | 851.4 | Review and edit supplemental contempt brief related to Donziger retainer agreements. |
| 07/18/18 | Eisinger, Vincent R | 2.1 | 733 | 1539.3 | Review and revise supplemental briefing regarding contempt motion. |

# SA331

A-1: Contempt

Champion Decl. Exhibit A - GDC Billing Records

Case 18-855, Document 141, 12/17/2019, 2732048, Page192 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 07/18/18 | Eisinger, Vincent R | 4 | 733 | 2932 | Draft additional portions for supplemental briefing regarding contempt motion based on comments from B. Hamburger. |
| 07/18/18 | Henrick, Stephen W | 7.3 | 729 | 5321.7 | Revise draft supplemental submission regarding Elliott contempt and Donziger retainers. |
| 07/18/18 | Cole, Laura R | 5.1 | 656 | 3345.6 | Work on S. Donziger contempt motion. |
| 07/19/18 | Neuman, Andrea E | 1.4 | 1179 | 1650.6 | Review and comment supplemental brief on Elliott contempt motion. |
| 07/19/18 | Neuman, Andrea E | 5.3 | 1179 | 6248.7 | Draft and edit expanded contempt motion and analysis of materials and exchanges with L. Cole regarding same. |
| 07/19/18 | Hamburger, Bradley J | 1.1 | 848 | 932.8 | Revise supplemental brief in support of contempt motion. |
| 07/19/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding the same. |
| 07/19/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and edit supplemental contempt brief regarding Donziger retainers. |
| 07/19/18 | Eisinger, Vincent R | 1 | 733 | 733 | Complete revisions to supplemental briefing regarding contempt motion. |
| 07/19/18 | Cole, Laura R | 6.7 | 656 | 4395.2 | Work on S. Donziger contempt motion. |
| 07/20/18 | Thomson, William E | 2.3 | 1039 | 2389.7 | Work on editing and commenting on draft supplemental brief regarding Elliot and draft new motion to compel. |
| 07/20/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Discuss supplemental brief regarding Donziger's contempt with A. Neuman. |
| 07/20/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Discuss supplemental brief regarding Donziger's contempt with S. Henrick. |
| 07/20/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Discuss supplemental brief regarding Donziger's contempt with W. Thomson. |
| 07/20/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Review A. Neuman comments on supplemental brief regarding Donziger's contempt. |
| 07/20/18 | Hamburger, Bradley J | 1.2 | 848 | 1017.6 | Draft e-mails responding to A. Neuman comments on supplemental brief regarding Donziger's contempt. |
| 07/20/18 | Hamburger, Bradley J | 1.3 | 848 | 1102.4 | Revise supplemental brief regarding Donziger's contempt. |
| 07/20/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and revise supplemental contempt brief regarding Donziger retainers. |
| 07/21/18 | Hamburger, Bradley J | 1.8 | 848 | 1526.4 | Revise supplemental brief regarding Donziger's contempt. |
| 07/22/18 | Thomson, William E | 0.9 | 1039 | 935.1 | Edit draft new motion for contempt. |
| 07/23/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and edit supplemental contempt brief. |
| 07/23/18 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Calls with forensic accountants and attorney team regarding Donziger agreements and Amazonia Recovery Limited. |
| 07/23/18 | Herrera, Alejandro A | 1.7 | 774 | 1315.8 | Strategize with attorney team regarding supplemental contempt brief. |
| 07/24/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on discovery and briefing issues regarding contempt. |
| 07/24/18 | Thomson, William E | 1.4 | 1039 | 1454.6 | Edit and finalize supplemental Elliott brief. |
| 07/24/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Review and respond to e-mails regarding finalization of supplemental brief in support of Elliott contempt motion. |
| 07/24/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and edit supplemental contempt brief and supporting documents. |
| 07/24/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Finalize executed J. Slavek declaration for filing. |

16

# SA332

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page193 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 07/24/18 | Eisinger, Vincent R | 1.1 | 733 | 806.3 | Discuss supplemental briefing and J. Slavek declaration with A. Herrera and S. Henrick. |
| 07/24/18 | Eisinger, Vincent R | 2 | 733 | 1466 | Review and revise supplemental briefing in support of contempt motion. |
| 07/24/18 | Henrick, Stephen W | 7.3 | 729 | 5321.7 | Finalize supplemental Elliott materials for filing. |
| 07/25/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Calls with Kroll forensic accountants regarding TD Bank record. |
| 07/31/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Telephone conferences with H. Stern and A. Champion regarding judgment contempt strategy from here. |
| 08/04/18 | Mastro, Randy M | 0.3 | 1255 | 376.5 | E-mails regarding Donziger's supplemental submission. |
| 08/04/18 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Review Donziger counter-brief and exchanges with client regarding same. |
| 08/04/18 | Thomson, William E | 0.5 | 1039 | 519.5 | Analyze Donziger's Opposition to Chevron's supplemental brief regarding contempt. |
| 08/04/18 | Champion, Anne M | 0.5 | 1017 | 508.5 | Review Donziger filing and coordinate strategy meeting with team. |
| 08/04/18 | Henrick, Stephen W | 0.2 | 729 | 145.8 | Review Donziger opposition to supplemental Elliott submission. |
| 08/06/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Review Donziger's opposition to Chevron's supplemental brief regarding Donziger's retainer agreements. |
| 08/06/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding reply brief in support of contempt application. |
| 08/07/18 | Mastro, Randy M | 0.3 | 1255 | 376.5 | Review order regarding paragraph one contempt. |
| 08/07/18 | Mastro, Randy M | 0.7 | 1255 | 878.5 | E- mails regarding same and next steps on contempt, discovery. |
| 08/07/18 | Thomson, William E | 0.6 | 1039 | 623.4 | Work on contempt motion. |
| 08/07/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review L. Cole outline for reply in support of contempt motion and discuss same with L. Cole and team. |
| 08/07/18 | Barrett, Claudia M | 0.2 | 716 | 143.2 | Prepare for and participate in call regarding Reply in support of Supplemental Contempt Briefing. |
| 08/07/18 | Barrett, Claudia M | 3.6 | 716 | 2577.6 | Read and analyze briefings and assist L. Cole with outline of reply brief. |
| 08/07/18 | Cole, Laura R | 2.8 | 656 | 1836.8 | Draft outline for reply to Donziger opposition to supplemental brief, including call with A. Neuman and A. Herrera regarding same. |
| 08/08/18 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Review draft outline for Elliott reply brief. |
| 08/08/18 | Thomson, William E | 0.5 | 1039 | 519.5 | Work on developing briefing regarding new motion to compel and new contempt. |
| 08/08/18 | Barrett, Claudia M | 1.3 | 716 | 930.8 | Analyze and revise outline for reply brief in connection with supplemental briefing on contempt of paragraph 5. |
| 08/09/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Conference with team (V. Eisinger and L. Cole) regarding motion for contempt research issues and briefing strategy. |
| 08/09/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Call with forensic accountants regarding analysis of Donziger bank accounts and investor fund activity. |
| 08/09/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Conference call with Kroll accountants regarding expert declaration for second contempt motion. |

17

# SA333

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page194 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 08/09/18 | Eisinger, Vincent R | 1 | 733 | 733 | Conference call with A. Neuman and L. Cole regarding second contempt motion. |
| 08/09/18 | Cole, Laura R | 0.8 | 656 | 524.8 | Telephone call with A. Neuman and V. Eisinger regarding contempt motion. |
| 08/10/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding planned contempt motions and motion to compel discovery from Donziger. |
| 08/10/18 | Cole, Laura R | 2 | 656 | 1312 | Research legal basis for claim regarding constructive trust. |
| 08/11/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Discuss draft with A. Neuman, B. Hamburger, and A. Herrera. |
| 08/11/18 | Eisinger, Vincent R | 1 | 733 | 733 | Review and revise draft of second contempt motion. |
| 08/11/18 | Eisinger, Vincent R | 1.8 | 733 | 1319.4 | Begin researching constructive trust law and contempt. |
| 08/12/18 | Eisinger, Vincent R | 1 | 733 | 733 | Revise motion for contempt. |
| 08/12/18 | Eisinger, Vincent R | 1.6 | 733 | 1172.8 | Continue researching contempt and constructive trust law. |
| 08/13/18 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Conference with team regarding approach and specific topics for factual portions of the expanded Motion for Contempt. |
| 08/13/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review Donziger's revised response to supplemental briefing regarding retainer agreements and contempt motion. |
| 08/13/18 | Hamburger, Bradley J | 0.6 | 848 | 508.8 | Revise outline of supplemental reply brief in support of contempt motion. |
| 08/13/18 | Eisinger, Vincent R | 1 | 733 | 733 | Conference call with A. Neuman and L. Cole regarding second contempt motion. |
| 08/13/18 | Eisinger, Vincent R | 3.5 | 733 | 2565.5 | Draft portion of background section for second contempt motion |
| 08/13/18 | Cole, Laura R | 2 | 656 | 1312 | Revise fact section of contempt motion. |
| 08/14/18 | Neuman, Andrea E | 0.6 | 1179 | 707.4 | Review and follow-up on additional accounting charts. |
| 08/14/18 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Review and edit portions of contempt motion. |
| 08/14/18 | Eisinger, Vincent R | 5.3 | 733 | 3884.9 | Begin drafting background section for funders and retainer payments in second contempt motion. |
| 08/14/18 | Barrett, Claudia M | 0.5 | 716 | 358 | Analyze Donziger response to supplemental briefing. |
| 08/14/18 | Barrett, Claudia M | 5.6 | 716 | 4009.6 | Draft reply brief in support of same. |
| 08/14/18 | Cole, Laura R | 0.6 | 656 | 393.6 | Analyze new S. Donziger filing opposing supplemental brief. |
| 08/14/18 | Cole, Laura R | 4.5 | 656 | 2952 | Draft section on enforcement actions for new contempt motion. |
| 08/15/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Review of court order. |
| 08/15/18 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Conference regarding accounting issues. |
| 08/15/18 | Hamburger, Bradley J | 0.7 | 848 | 593.6 | Revise draft of reply in support of contempt motion supplemental brief. |
| 08/15/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Call with forensic accountants regarding analysis of Donziger financial records. |
| 08/15/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and edit motion for additional contempt against Donziger. |
| 08/15/18 | Eisinger, Vincent R | 1 | 733 | 733 | Conference call with accountants. |
| 08/15/18 | Eisinger, Vincent R | 3 | 733 | 2199 | Complete drafting of background section for second contempt motion. |

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 08/15/18 | Eisinger, Vincent R | 4.5 | 733 | 3298.5 | Draft legal argument in second contempt motion. |
| 08/15/18 | Barrett, Claudia M | 5.1 | 716 | 3651.6 | Research and draft reply brief in support of supplemental briefing on support motion. |
| 08/15/18 | Cole, Laura R | 1 | 656 | 656 | Revise and research for supplemental brief reply. |
| 08/15/18 | Cole, Laura R | 7.4 | 656 | 4854.4 | Revise contempt motion. |
| 08/16/18 | Mastro, Randy M | 1 | 1255 | 1255 | Contempt reply brief. |
| 08/16/18 | Neuman, Andrea E | 2.8 | 1179 | 3301.2 | Draft and edit portions of the expanded contempt motion and analysis of related materials regarding same. |
| 08/16/18 | Cole, Laura R | 1.3 | 656 | 852.8 | Revise contempt motion. |
| 08/17/18 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Review draft supplemental brief and exchanges with B. Hamburger regarding same. |
| 08/17/18 | Champion, Anne M | 0.6 | 1017 | 610.2 | Provide comments on reply brief in support of motion for contempt. |
| 08/17/18 | Hamburger, Bradley J | 0.6 | 848 | 508.8 | Revise draft of reply in support of contempt motion supplemental brief. |
| 08/17/18 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Revise second contempt motion. |
| 08/17/18 | Barrett, Claudia M | 2.8 | 716 | 2004.8 | Research and revisions related to reply in support of supplemental briefing on contempt motion. |
| 08/18/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on discovery issues and contempt reply. |
| 08/18/18 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Edit Elliott contempt reply and exchanges with team regarding same. |
| 08/18/18 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Memorandum to team regarding funding agreement key provisions and analyzing and tracking same. |
| 08/18/18 | Thomson, William E | 1.3 | 1039 | 1350.7 | Edit latest version of draft supplemental briefing regarding Elliott contempt and circulate same to client. |
| 08/18/18 | Hamburger, Bradley J | 1.4 | 848 | 1187.2 | Revise draft of reply in support of contempt motion supplemental brief. |
| 08/18/18 | Barrett, Claudia M | 0.5 | 716 | 358 | Revisions to reply in support of supplemental briefing on contempt motion. |
| 08/18/18 | Cole, Laura R | 1 | 656 | 656 | Revise draft reply regarding Elliott. |
| 08/19/18 | Hamburger, Bradley J | 1.9 | 848 | 1611.2 | Revise draft of reply in support of contempt motion supplemental brief. |
| 08/19/18 | Barrett, Claudia M | 0.5 | 716 | 358 | Revisions to reply brief in support of supplemental briefing to contempt motion. |
| 08/20/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on reply brief. |
| 08/20/18 | Thomson, William E | 0.8 | 1039 | 831.2 | Edit and circulate revised draft of Elliott supplemental reply. |
| 08/20/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Call with forensic accounting team regarding Donziger financial records. |
| 08/20/18 | Barrett, Claudia M | 0.5 | 716 | 358 | Revise reply in support of supplemental briefing. |
| 08/21/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on new contempt motion. |
| 08/21/18 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on reply papers. |
| 08/21/18 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Revise reply brief and exchanges with team regarding same. |
| 08/21/18 | Barrett, Claudia M | 3.8 | 716 | 2720.8 | Revise and finalize reply brief in support of supplemental briefing on Elliott contempt motion. |

19

# SA335

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 08/22/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on Donziger contempt motion. |
| 08/22/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with forensic accounting team regarding Donziger TD Bank accounts. |
| 08/22/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding new contempt filing against Donziger. |
| 08/27/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on Sullivan and Donziger discovery and contempt issues. |
| 08/27/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Coordinate preparation of revised contempt motion in light of Sullivan production. |
| 08/27/18 | Hamburger, Bradley J | 0.8 | 848 | 678.4 | Discuss contempt motion strategy with C. Barrett, A. Kostecka, L. Cole, and A. Mihanovic. |
| 08/27/18 | Hamburger, Bradley J | 0.9 | 848 | 763.2 | Discuss strategy for contempt motion in light of Sullivan production with A. Neuman. |
| 08/27/18 | Kostecka, Allison K | 0.8 | 774 | 619.2 | Participate in conference call to discuss revised contempt motion. |
| 08/27/18 | Barrett, Claudia M | 0.6 | 716 | 429.6 | Participate in call with internal team regarding new contempt motion. |
| 08/27/18 | Cole, Laura R | 0.4 | 656 | 262.4 | Review contempt motion draft. |
| 08/27/18 | Cole, Laura R | 0.8 | 656 | 524.8 | Team call regarding same. |
| 08/28/18 | Kostecka, Allison K | 5.1 | 774 | 3947.4 | Research and outline potential legal arguments for revised motion for contempt. |
| 08/28/18 | Henrick, Stephen W | 0.8 | 729 | 583.2 | Review draft contempt motions and discussions with team regarding same. |
| 08/28/18 | Cole, Laura R | 6.4 | 656 | 4198.4 | Revise new contempt motion. |
| 08/29/18 | Hamburger, Bradley J | 0.7 | 848 | 593.6 | Review draft of Donziger contempt motion. |
| 08/29/18 | Hamburger, Bradley J | 0.8 | 848 | 678.4 | Discuss draft of Donziger contempt motion with A. Kostecka. |
| 08/29/18 | Kostecka, Allison K | 0.8 | 774 | 619.2 | Conference call with B. Hamburger to discuss strategy for motion to hold S. Donziger in contempt of court. |
| 08/29/18 | Kostecka, Allison K | 1.8 | 774 | 1393.2 | Outline motion to hold S. Donziger in contempt of court. |
| 08/29/18 | Cole, Laura R | 5.4 | 656 | 3542.4 | Revise contempt motion to incorporate information from the Sullivan production. |
| 08/30/18 | Thomson, William E | 2.6 | 1039 | 2701.4 | Work on strategy and points for new contempt motion. |
| 08/30/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | E-mail with A. Kostecka regarding Donziger contempt motion strategy. |
| 08/30/18 | Hamburger, Bradley J | 0.5 | 848 | 424 | Revise outline of legal arguments for Donziger contempt motion. |
| 08/30/18 | Hamburger, Bradley J | 0.6 | 848 | 508.8 | Discuss Donziger contempt motion strategy with W. Thomson. |
| 08/30/18 | Kostecka, Allison K | 10.9 | 774 | 8436.6 | Research and draft motion to hold S. Donziger in contempt of court. |
| 08/30/18 | Henrick, Stephen W | 2.9 | 729 | 2114.1 | Revise draft contempt motion. |
| 08/31/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | E-mail with team regarding Donziger contempt motion. |
| 08/31/18 | Kostecka, Allison K | 6.9 | 774 | 5340.6 | Research legal authority, review new productions, and draft motion to hold S. Donziger in contempt of court. |
| 08/31/18 | Henrick, Stephen W | 0.2 | 729 | 145.8 | Discussions with team regarding contempt motion. |
| 08/31/18 | Cole, Laura R | 1.9 | 656 | 1246.4 | Revise fact section of contempt motion. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page196 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/01/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | E-mails regarding contempt, enforcement, and discovery. |
| 09/01/18 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Work on contempt briefing issues. |
| 09/03/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on contempt, enforcement, and discovery. |
| 09/04/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on discovery and contempt issues. |
| 09/04/18 | Kostecka, Allison K | 11.1 | 774 | 8591.4 | Research and draft motion to hold S. Donziger in contempt. |
| 09/04/18 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Review key documents from accountants' review of CWP banking records. |
| 09/05/18 | Hamburger, Bradley J | 0.8 | 848 | 678.4 | Revise Donziger contempt motion. |
| 09/05/18 | Kostecka, Allison K | 7.3 | 774 | 5650.2 | Research and draft motion to hold S. Donziger in contempt. |
| 09/06/18 | Neuman, Andrea E | 0.6 | 1179 | 707.4 | Review draft fact sections of contempt motion and exchanges regarding same and conference on contempt motion with team. |
| 09/06/18 | Thomson, William E | 1.4 | 1039 | 1454.6 | Work on new contempt motion, including commenting on focus and remedies. |
| 09/06/18 | Hamburger, Bradley J | 1.1 | 848 | 932.8 | Discuss Donziger contempt motion with A. Neuman, W. Thomson, A. Kostecka, and L. Cole. |
| 09/06/18 | Hamburger, Bradley J | 3.2 | 848 | 2713.6 | Revise Donziger contempt motion. |
| 09/06/18 | Kostecka, Allison K | 1.1 | 774 | 851.4 | Call to discuss new facts for contempt motion. |
| 09/06/18 | Kostecka, Allison K | 1.7 | 774 | 1315.8 | Research and draft motion to hold S. Donziger in contempt. |
| 09/06/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review new funding analysis from accountants. |
| 09/06/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Conference call regarding accountant funding analyses. |
| 09/06/18 | Eisinger, Vincent R | 0.6 | 733 | 439.8 | Review and revise chart of funding agreements. |
| 09/06/18 | Barrett, Claudia M | 0.4 | 716 | 286.4 | Make revisions to draft motion for contempt. |
| 09/06/18 | Cole, Laura R | 1.1 | 656 | 721.6 | Call regarding contempt motion. |
| 09/06/18 | Cole, Laura R | 4.1 | 656 | 2689.6 | Revise contempt motion. |
| 09/07/18 | Thomson, William E | 1.6 | 1039 | 1662.4 | Work on editing and commenting on draft new contempt motion against Donziger. |
| 09/07/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Discuss Donziger contempt motion with L. Cole. |
| 09/07/18 | Hamburger, Bradley J | 2 | 848 | 1696 | Revise Donziger contempt motion. |
| 09/07/18 | Kostecka, Allison K | 5.4 | 774 | 4179.6 | Research and draft motion to hold S. Donziger in contempt. |
| 09/07/18 | Cole, Laura R | 5.9 | 656 | 3870.4 | Revise contempt motion. |
| 09/08/18 | Eisinger, Vincent R | 2.5 | 733 | 1832.5 | Review and revise draft of second contempt motion. |
| 09/08/18 | Henrick, Stephen W | 0.6 | 729 | 437.4 | Review draft contempt motion and discussions with team regarding same. |
| 09/08/18 | Cole, Laura R | 1.1 | 656 | 721.6 | Revise contempt motion. |
| 09/09/18 | Mastro, Randy M | 0.8 | 1255 | 1004 | Work on new Donziger contempt motion, Sullivan discovery issues. |
| 09/09/18 | Thomson, William E | 3.1 | 1039 | 3220.9 | Edit draft new contempt motion regarding funding and circulate internally. |
| 09/09/18 | Hamburger, Bradley J | 2.4 | 848 | 2035.2 | Revise Donziger contempt motion. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page197 of 301

# SA337

A-1: Contempt

Champion Decl. Exhibit A - GDC Billing Records

Case 18-855, Document 141, 12/17/2019, 2732048, Page198 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/09/18 | Kostecka, Allison K | 0.5 | 774 | 387 | Revise contempt motion per request from R. Mastro. |
| 09/09/18 | Henrick, Stephen W | 0.2 | 729 | 145.8 | E-mails with team regarding draft contempt motion. |
| 09/09/18 | Cole, Laura R | 0.4 | 656 | 262.4 | Fill in contempt motion placeholders. |
| 09/10/18 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on new contempt motion, discovery. |
| 09/10/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | E-mails regarding same. |
| 09/10/18 | Thomson, William E | 2.3 | 1039 | 2389.7 | Further edit new contempt motion, including incorporating edits from R. Mastro and client. |
| 09/10/18 | Kostecka, Allison K | 0.8 | 774 | 619.2 | Research prior forms of relief requests for contempt motion. |
| 09/11/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | E-mails and review regarding contempt motion. |
| 09/11/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team and forensic accountants regarding K. Sullivan documents. |
| 09/12/18 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on RICO contempt motion and discovery. |
| 09/12/18 | Kostecka, Allison K | 4.7 | 774 | 3637.8 | Draft motion to hold S. Donziger in contempt of court. |
| 09/12/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding draft contempt motion against Donziger. |
| 09/12/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding draft motion seeking Donziger hard drive. |
| 09/12/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Discuss TD Bank subpoena and expert declaration with A. Herrera. |
| 09/13/18 | Kostecka, Allison K | 4.9 | 774 | 3792.6 | Draft motion to hold S. Donziger in contempt of court. |
| 09/13/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team and forensic accountants regarding S. Donziger financial records. |
| 09/13/18 | Eisinger, Vincent R | 1 | 733 | 733 | Conference call with accountants regarding expert declaration and new schedules. |
| 09/13/18 | Cole, Laura R | 1.4 | 656 | 918.4 | Call with accounting experts. |
| 09/13/18 | Cole, Laura R | 6.3 | 656 | 4132.8 | Revise contempt motion draft. |
| 09/14/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Strategy regarding contempt. |
| 09/14/18 | Champion, Anne M | 0.7 | 1017 | 711.9 | Review accounting schedules. |
| 09/14/18 | Hamburger, Bradley J | 2 | 848 | 1696 | Revise Donziger contempt motion. |
| 09/14/18 | Eisinger, Vincent R | 1 | 733 | 733 | Conference call with accountants regarding new schedules and expert declaration. |
| 09/14/18 | Henrick, Stephen W | 0.2 | 729 | 145.8 | E-mails with team regarding contempt motion and subpoenas. |
| 09/14/18 | Cole, Laura R | 0.5 | 656 | 328 | Call with A. Neuman regarding contempt motion. |
| 09/14/18 | Cole, Laura R | 0.8 | 656 | 524.8 | Call with accountants. |
| 09/15/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on contempt and discovery issues. |
| 09/15/18 | Cole, Laura R | 2 | 656 | 1312 | Revise contempt motion. |
| 09/17/18 | Kostecka, Allison K | 2.4 | 774 | 1857.6 | Draft motion to hold S. Donziger in contempt of court. |

# SA338

A-1: Contempt

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/17/18 | Cole, Laura R | 1.1 | 656 | 721.6 | Revise contempt motion. |
| 09/18/18 | Mastro, Randy M | 0.8 | 1255 | 1004 | Work on new contempt motion. |
| 09/18/18 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Exchanges with J. Slavek on opinion issues. |
| 09/18/18 | Cole, Laura R | 0.2 | 656 | 131.2 | Call with accounting experts. |
| 09/18/18 | Cole, Laura R | 1.6 | 656 | 1049.6 | Analyze Donziger representations to investors. |
| 09/19/18 | Champion, Anne M | 2.2 | 1017 | 2237.4 | Review and provide comments on contempt motion. |
| 09/19/18 | Hamburger, Bradley J | 0.5 | 848 | 424 | Revise Donziger contempt motion. |
| 09/19/18 | Cole, Laura R | 1.5 | 656 | 984 | Analyze Donziger representations to investors. |
| 09/20/18 | Mastro, Randy M | 0.6 | 1255 | 753 | Work on new contempt motion. |
| 09/20/18 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding hard drive order to show cause. |
| 09/20/18 | Eisinger, Vincent R | 1 | 733 | 733 | Review motion to compel hard drive and discuss revisions with A. Fernandez and A. Herrera. |
| 09/20/18 | Cole, Laura R | 1.5 | 656 | 984 | Analyze missing funding agreements. |
| 09/21/18 | Mastro, Randy M | 1.2 | 1255 | 1506 | Work on new contempt motions papers. |
| 09/21/18 | Thomson, William E | 2.1 | 1039 | 2181.9 | Prepare for and participate in client call regarding strategy for new contempt motion. |
| 09/21/18 | Thomson, William E | 5.3 | 1039 | 5506.7 | Comprehensive edit to draft new contempt motion, and circulate same to client. |
| 09/21/18 | Champion, Anne M | 0.3 | 1017 | 305.1 | Correspond with team regarding timing of motion for contempt. |
| 09/21/18 | Champion, Anne M | 0.9 | 1017 | 915.3 | Revise motion for contempt to reflect Sullivan information. |
| 09/21/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | E-mail with team regarding Donziger contempt motion strategy. |
| 09/21/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review motion to compel production of hard drive. |
| 09/21/18 | Cole, Laura R | 0.7 | 656 | 459.2 | Call with accounting experts. |
| 09/22/18 | Mastro, Randy M | 0.3 | 1255 | 376.5 | Work on contempt motion. |
| 09/23/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Research potential remedies for Donziger contempt motion. |
| 09/23/18 | Hamburger, Bradley J | 0.6 | 848 | 508.8 | Review A. Romero comments on Donziger contempt motion. |
| 09/23/18 | Hamburger, Bradley J | 0.7 | 848 | 593.6 | Draft responses to A. Romero comments on Donziger contempt motion. |
| 09/23/18 | Eisinger, Vincent R | 1.8 | 733 | 1319.4 | Review and revise motion for contempt. |
| 09/23/18 | Cole, Laura R | 2.2 | 656 | 1443.2 | Revise contempt motion. |
| 09/24/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on new contempt motion. |
| 09/24/18 | Thomson, William E | 1.8 | 1039 | 1870.2 | Work on new contempt motion. |
| 09/24/18 | Kostecka, Allison K | 0.9 | 774 | 696.6 | Analyze research on receivership for contempt motion. |
| 09/24/18 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding draft contempt motion against Donziger. |
| 09/24/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Conference call with accountants regarding declaration. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page199 of 301

23

# SA339

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page200 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 09/24/18 | Cole, Laura R | 2 | 656 | 1312 | Revise contempt motion. |
| 09/25/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on new contempt motion. |
| 09/25/18 | Thomson, William E | 2.8 | 1039 | 2909.2 | Comment on revised draft contempt motion. |
| 09/25/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | E-mail with team regarding Donziger contempt motion strategy. |
| 09/25/18 | Kostecka, Allison K | 3.3 | 774 | 2554.2 | Review case law and draft motion for contempt. |
| 09/25/18 | Cole, Laura R | 2.3 | 656 | 1508.8 | Revise contempt motion. |
| 09/26/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on new contempt motion. |
| 09/26/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Discuss Donziger contempt motion with A. Kostecka. |
| 09/26/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Discuss Donziger contempt motion with W. Thomson. |
| 09/26/18 | Hamburger, Bradley J | 4.4 | 848 | 3731.2 | Revise Donziger contempt motion. |
| 09/26/18 | Kostecka, Allison K | 0.6 | 774 | 464.4 | Participate in conference call to discuss motion for contempt. |
| 09/26/18 | Kostecka, Allison K | 0.9 | 774 | 696.6 | Draft memorandum of law in support of motion for contempt. |
| 09/26/18 | Kostecka, Allison K | 2.7 | 774 | 2089.8 | Draft supplemental documents to be filed with motion for contempt. |
| 09/26/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding draft motion to compel production of Donziger hard drive. |
| 09/26/18 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding draft contempt motion. |
| 09/26/18 | Cole, Laura R | 8.7 | 656 | 5707.2 | Revise contempt motion. |
| 09/27/18 | Mastro, Randy M | 0.8 | 1255 | 1004 | Work on new contempt motion. |
| 09/27/18 | Neuman, Andrea E | 1.8 | 1179 | 2122.2 | Review and respond to multiple client and team inquiries on various draft contempt motion pleadings and analysis of financial and other documents regarding same. |
| 09/27/18 | Thomson, William E | 4.1 | 1039 | 4259.9 | Work on editing new contempt motion, including incorporating client and other comments. |
| 09/27/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Review accounting affidavit. |
| 09/27/18 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Review contempt motion. |
| 09/27/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review W. Thomson edits to Donziger contempt motion. |
| 09/27/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Discuss sealing motion with A. Kostecka and D. Dimitrov. |
| 09/27/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Discuss Donziger contempt motion with W. Thomson. |
| 09/27/18 | Hamburger, Bradley J | 2.7 | 848 | 2289.6 | Revise Donziger contempt motion. |
| 09/27/18 | Kostecka, Allison K | 11.7 | 774 | 9055.8 | Draft memorandum in support of motion for contempt and prepare exhibits thereto. |
| 09/27/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding draft Donziger contempt motion. |
| 09/27/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Begin reviewing and revising motion for contempt. |
| 09/27/18 | Henrick, Stephen W | 2.5 | 729 | 1822.5 | Finalize contempt motion and discussions with team regarding same. |
| 09/27/18 | Cole, Laura R | 7.5 | 656 | 4920 | Revise contempt motion and draft attorney declaration. |

# SA340

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/28/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on new contempt motion and discovery. |
| 09/28/18 | Neuman, Andrea E | 2.3 | 1179 | 2711.7 | Review and edit draft motion for contempt and related declarations and schedules and multiple Exchanges with team and client regarding same. |
| 09/28/18 | Thomson, William E | 6.9 | 1039 | 7169.1 | Work on editing contempt motion and associated documents, including incorporating client and team Comments. |
| 09/28/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Discuss Donziger contempt motion strategy with A. Kostecka. |
| 09/28/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Review A. Romero edits to Donziger contempt motion. |
| 09/28/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | E-mail with team regarding finalization of Donziger contempt motion. |
| 09/28/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Discuss Donziger contempt motion strategy with W. Thomson. |
| 09/28/18 | Hamburger, Bradley J | 0.9 | 848 | 763.2 | Revise Donziger contempt motion. |
| 09/28/18 | Hamburger, Bradley J | 1.1 | 848 | 932.8 | Discuss contempt motion strategy with W. Thomson, L. Cole, A. Kostecka. |
| 09/28/18 | Kostecka, Allison K | 1.1 | 774 | 851.4 | Participate in multiple conference calls regarding contempt motion. |
| 09/28/18 | Kostecka, Allison K | 9 | 774 | 6966 | Revise motion for contempt and supplemental documents to be filed therewith. |
| 09/28/18 | Eisinger, Vincent R | 0.8 | 733 | 586.4 | Finish reviewing and revising second contempt motion. |
| 09/28/18 | Cole, Laura R | 0.4 | 656 | 262.4 | Revise contempt motion and Champion declaration. |
| 09/29/18 | Mastro, Randy M | 1 | 1255 | 1255 | E-mails regarding new contempt motion and discovery. |
| 09/29/18 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Review and comment on current draft of motion. |
| 09/29/18 | Neuman, Andrea E | 3.1 | 1179 | 3654.9 | Work on new accounting expert exhibit and review and finalize expert declaration and all exhibits, exchanges with team and expert team and analysis of documents regarding same. |
| 09/29/18 | Thomson, William E | 4.6 | 1039 | 4779.4 | Review and edit revised contempt motion and circulate internally and to client. |
| 09/29/18 | Hamburger, Bradley J | 3.6 | 848 | 3052.8 | Revise Donziger contempt motion. |
| 09/29/18 | Kostecka, Allison K | 3.5 | 774 | 2709 | Draft memorandum in support of motion for contempt and accompanying filings. |
| 09/29/18 | Cole, Laura R | 2 | 656 | 1312 | Revise contempt motion and Champion declaration. |
| 09/30/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on new contempt motion. |
| 09/30/18 | Neuman, Andrea E | 4.6 | 1179 | 5423.4 | Review and edit draft motion for contempt and all supporting pleadings and exhibits and multiple exchanges and conferences with expert team, client and W. Thomson. |
| 09/30/18 | Thomson, William E | 7.7 | 1039 | 8000.3 | Work on editing latest draft of contempt motion and associated documents and circulate to client. |
| 09/30/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review A. Romero comments on contempt motion. |
| 09/30/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | E-mail with W. Thomson regarding contempt motion. |
| 09/30/18 | Hamburger, Bradley J | 2.1 | 848 | 1780.8 | Revise Donziger contempt motion. |
| 09/30/18 | Kostecka, Allison K | 8.9 | 774 | 6888.6 | Draft memorandum on law in support of motion for contempt and supplemental filings. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page201 of 301

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/30/18 | Cole, Laura R | 4.5 | 656 | 2952 | Revise contempt motion and Champion declaration. |
| 10/01/18 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Edit contempt motion and exchanges with W. Thomson regarding same. |
| 10/01/18 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Exchanges with R. Mastro on the contempt motion. |
| 10/01/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Review initial contempt motion redactions and discuss approach. |
| 10/01/18 | Thomson, William E | 4.7 | 1039 | 4883.3 | Work on editing and finalizing motion for contempt and associated documents, including redacted versions. |
| 10/01/18 | Champion, Anne M | 0.6 | 1017 | 610.2 | Correspond with team regarding sealing. |
| 10/01/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Correspond with team regarding sealing and filing issues. |
| 10/01/18 | Champion, Anne M | 4.3 | 1017 | 4373.1 | Review and edit Champion declaration and exhibits in support of contempt motion and correspond with team regarding same. |
| 10/01/18 | Hamburger, Bradley J | 7.7 | 848 | 6529.6 | Finalize Donziger contempt motion and supporting documents. |
| 10/01/18 | Kostecka, Allison K | 12.2 | 774 | 9442.8 | Draft motion for contempt and supplemental papers and prepare for filing. |
| 10/01/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding draft contempt motion. |
| 10/01/18 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Multiple correspondence with L. Cole and A. Kostecka regarding same. |
| 10/01/18 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Review motion to seal documents referenced in contempt motion against Donziger. |
| 10/01/18 | Dimitrov, Delyan M | 1 | 770 | 770 | Review and analysis of contempt motion against Donziger. |
| 10/01/18 | Cole, Laura R | 8.7 | 656 | 5707.2 | Revise and redact motion for contempt and supporting materials. |
| 10/02/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt papers and issue and e-mails regarding same. |
| 10/02/18 | Dimitrov, Delyan M | 0.5 | 770 | 385 | Attention to Chevron's contempt motion filing. |
| 10/02/18 | Cole, Laura R | 0.5 | 656 | 328 | Coordinate filing of sealed copy of brief and linked timeline, including service of linked timeline to S. Donziger. |
| 10/03/18 | Neuman, Andrea E | 1.4 | 1179 | 1650.6 | Edit draft OSC regarding Donziger's hard drive and exchanges with team regarding same. |
| 10/04/18 | Thomson, William E | 0.8 | 1039 | 831.2 | Work on hard drive motion. |
| 10/08/18 | Neuman, Andrea E | 1.6 | 1179 | 1886.4 | Edit draft OSC regarding production of hard drives. |
| 10/10/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Call with forensic accountants regarding post-judgment production. |
| 10/12/18 | Thomson, William E | 1.1 | 1039 | 1142.9 | Edit draft hard drive motion. |
| 10/15/18 | Mastro, Randy M | 2 | 1255 | 2510 | Work on responses to Donziger, court contempt and discovery issues. |
| 10/16/18 | Neuman, Andrea E | 1.2 | 1179 | 1414.8 | Edit draft hard drive OSC motion. |
| 10/17/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on Donziger contempt motion. |
| 10/18/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review Judge Kaplan's order regarding Donziger's failure to comply with discovery. |
| 10/19/18 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Conference with S. Lynch on forensic issues. |
| 10/19/18 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Edit letter regarding forensic protocol and send to client for sign off. |
| 10/19/18 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and redraft letter to Donziger regarding hard drive order. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page202 of 301

# SA342

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page203 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 10/21/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Review draft letter regarding Donziger contempt. |
| 10/22/18 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on discovery, contempt issues. |
| 10/22/18 | Neuman, Andrea E | 3.4 | 1179 | 4008.6 | Work on forensic protocols, including review materials, conference with forensic expert and exchanges with team regarding same, and review additional authorities. |
| 10/23/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Edit draft protocol and exchanges with team regarding same. |
| 10/24/18 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Review and edit draft forensic protocol and exchanges regarding same. |
| 10/24/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Coordinate filing of unredacted version of Donziger contempt motion. |
| 10/24/18 | Cole, Laura R | 0.3 | 656 | 196.8 | Arrange filing of unredacted contempt motion. |
| 10/25/18 | Neuman, Andrea E | 1.5 | 1179 | 1768.5 | Work on Exhibit C to forensic protocol and exchanges with team regarding same. |
| 10/25/18 | Neuman, Andrea E | 1.6 | 1179 | 1886.4 | Comment on draft protocol motion and edit draft and related materials. |
| 10/25/18 | Thomson, William E | 0.6 | 1039 | 623.4 | Analyze letter from Donziger regarding going into contempt and formulate strategy regarding response. |
| 10/25/18 | Thomson, William E | 2.1 | 1039 | 2181.9 | Edit draft brief regarding forensic protocol. |
| 10/26/18 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on discovery, contempt issues. |
| 10/26/18 | Neuman, Andrea E | 5.1 | 1179 | 6012.9 | Work on forensic protocol and supporting brief and related filings and exchanges and conferences with team and client. |
| 10/26/18 | Thomson, William E | 0.7 | 1039 | 727.3 | Edit revised brief regarding forensic protocol. |
| 10/26/18 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding Donziger hard drive protocol. |
| 10/26/18 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and analyze documents regarding Donziger hard drive protocol. |
| 10/26/18 | Eisinger, Vincent R | 2 | 733 | 1466 | Coordinate filing of protocol letter motion. |
| 10/27/18 | Neuman, Andrea E | 4.9 | 1179 | 5777.1 | Draft and revise brief in support of protocol and protocol exhibits and exchanges with team regarding same. |
| 10/28/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Review and revise forensic imaging briefing. |
| 10/28/18 | Thomson, William E | 1.3 | 1039 | 1350.7 | Edit revised draft of brief on forensic protocols and circulate same internally. |
| 10/28/18 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Multiple correspondence with A. Neuman regarding search protocol for Donziger's devices. |
| 10/29/18 | Mastro, Randy M | 1 | 1255 | 1255 | Work on forensics examination and protocol briefing. |
| 10/29/18 | Neuman, Andrea E | 1.6 | 1179 | 1886.4 | Edit and finalize brief in support of protocol. |
| 10/29/18 | Neuman, Andrea E | 2.3 | 1179 | 2711.7 | Multiple client conferences and revise and finalize forensic materials for filing with team. |
| 10/29/18 | Champion, Anne M | 1.7 | 1017 | 1728.9 | Assist with finalization of brief and declaration for filing. |
| 10/29/18 | Champion, Anne M | 2.1 | 1017 | 2135.7 | Comment on and edit search term list. |
| 10/29/18 | Champion, Anne M | 2.1 | 1017 | 2135.7 | Review and edit brief in support of forensic protocol. |
| 10/29/18 | Eisinger, Vincent R | 5.5 | 733 | 4031.5 | Review and revise memorandum and declaration in support of forensic protocol. |

# SA343

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 10/30/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Finalize memorandum and declaration in support of forensic protocol. |
| 10/31/18 | Thomson, William E | 0.8 | 1039 | 831.2 | Analyze Donziger opposition to contempt motion and declaration in support. |
| 10/31/18 | Hamburger, Bradley J | 1.9 | 848 | 1611.2 | Analyze Donziger contempt motion opposition. |
| 11/01/18 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on discovery and contempt issues. |
| 11/01/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Coordinate reply in support of Donziger contempt motion. |
| 11/01/18 | Herrera, Alejandro A | 1 | 774 | 774 | Review and analyze Donziger opposition to CVX contempt motion. |
| 11/01/18 | Eisinger, Vincent R | 2.5 | 733 | 1832.5 | Review S. Donziger opposition to motion for contempt. |
| 11/01/18 | Henrick, Stephen W | 0.7 | 729 | 510.3 | Review Donziger opposition to contempt and e-mails with team regarding same in advance of reply filing. |
| 11/01/18 | Henrick, Stephen W | 0.8 | 729 | 583.2 | Discussions with team regarding document review project in support of contempt. |
| 11/01/18 | Barrett, Claudia M | 1.9 | 716 | 1360.4 | Analyze Donziger's opposition to motion for contempt in connection with preparation for reply. |
| 11/02/18 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Address contempt reply strategy issues and conference with team regarding same. |
| 11/02/18 | Neuman, Andrea E | 1 | 1179 | 1179 | Review Donziger contempt opposition and outline issues regarding same. |
| 11/02/18 | Thomson, William E | 1.6 | 1039 | 1662.4 | Work on outlining points for reply in support of contempt motion. |
| 11/02/18 | Champion, Anne M | 1 | 1017 | 1017 | Telephone conference regarding contempt reply. |
| 11/02/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Coordinate research for reply in support of Donziger contempt motion. |
| 11/02/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Outline strategy for reply in support of Donziger contempt motion. |
| 11/02/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Discuss research for reply in support of Donziger contempt motion with J. Kim. |
| 11/02/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Review J. Kim summary of research for reply in support of Donziger contempt motion. |
| 11/02/18 | Hamburger, Bradley J | 0.5 | 848 | 424 | Review recent discovery for potential use in reply in support of Donziger contempt motion. |
| 11/02/18 | Hamburger, Bradley J | 1 | 848 | 848 | Conference with team regarding reply in support of Donziger contempt motion. |
| 11/02/18 | Barrett, Claudia M | 1 | 716 | 716 | Prepare for and participate in call regarding reply brief. |
| 11/02/18 | Barrett, Claudia M | 3.9 | 716 | 2792.4 | Research and draft reply in support of motion to hold Donziger in contempt. |
| 11/02/18 | Cole, Laura R | 0.3 | 656 | 196.8 | Call with A. Neuman regarding contempt reply. |
| 11/02/18 | Cole, Laura R | 1 | 656 | 656 | Team call regarding contempt reply. |
| 11/02/18 | Cole, Laura R | 4.3 | 656 | 2820.8 | Draft contempt reply. |
| 11/03/18 | Neuman, Andrea E | 2.2 | 1179 | 2593.8 | Review and edit draft reply regarding Donziger contempt motion. |
| 11/03/18 | Eisinger, Vincent R | 2.2 | 733 | 1612.6 | Complete initial draft of reply in support of motion for contempt. |
| 11/03/18 | Eisinger, Vincent R | 2.6 | 733 | 1905.8 | Revise draft of reply in support of motion for contempt. |

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page205 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 11/03/18 | Barrett, Claudia M | 5 | 716 | 3580 | Research, draft and revise reply in support of motion to hold Donziger in contempt. |
| 11/03/18 | Cole, Laura R | 0.9 | 656 | 590.4 | Revise contempt motion reply. |
| 11/04/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | E-mail with W. Thomson regarding response to Donziger letter motion regarding refusal to comply with discovery order. |
| 11/04/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Develop response to Donziger letter motion regarding refusal to comply with discovery order. |
| 11/04/18 | Hamburger, Bradley J | 4 | 848 | 3392 | Revise reply in support of Donziger contempt motion. |
| 11/04/18 | Eisinger, Vincent R | 4 | 733 | 2932 | Revise reply in support of contempt motion. |
| 11/04/18 | Barrett, Claudia M | 2.1 | 716 | 1503.6 | Research, draft and revise reply in support of motion to hold Donziger in contempt. |
| 11/04/18 | Cole, Laura R | 3.4 | 656 | 2230.4 | Revise contempt motion reply. |
| 11/05/18 | Thomson, William E | 4.1 | 1039 | 4259.9 | Edit and comment on draft reply in support of contempt motion. |
| 11/05/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review A. Neuman comments on Donziger contempt reply. |
| 11/05/18 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Revise opposition Donziger motion to compel. |
| 11/05/18 | Hamburger, Bradley J | 0.7 | 848 | 593.6 | Review recent discovery for potential use in Donziger reply. |
| 11/05/18 | Hamburger, Bradley J | 4.2 | 848 | 3561.6 | Revise Donziger contempt motion reply. |
| 11/05/18 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Conference call with Kroll accountants and A. Neuman regarding reply declaration in support of contempt motion. |
| 11/05/18 | Barrett, Claudia M | 10.1 | 716 | 7231.6 | Revise reply in support of motion to hold Donziger in contempt. |
| 11/05/18 | Cole, Laura R | 3.6 | 656 | 2361.6 | Revise contempt motion. |
| 11/06/18 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Address issues regarding declaration supporting contempt reply. |
| 11/06/18 | Thomson, William E | 6.2 | 1039 | 6441.8 | Work on reply in support of motion for contempt and associated documents and finalize same. |
| 11/06/18 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Review A. Romero edits to reply in support of Donziger contempt motion. |
| 11/06/18 | Hamburger, Bradley J | 0.5 | 848 | 424 | E-mail with team regarding reply in support of Donziger contempt motion. |
| 11/06/18 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Multiple correspondence and telephone conference with L. Cole regarding same. |
| 11/06/18 | Dimitrov, Delyan M | 0.7 | 770 | 539 | Review and analyze C. Eisler's deposition transcript in connection with reply brief in support of motion to find S. Donziger in contempt. |
| 11/06/18 | Dimitrov, Delyan M | 0.8 | 770 | 616 | Review and analyze reply brief in support of motion to hold Donziger in contempt. |
| 11/06/18 | Eisinger, Vincent R | 2 | 733 | 1466 | Revise reply brief in support of contempt motion. |
| 11/06/18 | Barrett, Claudia M | 5.9 | 716 | 4224.4 | Revise reply in support of motion to hold Donziger in contempt. |
| 11/07/18 | Mastro, Randy M | 0.7 | 1255 | 878.5 | Work on letter regarding Donziger going into contempt. |
| 11/07/18 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Edit reply. |

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page206 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 11/07/18 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Conference with accountants regarding representation in reply and follow-up regarding same. |
| 11/07/18 | Thomson, William E | 1.1 | 1039 | 1142.9 | Edit draft response to Donziger's letter asking court to hold him in contempt and discuss same with A. Romero. |
| 11/07/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Correspond with team regarding contempt reply. |
| 11/07/18 | Champion, Anne M | 1.3 | 1017 | 1322.1 | Finalize Donziger travel timeline for filing |
| 11/07/18 | Champion, Anne M | 1.5 | 1017 | 1525.5 | Assist team to finalize filing. |
| 11/07/18 | Champion, Anne M | 2 | 1017 | 2034 | Edit Champion declaration. |
| 11/07/18 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Revise reply in support of Donziger contempt motion. |
| 11/07/18 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Multiple correspondence with L. Cole regarding same. |
| 11/07/18 | Dimitrov, Delyan M | 1.7 | 770 | 1309 | Review, analyze and revise draft reply brief in support of contempt motion. |
| 11/07/18 | Eisinger, Vincent R | 3 | 733 | 2199 | Revise reply memorandum in support of contempt motion. |
| 11/07/18 | Barrett, Claudia M | 11.3 | 716 | 8090.8 | Revise and finalize reply brief and Champion declaration in support thereof, in connection with motion to hold Donziger in contempt. |
| 11/07/18 | Cole, Laura R | 8.3 | 656 | 5444.8 | Work on contempt motion reply and accompanying declarations. |
| 11/08/18 | Thomson, William E | 0.6 | 1039 | 623.4 | Analyze Donziger filing regarding forensic protocol and follow up regarding same. |
| 11/08/18 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Review Donziger opposition to motion for forensic exam and discuss response with team. |
| 11/08/18 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Review and analyze Donziger's opposition to motion for forensic examination of Donziger's electronic devices. |
| 11/08/18 | Dimitrov, Delyan M | 1.2 | 770 | 924 | Review and analyze Chevron's as filed reply brief and supporting materials in support of motion for contempt against S. Donziger. |
| 12/11/18 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Work on Donziger contempt issues. |
| 12/19/18 | Neuman, Andrea E | 2.1 | 1179 | 2475.9 | Prepare for hearing on forensic issues and conference with forensic expert regarding same. |
| 12/21/18 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Gather productions for S. Lynch review. |
| 01/02/19 | Eisinger, Vincent R | 1 | 805 | 805 | Review documents regarding solicitations of potential funders. |
| 01/02/19 | Eisinger, Vincent R | 2.1 | 805 | 1690.5 | Review documents regarding money transfers to S. Donziger. |
| 01/04/19 | Eisinger, Vincent R | 0.2 | 805 | 161 | Review key documents for use at hearing on motion for forensic protocol. |
| 01/06/19 | Neuman, Andrea E | 0.3 | 1395 | 418.5 | Review and edit letter to the court regarding neutral forensic expert. |
| 01/06/19 | Neuman, Andrea E | 0.9 | 1395 | 1255.5 | Conference with R. Mastro and J. Stern regarding hearing preparation issues and strategy and follow-up regarding same. |
| 01/06/19 | Neuman, Andrea E | 1.4 | 1395 | 1953 | Outline additional preparation matters and review prior Donziger pleadings regarding same. |
| 01/06/19 | Champion, Anne M | 1.1 | 1121 | 1233.1 | Review list of issues for hearing, court order, and background materials. |
| 01/06/19 | Champion, Anne M | 1.3 | 1121 | 1457.3 | Telephone conference with team regarding preparations for hearing on forensic protocol and with associate team on modules needed. |

A-1: Contempt

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 01/06/19 | Eisinger, Vincent R | 0.5 | 805 | 402.5 | Review one pagers to prepare for hearing on forensic protocol and discuss with A. Neuman and S. Baumgardner. |
| 01/07/19 | Mastro, Randy M | 1.5 | 1445 | 2167.5 | Prepare for hearing. |
| 01/07/19 | Champion, Anne M | 0.3 | 1121 | 336.3 | Organize preparations for court. |
| 01/07/19 | Champion, Anne M | 0.4 | 1121 | 448.4 | Finalize letter on forensic expert for court for filing. |
| 01/07/19 | Champion, Anne M | 3.5 | 1121 | 3923.5 | Review modules in preparation for hearing on forensic protocol and edit and prepare questions for A. Neuman. |
| 01/07/19 | Thomson, William E | 3.3 | 1076 | 3550.8 | Analyze pleadings and orders in preparation for SDNY hearing. |
| 01/07/19 | Hamburger, Bradley J | 0.2 | 941 | 188.2 | Revise one-pager on Zelman discovery responses for hearing before Judge Kaplan. |
| 01/07/19 | Eisinger, Vincent R | 2 | 805 | 1610 | Review and summarize key documents for argument preparation. |
| 01/07/19 | Barrett, Claudia M | 0.9 | 748 | 673.2 | Assist A. Neuman with preparation for January 8 status hearing. |
| 01/07/19 | Cole, Laura R | 1.4 | 704 | 985.6 | Draft one-pager on contempt implications of D. Zelman discovery response. |
| 01/08/19 | Mastro, Randy M | 1 | 1445 | 1445 | Post-hearing next steps. |
| 01/08/19 | Mastro, Randy M | 1.5 | 1445 | 2167.5 | Attend hearing. |
| 01/08/19 | Mastro, Randy M | 3 | 1445 | 4335 | Prepare for hearing. |
| 01/08/19 | Neuman, Andrea E | 8.4 | 1395 | 11718 | Prepare for and conduct hearing before Judge Kaplan on forensic protocol and meetings with client and team regarding same. |
| 01/08/19 | Champion, Anne M | 0.6 | 1121 | 672.6 | Revise hearing summary and send to client. |
| 01/08/19 | Champion, Anne M | 0.8 | 1121 | 896.8 | Research prior hard drive examination protocol and discuss with A. Neuman. |
| 01/08/19 | Champion, Anne M | 0.8 | 1121 | 896.8 | Meet with team following hearing regarding next steps. |
| 01/08/19 | Champion, Anne M | 1.1 | 1121 | 1233.1 | Meet with team to prepare for hearing. |
| 01/08/19 | Champion, Anne M | 2 | 1121 | 2242 | Attend hearing. |
| 01/08/19 | Thomson, William E | 9 | 1076 | 9684 | Participate in preparations for and post-hearing strategy discussions regarding forensic hearing and related follow- up activities. |
| 01/08/19 | Eisinger, Vincent R | 0.8 | 805 | 644 | Organize one-pagers and pleadings for oral argument on forensic protocol motion. |
| 01/08/19 | Eisinger, Vincent R | 2 | 805 | 1610 | Attend hearing on forensic protocol. |
| 01/08/19 | Eisinger, Vincent R | 4.9 | 805 | 3944.5 | Prepare one-pagers and documents for hearing on forensic protocol. |
| 01/08/19 | Barrett, Claudia M | 0.3 | 748 | 224.4 | Assist A. Neuman with inquiries relating to status hearing. |
| 01/10/19 | Mastro, Randy M | 1 | 1445 | 1445 | Review revised forensic inspection protocol. |
| 01/10/19 | Neuman, Andrea E | 1.7 | 1395 | 2371.5 | Draft and revise forensic inspection protocol. |
| 01/11/19 | Champion, Anne M | 0.3 | 1121 | 336.3 | Correspond with team regarding forensic protocol brief. |
| 01/11/19 | Eisinger, Vincent R | 1.4 | 805 | 1127 | Revise proposed forensic protocol. |
| 01/13/19 | Neuman, Andrea E | 2 | 1395 | 2790 | Draft and revise protocol and exchanges with team regarding same. |
| 01/13/19 | Champion, Anne M | 0.9 | 1121 | 1008.9 | Review revised forensic protocol and provide comments. |

31

Case 18-855, Document 141, 12/17/2019, 2732048, Page207 of 301

# SA347

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page208 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 01/13/19 | Eisinger, Vincent R | 3.3 | 805 | 2656.5 | Revise brief in support of forensic protocol. |
| 01/14/19 | Mastro, Randy M | 0.5 | 1445 | 722.5 | Review protocol documents for court. |
| 01/14/19 | Neuman, Andrea E | 2.1 | 1395 | 2929.5 | Edit and finalize protocol and supporting declaration and conference and exchanges regarding same. |
| 01/14/19 | Champion, Anne M | 0.5 | 1121 | 560.5 | Follow up on revised forensic protocol. |
| 01/14/19 | Thomson, William E | 3.8 | 1076 | 4088.8 | Work on forensic protocol submission, including associated documents. |
| 01/14/19 | Eisinger, Vincent R | 1 | 805 | 805 | Revise brief in support of forensic protocol. |
| 01/15/19 | Mastro, Randy M | 0.5 | 1445 | 722.5 | Review proposed protocol filings. |
| 01/15/19 | Neuman, Andrea E | 2.6 | 1395 | 3627 | Work on draft protocol and related pleadings and conferences with forensic expert and team regarding same. |
| 01/15/19 | Neuman, Andrea E | 2.7 | 1395 | 3766.5 | Edit and finalize all protocol related pleadings and conferences with client and team regarding same. |
| 01/15/19 | Thomson, William E | 2.8 | 1076 | 3012.8 | Work on forensic protocol and finalize for filing. |
| 01/15/19 | Eisinger, Vincent R | 0.5 | 805 | 402.5 | Call with M. Burke regarding coordinating filing of forensic inspection protocol and supporting documents. |
| 01/15/19 | Eisinger, Vincent R | 0.5 | 805 | 402.5 | Correspond with managing attorneys regarding filing of forensic inspection protocol and supporting documents. |
| 01/15/19 | Eisinger, Vincent R | 1 | 805 | 805 | Draft and revise declaration of A. Champion in support of forensic inspection protocol. |
| 01/15/19 | Eisinger, Vincent R | 1 | 805 | 805 | Review and revise memorandum in support of forensic inspection protocol. |
| 01/15/19 | Eisinger, Vincent R | 1.7 | 805 | 1368.5 | Finalize protocol and supporting documents for filing. |
| 01/15/19 | Eisinger, Vincent R | 3 | 805 | 2415 | Review and revise forensic inspection protocol. |
| 01/17/19 | Eisinger, Vincent R | 0.3 | 805 | 241.5 | Review corrected transcript from hearing on forensic protocol. |
| 01/22/19 | Hamburger, Bradley J | 0.4 | 941 | 376.4 | E-mail with team regarding Zelman contempt motion. |
| 01/22/19 | Cole, Laura R | 3.5 | 704 | 2464 | Draft motion for contempt relating to Zelman discovery. |
| 01/23/19 | Cole, Laura R | 2 | 704 | 1408 | Draft contempt motion based on Zelman discovery. |
| 01/24/19 | Hamburger, Bradley J | 0.5 | 941 | 470.5 | Revise Zelman contempt motion. |
| 01/25/19 | Hamburger, Bradley J | 0.9 | 941 | 846.9 | Revise Zelman contempt motion. |
| 01/25/19 | Cole, Laura R | 1.1 | 704 | 774.4 | Revise contempt motion relating to Zelman discovery. |
| 01/27/19 | Neuman, Andrea E | 0.6 | 1395 | 837 | Draft and edit contempt motion and exchange with client regarding same. |
| 01/27/19 | Thomson, William E | 1.7 | 1076 | 1829.2 | Edit draft motion for contempt regarding Zelman judgment pledge and circulate internally. |
| 01/28/19 | Neuman, Andrea E | 0.8 | 1395 | 1116 | Edit draft Zelman contempt motion and exchanges with team regarding same. |
| 01/28/19 | Hamburger, Bradley J | 0.5 | 941 | 470.5 | Revise contempt motion based on Zelman discovery. |
| 01/28/19 | Cole, Laura R | 0.6 | 704 | 422.4 | Revise contempt brief based on Zelman documents. |
| 01/29/19 | Mastro, Randy M | 1 | 1445 | 1445 | Work on new contempt motion. |

32

# SA348

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 01/29/19 | Thomson, William E | 0.8 | 1076 | 860.8 | Analyze Donziger forensic protocol filing and circulate to client. |
| 01/29/19 | Thomson, William E | 1.8 | 1076 | 1936.8 | Further edits to draft Zelman contempt motion and circulate same to client. |
| 01/29/19 | Hamburger, Bradley J | 0.7 | 941 | 658.7 | Revise contempt motion based on Zelman discovery. |
| 01/30/19 | Neuman, Andrea E | 0.6 | 1395 | 837 | Review Donziger opposition to protocol motion and exchanges with team regarding same. |
| 01/30/19 | Thomson, William E | 1.6 | 1076 | 1721.6 | Analyze Donziger "protocol" filing and discuss with client and follow up with team. |
| 01/30/19 | Hamburger, Bradley J | 0.9 | 941 | 846.9 | Review Donziger brief regarding forensic protocol. |
| 01/30/19 | Eisinger, Vincent R | 0.7 | 805 | 563.5 | Review Donziger opposition to the forensic protocol. |
| 01/31/19 | Neuman, Andrea E | 0.5 | 1395 | 697.5 | Review and edit draft Reply regarding forensic protocol. |
| 01/31/19 | Thomson, William E | 2.1 | 1076 | 2259.6 | Edit multiple drafts of reply and letter for permission regarding forensic protocol. |
| 01/31/19 | Eisinger, Vincent R | 0.2 | 805 | 161 | Review draft reply in support of forensic protocol. |
| 01/31/19 | Cole, Laura R | 0.9 | 704 | 633.6 | Draft attorney declaration for contempt motion regarding Zelman discovery. |
| 02/01/19 | Neuman, Andrea E | 1.8 | 1395 | 2511 | Edit forensic protocol reply, conference with S. Lynch and review of prior report and exchanges with team regarding same. |
| 02/01/19 | Champion, Anne M | 0.2 | 1121 | 224.2 | Review and approve declaration filed in support of forensic protocol. |
| 02/01/19 | Thomson, William E | 1.3 | 1076 | 1398.8 | Edit latest revised draft of forensic protocol reply. |
| 02/01/19 | Eisinger, Vincent R | 0.5 | 805 | 402.5 | Discuss reply in support of forensic protocol with M. Burke and L. Coppola. |
| 02/03/19 | Thomson, William E | 1.2 | 1076 | 1291.2 | Revise reply in support of forensic expert and circulate to client. |
| 02/04/19 | Thomson, William E | 1.3 | 1076 | 1398.8 | Finalize forensic expert brief and supervise filing. |
| 02/08/19 | Thomson, William E | 0.3 | 1076 | 322.8 | Analyze court order regarding forensic expert and circulate same to client. |
| 02/08/19 | Eisinger, Vincent R | 0.5 | 805 | 402.5 | Review J. Slavek declaration regarding S. Donziger use of of investment funds. |
| 02/13/19 | Mastro, Randy M | 1 | 1445 | 1445 | Work on next steps, contempt status, discovery issues. |
| 02/13/19 | Champion, Anne M | 0.4 | 1121 | 448.4 | Review and approve declaration regarding forensic experts. |
| 02/14/19 | Mastro, Randy M | 1 | 1445 | 1445 | Work on discovery-related and contempt issues. |
| 02/14/19 | Neuman, Andrea E | 0.5 | 1395 | 697.5 | Review and edit submissions on neutral forensic issues. |
| 02/15/19 | Mastro, Randy M | 1 | 1445 | 1445 | Work on responses, discovery, contempt. |
| 02/16/19 | Mastro, Randy M | 0.3 | 1445 | 433.5 | E-mails regarding protocol and neutral filing. |
| 02/26/19 | Thomson, William E | 0.5 | 1076 | 538 | Work on draft letter regarding additional proposed neutral experts. |
| 02/27/19 | Thomson, William E | 1.3 | 1076 | 1398.8 | Review client edits and make additional revisions to Zelman motion. |
| 02/27/19 | Hamburger, Bradley J | 0.2 | 941 | 188.2 | Review W. Thomson and A. Romero edits to contempt motion based on Zelman transfers. |
| 02/28/19 | Thomson, William E | 1.6 | 1076 | 1721.6 | Edit and comment on draft letter to court regarding assignment of interest. |
| 02/28/19 | Thomson, William E | 3.6 | 1076 | 3873.6 | Edit and comment on revised draft Zelman-related contempt motion. |

33

# SA349

A-1: Contempt

Champion Decl. Exhibit A - GDC Billing Records

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 02/28/19 | Hamburger, Bradley J | 0.9 | 941 | 846.9 | Revise Zelman contempt motion. |
| 03/01/19 | Thomson, William E | 1.2 | 1076 | 1291.2 | Analyze summary and transcript of Zelman deposition and follow up regarding edits to brief. |
| 03/01/19 | Eisinger, Vincent R | 0.3 | 805 | 241.5 | Review summary of D. Zelman deposition. |
| 03/01/19 | Cole, Laura R | 1.5 | 704 | 1056 | Revise Zelman contempt motion. |
| 03/04/19 | Mastro, Randy M | 1 | 1445 | 1445 | Work on court filings, contempt, and Zelman. |
| 03/04/19 | Neuman, Andrea E | 2.8 | 1395 | 3906 | Edit Zelman motion and exchanges with team regarding same. |
| 03/04/19 | Thomson, William E | 1.4 | 1076 | 1506.4 | Edit latest revised Zelman draft and circulate internally. |
| 03/04/19 | Hamburger, Bradley J | 0.3 | 941 | 282.3 | Review A. Neuman and W. Thomson revisions to Zelman-based contempt motion. |
| 03/04/19 | Hamburger, Bradley J | 0.6 | 941 | 564.6 | Answer A. Neuman questions regarding Zelman- based contempt motion. |
| 03/04/19 | Hamburger, Bradley J | 1 | 941 | 941 | Review Zelman deposition. |
| 03/04/19 | Eisinger, Vincent R | 1 | 805 | 805 | Review transcript for D. Zelman deposition. |
| 03/04/19 | Cole, Laura R | 0.9 | 704 | 633.6 | Revise Zelman contempt motion. |
| 03/05/19 | Mastro, Randy M | 0.5 | 1445 | 722.5 | Review protocol order. |
| 03/05/19 | Neuman, Andrea E | 0.3 | 1395 | 418.5 | Memo to client regarding outcome. |
| 03/05/19 | Neuman, Andrea E | 0.8 | 1395 | 1116 | Review order regarding forensic review. |
| 03/05/19 | Neuman, Andrea E | 0.9 | 1395 | 1255.5 | Review/comment on revised Zelman motion and exchanges with team regarding same. |
| 03/05/19 | Thomson, William E | 1.3 | 1076 | 1398.8 | Analyze Judge Kaplan orders regarding forensic neutral and associated documents. |
| 03/05/19 | Hamburger, Bradley J | 0.5 | 941 | 470.5 | Review opinion regarding forensic protocol for Donziger's electronic documents. |
| 03/06/19 | Neuman, Andrea E | 0.6 | 1395 | 837 | Exchanges with team regarding protocol deadline summary and coordination with Chevron's forensic expert. |
| 03/06/19 | Neuman, Andrea E | 0.7 | 1395 | 976.5 | Additional edits to Zelman contempt motion. |
| 03/06/19 | Eisinger, Vincent R | 0.5 | 805 | 402.5 | Review order regarding forensic protocol. |
| 03/06/19 | Eisinger, Vincent R | 2 | 805 | 1610 | Meet with A. Neuman and M. Burke regarding forensic protocol. |
| 03/06/19 | Cole, Laura R | 2 | 704 | 1408 | Revise Zelman contempt motion. |
| 03/07/19 | Mastro, Randy M | 1.5 | 1445 | 2167.5 | Work on protocol, Zelman, and related Donziger issue. |
| 03/07/19 | Cole, Laura R | 0.2 | 704 | 140.8 | Call with W. Thomson regarding Zelman motion. |
| 03/07/19 | Cole, Laura R | 2.2 | 704 | 1548.8 | Revise Zelman motion. |
| 03/08/19 | Neuman, Andrea E | 0.5 | 1395 | 697.5 | Review current draft and exchanges with W. Thomson on Zelman motion. |
| 03/08/19 | Thomson, William E | 4.4 | 1076 | 4734.4 | Work on revised Zelman motion and circulate same to client. |
| 03/08/19 | Hamburger, Bradley J | 0.2 | 941 | 188.2 | Review revised draft of Zelman brief. |
| 03/08/19 | Cole, Laura R | 0.8 | 704 | 563.2 | Revise draft Zelman contempt motion. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page210 of 301

# SA350

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 03/09/19 | Thomson, William E | 1.2 | 1076 | 1291.2 | Review client comments on Zelman contempt motion and edit same. |
| 03/10/19 | Cole, Laura R | 0.8 | 704 | 563.2 | Revise Zelman contempt motion. |
| 03/11/19 | Neuman, Andrea E | 0.7 | 1395 | 976.5 | Additional edits to Zelman motion. |
| 03/11/19 | Champion, Anne M | 0.5 | 1121 | 560.5 | Correspond with team regarding Donziger contempt of forensic exam order. |
| 03/11/19 | Thomson, William E | 0.8 | 1076 | 860.8 | Work on revised draft of Zelman contempt motion. |
| 03/11/19 | Thomson, William E | 1.1 | 1076 | 1183.6 | Analyze Campbell Ford deposition transcript for Zelman contempt motion. |
| 03/11/19 | Thomson, William E | 1.7 | 1076 | 1829.2 | Analyze Donziger correspondence regarding forensic inspection and formulate strategy in response, including drafting letter to court. |
| 03/11/19 | Hamburger, Bradley J | 0.2 | 941 | 188.2 | Discuss potential contempt motion and related research as to Donziger's refusal to comply with forensic protocol with W. Thomson. |
| 03/11/19 | Hamburger, Bradley J | 0.2 | 941 | 188.2 | Coordinate drafting of contempt motion regarding Donziger's refusal to comply with forensic protocol. |
| 03/11/19 | Hamburger, Bradley J | 0.4 | 941 | 376.4 | Coordinate drafting of contempt motion regarding Donziger's refusal to comply with forensic protocol. |
| 03/11/19 | Kostecka, Allison K | 1.7 | 824 | 1400.8 | Research and draft motion to hold S. Donziger in contempt. |
| 03/11/19 | Cole, Laura R | 0.6 | 704 | 422.4 | Revise Zelman contempt motion. |
| 03/12/19 | Mastro, Randy M | 1.5 | 1445 | 2167.5 | Work on court filings, discovery, and Donziger contempt. |
| 03/12/19 | Thomson, William E | 2.7 | 1076 | 2905.2 | Work on revising draft Zelman contempt motion and circulate same to client. |
| 03/12/19 | Hamburger, Bradley J | 1.5 | 941 | 1411.5 | Revise Zelman contempt motion to document Donziger's efforts to block ROE remediation. |
| 03/12/19 | Cole, Laura R | 2 | 704 | 1408 | Draft argument section of hard drive contempt motion. |
| 03/13/19 | Kostecka, Allison K | 5.3 | 824 | 4367.2 | Research and motion to hold S. Donziger in contempt. |
| 03/13/19 | Cole, Laura R | 0.3 | 704 | 211.2 | Revise contempt motion regarding Donziger's devices. |
| 03/14/19 | Thomson, William E | 3.1 | 1076 | 3335.6 | Edit draft motion for contempt regarding refusal to provide electronic devices and circulate same to client. |
| 03/14/19 | Hamburger, Bradley J | 2.1 | 941 | 1976.1 | Revise forensic protocol contempt motion. |
| 03/14/19 | Kostecka, Allison K | 0.4 | 824 | 329.6 | Revise motion to hold S. Donziger in contempt. |
| 03/14/19 | Cole, Laura R | 0.2 | 704 | 140.8 | Revise contempt motion regarding Donziger devices. |
| 03/15/19 | Thomson, William E | 3.4 | 1076 | 3658.4 | Work on contempt regarding forensic devices, including responding to client comments and comments from Stern & Kilcullen. |
| 03/15/19 | Hamburger, Bradley J | 0.4 | 941 | 376.4 | Discuss revisions to contempt motion regarding forensic protocol with W. Thomson. |
| 03/15/19 | Hamburger, Bradley J | 0.6 | 941 | 564.6 | Draft email to team regarding response to A. Romero questions regarding forensic protocol order contempt motion. |
| 03/15/19 | Hamburger, Bradley J | 0.8 | 941 | 752.8 | Research in response to A. Romero questions regarding forensic protocol order contempt motion. |
| 03/15/19 | Hamburger, Bradley J | 0.8 | 941 | 752.8 | Review research in response to A. Romero questions regarding forensic protocol order contempt motion. |

# SA351

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 03/15/19 | Hamburger, Bradley J | 1.8 | 941 | 1693.8 | Revise forensic protocol order contempt motion. |
| 03/15/19 | Kostecka, Allison K | 3.2 | 824 | 2636.8 | Research case law for contempt motion. |
| 03/16/19 | Mastro, Randy M | 0.5 | 1445 | 722.5 | Work on contempt issues. |
| 03/16/19 | Thomson, William E | 1.2 | 1076 | 1291.2 | Review comments on draft forensic contempt motion and address remedies issues. |
| 03/16/19 | Kostecka, Allison K | 0.6 | 824 | 494.4 | Revise motion to hold S. Donziger in contempt. |
| 03/16/19 | Cole, Laura R | 0.8 | 704 | 563.2 | Revise Zelman motion. |
| 03/17/19 | Mastro, Randy M | 1 | 1445 | 1445 | Work on contempt motions. |
| 03/17/19 | Thomson, William E | 1.8 | 1076 | 1936.8 | Edit and circulate to client revised drafts of forensic contempt and Zelman contempt motions and follow up regarding same. |
| 03/18/19 | Thomson, William E | 2.4 | 1076 | 2582.4 | Work on forensic contempt motion, including incorporating remedies comments and fact of Donziger's actual failure to turnover devices. |
| 03/18/19 | Hamburger, Bradley J | 0.4 | 941 | 376.4 | Coordinate finalization of forensic discovery contempt motion. |
| 03/18/19 | Kostecka, Allison K | 2.2 | 824 | 1812.8 | Review and revise motion to hold S. Donziger in contempt of court and supporting documents. |
| 03/18/19 | Cole, Laura R | 0.2 | 704 | 140.8 | Work on discovery-related contempt motion. |
| 03/19/19 | Thomson, William E | 2.1 | 1076 | 2259.6 | Work on remedies issues regarding forensic device contempt motion and edit same. |
| 03/19/19 | Hamburger, Bradley J | 0.4 | 941 | 376.4 | Discuss strategy for contempt motion regarding forensic inspection protocol with W. Thomson. |
| 03/19/19 | Hamburger, Bradley J | 0.7 | 941 | 658.7 | Revise contempt motion regarding forensic inspection protocol. |
| 03/20/19 | Mastro, Randy M | 1 | 1445 | 1445 | Work on contempt motions. |
| 03/20/19 | Neuman, Andrea E | 0.7 | 1395 | 976.5 | Review/edit forensic protocol contempt motion. |
| 03/20/19 | Champion, Anne M | 0.5 | 1121 | 560.5 | Review Champion Declaration in support of contempt motion. |
| 03/20/19 | Thomson, William E | 1.7 | 1076 | 1829.2 | Finalize contempt motions regarding forensic protocol and Zelman and associated documents. |
| 03/20/19 | Hamburger, Bradley J | 0.4 | 941 | 376.4 | Coordinate finalization of forensic protocol order contempt motion. |
| 03/20/19 | Hamburger, Bradley J | 1.1 | 941 | 1035.1 | Revise forensic protocol order contempt motion. |
| 03/20/19 | Kostecka, Allison K | 0.4 | 824 | 329.6 | Review and revise contempt motion before filing. |
| 03/20/19 | Cole, Laura R | 4.5 | 704 | 3168 | Prepare Zelman motion for filing. |
| 04/02/19 | Eisinger, Vincent R | 0.3 | 805 | 241.5 | Review S. Donziger filing regarding extension for opposition to contempt motions. |
| 04/08/19 | Thomson, William E | 1.8 | 1076 | 1936.8 | Analyze Donziger opposition brief to contempt motions and outline strategy for reply. |
| 04/08/19 | Hamburger, Bradley J | 0.4 | 941 | 376.4 | Review Donziger response to contempt motions. |
| 04/09/19 | Hamburger, Bradley J | 1 | 941 | 941 | Discuss reply in support of Zelman and forensic protocol contempt motions with W. Thomson, A. Kostecka, L. Cole, J. Kim. |

# SA352

**A-1: Contempt**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 04/09/19 | Hamburger, Bradley J | 1.2 | 941 | 1129.2 | Develop arguments for reply in support of Zelman and forensic protocol contempt motions. |
| 04/09/19 | Kostecka, Allison K | 1.3 | 824 | 1071.2 | Participate in conference call to discuss reply in support of pending motions for contempt. |
| 04/09/19 | Kostecka, Allison K | 4.8 | 824 | 3955.2 | Research and draft reply to motions for contempt. |
| 04/09/19 | Eisinger, Vincent R | 0.4 | 805 | 322 | Review S. Donziger opposition to Chevron contempt motions. |
| 04/09/19 | Cole, Laura R | 0.3 | 704 | 211.2 | Review Donziger response to contempt motions. |
| 04/09/19 | Cole, Laura R | 1.2 | 704 | 844.8 | Call with W. Thomson, B. Hamburger, A. Kostecka and J. Lim regarding reply in support of contempt motions, including follow-up call with A. Kostecka and J. Lim regarding same. |
| 04/10/19 | Kostecka, Allison K | 7.6 | 824 | 6262.4 | Research and draft reply in support of motions to hold S. Donziger in contempt of court. |
| 04/10/19 | Cole, Laura R | 2.8 | 704 | 1971.2 | Draft sections for reply brief on contempt motions. |
| 04/11/19 | Thomson, William E | 3.7 | 1076 | 3981.2 | Work on reply in support of contempt motions. |
| 04/11/19 | Kostecka, Allison K | 2.9 | 824 | 2389.6 | Revise reply in support of motion to hold S. Donziger in contempt. |
| 04/11/19 | Cole, Laura R | 0.5 | 704 | 352 | Work on reply to contempt motions, including call with A. Kostecka and J. Lim regarding same. |
| 04/12/19 | Neuman, Andrea E | 0.9 | 1395 | 1255.5 | Edit reply brief and exchange with W. Thomson. |
| 04/12/19 | Thomson, William E | 8.9 | 1076 | 9576.4 | Work on editing reply in support of contempt motions and circulate same internally and to client. |
| 04/12/19 | Hamburger, Bradley J | 0.3 | 941 | 282.3 | Discuss strategy for contempt motions reply with W. Thomson. |
| 04/12/19 | Hamburger, Bradley J | 0.3 | 941 | 282.3 | E-mail with W. Thomson, A. Kostecka regarding contempt motions reply. |
| 04/12/19 | Hamburger, Bradley J | 0.9 | 941 | 846.9 | Develop additional points for contempt motions reply. |
| 04/12/19 | Hamburger, Bradley J | 1.3 | 941 | 1223.3 | Revise reply in support of contempt motions. |
| 04/12/19 | Kostecka, Allison K | 2.2 | 824 | 1812.8 | Research and draft reply in support of motions for contempt. |
| 04/12/19 | Eisinger, Vincent R | 0.3 | 805 | 241.5 | Review correspondence with S. Donziger regarding D. Zelman for purposes of reply in support of contempt motion. |
| 04/13/19 | Thomson, William E | 0.7 | 1076 | 753.2 | Edit and circulate revised draft of reply regarding contempt motions to client. |
| 04/13/19 | Hamburger, Bradley J | 1.4 | 941 | 1317.4 | Revise reply in support of contempt motions. |
| 04/15/19 | Thomson, William E | 1.1 | 1076 | 1183.6 | Finalize reply in support of contempt motions. |
| 04/15/19 | Hamburger, Bradley J | 0.7 | 941 | <u>658.7</u> | Finalize reply in support of contempt motions. |
| | **Total** | | | 1,562,576 | |

**SA353**

# EXHIBIT A-2

# SA354

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page215 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 01/04/2018 | Herrera, Alejandro A | 1.50 | 774 | 1161 | Review and redraft memorandum regarding discovery in support of judgment enforcement. |
| 01/04/2018 | Herrera, Alejandro A | 2.00 | 774 | 1548 | Research and analyze legal authority regarding discovery in support of judgment enforcement. |
| 01/04/2018 | Henrick, Stephen W | 0.30 | 729 | 218.7 | E-mails and calls with A. Herrera and A. Neuman regarding judgment enforcement discovery. |
| 01/04/2018 | Henrick, Stephen W | 3.60 | 729 | 2624.4 | Research regarding same. |
| 01/05/2018 | Herrera, Alejandro A | 1.40 | 774 | 1083.6 | Research and analyze legal authority regarding discovery in support of judgment enforcement. |
| 01/05/2018 | Henrick, Stephen W | 0.80 | 729 | 583.2 | Review memorandum regarding judgment enforcement discovery and e-mails with team regarding same. |
| 01/06/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Research and analyze legal authority regarding discovery in support of judgment enforcement. |
| 01/08/2018 | Herrera, Alejandro A | 1.80 | 774 | 1393.2 | Research and analyze legal authority regarding post- judgment discovery. |
| 01/08/2018 | Henrick, Stephen W | 3.40 | 729 | 2478.6 | Revise draft enforcement discovery. |
| 01/09/2018 | Herrera, Alejandro A | 1.30 | 774 | 1006.2 | Research and analyze legal authority regarding discovery in support of judgment enforcement. |
| 01/10/2018 | Herrera, Alejandro A | 3.00 | 774 | 2322 | Research and analyze legal authority regarding discovery in support of judgment enforcement. |
| 01/11/2018 | Herrera, Alejandro A | 3.80 | 774 | 2941.2 | Research and analyze legal authority regarding post- judgment discovery under New York law. |
| 01/12/2018 | Herrera, Alejandro A | 0.60 | 774 | 464.4 | Strategize with attorney team regarding post-judgment discovery. |
| 01/12/2018 | Herrera, Alejandro A | 1.40 | 774 | 1083.6 | Review and redraft post- judgment discovery memorandum. |
| 01/12/2018 | Herrera, Alejandro A | 2.20 | 774 | 1702.8 | Research and analyze legal authority regarding post-judgment discovery for equitable judgments. |
| 01/12/2018 | Henrick, Stephen W | 0.40 | 729 | 291.6 | Discuss judgment enforcement discovery options with team. |
| 01/12/2018 | Henrick, Stephen W | 0.90 | 729 | 656.1 | Review prior work product regarding same. |
| 01/16/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Review and redraft post-judgment discovery requests. |
| 01/16/2018 | Herrera, Alejandro A | 1.90 | 774 | 1470.6 | Review and analyze legal authority regarding the same. |
| 01/17/2018 | Herrera, Alejandro A | 1.20 | 774 | 928.8 | Review and redraft memorandum regarding the same. |
| 01/17/2018 | Herrera, Alejandro A | 1.80 | 774 | 1393.2 | Research and analyze legal authority regarding post- judgment discovery. |
| 01/19/2018 | Herrera, Alejandro A | 0.80 | 774 | 619.2 | Review and redraft discovery requests. |
| 01/19/2018 | Herrera, Alejandro A | 1.00 | 774 | 774 | Research and analyze legal authority regarding post-judgment discovery. |
| 01/19/2018 | Henrick, Stephen W | 3.90 | 729 | 2843.1 | Revise enforcement discovery including call with team regarding same. |
| 01/23/2018 | Herrera, Alejandro A | 0.80 | 774 | 619.2 | Review and redraft memorandum regarding post-judgment discovery. |
| 01/24/2018 | Herrera, Alejandro A | 3.40 | 774 | 2631.6 | Research and analyze legal authority regarding post- judgment discovery under New York law. |
| 01/25/2018 | Henrick, Stephen W | 0.30 | 729 | 218.7 | Discussions with team regarding enforcement discovery. |

# SA355

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 02/01/2018 | Herrera, Alejandro A | 0.90 | 774 | 696.6 | Research and analyze legal authority regarding post judgment discovery. |
| 02/04/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Research and analyze legal authority regarding post judgment discovery. |
| 02/09/2018 | Herrera, Alejandro A | 0.30 | 774 | 232.2 | Strategize with attorney team regarding post judgment discovery requests. |
| 02/10/2018 | Champion, Anne M | 2.10 | 1017 | 2135.7 | Edit judgment enforcement discovery requests. |
| 02/10/2018 | Herrera, Alejandro A | 1.20 | 774 | 928.8 | Review and redraft post judgment discovery requests. |
| 02/10/2018 | Henrick, Stephen W | 0.30 | 729 | 218.7 | E-mails with team regarding enforcement discovery. |
| 02/11/2018 | Champion, Anne M | 0.80 | 1017 | 813.6 | Edit judgment enforcement discovery requests. |
| 02/11/2018 | Champion, Anne M | 1.10 | 1017 | 1118.7 | Review documents relevant to discovery requests. |
| 02/11/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Review and redraft post judgment discovery requests. |
| 02/11/2018 | Herrera, Alejandro A | 1.50 | 774 | 1161 | Research and analyze legal authority regarding post judgment discovery. |
| 02/11/2018 | Henrick, Stephen W | 0.20 | 729 | 145.8 | E-mails with team regarding draft enforcement discovery. |
| 02/12/2018 | Mastro, Randy M | 0.50 | 1255 | 627.5 | Review documents and e-mails regarding contempt subpoenas. |
| 02/13/2018 | Herrera, Alejandro A | 0.50 | 774 | 387 | Strategize with attorney team regarding post-judgment discovery requests. |
| 02/13/2018 | Herrera, Alejandro A | 0.80 | 774 | 619.2 | Research and analyze legal authority regarding the same. |
| 02/13/2018 | Henrick, Stephen W | 0.40 | 729 | 291.6 | E-mails with team regarding enforcement discovery. |
| 02/14/2018 | Herrera, Alejandro A | 1.20 | 774 | 928.8 | Strategize with attorney team regarding the same. |
| 02/14/2018 | Herrera, Alejandro A | 1.30 | 774 | 1006.2 | Research and analyze ex parte motions for post-judgment enforcement and discovery. |
| 02/14/2018 | Henrick, Stephen W | 0.30 | 729 | 218.7 | Discussions with team regarding enforcement discovery. |
| 02/16/2018 | Neuman, Andrea E | 1.50 | 1179 | 1768.5 | Analysis of Elliott documents and follow-up regarding same. |
| 02/19/2018 | Champion, Anne M | 0.30 | 1017 | 305.1 | Telephone conference with A. Herrera regarding contempt discovery. |
| 02/19/2018 | Herrera, Alejandro A | 1.10 | 774 | 851.4 | Research and analyze legal authority regarding post-judgment discovery. |
| 02/21/2018 | Herrera, Alejandro A | 1.30 | 774 | 1006.2 | Research and analyze legal authority regarding ex parte discovery and preservation orders. |
| 02/23/2018 | Herrera, Alejandro A | 1.30 | 774 | 1006.2 | Research and analyze legal authority regarding discovery in support of judgment enforcement. |
| 02/24/2018 | Herrera, Alejandro A | 2.60 | 774 | 2012.4 | Research and analyze legal authority regarding ex parte discovery in support of judgment enforcement. |
| 02/27/2018 | Herrera, Alejandro A | 1.00 | 774 | 774 | Draft and revise post judgment discovery requests. |
| 02/28/2018 | Herrera, Alejandro A | 0.40 | 774 | 309.6 | Draft and revise post judgment discovery requests. |
| 03/01/2018 | Herrera, Alejandro A | 1.40 | 774 | 1083.6 | Review and redraft post-judgment discovery requests. |
| 03/06/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Review and redraft discovery requests for ex parte filing. |
| 03/07/2018 | Herrera, Alejandro A | 0.40 | 774 | 309.6 | Review and redraft post judgment discovery requests. |

# SA356

Case 1:11-cv-00691-LAK-JCF   Document 2245-1   Filed 06/18/19   Page 43 of 91

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 03/09/2018 | Henrick, Stephen W | 1.50 | 729 | 1093.5 | Revise draft enforcement discovery and communications with team regarding same. |
| 03/10/2018 | Herrera, Alejandro A | 1.20 | 774 | 928.8 | Research and analyze legal authority regarding post judgment discovery. |
| 03/11/2018 | Herrera, Alejandro A | 1.10 | 774 | 851.4 | Research and analyze legal authority regarding ex parte discovery requests. |
| 03/14/2018 | Neuman, Andrea E | 0.70 | 1179 | 825.3 | Edit ex parte application for discovery and exchanges with team regarding same. |
| 03/14/2018 | Champion, Anne M | 0.60 | 1017 | 610.2 | Address service of contempt-related discovery with A. Herrera. |
| 03/15/2018 | Herrera, Alejandro A | 0.30 | 774 | 232.2 | Review and revise post-judgment discovery requests. |
| 03/15/2018 | Herrera, Alejandro A | 2.10 | 774 | 1625.4 | Research and analyze legal authority regarding deposition subpoenas. |
| 03/19/2018 | Herrera, Alejandro A | 0.40 | 774 | 309.6 | Serve documents on Donziger and third parties. |
| 03/19/2018 | Herrera, Alejandro A | 0.40 | 774 | 309.6 | Review and redraft post judgment discovery requests |
| 03/19/2018 | Henrick, Stephen W | 0.20 | 729 | 145.8 | E-mails with team regarding process servers and next steps. |
| 03/26/2018 | Neuman, Andrea E | 2.00 | 1179 | 2358 | Analyze and edit discovery and exchange with team regarding same. |
| 03/27/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Research and analyze legal authority regarding post judgment discovery. |
| 03/28/2018 | Herrera, Alejandro A | 0.60 | 774 | 464.4 | Review and redraft post-judgment discovery requests. |
| 04/02/2018 | Mastro, Randy M | 0.50 | 1255 | 627.5 | Review discovery demands and e-mails regarding same. |
| 04/03/2018 | Mastro, Randy M | 0.50 | 1255 | 627.5 | Review draft discovery requests and e-mails regarding same. |
| 04/03/2018 | Neuman, Andrea E | 4.20 | 1179 | 4951.8 | Analyze and comment on draft discovery; exchanges with Stern firm regarding drafts; conferences and exchanges with A. Herrera regarding same; analysis of prior productions regarding same. |
| 04/03/2018 | Herrera, Alejandro A | 0.50 | 774 | 387 | Review and redraft post-judgment discovery requests. |
| 04/04/2018 | Herrera, Alejandro A | 1.10 | 774 | 851.4 | Review and redraft memorandum regarding the same. |
| 04/04/2018 | Herrera, Alejandro A | 5.70 | 774 | 4411.8 | Research and analyze legal authority regarding post- judgment discovery in support of enforcement. |
| 04/05/2018 | Champion, Anne M | 0.30 | 1017 | 305.1 | Discuss with A. Herrera. |
| 04/05/2018 | Champion, Anne M | 3.10 | 1017 | 3152.7 | Review and provide comments on RICO enforcement discovery to Donziger. |
| 04/05/2018 | Herrera, Alejandro A | 1.10 | 774 | 851.4 | Review and redraft post-judgment discovery requests. |
| 04/09/2018 | Herrera, Alejandro A | 0.60 | 774 | 464.4 | Research and analyze legal authority regarding post-judgment discovery under the New York CPLR. |
| 04/09/2018 | Herrera, Alejandro A | 4.80 | 774 | 3715.2 | Continue editing post-judgment discovery requests to Donziger and third parties. |
| 04/10/2018 | Herrera, Alejandro A | 0.30 | 774 | 232.2 | Review and redraft memorandum regarding the same. |
| 04/10/2018 | Herrera, Alejandro A | 0.40 | 774 | 309.6 | Strategize with attorney team regarding post- judgment discovery requests. |
| 04/10/2018 | Herrera, Alejandro A | 3.70 | 774 | 2863.8 | Research and analyze legal authority regarding post- judgment discovery under the New York CPLR. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page217 of 301

40

# SA357

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page218 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 04/11/2018 | Herrera, Alejandro A | 0.90 | 774 | 696.6 | Review and redraft memorandum regarding the same. |
| 04/11/2018 | Herrera, Alejandro A | 3.40 | 774 | 2631.6 | Research and analyze legal authority regarding post-judgment enforcement. |
| 04/12/2018 | Neuman, Andrea E | 0.80 | 1179 | 943.2 | Multiple exchanges with team and conference with client on post-judgment discovery issues. |
| 04/12/2018 | Herrera, Alejandro A | 0.30 | 774 | 232.2 | Strategize with attorney team regarding the same. |
| 04/12/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Research and analyze legal authority regarding post-judgment discovery. |
| 04/12/2018 | Herrera, Alejandro A | 6.10 | 774 | 4721.4 | Revise and edit post-judgment discovery requests against Donziger and third parties. |
| 04/14/2018 | Herrera, Alejandro A | 0.30 | 774 | 232.2 | Strategize with attorney team regarding the same. |
| 04/14/2018 | Herrera, Alejandro A | 0.90 | 774 | 696.6 | Research and analyze legal authority regarding post-judgment discovery. |
| 04/14/2018 | Herrera, Alejandro A | 2.40 | 774 | 1857.6 | Revise and transmit third party discovery subpoenas in support of judgment enforcement. |
| 04/15/2018 | Herrera, Alejandro A | 1.80 | 774 | 1393.2 | Review and redraft post-judgment discovery requests to Donziger. |
| 04/16/2018 | Neuman, Andrea E | 1.00 | 1179 | 1179 | Review and comment on and finalize service set of Donziger discovery and exchanges with team regarding same. |
| 04/16/2018 | Champion, Anne M | 0.30 | 1017 | 305.1 | Address service of Donziger. |
| 04/16/2018 | Champion, Anne M | 0.50 | 1017 | 508.5 | Address service on Rizack. |
| 04/16/2018 | Champion, Anne M | 0.50 | 1017 | 508.5 | Address preparation of entity subpoena for Rising Group. |
| 04/16/2018 | Champion, Anne M | 0.60 | 1017 | 610.2 | Follow up on service. |
| 04/16/2018 | Champion, Anne M | 1.10 | 1017 | 1118.7 | Review Rizack discovery requests. |
| 04/16/2018 | Herrera, Alejandro A | 0.50 | 774 | 387 | Strategize with attorney team regarding the same. |
| 04/16/2018 | Herrera, Alejandro A | 0.50 | 774 | 387 | Research and analyze legal authority regarding post-judgment discovery. |
| 04/16/2018 | Herrera, Alejandro A | 0.60 | 774 | 464.4 | Review and finalize post-judgment subpoenas on Donziger. |
| 04/16/2018 | Herrera, Alejandro A | 0.80 | 774 | 619.2 | Strategize with attorney team regarding the same. |
| 04/16/2018 | Herrera, Alejandro A | 1.20 | 774 | 928.8 | Manage service of process on third party subpoena targets. |
| 04/17/2018 | Champion, Anne M | 0.50 | 1017 | 508.5 | Address subpoena service issues. |
| 04/17/2018 | Champion, Anne M | 0.90 | 1017 | 915.3 | Review correspondence and subpoenas and respond to e-mail from counsel for AthenaHealth regarding subpoenas. |
| 04/17/2018 | Herrera, Alejandro A | 0.50 | 774 | 387 | Draft post-judgment discovery subpoena to The Rising Group. |
| 04/17/2018 | Herrera, Alejandro A | 0.90 | 774 | 696.6 | Strategize with attorney team regarding post-judgment discovery requests. |
| 04/18/2018 | Champion, Anne M | 0.20 | 1017 | 203.4 | Revise draft e-mail to counsel for AthenaHealth and send. |
| 04/18/2018 | Champion, Anne M | 0.30 | 1017 | 305.1 | Correspond with team regarding same. |
| 04/18/2018 | Champion, Anne M | 0.40 | 1017 | 406.8 | Telephone conference with counsel for AthenaHealth regarding third party subpoena. |
| 04/18/2018 | Champion, Anne M | 0.70 | 1017 | 711.9 | Edit Rising Group subpoena. |

# SA358

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 04/18/2018 | Herrera, Alejandro A | 0.40 | 774 | 309.6 | Telephone call with AthenaHealth regarding subpoenas. |
| 04/18/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Draft post-judgment subpoenas to the Rising Group. |
| 04/18/2018 | Herrera, Alejandro A | 1.20 | 774 | 928.8 | Review and analyze materials related to forensic accounting of Donziger assets. |
| 04/19/2018 | Mastro, Randy M | 0.30 | 1255 | 376.5 | E-mails regarding discovery status. |
| 04/19/2018 | Neuman, Andrea E | 0.40 | 1179 | 471.6 | Edit meet-and-confer correspondence. |
| 04/19/2018 | Champion, Anne M | 0.30 | 1017 | 305.1 | Incorporate edit from client and send. |
| 04/19/2018 | Champion, Anne M | 0.80 | 1017 | 813.6 | Revise draft e-mail to counsel for Athena and send to client. |
| 04/19/2018 | Herrera, Alejandro A | 0.30 | 774 | 232.2 | Research and analyze legal authority regarding scope of post-judgment discovery. |
| 04/19/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Strategize with attorney team regarding meet-and-confer e-mails with post-judgment discovery targets. |
| 04/19/2018 | Herrera, Alejandro A | 1.10 | 774 | 851.4 | Review and analyze documents relating to Donziger and LAP finances. |
| 04/19/2018 | Herrera, Alejandro A | 1.30 | 774 | 1006.2 | Draft and revise deposition outlines for post-judgment discovery targets. |
| 04/23/2018 | Herrera, Alejandro A | 0.50 | 774 | 387 | Review and redraft post-judgment subpoenas. |
| 04/24/2018 | Champion, Anne M | 0.20 | 1017 | 203.4 | Respond to counsel for J. Bush. |
| 04/24/2018 | Champion, Anne M | 0.40 | 1017 | 406.8 | Follow up on subpoena to Rising Group and outstanding meet-and-confer issues. |
| 04/24/2018 | Herrera, Alejandro A | 0.40 | 774 | 309.6 | Research and analyze legal authority regarding service of process. |
| 04/24/2018 | Herrera, Alejandro A | 0.80 | 774 | 619.2 | Finalize and oversee service of post-judgment subpoenas. |
| 04/24/2018 | Herrera, Alejandro A | 1.60 | 774 | 1238.4 | Review and analyze documents relating to LAP and Donziger finances. |
| 04/25/2018 | Mastro, Randy M | 2.00 | 1255 | 2510 | Work on Donziger and third-party discovery issue. |
| 04/25/2018 | Thomson, William E | 0.50 | 1039 | 519.5 | Review and address communications with counsel for Sullivan and Bush regarding subpoenas. |
| 04/25/2018 | Champion, Anne M | 0.40 | 1017 | 406.8 | Telephone conference with counsel for J. Bush regarding third party subpoenas. |
| 04/25/2018 | Champion, Anne M | 0.40 | 1017 | 406.8 | Review S. Donziger e-mail and prepare for meet-and-confer. |
| 04/25/2018 | Champion, Anne M | 0.50 | 1017 | 508.5 | Draft e-mail to counsel for J. Bush and incorporate comments from team and client. |
| 04/25/2018 | Champion, Anne M | 0.60 | 1017 | 610.2 | Telephone conference with J. Silverstein regarding responses to counsel for K. Sullivan and J. Bush and follow up. |
| 04/25/2018 | Champion, Anne M | 0.80 | 1017 | 813.6 | Correspond with team regarding third party subpoenas. |
| 04/25/2018 | Herrera, Alejandro A | 0.80 | 774 | 619.2 | Telephone calls with opposing counsel regarding third-party subpoenas. |
| 04/25/2018 | Herrera, Alejandro A | 1.40 | 774 | 1083.6 | Strategize with attorney team regarding the same. |
| 04/26/2018 | Neuman, Andrea E | 0.50 | 1179 | 589.5 | Address multiple meet-and-confer issues on discovery. |
| 04/26/2018 | Champion, Anne M | 0.40 | 1017 | 406.8 | Schedule meet-and-confer regarding Donziger subpoenas and report to team. |

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 04/26/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Strategize with attorney team regarding third-party subpoenas. |
| 04/27/2018 | Mastro, Randy M | 1.00 | 1255 | 1255 | Work on Donziger discovery issues. |
| 04/27/2018 | Champion, Anne M | 0.30 | 1017 | 305.1 | Edit summary e-mail to team. |
| 04/27/2018 | Champion, Anne M | 1.00 | 1017 | 1017 | Prepare for and conduct meet-and-confer with S. Donziger regarding motion on third party subpoena. |
| 04/27/2018 | Herrera, Alejandro A | 0.40 | 774 | 309.6 | Strategize with attorney team regarding post-judgment discovery requests. |
| 04/27/2018 | Herrera, Alejandro A | 0.50 | 774 | 387 | Strategize with attorney team regarding the same. |
| 04/27/2018 | Herrera, Alejandro A | 0.80 | 774 | 619.2 | Meet-and-confer call with Donziger regarding post- judgment subpoenas. |
| 04/28/2018 | Mastro, Randy M | 0.50 | 1255 | 627.5 | Work on discovery responses and new subpoena. |
| 04/28/2018 | Champion, Anne M | 0.30 | 1017 | 305.1 | Draft and incorporate edits to response to J. Rizack. |
| 04/30/2018 | Thomson, William E | 1.40 | 1039 | 1454.6 | Review and analyze Donziger objections to discovery and formulate strategy in response. |
| 04/30/2018 | Herrera, Alejandro A | 0.50 | 774 | 387 | Strategize with attorney team regarding post-judgment discovery. |
| 04/30/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Review and analyze Donziger responses to information subpoena. |
| 05/01/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Revise and send e-mail to counsel for athenahealth. |
| 05/01/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Update team and follow up. |
| 05/01/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Meet and confer with athenahealth counsel. |
| 05/01/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Telephone conferences with A. Herrera regarding discovery. |
| 05/01/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Review chart of third party discovery and provide comments. |
| 05/01/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Meet and confer call with athenahealh, Inc. regarding post-judgment subpoena. |
| 05/01/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Draft status report of post-judgment subpoenas. |
| 05/02/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Conference with J. Rizack regarding production per subpoena and follow-up regarding same. |
| 05/02/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Follow up e-mail to J. Rizack. |
| 05/02/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Meet and confer with J. Rizack. |
| 05/02/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Follow up on third party subpoenas with third party counsel and A. Herrera. |
| 05/02/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding the same. |
| 05/02/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Meet and confer call with J. Rizack. |
| 05/03/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Draft e-mail to J. Scott regarding athenahealth subpoena and incorporate comments from team. |
| 05/03/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Draft response to athenahealth regarding post-judgment subpoenas. |
| 05/04/2018 | Neuman, Andrea E | 0.6 | 1179 | 707.4 | Review and comment on Donziger objections and exchanges with team regarding same. |
| 05/04/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding the same. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page220 of 301

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 05/04/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Meet and confer call with A. Champion and S. Donziger regarding post-judgment subpoenas. |
| 05/07/2018 | Neuman, Andrea E | 0.2 | 1179 | 235.8 | Exchanges with co-counsel on subpoena issues. |
| 05/07/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Correspond with attorneys for third party subpoena recipients. |
| 05/12/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Communication with J. Rizack and attorney team regarding post-judgment subpoenas. |
| 05/13/2018 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Correspond with J. Rizack. |
| 05/14/2018 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on contempt discovery issues. |
| 05/15/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding post-judgment subpoenas. |
| 05/16/2018 | Mastro, Randy M | 4 | 1255 | 5020 | Work on contempt and discovery related to same and review judge's opinion and telephone conferences and e- mails. |
| 05/16/2018 | Champion, Anne M | 1.5 | 1017 | 1525.5 | Correspond with client regarding communication to third party subpoena recipients and hearing logistics and send e- mails to counsel for third parties. |
| 05/16/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding post-judgment subpoenas. |
| 05/16/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Review and analyze post-judgment subpoenas. |
| 05/17/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Coordinate payment of witness fee for third party subpoena document production. |
| 05/17/2018 | Eisinger, Vincent R | 3 | 733 | 2199 | Review Donziger's objections to requests for production and begin drafting replies. |
| 05/19/2018 | Herrera, Alejandro A | 1.5 | 774 | 1161 | Research and analyze legal authority regarding judgment enforcement discovery against Donziger. |
| 05/21/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Address communication to third party discovery targets. |
| 05/21/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Draft timeline of post- judgment discovery. |
| 05/21/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding the same. |
| 05/22/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Review research on contempt discovery and forward to team. |
| 05/22/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding Donziger deposition and post-judgment discovery. |
| 05/23/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding third party subpoena to American Express. |
| 05/23/2018 | Herrera, Alejandro A | 2.4 | 774 | 1857.6 | Review and analyze Chevron post-judgment subpoenas to Donziger and third parties. |
| 05/23/2018 | Henrick, Stephen W | 1.2 | 729 | 874.8 | E-mails with team regarding letter submission to court regarding enforcement discovery. |
| 05/24/2018 | Herrera, Alejandro A | 1.1 | 774 | 851.4 | Review and analyze post- judgment subpoenas to Donziger and third parties related to Judge Kaplan ruling on motion to compel. |
| 05/30/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Draft post-judgment subpoenas for AMEX and Smith Barney. |
| 05/31/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Follow up on subpoena drafting with A. Herrera. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page221 of 301

# SA361

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 05/31/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Review subpoenas. |
| 05/31/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Revise e-mails to J. Rizack and S. Donziger and send. |
| 05/31/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Communication with J. Rizack regarding subpoenas. |
| 05/31/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Research and analyze waiver of objections to subpoenas. |
| 06/01/2018 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Address subpoena issues regarding timeframe and other issues. |
| 06/01/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Review and revise response to Donziger regarding discovery production. |
| 06/02/2018 | Henrick, Stephen W | 0.5 | 729 | 364.5 | E-mails with team regarding discovery demands to Donziger and third parties in support of contempt hearing. |
| 06/04/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Review and revise subpoenas to third party banks. |
| 06/05/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Revise letter to Judge Kaplan on discovery. |
| 06/05/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Communicate with counsel for third parties regarding subpoena compliance. |
| 06/07/2018 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Meet with A. Herrera regarding revising discovery requests. |
| 06/07/2018 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Address third party discovery positions and potential motions to compel and exchanges with co-counsel regarding same. |
| 06/07/2018 | Neuman, Andrea E | 0.6 | 1179 | 707.4 | Review and draft responses to multiple Donziger discovery positions and arguments. |
| 06/07/2018 | Champion, Anne M | 0.2 | 1017 | 203.4 | Draft e-mail to third-party counsel regarding consent to jurisdiction of SDNY on subpoena issues. |
| 06/07/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Correspond with client and team regarding third party productions. |
| 06/07/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and revise post-judgment subpoenas. |
| 06/07/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding the same. |
| 06/08/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Exchanges with team regarding third party discovery issues and edit correspondence to the court regarding same. |
| 06/08/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Correspond with team regarding third-party discovery and follow up. |
| 06/10/2018 | Henrick, Stephen W | 2 | 729 | 1458 | Review third party enforcement subpoenas. |
| 06/11/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Draft 502d stipulation for Donziger production and deposition. |
| 06/11/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Correspond with third party counsel regarding Judge Kaplan order on third party discovery. |
| 06/11/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding the same. |
| 06/11/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Finalize third party subpoenas and oversee service of process. |
| 06/12/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Edit 502 stipulation and follow-up regarding same. |
| 06/12/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Follow up with team on Donziger production issues. |
| 06/12/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and analyze discovery requests served on third parties related to meet and confer efforts. |
| 06/12/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and revise 502d stipulation related to Donziger production and deposition. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page222 of 301

45

# SA362

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page223 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/12/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Meet and confer call with counsel for K. Sullivan. |
| 06/12/2018 | Herrera, Alejandro A | 1.1 | 774 | 851.4 | Strategize with attorney team regarding the same. |
| 06/13/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Respond to third parties on discovery issues. |
| 06/13/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Research and analyze legal authority regarding jurisdiction over third party discovery targets. |
| 06/13/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Review and analyze served subpoena requests to third parties related to meet and confer efforts. |
| 06/13/2018 | Herrera, Alejandro A | 0.9 | 774 | 696.6 | Strategize with attorney team regarding the same. |
| 06/13/2018 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Communication with third party subpoena targets regarding post-judgment discovery. |
| 06/13/2018 | Eisinger, Vincent R | 2.9 | 733 | 2125.7 | Complete responses to objections to discovery requests of K. Sullivan. |
| 06/14/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Work on discovery letter and e-mails regarding next steps. |
| 06/14/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Conference with A Herrera regarding third party discovery negotiations and updates on same; provide client update. |
| 06/14/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Meet and confer with J. Bush's counsel regarding subpoenas. |
| 06/14/2018 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Review and analyze third party subpoenas regarding money judgment and judgment compliance categorizations by the Court. |
| 06/15/2018 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on discovery issues and correspondence. |
| 06/15/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Donziger meet and confer issues and exchanges with team regarding same. |
| 06/15/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Address multiple discovery issues including confidentiality. |
| 06/15/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Communication with Donziger regarding discovery production. |
| 06/15/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding meet and confer efforts with third parties. |
| 06/15/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Strategize with attorney team regarding the same. |
| 06/15/2018 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Oversee receipt of production of documents and responses from Donziger. |
| 06/16/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | E-mails regarding discovery issues and Donziger production. |
| 06/16/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Analysis of Donziger production and follow-up regarding same. |
| 06/16/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding Donziger discovery responses and production. |
| 06/16/2018 | Eisinger, Vincent R | 1.2 | 733 | 879.6 | Draft report of produced documents for J. Bell. |
| 06/16/2018 | Eisinger, Vincent R | 2 | 733 | 1466 | Review documents produced by S. Donziger. |
| 06/16/2018 | Henrick, Stephen W | 0.3 | 729 | 218.7 | Review Donziger discovery response and production. |
| 06/17/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Draft third party subpoenas to TD Bank and Donziger Florida law firm. |
| 06/18/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Review Donziger discovery responses. |
| 06/18/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding the same. |

46

# SA363

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/18/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Meet and confer call with athena regarding subpoenas. |
| 06/18/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding the same. |
| 06/18/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Review and analyze Donziger discovery responses. |
| 06/19/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Address subpoena issues. |
| 06/19/2018 | Neuman, Andrea E | 0.6 | 1179 | 707.4 | Conference with co-counsel on discovery issues and follow-up. |
| 06/19/2018 | Neuman, Andrea E | 1.2 | 1179 | 1414.8 | Review and address document productions and exchanges with team and client regarding same. |
| 06/19/2018 | Thomson, William E | 0.7 | 1039 | 727.3 | Review Sullivan document production. |
| 06/19/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and revise post-judgment subpoenas. |
| 06/19/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Draft and circulate summary regarding the same. |
| 06/19/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Communication with J. Rizack regarding production of documents. |
| 06/19/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Review and analyze Donziger discovery responses and production. |
| 06/19/2018 | Herrera, Alejandro A | 1.5 | 774 | 1161 | Review and analyze documents produced by K. Sullivan. |
| 06/19/2018 | Eisinger, Vincent R | 0.3 | 733 | 219.9 | Conference call with A. Champion, C. Barrett, J. Bell, A. Herrera, and S. Henrick regarding deposition of K. Sullivan. |
| 06/19/2018 | Eisinger, Vincent R | 2 | 733 | 1466 | Review documents produced by K. Sullivan. |
| 06/19/2018 | Henrick, Stephen W | 0.3 | 729 | 218.7 | Call with team regarding Sullivan deposition. |
| 06/19/2018 | Henrick, Stephen W | 0.5 | 729 | 364.5 | Review Sullivan discovery production. |
| 06/20/2018 | Thomson, William E | 1.4 | 1039 | 1454.6 | Work on next steps strategy regarding Sullivan production and Donziger contempt. |
| 06/20/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding post-judgment subpoenas. |
| 06/20/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding post judgment discovery under federal and state law. |
| 06/20/2018 | Herrera, Alejandro A | 1.8 | 774 | 1393.2 | Strategize with attorney team regarding the same. |
| 06/20/2018 | Herrera, Alejandro A | 3 | 774 | 2322 | Review and analyze document production of K. Sullivan. |
| 06/20/2018 | Eisinger, Vincent R | 3 | 733 | 2199 | Review K. Sullivan's second document production. |
| 06/20/2018 | Henrick, Stephen W | 0.3 | 729 | 218.7 | Call with team regarding Sullivan production. |
| 06/20/2018 | Henrick, Stephen W | 2.2 | 729 | 1603.8 | Review Sullivan document production. |
| 06/20/2018 | Henrick, Stephen W | 2.4 | 729 | 1749.6 | Research regarding judgment enforcement discovery. |
| 06/21/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Discuss assignment to research third-party discovery for post-judgment contempt motions. |
| 06/21/2018 | Henrick, Stephen W | 0.3 | 729 | 218.7 | Review summary regarding Sullivan deposition and e-mails with team regarding same. |
| 06/21/2018 | Henrick, Stephen W | 0.5 | 729 | 364.5 | E-mails with team regarding enforcement discovery. |
| 06/22/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding post-judgment subpoenas related to Chevron's money judgment. |

47

# SA364

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/22/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Communication with subpoenaed parties regarding compliance. |
| 06/22/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding the same. |
| 06/22/2018 | Eisinger, Vincent R | 3 | 733 | 2199 | Continue research third- party discovery for contempt proceedings. |
| 06/25/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Correspond with team regarding follow up on Sullivan and Rizack documents. |
| 06/25/2018 | Henrick, Stephen W | 3.5 | 729 | 2551.5 | Draft letter to court regarding third party discovery issues. |
| 06/26/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney and investigator team regarding production of J. Rizack documents. |
| 06/26/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and analyze court order regarding third party discovery. |
| 06/26/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Communication with J. Rizack regarding discovery. |
| 06/26/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Serve subpoena on TD Bank. |
| 06/26/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Strategize with attorney team regarding post-judgment subpoenas to third parties. |
| 06/26/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Strategize with attorney team regarding the same. |
| 06/26/2018 | Herrera, Alejandro A | 1.5 | 774 | 1161 | Review and analyze the same. |
| 06/27/2018 | Champion, Anne M | 0.2 | 1017 | 203.4 | Call counsel for K. Sullivan. |
| 06/27/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Correspond with team regarding Sullivan document issues and draft e-mail to her counsel. |
| 06/28/2018 | Champion, Anne M | 0.2 | 1017 | 203.4 | Correspond with S. Donziger regarding production of outstanding documents and confidentiality designations. |
| 07/02/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding response to K. Sullivan letter regarding discovery production. |
| 07/03/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Draft response to K. Sullivan letter regarding outstanding discovery. |
| 07/03/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Review and edit memoranda related to outstanding and planned subpoenas. |
| 07/03/2018 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Strategize with attorney team regarding post-judgment subpoenas and outstanding third party discovery. |
| 07/03/2018 | Cole, Laura R | 0.9 | 656 | 590.4 | Telephone call regarding drafting motions relating to discovery and contempt. |
| 07/04/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding post-judgment subpoenas. |
| 07/04/2018 | Herrera, Alejandro A | 2.7 | 774 | 2089.8 | Review and edit memoranda regarding served post-judgment subpoenas and proposed post- judgment subpoenas. |
| 07/05/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding Donziger hard drive. |
| 07/06/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Discuss Page subpoena with C. Barrett and L. Cole. |
| 07/06/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding post-judgment discovery subpoenas. |
| 07/06/2018 | Barrett, Claudia M | 3.4 | 716 | 2434.4 | Draft and revise subpoena to A. Page. |
| 07/06/2018 | Cole, Laura R | 1.9 | 656 | 1246.4 | Analyze requirements for A. Page subpoena. |

# SA365

**A-2: Discovery**

Champion Decl. Exhibit A - GDC Billing Records

Case 18-855, Document 141, 12/17/2019, 2732048, Page226 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 07/09/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding post-judgment discovery subpoenas. |
| 07/09/2018 | Barrett, Claudia M | 2.7 | 716 | 1933.2 | Research relating to A. Page subpoena and serving in Iowa and revise same. |
| 07/10/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Draft e-mail to J. Rizack regarding inadequate discovery production. |
| 07/10/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and revise memorandum regarding post-judgment subpoenas. |
| 07/10/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding meet and confer call with K. Sullivan counsel. |
| 07/10/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Review and analyze production of documents from Donziger trust attorneys. |
| 07/10/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Strategize with attorney team regarding productions from TD Bank. |
| 07/11/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding motion to challenge Sullivan confidentiality designations. |
| 07/11/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding the same. |
| 07/11/2018 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Calls with counsel for K. Sullivan regarding confidentiality. |
| 07/11/2018 | Eisinger, Vincent R | 0.9 | 733 | 659.7 | Begin drafting motion to strike K. Sullivan's confidentiality designations. |
| 07/12/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding post-judgment subpoenas. |
| 07/12/2018 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Strategize with attorney team regarding motion to strike K. Sullivan confidentiality designations. |
| 07/12/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Revise motion to remove confidentiality designations from K. Sullivan document production. |
| 07/12/2018 | Eisinger, Vincent R | 4 | 733 | 2932 | Research and outline motion to remove confidentiality designations from K. Sullivan document production. |
| 07/12/2018 | Eisinger, Vincent R | 6 | 733 | 4398 | Draft motion to remove confidentiality designations from K. Sullivan document production. |
| 07/16/2018 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Exchanges with R. Mastro on Sullivan confidentiality motion. |
| 07/16/2018 | Champion, Anne M | 0.2 | 1017 | 203.4 | Review motion to remove confidentiality designations and provide comments. |
| 07/16/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Communication with American Express regarding subpoenas. |
| 07/16/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding post-judgment discovery productions. |
| 07/16/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Revise motion to remove K. Sullivan's confidentiality designations. |
| 07/22/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Draft e-mail to K. Sullivan's counsel regarding confidentiality designations. |
| 07/22/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and edit memorandum regarding subpoena targets. |
| 07/23/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding Judge Kaplan's order on judgment compliance discovery. |
| 07/23/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Draft e- mails to Donziger and Sullivan regarding discovery requests. |
| 07/23/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding additional post -judgment subpoena targets. |

49

# SA366

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 07/23/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and analyze Donziger discovery requests and Judge Kaplan order. |
| 07/24/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Send e-mail to Donziger regarding outstanding production issues. |
| 07/24/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Telephone conference with team to discuss drafting of subpoenas. |
| 07/24/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and analyze TD Bank post- judgment production. |
| 07/24/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and edit e-mail to J. Rizack regarding post-judgment discovery. |
| 07/24/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and edit memoranda regarding post-judgment subpoenas. |
| 07/24/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding the same. |
| 07/25/2018 | Thomson, William E | 0.5 | 1039 | 519.5 | Work on subpoena and motion strategy regarding enforcement of judgment and contempt against Donziger. |
| 07/25/2018 | Champion, Anne M | 1 | 1017 | 1017 | Telephone conference with team regarding preparation of additional subpoenas and status of motions. |
| 07/25/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Communication with counsel for Sullivan regarding additional production. |
| 07/25/2018 | Barrett, Claudia M | 0.4 | 716 | 286.4 | Research regarding Forum Nobis and where to subpoena it. |
| 07/25/2018 | Barrett, Claudia M | 0.5 | 716 | 358 | Conference call with team regarding Donziger discovery. |
| 07/26/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding post-judgment subpoenas. |
| 07/26/2018 | Eisinger, Vincent R | 5 | 733 | 3665 | Analyze discovery requests that have and have not been decided in motion to compel and draft report for A. Neuman and A. Herrera. |
| 07/27/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Comment on draft subpoenas and subpoena charts and exchanges with team regarding same. |
| 07/27/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Address summary of prior discovery and discovery rulings regarding A. Page and discuss with A. Romero. |
| 07/27/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and analyze K. Sullivan documents regarding Donziger bank transactions. |
| 07/27/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and analyze TD Bank documents regarding Donziger deposits. |
| 07/27/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding the same. |
| 07/27/2018 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Draft third party subpoenas for banks and other entities. |
| 07/27/2018 | Barrett, Claudia M | 1.3 | 716 | 930.8 | Draft and revise Page subpoena. |
| 07/30/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding K. Sullivan confidentiality designations. |
| 07/30/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Draft e-mail to K. Sullivan counsel regarding judgment compliance discovery. |
| 07/30/2018 | Barrett, Claudia M | 0.5 | 716 | 358 | Revise subpoena for Forum Nobis. |
| 07/31/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Telephone conference with J. Stern regarding Sullivan and other outstanding discovery issues. |
| 07/31/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding additional discovery from K. Sullivan. |
| 07/31/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Review and revise motion to strike K. Sullivan confidentiality designations. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page227 of 301

# SA367

SA367

Case 1:11-cv-00691-LAK-JCF   Document 2245-1   Filed 06/18/19   Page 54 of 91

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 07/31/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Review and edit post- judgment subpoenas. |
| 07/31/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review and revise motion to remove K. Sullivan confidentiality designations. |
| 07/31/2018 | Eisinger, Vincent R | 0.8 | 733 | 586.4 | Discuss revisions to motion to remove K. Sullivan confidentiality designations with A. Herrera. |
| 08/01/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding post-judgment subpoenas. |
| 08/02/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding post-judgment subpoenas. |
| 08/06/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on contempt discovery issues. |
| 08/08/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on Sullivan discovery status. |
| 08/08/2018 | Barrett, Claudia M | 0.2 | 716 | 143.2 | Various e-mails to team regarding A. Page discovery. |
| 08/09/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt discovery issues. |
| 08/09/2018 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Revise draft Sullivan e-mail on meet and confer issues. |
| 08/09/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Conference with team (V. Eisinger and A. Herrera) regarding finalization and service of all approved subpoenas. |
| 08/09/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding discovery from K. Sullivan. |
| 08/09/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Strategize with attorney team post-judgment subpoenas. |
| 08/09/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Conference call with A. Neuman and A. Herrera about nonparty subpoenas. |
| 08/10/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt discovery issues. |
| 08/10/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Review and edit Page subpoenas and exchanges with team regarding same. |
| 08/10/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Revise e-mail to K. Sullivan counsel and send. |
| 08/10/2018 | Champion, Anne M | 4.2 | 1017 | 4271.4 | Review deposition transcript, documents, and other background materials and outline response to letter from K. Sullivan counsel. |
| 08/10/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding K. Sullivan confidentiality designations. |
| 08/10/2018 | Dimitrov, Delyan M | 1.1 | 770 | 847 | Attention to K. Sullivan's confidentiality designations and review document productions in connection with same. |
| 08/10/2018 | Dimitrov, Delyan M | 2.1 | 770 | 1617 | Attention to review of K. Sullivan's deposition transcript and document productions in connection with motion to remove confidentiality designations. |
| 08/10/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Revise G. Greenberg subpoena according to revisions from A. Neuman. |
| 08/10/2018 | Eisinger, Vincent R | 2 | 733 | 1466 | Revise J. Merkensteijn subpoena according to revisions from A. Neuman. |
| 08/11/2018 | Mastro, Randy M | 0.3 | 1255 | 376.5 | E-mails regarding contempt discovery. |
| 08/11/2018 | Champion, Anne M | 3.1 | 1017 | 3152.7 | Review deposition transcript, documents, and other background materials and draft response to letter from K. Sullivan counsel. |
| 08/11/2018 | Dimitrov, Delyan M | 0.9 | 770 | 693 | Attention to revising motion to remove confidentiality designations. |

51

# SA368

**A-2: Discovery**

Champion Decl. Exhibit A - GDC Billing Records

Case 18-855, Document 141, 12/17/2019, 2732048, Page229 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 08/11/2018 | Dimitrov, Delyan M | 1.8 | 770 | 1386 | Review K. Sullivan's deposition transcript and document productions in connection with motion to remove confidentiality designations. |
| 08/12/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Review and comment on draft Sullivan letter and multiple exchanges with team on strategy issues. |
| 08/12/2018 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Draft and edit portions of Motion to Compel and exchanges with team regarding same. |
| 08/12/2018 | Thomson, William E | 0.7 | 1039 | 727.3 | Edit draft letter brief in response to Sullivan request for protective order. |
| 08/12/2018 | Champion, Anne M | 4.2 | 1017 | 4271.4 | Draft and finalize response to letter from K. Sullivan counsel. |
| 08/12/2018 | Dimitrov, Delyan M | 1.1 | 770 | 847 | Attention to third party productions and publicly filed documents in connection with motion to strike confidentiality designations. |
| 08/12/2018 | Dimitrov, Delyan M | 1.4 | 770 | 1078 | Revise motion to remove confidentiality designations. |
| 08/12/2018 | Barrett, Claudia M | 1.5 | 716 | 1074 | Analyze and revise response to Libby letter and confer with A. Champion regarding same. |
| 08/13/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on discovery issues. |
| 08/13/2018 | Neuman, Andrea E | 1.6 | 1179 | 1886.4 | Review and revise multiple subpoenas and meeting with team regarding same. |
| 08/13/2018 | Thomson, William E | 0.4 | 1039 | 415.6 | Edit draft Sullivan letter. |
| 08/13/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Follow up with team regarding meet and confer with counsel for Sullivan on confidentiality designations. |
| 08/13/2018 | Herrera, Alejandro A | 2.1 | 774 | 1625.4 | Strategize with attorney team regarding K. Sullivan confidentiality designations. |
| 08/13/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | File motion to seal. |
| 08/13/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Multiple correspondence and telephone conference with A. Champion regarding same. |
| 08/13/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Multiple correspondence and telephone conferences with A. Champion and C. Barrett in connection with same. |
| 08/13/2018 | Dimitrov, Delyan M | 0.6 | 770 | 462 | Finalize motion to seal exhibits and redacted information from opposition to K. Sullivan's letter motion for protective order. |
| 08/13/2018 | Dimitrov, Delyan M | 0.8 | 770 | 616 | Revise letter in opposition to K. Sullivan's letter seeking protective order from discovery requests and deposition questions. |
| 08/13/2018 | Dimitrov, Delyan M | 1 | 770 | 770 | Conduct legal research in connection with same. |
| 08/13/2018 | Dimitrov, Delyan M | 1.7 | 770 | 1309 | Review evidentiary record, K. Sullivan's deposition transcript and June 28, 2018 contempt hearing in connection with response letter to K. Sullivan's letter motion for protective order and draft motion to strike K. Sullivan's confidentiality designations. |
| 08/13/2018 | Dimitrov, Delyan M | 1.8 | 770 | 1386 | Finalize opposition letter brief to K. Sullivan's letter seeking protective order from discovery requests and corresponding exhibits. |
| 08/13/2018 | Dimitrov, Delyan M | 2.3 | 770 | 1771 | Draft motion to strike K. Sullivan and Donziger's confidentiality designations. |
| 08/13/2018 | Eisinger, Vincent R | 2 | 733 | 1466 | Review third-party subpoenas based on A. Neuman's comments. |

# SA369

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 08/13/2018 | Barrett, Claudia M | 1.2 | 716 | 859.2 | Draft motion to seal in connection with response to Libby letter. |
| 08/13/2018 | Barrett, Claudia M | 6.9 | 716 | 4940.4 | Revise and finalize same in conjunction with response to Libby Letter. |
| 08/14/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Work on Sullivan discovery issues. |
| 08/14/2018 | Dimitrov, Delyan M | 1 | 770 | 770 | Analyze documents subject to K. Sullivan's confidentiality designations. |
| 08/14/2018 | Dimitrov, Delyan M | 2.3 | 770 | 1771 | Revise and finalize brief in support of motion to strike K. Sullivan's confidentiality depositions. |
| 08/14/2018 | Eisinger, Vincent R | 2 | 733 | 1466 | Revise subpoenas according to comments from A. Romero. |
| 08/15/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Prepare next steps on contempt, discovery, and strategy. |
| 08/15/2018 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on Sullivan discovery production. |
| 08/15/2018 | Neuman, Andrea E | 1.6 | 1179 | 1886.4 | Address subpoena issues. |
| 08/15/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Review documents produced by Sullivan. |
| 08/15/2018 | Champion, Anne M | 2.1 | 1017 | 2135.7 | Review K. Sullivan documents. |
| 08/15/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and analyze third party subpoenas and oversee service. |
| 08/15/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Finalize subpoenas for service and coordinate service. |
| 08/15/2018 | Eisinger, Vincent R | 2 | 733 | 1466 | Complete revisions to subpoenas. |
| 08/16/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Sullivan document review. |
| 08/16/2018 | Mastro, Randy M | 1.5 | 1255 | 1882.5 | Work on Sullivan discovery. |
| 08/16/2018 | Neuman, Andrea E | 3 | 1179 | 3537 | Review portions of Sullivan production. |
| 08/16/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Review documents produced by Sullivan. |
| 08/16/2018 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Review Sullivan documents. |
| 08/16/2018 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Revise subpoena to Bank of America to include specific transactions. |
| 08/17/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Work on contempt discovery issues. |
| 08/17/2018 | Champion, Anne M | 1.6 | 1017 | 1627.2 | Correspond with team regarding document review. |
| 08/17/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding review of K. Sullivan production. |
| 08/17/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Finalize and serve third-party subpoenas. |
| 08/17/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Strategize with attorney team regarding the same. |
| 08/17/2018 | Henrick, Stephen W | 0.3 | 729 | 218.7 | E-mails with team regarding document review project and setup. |
| 08/18/2018 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Address client and team inquiries on ongoing discovery and briefing issues. |
| 08/18/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Follow up on review of Sullivan documents and review key documents. |
| 08/18/2018 | Eisinger, Vincent R | 5.7 | 733 | 4178.1 | Review K. Sullivan document production. |
| 08/18/2018 | Cole, Laura R | 3.4 | 656 | 2230.4 | Analyze K. Sullivan production. |
| 08/19/2018 | Neuman, Andrea E | 1 | 1179 | 1179 | Multiple exchanges with team regarding ongoing projects for Sullivan production and ongoing briefing. |

53

# SA370

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 08/19/2018 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Follow up on review of Sullivan documents and review key documents. |
| 08/19/2018 | Herrera, Alejandro A | 1.5 | 774 | 1161 | Review and analyze funding agreements produced in K. Sullivan production. |
| 08/19/2018 | Eisinger, Vincent R | 1.9 | 733 | 1392.7 | Continue reviewing K. Sullivan document production. |
| 08/19/2018 | Cole, Laura R | 0.3 | 656 | 196.8 | Analyze K. Sullivan production. |
| 08/20/2018 | Mastro, Randy M | 0.6 | 1255 | 753 | Review Sullivan documents. |
| 08/20/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Exchanges with team on Sullivan production. |
| 08/20/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Coordinate Sullivan document review. |
| 08/20/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Telephone conference with team regarding discovery and other issues. |
| 08/20/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Draft letter to Court regarding Sullivan protective order. |
| 08/20/2018 | Herrera, Alejandro A | 0.9 | 774 | 696.6 | Call with attorney team regarding post-judgment filings and discovery. |
| 08/20/2018 | Eisinger, Vincent R | 6.9 | 733 | 5057.7 | Review documents produced by K. Sullivan. |
| 08/20/2018 | Barrett, Claudia M | 0.3 | 716 | 214.8 | Analyze and review Sullivan production. |
| 08/20/2018 | Barrett, Claudia M | 0.9 | 716 | 644.4 | Prepare for and participate in call with team regarding post- judgment discovery. |
| 08/20/2018 | Cole, Laura R | 9 | 656 | 5904 | Analyze K. Sullivan production. |
| 08/21/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Review Sullivan discovery. |
| 08/21/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Address Sullivan production disclosures, confidentiality and privilege issues regarding Donziger. |
| 08/21/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Analysis of key document chart from Sullivan production and exchanges with team regarding: same. |
| 08/21/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Address document review. |
| 08/21/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding K. Sullivan production and New York restraining notice. |
| 08/21/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Research and analyze legal authority regarding post- judgment discovery. |
| 08/21/2018 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Revise list of potential subpoena targets. |
| 08/21/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Revise key document list for team and client review. |
| 08/21/2018 | Eisinger, Vincent R | 4.4 | 733 | 3225.2 | Complete review of Sullivan document production. |
| 08/21/2018 | Cole, Laura R | 1.1 | 656 | 721.6 | Revise summary of K. Sullivan production key documents. |
| 08/21/2018 | Cole, Laura R | 2.2 | 656 | 1443.2 | Research effect of contempt on discovery. |
| 08/21/2018 | Cole, Laura R | 2.7 | 656 | 1771.2 | Analyze K. Sullivan production. |
| 08/22/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Work on Sullivan discovery. |
| 08/22/2018 | Neuman, Andrea E | 1.4 | 1179 | 1650.6 | Outline issues requiring follow-up memoranda and research from the Sullivan production and multiple conferences with A. Champion and team regarding same. |
| 08/22/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Send meet and confer e-mail regarding confidentiality agreement. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page231 of 301

# SA371

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 08/22/2018 | Champion, Anne M | 2.7 | 1017 | 2745.9 | Review Sullivan production. |
| 08/22/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Review and analyze production of American Express. |
| 08/22/2018 | Dimitrov, Delyan M | 1.2 | 770 | 924 | Draft letter to counsel for K. Sullivan regarding outstanding discovery production issues. |
| 08/22/2018 | Dimitrov, Delyan M | 1.4 | 770 | 1078 | Review and analyze correspondence between counsel and produced documents in connection with drafting letter to counsel for K. Sullivan regarding outstanding discovery production. |
| 08/22/2018 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Review and revise A. Champion letter to F. Libby regarding Sullivan discovery and discuss response to Libby's discovery negotiations. |
| 08/23/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Review Sullivan documents. |
| 08/23/2018 | Mastro, Randy M | 0.8 | 1255 | 1004 | Work on Donziger discovery. |
| 08/23/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Work on Sullivan discovery. |
| 08/23/2018 | Champion, Anne M | 2.7 | 1017 | 2745.9 | Review Sullivan production. |
| 08/23/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding production from American Express. |
| 08/23/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and edit subpoena target list. |
| 08/23/2018 | Herrera, Alejandro A | 0.9 | 774 | 696.6 | Review and analyze production of documents from K. Sullivan. |
| 08/23/2018 | Herrera, Alejandro A | 2 | 774 | 1548 | Communication with TD Bank and American Express regarding subpoena responses. |
| 08/23/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Discuss redactions to bank subpoenas with A. Herrera and TD Bank. |
| 08/23/2018 | Eisinger, Vincent R | 3 | 733 | 2199 | Revise subpoena target list to include names from Sullivan production. |
| 08/24/2018 | Champion, Anne M | 0.9 | 1017 | 915.3 | Correspond with team and client regarding Sullivan document review. |
| 08/24/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Address Sullivan production review. |
| 08/24/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Review Sullivan documents. |
| 08/24/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Strategize with attorney team regarding the same. |
| 08/24/2018 | Herrera, Alejandro A | 2.2 | 774 | 1702.8 | Review and analyze documents produced by K. Sullivan. |
| 08/24/2018 | Dimitrov, Delyan M | 0.7 | 770 | 539 | Draft letter to F. Libby identifying deficiencies in K. Sullivan's document productions. |
| 08/24/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Draft letter to F. Libby regarding meta-data and native files. |
| 08/24/2018 | Eisinger, Vincent R | 2 | 733 | 1466 | Revise key document list and list of potential subpoena targets. |
| 08/24/2018 | Eisinger, Vincent R | 5 | 733 | 3665 | Review K. Sullivan fifth document production. |
| 08/24/2018 | Barrett, Claudia M | 0.4 | 716 | 286.4 | Conference call regarding same. |
| 08/24/2018 | Barrett, Claudia M | 0.6 | 716 | 429.6 | Edit letter to F. Libby regarding Sullivan documents. |
| 08/24/2018 | Barrett, Claudia M | 2 | 716 | 1432 | Review and analyze Sullivan production. |
| 08/24/2018 | Barrett, Claudia M | 1 | 716 | 716 | Analyze materials relating to A. Page. |
| 08/24/2018 | Cole, Laura R | 2 | 656 | 1312 | Analyze K. Sullivan production. |

# SA372

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 08/25/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding the same. |
| 08/25/2018 | Herrera, Alejandro A | 1.7 | 774 | 1315.8 | Review and analyze documents produced by K. Sullivan. |
| 08/25/2018 | Dimitrov, Delyan M | 2.5 | 770 | 1925 | Review and analysis of key documents identified in review of Sullivan's rolling documents productions in connection with outline for Sullivan's supplemental deposition. |
| 08/25/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Revise list of subpoena targets based on A. Neuman's instructions and additional K. Sullivan productions. |
| 08/25/2018 | Eisinger, Vincent R | 1.2 | 733 | 879.6 | Revise letter to F. Libby regarding production of documents by K. Sullivan. |
| 08/25/2018 | Barrett, Claudia M | 2 | 716 | 1432 | Review and analyze Sullivan production. |
| 08/25/2018 | Cole, Laura R | 1.6 | 656 | 1049.6 | Analyze K. Sullivan August 24 production. |
| 08/26/2018 | Champion, Anne M | 2.5 | 1017 | 2542.5 | Review documents from Sullivan production. |
| 08/26/2018 | Dimitrov, Delyan M | 3.7 | 770 | 2849 | Review and analyze K. Sullivan's document production from August 24 regarding noteworthy documents for post- judgment enforcement purposes and supplemental deposition. |
| 08/26/2018 | Eisinger, Vincent R | 4 | 733 | 2932 | Review documents produced by K. Sullivan on August 24. |
| 08/26/2018 | Cole, Laura R | 0.3 | 656 | 196.8 | Analyze K. Sullivan text messages. |
| 08/27/2018 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Review Sullivan key documents. |
| 08/28/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on Sullivan discovery issues. |
| 08/28/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Draft letter regarding same. |
| 08/28/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Correspond with team regarding analysis of Sullivan documents. |
| 08/28/2018 | Champion, Anne M | 1.3 | 1017 | 1322.1 | Review and revise draft letter to F. Libby and incorporate comments from team and send to client for comment. |
| 08/28/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding discovery from American Express. |
| 08/28/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding discovery from K. Sullivan. |
| 08/28/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Correspondence with client regarding CWP account and discovery dispute letter to F. Libby. |
| 08/28/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Multiple correspondence with A. Champion and team regarding same. |
| 08/28/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Multiple correspondence with A. Romero and team regarding same. |
| 08/28/2018 | Dimitrov, Delyan M | 0.7 | 770 | 539 | Review and analyze Sullivan produced documents pertaining to use of CWP account. |
| 08/28/2018 | Dimitrov, Delyan M | 1.6 | 770 | 1232 | Review and analysis of Sullivan's prior deposition transcripts, exhibits and noteworthy documents in connection with outline for supplemental deposition. |
| 08/28/2018 | Dimitrov, Delyan M | 1.9 | 770 | 1463 | Review and analysis of K. Sullivan's supplemental productions in connection with identifying supplemental noteworthy documents. |
| 08/28/2018 | Cole, Laura R | 1 | 656 | 656 | Analyze questions regarding discovery. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page233 of 301

# SA373

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page234 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 08/29/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on Sullivan discovery issues. |
| 08/29/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Review proposed e-mail to counsel for American Express. |
| 08/29/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Send client list of topics for analysis from Sullivan production. |
| 08/29/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding the same. |
| 08/29/2018 | Herrera, Alejandro A | 1.7 | 774 | 1315.8 | Review and analyze documents in K. Sullivan production. |
| 08/29/2018 | Dimitrov, Delyan M | 0.8 | 770 | 616 | Review and analysis of K. Sullivan's key documents collection. |
| 08/29/2018 | Henrick, Stephen W | 1.6 | 729 | 1166.4 | Coordinate meet and confer and responses to third party subpoenas. |
| 08/30/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Review documents produced by Sullivan. |
| 08/30/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Draft supplemental subpoena to TD Bank. |
| 08/30/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Review and analyze documents in K. Sullivan document productions. |
| 08/30/2018 | Henrick, Stephen W | 0.3 | 729 | 218.7 | Discussions with team regarding third party discovery targets and restraining notices. |
| 08/31/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Follow up on replacement of confidential document with redacted version. |
| 09/03/2018 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Review letter to American Express regarding subpoena. |
| 09/03/2018 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Review draft subpoena to TD Bank. |
| 09/04/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Edit subpoena recommendations chart and provide same to client. |
| 09/04/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Meet with D. Dimitrov to discuss Sullivan deposition and telephone conference with A. Neuman to discuss same. |
| 09/04/2018 | Cole, Laura R | 1.1 | 656 | 721.6 | Revise subpoena target list. |
| 09/05/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Work on discovery and subpoena issues. |
| 09/05/2018 | Neuman, Andrea E | 1.3 | 1179 | 1532.7 | Review MKS financial files of interest and exchange with client regarding same. |
| 09/05/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Attention to K. Sullivan document production issues. |
| 09/06/2018 | Mastro, Randy M | 0.2 | 1255 | 251 | E-mails regarding subpoenas. |
| 09/06/2018 | Mastro, Randy M | 0.3 | 1255 | 376.5 | Review documents regarding subpoenas. |
| 09/06/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Conference with team regarding additional subpoena targets. |
| 09/06/2018 | Neuman, Andrea E | 2.1 | 1179 | 2475.9 | Continue review of K. Sullivan and other financial documents. |
| 09/06/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Telephone conference with team regarding outstanding subpoenas. |
| 09/06/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Call with subpoena target G. Greenberg regarding response to subpoenas. |
| 09/06/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding motion to compel production from Bank of America. |
| 09/06/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding post-judgment subpoenas. |
| 09/06/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding K. Sullivan deposition and document production. |

# SA374

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/06/2018 | Dimitrov, Delyan M | 0.5 | 770 | 385 | Multiple correspondence with team regarding K. Sullivan's document production. |
| 09/06/2018 | Dimitrov, Delyan M | 1.4 | 770 | 1078 | Attention to review and analysis of K. Sullivan's document production. |
| 09/06/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Conference call regarding additional subpoena targets. |
| 09/06/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Meet and confer call with A. Herrera and G. Greenberg. |
| 09/06/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review and revise written correspondence with G. Greenberg. |
| 09/06/2018 | Eisinger, Vincent R | 2 | 733 | 1466 | Outline new subpoenas for approved targets and discuss with A. Herrera, L. Cole, and E. Galliher. |
| 09/06/2018 | Cole, Laura R | 0.7 | 656 | 459.2 | Call regarding subpoenas. |
| 09/07/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Telephone conference with A. Romero regarding analysis of Sullivan production. |
| 09/07/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Call with G. Greenberg regarding post-judgment subpoenas. |
| 09/07/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding discovery from K. Sullivan. |
| 09/07/2018 | Dimitrov, Delyan M | 1.5 | 770 | 1155 | Attention to review and analysis of documents produced by K. Sullivan on September 6, 2018. |
| 09/07/2018 | Eisinger, Vincent R | 1.7 | 733 | 1246.1 | Review newest document production from K. Sullivan. |
| 09/07/2018 | Henrick, Stephen W | 2.4 | 729 | 1749.6 | Review newly produced Sullivan documents regarding responsiveness and e-mails with team regarding same. |
| 09/07/2018 | Cole, Laura R | 1.5 | 656 | 984 | Work on Sullivan document review. |
| 09/08/2018 | Mastro, Randy M | 0.3 | 1255 | 376.5 | E-mails regarding Sullivan discovery. |
| 09/08/2018 | Kostecka, Allison K | 2.5 | 774 | 1935 | Review Sullivan documents. |
| 09/08/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding post-judgment discovery. |
| 09/08/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Multiple correspondence with team regarding noteworthy Sullivan documents. |
| 09/08/2018 | Dimitrov, Delyan M | 5.2 | 770 | 4004 | Review and analyze K. Sullivan's 7th and 8th document productions in connection with identifying noteworthy documents and deposition preparation. |
| 09/08/2018 | Eisinger, Vincent R | 4 | 733 | 2932 | Review documents produced by K. Sullivan. |
| 09/08/2018 | Henrick, Stephen W | 6.6 | 729 | 4811.4 | Review Sullivan documents regarding responsiveness. |
| 09/08/2018 | Cole, Laura R | 4.3 | 656 | 2820.8 | Analyze K. Sullivan documents. |
| 09/09/2018 | Neuman, Andrea E | 2.9 | 1179 | 3419.1 | Review Sullivan and TD documents. |
| 09/09/2018 | Kostecka, Allison K | 1.3 | 774 | 1006.2 | Update key document chronology based on Sullivan documents. |
| 09/09/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Review and analyze documents produced by K. Sullivan. |
| 09/09/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Correspondence with A. Champion regarding noteworthy Sullivan documents and deposition strategy. |
| 09/09/2018 | Dimitrov, Delyan M | 5.4 | 770 | 4158 | Attention to review and analysis of noteworthy documents identified in Sullivan's 7th and 8th document Productions and prior productions. |

# SA375

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page236 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/09/2018 | Eisinger, Vincent R | 3 | 733 | 2199 | Review documents produced by K. Sullivan. |
| 09/09/2018 | Henrick, Stephen W | 0.2 | 729 | 145.8 | E-mails with team regarding Sullivan document review project. |
| 09/09/2018 | Cole, Laura R | 0.8 | 656 | 524.8 | Analyze K. Sullivan documents. |
| 09/10/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Correspond with client regarding Sullivan documents. |
| 09/10/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Follow up with team on documents related to CWP account. |
| 09/10/2018 | Champion, Anne M | 1.9 | 1017 | 1932.3 | Correspond with team regarding Sullivan documents. |
| 09/10/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding post-judgment subpoenas. |
| 09/10/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding K. Sullivan documents. |
| 09/10/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Multiple correspondence with team regarding noteworthy Sullivan documents. |
| 09/10/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Multiple correspondence with A. Champion regarding same. |
| 09/10/2018 | Dimitrov, Delyan M | 5.7 | 770 | 4389 | Attention to review and analysis of K. Sullivan's key documents from all productions in connection with post-judgment enforcement strategy and deposition preparation. |
| 09/11/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Sullivan discovery. |
| 09/11/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Bank discovery. |
| 09/11/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Exchanges with client on subpoena issues. |
| 09/11/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Exchanges with team regarding same and review of drafts. |
| 09/11/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Revise letter to Sullivan counsel on outstanding document production issues and send to client for comment. |
| 09/11/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and edit letter to Sullivan's counsel regarding production deficiencies. |
| 09/11/2018 | Dimitrov, Delyan M | 0.8 | 770 | 616 | Draft discovery letter to counsel for Sullivan regarding outstanding discovery items. |
| 09/11/2018 | Eisinger, Vincent R | 0.4 | 733 | 293.2 | Review documents produced by K. Sullivan. |
| 09/11/2018 | Henrick, Stephen W | 0.3 | 729 | 218.7 | E-mails regarding subpoena to Amex. |
| 09/12/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Edit letter to Sullivan's counsel on discovery issues. |
| 09/12/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Telephone conference with counsel for Sullivan. |
| 09/12/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Review cover letters and other materials relevant to Sullivan production to address outstanding issues including privilege log. |
| 09/12/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Draft and serve supplemental subpoena on TD Bank. |
| 09/12/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review and revise TD Bank subpoena. |
| 09/13/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Sullivan discovery. |
| 09/13/2018 | Neuman, Andrea E | 1.3 | 1179 | 1532.7 | Review current contempt draft and discuss same with client. |
| 09/13/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Correspond with counsel for Sullivan regarding outstanding discovery issues. |

59

# SA376

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/13/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding post-judgment subpoena targets. |
| 09/13/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Communication with G. Greenberg regarding subpoenas. |
| 09/13/2018 | Eisinger, Vincent R | 0.4 | 733 | 293.2 | Review documents regarding closure of CWP accounts. |
| 09/13/2018 | Eisinger, Vincent R | 1.2 | 733 | 879.6 | Review and contract J. Rizack production to documents involving him that K. Sullivan produced. |
| 09/13/2018 | Henrick, Stephen W | 0.3 | 729 | 218.7 | E-mails with team regarding third-party subpoenas. |
| 09/14/2018 | Neuman, Andrea E | 1.3 | 1179 | 1532.7 | Analysis of new productions and key docs. |
| 09/14/2018 | Eisinger, Vincent R | 0.3 | 733 | 219.9 | Review documents produced by J. van Merkensteijn. |
| 09/14/2018 | Eisinger, Vincent R | 0.6 | 733 | 439.8 | Draft report contrasting J. Rizack production with K. Sullivan production of his documents. |
| 09/14/2018 | Eisinger, Vincent R | 0.7 | 733 | 513.1 | Conference call with A. Herrera regarding new document productions. |
| 09/14/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Revise summary of recommended subpoena targets. |
| 09/15/2018 | Neuman, Andrea E | 1.2 | 1179 | 1414.8 | Review and edit current draft of contempt motion and send comments to team. |
| 09/16/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Review documents produced by John van Merkensteijn. |
| 09/16/2018 | Eisinger, Vincent R | 3 | 733 | 2199 | Draft subpoena for C. Ford. |
| 09/17/2018 | Neuman, Andrea E | 0.2 | 1179 | 235.8 | Exchanges with van Merkensteijn counsel. |
| 09/17/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Communication with J. Rizack regarding additional discovery. |
| 09/17/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Review documents produced by J. van Merkensteijn. |
| 09/18/2018 | Eisinger, Vincent R | 8 | 733 | 5864 | Revise subpoenas for third parties, C. Patterson, P. Ford, A. Page, Forum Nobis. |
| 09/18/2018 | Henrick, Stephen W | 1.8 | 729 | 1312.2 | Discussions with team regarding enforcement discovery and draft subpoenas regarding same. |
| 09/19/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Address subpoena issues. |
| 09/19/2018 | Neuman, Andrea E | 0.6 | 1179 | 707.4 | Review and comment on update expert accountant analysis and exchanges with client regarding same. |
| 09/19/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding the same. |
| 09/19/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Review and edit post-judgment subpoenas. |
| 09/19/2018 | Eisinger, Vincent R | 2 | 733 | 1466 | Finalize subpoenas for service for A. Page and Forum Nobis. |
| 09/19/2018 | Eisinger, Vincent R | 3.5 | 733 | 2565.5 | Revise subpoenas for C. Patterson, C. Ford, and S. Billenness based on comments from A. Neuman. |
| 09/19/2018 | Barrett, Claudia M | 1.8 | 716 | 1288.8 | Analyze materials relating to Page. |
| 09/19/2018 | Barrett, Claudia M | 2.4 | 716 | 1718.4 | Revise Page and Forum Nobis subpoenas. |
| 09/19/2018 | Cole, Laura R | 1.3 | 656 | 852.8 | Work on third-party subpoenas. |
| 09/20/2018 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Exchanges regarding Rizack and edit correspondence to him regarding same. |
| 09/20/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Communication with J. Rizack regarding post-judgment subpoenas. |

# SA377

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page238 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/20/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding post-judgment subpoenas. |
| 09/20/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Review and analyze J. Rizack supplemental production. |
| 09/20/2018 | Barrett, Claudia M | 2.8 | 716 | 2004.8 | Revise Page and Forum Nobis subpoenas. |
| 09/21/2018 | Mastro, Randy M | 0.8 | 1255 | 1004 | Work on Sullivan discovery. |
| 09/21/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Conference with team on subpoena issues/approach. |
| 09/21/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Communication with Donziger regarding Sullivan confidentiality designations. |
| 09/21/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding the same. |
| 09/21/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and analyze J. Rizack supplemental production. |
| 09/21/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Review and analyze supplemental AMEX production. |
| 09/21/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Review key documents from J. van Merkensteijn productions. |
| 09/21/2018 | Barrett, Claudia M | 2.4 | 716 | 1718.4 | Analyze documents produced in post- judgment discovery in connection with Page deposition. |
| 09/22/2018 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Edit draft outline of hard drive motion and exchange with team regarding same. |
| 09/22/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Review documents produced by J. Rizack. |
| 09/22/2018 | Herrera, Alejandro A | 2.8 | 774 | 2167.2 | Review and analyze J. Rizack production. |
| 09/23/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Edit subpoena drafts. |
| 09/23/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and analyze J. Rizack production. |
| 09/23/2018 | Eisinger, Vincent R | 0.8 | 733 | 586.4 | Begin revising subpoenas based on comments from A. Neuman. |
| 09/24/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Conference with accounting expert team and preparation for same. |
| 09/24/2018 | Neuman, Andrea E | 2.3 | 1179 | 2711.7 | Review and comment on subpoena drafts. |
| 09/24/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Call with TD Bank regarding supplemental production. |
| 09/24/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding post-judgment subpoenas. |
| 09/24/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Attention to review and analysis of relevant Sullivan documents. |
| 09/24/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Discuss revisions to third-party subpoenas with A. Neuman. |
| 09/24/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Discuss revisions to investor subpoenas with S. Henrick. |
| 09/24/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Review document production from Bank of America. |
| 09/24/2018 | Eisinger, Vincent R | 3 | 733 | 2199 | Revise third-party subpoenas based on comments from A. Neuman. |
| 09/24/2018 | Henrick, Stephen W | 2.8 | 729 | 2041.2 | Revise post-judgment subpoenas and discussions with team regarding same. |
| 09/25/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding deposition of John van Merkensteijn. |
| 09/25/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding post-judgment subpoenas. |
| 09/25/2018 | Herrera, Alejandro A | 1.7 | 774 | 1315.8 | Review and analyze post-judgment discovery production. |

61

# SA378

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/25/2018 | Dimitrov, Delyan M | 0.8 | 770 | 616 | Review and analyze J. van Merkensteijn's noteworthy documents. |
| 09/25/2018 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Draft notice of J. van Merkensteijn deposition. |
| 09/25/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review and revise subpoena for C. Eisler. |
| 09/25/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Review and revise subpoenas to A. Page and Forum Nobis based on comments from A. Neuman. |
| 09/25/2018 | Eisinger, Vincent R | 3.9 | 733 | 2858.7 | Draft subpoena for L. Miller. |
| 09/26/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Address subpoena issues with co-counsel. |
| 09/26/2018 | Neuman, Andrea E | 1.2 | 1179 | 1414.8 | Preparation for meeting and strategy meeting with team on van Merkensteijn deposition. |
| 09/26/2018 | Neuman, Andrea E | 2.6 | 1179 | 3065.4 | Review and revise subpoenas and conference with team regarding same. |
| 09/26/2018 | Champion, Anne M | 0.9 | 1017 | 915.3 | Review documents produced by JVM. |
| 09/26/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding post-judgment subpoenas. |
| 09/26/2018 | Herrera, Alejandro A | 1.6 | 774 | 1238.4 | Strategize with attorney team regarding deposition of John van Merkensteijn. |
| 09/26/2018 | Dimitrov, Delyan M | 1.2 | 770 | 924 | Attention to review and analysis of John van Merkensteijn's noteworthy documents in K. Sullivan's Production. |
| 09/26/2018 | Eisinger, Vincent R | 0.9 | 733 | 659.7 | Complete draft of subpoena for L. Miller. |
| 09/26/2018 | Eisinger, Vincent R | 8 | 733 | 5864 | Revise drafts of third-party subpoenas based on comments from A. Neuman. |
| 09/27/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding post-judgment subpoenas. |
| 09/27/2018 | Eisinger, Vincent R | 3.3 | 733 | 2418.9 | Revise subpoenas for C. Eisler, A. Page, and Forum Nobis based on comments from A. Neuman. |
| 09/27/2018 | Barrett, Claudia M | 1.5 | 716 | 1074 | Assist with finalization of motion for contempt. |
| 09/30/2018 | Neuman, Andrea E | 0.2 | 1179 | 235.8 | Correspondence to van Merkensteijn counsel. |
| 09/30/2018 | Neuman, Andrea E | 5.3 | 1179 | 6248.7 | Review and analysis of van Merkensteijn supplemental production and draft deposition outline and multiple exchanges with deposition preparation team regarding same. |
| 09/30/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Multiple correspondence with A. Neuman and M. Burke regarding noteworthy J. van Merkensteijn documents. |
| 09/30/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Discuss A. Page and Forum Nobis subpoenas with A. Herrera. |
| 09/30/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Review J. van Merkensteijn documents. |
| 10/01/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Meet and confer conference with van Merkensteijn counsel. |
| 10/01/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Review and finalize certain subpoenas. |
| 10/01/2018 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Review JVM production and suggest additional documents for motion. |
| 10/01/2018 | Herrera, Alejandro A | 0.9 | 774 | 696.6 | Strategize with attorney team regarding post-judgment discovery. |
| 10/01/2018 | Eisinger, Vincent R | 1.6 | 733 | 1172.8 | Revise and finalize for service subpoenas for Meyers Saxon and Long Tuminello. |

# SA379

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page240 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 10/01/2018 | Eisinger, Vincent R | 6.0 | 733 | 4398 | Revise and finalize for service subpoenas for C. Ford, C. Patterson, C. Eisler, D. Sherman, G. Krevlin, J. Goldstein, and Wellbeck Partners. |
| 10/01/2018 | Barrett, Claudia M | 1.5 | 716 | 1074 | Analyze materials relating to A. Page for purposes of working on contempt and discovery motions. |
| 10/02/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding post-judgment discovery. |
| 10/02/2018 | Dimitrov, Delyan M | 1.0 | 770 | 770 | Review and analysis of J. van Merkensteijn's document productions in connection with same. |
| 10/02/2018 | Dimitrov, Delyan M | 2.3 | 770 | 1771 | Revise letter to John van Merkensteijn regarding document production deficiencies. |
| 10/02/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Review supplemental document production from J. van Merkensteijn. |
| 10/03/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Review and edit van Merkensteijn meet and confer letter and exchanges with team regarding same. |
| 10/03/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Correspond with team and client regarding Sullivan deposition and Donziger response. |
| 10/03/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding post-judgment discovery. |
| 10/03/2018 | Herrera, Alejandro A | 3.4 | 774 | 2631.6 | Review and analyze documents related to J. Rizack. |
| 10/03/2018 | Dimitrov, Delyan M | 1.5 | 770 | 1155 | Revise letter regarding J. van Merkensteijn's document production deficiencies. |
| 10/03/2018 | Eisinger, Vincent R | 0.4 | 733 | 293.2 | Review Kroll analyses regarding transfer of funds in L. Miller's accounts. |
| 10/03/2018 | Eisinger, Vincent R | 2.0 | 733 | 1466 | Revise memorandum regarding A. Page and Forum Nobis. |
| 10/03/2018 | Eisinger, Vincent R | 5.0 | 733 | 3665 | Review all documents regarding A. Page or Forum Nobis. |
| 10/04/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Review and respond to inquiries from subpoena targets. |
| 10/04/2018 | Neuman, Andrea E | 6.3 | 1179 | 7427.7 | Rizack deposition preparation and analysis of documents and expand outline regarding same. |
| 10/04/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Communication with TD Bank regarding post-judgment subpoenas. |
| 10/04/2018 | Eisinger, Vincent R | 2.0 | 733 | 1466 | Review document production from Bank of America. |
| 10/05/2018 | Dimitrov, Delyan M | 1.6 | 770 | 1232 | Revise letter to counsel for van Merkensteijn regarding failure to answer Information Subpoena and multiple deficiencies with amended privilege log. |
| 10/05/2018 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Discuss Citibank document production with M. Dinger. |
| 10/05/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review J. Goldstein documents. |
| 10/05/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Revise subpoenas for B. Eisler, D. Marshall, and J. Coleman. |
| 10/05/2018 | Eisinger, Vincent R | 3.0 | 733 | 2199 | Draft letter to C. Ford regarding subpoena. |
| 10/08/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Communication with TD Bank regarding subpoenas. |
| 10/08/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding the same. |
| 10/08/2018 | Dimitrov, Delyan M | 1.7 | 770 | 1309 | Draft letter to counsel for J. van Merkensteijn regarding multiple deficiencies with van Merkensteijn's amended privilege log and lack of response to information subpoenas. |

**A-2: Discovery**
Champion Decl. Exhibit A - GDC Billing Records

Case 18-855, Document 141, 12/17/2019, 2732048, Page241 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 10/08/2018 | Eisinger, Vincent R | 1.7 | 733 | 1246.1 | Finalize and arrange for service of subpoenas for B. Eisler, D. Marshall, and J. Coleman with process server. |
| 10/09/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Draft e-mail to J. Rizack regarding additional discovery. |
| 10/09/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and analyze TD Bank supplemental production. |
| 10/09/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding post-judgment discovery. |
| 10/09/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | Review and analyze response letter from counsel for J. van Merkensteijn regarding van Merkensteijn's document production deficiencies. |
| 10/10/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Edit Rizack follow-up correspondence and exchanges regarding same. |
| 10/10/2018 | Neuman, Andrea E | 2.2 | 1179 | 2593.8 | Prepare for and conduct meet and confer with van Merkensteijn counsel and follow-up conferences regarding same regarding discovery and briefing strategies |
| 10/10/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Communication with J. Rizack regarding post-judgment discovery. |
| 10/10/2018 | Herrera, Alejandro A | 2.3 | 774 | 1780.2 | Review and analyze production from G. Krevlin. |
| 10/10/2018 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Review J. Merkensteijn letter regarding document production. |
| 10/10/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review documents produced by G. Krevlin. |
| 10/10/2018 | Eisinger, Vincent R | 0.7 | 733 | 513.1 | Discuss status of subpoenas and responses with A. Neuman. |
| 10/10/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Revise letter to C. Ford. |
| 10/11/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Edit letter to counsel for JVM. |
| 10/11/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Edit confidentiality designation motion. |
| 10/11/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Draft e-mail to G. Greenberg regarding subpoenas compliance. |
| 10/11/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Draft summary of G. Krevlin documents. |
| 10/11/2018 | Herrera, Alejandro A | 1.0 | 774 | 774 | Strategize with attorney team regarding post-judgment discovery. |
| 10/11/2018 | Dimitrov, Delyan M | 0.5 | 770 | 385 | Telephone conference with A. Neuman and A. Champion regarding same. |
| 10/11/2018 | Dimitrov, Delyan M | 1.0 | 770 | 770 | Attend meet and confer with counsel for J. van Merkensteijn, A. Neuman, A. Champion and W. Cai. |
| 10/11/2018 | Dimitrov, Delyan M | 1.4 | 770 | 1078 | Draft letter to J. van Merkensteijn's counsel recapping meet-and-confer. |
| 10/11/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Correspond with C. Ford regarding subpoena. |
| 10/11/2018 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Draft and finalize for service subpoena for M. Delgass. |
| 10/11/2018 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Review and revise exhibit to motion to strike confidentiality designations. |
| 10/11/2018 | Eisinger, Vincent R | 2.9 | 733 | 2125.7 | Review and revise motion to strike confidentiality designations. |
| 10/12/2018 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Edit discovery correspondence and respond to multiple team inquiries on discovery issues. |
| 10/12/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Edit discovery letter to JVM counsel. |
| 10/12/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and analyze production of G. Krevlin. |
| 10/12/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Review and analyze K. Sullivan post-judgment production. |

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page242 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 10/12/2018 | Herrera, Alejandro A | 1.0 | 774 | 774 | Strategize with attorney team regarding post-judgment discovery and motion practice. |
| 10/12/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | Correspondence and telephone conference with V. Eisenberg regarding draft motion to strike confidentiality designations. |
| 10/12/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | Telephone conference with A. Herrera and V. Eisenberg regarding discovery updates and strategy. |
| 10/12/2018 | Dimitrov, Delyan M | 0.5 | 770 | 385 | Multiple correspondence with team regarding same. |
| 10/12/2018 | Dimitrov, Delyan M | 1.4 | 770 | 1078 | Review and analyze G. Krevlin's noteworthy documents. |
| 10/12/2018 | Dimitrov, Delyan M | 1.5 | 770 | 1155 | Revise letter to J. van Merkensteijn's counsel recapping meet-and-confer and discovery action items. |
| 10/12/2018 | Eisinger, Vincent R | 0.8 | 733 | 586.4 | Discuss subpoenas and status of other projects with A. Herrera. |
| 10/12/2018 | Eisinger, Vincent R | 1.2 | 733 | 879.6 | Revise subpoena for J. Coleman and prepare for service. |
| 10/12/2018 | Eisinger, Vincent R | 2.4 | 733 | 1759.2 | Draft letter to G. Krevlin regarding document production concerns. |
| 10/14/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Exchanges with counsel for C. Eisler. |
| 10/14/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Edit confidentiality motion and exchanges with A. Champion regarding same. |
| 10/14/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Review and analyze G. Krevlin produced documents. |
| 10/14/2018 | Eisinger, Vincent R | 1.9 | 733 | 1392.7 | Draft letter to Court regarding unsealing of materials filed with contempt motion. |
| 10/15/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Analyze noteworthy J. van Merkensteijn and G. Krevlin documents. |
| 10/15/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Discuss outstanding subpoenas with A. Neuman and process server. |
| 10/15/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Draft subpoena to Glenhill Capital. |
| 10/15/2018 | Eisinger, Vincent R | 1.3 | 733 | 952.9 | Revise letter to Court regarding unsealing of documents. |
| 10/16/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | Correspondence with counsel for J. van Merkensteijn regarding completion of document production. |
| 10/16/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review documents productions for retainer agreement between S. Donziger and A. Page. |
| 10/16/2018 | Eisinger, Vincent R | 0.6 | 733 | 439.8 | Review J. Goldstein documents. |
| 10/16/2018 | Eisinger, Vincent R | 0.7 | 733 | 513.1 | Revise letter regarding unsealing documents. |
| 10/16/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Draft subpoena for D. Yass Revocable Trust. |
| 10/16/2018 | Eisinger, Vincent R | 2.0 | 733 | 1466 | Revise motion regarding striking confidentiality designations. |
| 10/16/2018 | Barrett, Claudia M | 5.7 | 716 | 4081.2 | Analyze A. Page's objections to Chevron's subpoena and draft and revise response to same. |
| 10/17/2018 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Review documents produced by G. Krevlin. |
| 10/17/2018 | Eisinger, Vincent R | 2.1 | 733 | 1539.3 | Revise and finalize motion to strike confidentiality and letter to unseal for filing. |
| 10/17/2018 | Barrett, Claudia M | 0.3 | 716 | 214.8 | Analyze Page subpoena and e-mails with A. Champion and team regarding same. |

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 10/17/2018 | Barrett, Claudia M | 4.3 | 716 | 3078.8 | Various revisions to response to A. Page objections and confer with A. Neuman and A. Champion regarding same. |
| 10/18/2018 | Neuman, Andrea E | 2.2 | 1179 | 2593.8 | Address multiple discovery, subpoena and production issues. |
| 10/18/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Communication with J. Rizack regarding discovery. |
| 10/18/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Draft and submit letter to G. Greenberg regarding subpoena compliance. |
| 10/18/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Correspondence with counsel for served subpoena targets. |
| 10/18/2018 | Eisinger, Vincent R | 2.1 | 733 | 1539.3 | Begin drafting letter to C. Ford regarding subpoena objections. |
| 10/19/2018 | Neuman, Andrea E | 1.6 | 1179 | 1886.4 | Handle subpoena and discovery issues with multiple parties. |
| 10/19/2018 | Champion, Anne M | 2.1 | 1017 | 2135.7 | Review JVM documents. |
| 10/19/2018 | Herrera, Alejandro A | 1.9 | 774 | 1470.6 | Review and analyze supplemental production of J. Rizack. |
| 10/19/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Review and analyze objections to document and information subpoenas filed by C. Eisler. |
| 10/19/2018 | Dimitrov, Delyan M | 1.3 | 770 | 1001 | Review and analyze J. van Merkensteijn's October 19 document production. |
| 10/19/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Complete draft of letter to C. Ford regarding subpoena. |
| 10/19/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Draft correspondence to counsel for third parties who have received subpoenas. |
| 10/21/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Review and respond to Page correspondence to team. |
| 10/21/2018 | Neuman, Andrea E | 2.9 | 1179 | 3419.1 | Review JVM key documents and exchanges with team regarding same. |
| 10/21/2018 | Herrera, Alejandro A | 2.0 | 774 | 1548 | Review and analyze J. Rizack supplemental production. |
| 10/22/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Edit draft Page response and exchanges regarding same. |
| 10/22/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Exchanges with van Merkensteijn's counsel and further analysis of privilege log. |
| 10/22/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and analyze supplemental production of J. Rizack. |
| 10/22/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Correspondence and telephone conference with M. Burke and V. Eisinger regarding response to C. Eisler's objections to information and document subpoena. |
| 10/22/2018 | Eisinger, Vincent R | 0.7 | 733 | 513.1 | Discuss subpoena for Long Tuminello with H. Seligman and report on call to A. Neuman. |
| 10/22/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Revise letter to counsel for C. Eisler regarding subpoena. |
| 10/23/2018 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Edit correspondence to van Merkensteijn's counsel. |
| 10/23/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Edit Page response. |
| 10/23/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Revise discovery dispute letter pertaining to C. Eisler's objections and responses to information and document subpoenas. |
| 10/23/2018 | Eisinger, Vincent R | 1.9 | 733 | 1392.7 | Revise letter to C. Eisler regarding subpoena. |
| 10/23/2018 | Barrett, Claudia M | 1.3 | 716 | 930.8 | Revise response to Aaron Page objections and e-mails with A. Champion, A. Neuman and A. Romero regarding same. |

# SA383

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page244 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 10/24/2018 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Edit response to C. Eisler. |
| 10/24/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Review and analyze production of John van Merkensteijn. |
| 10/24/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Correspondence with counsel for C. Ferguson regarding same. |
| 10/24/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Revise letter to counsel for C. Eisler regarding discovery dispute pertaining to C. Eisler's responses and objections to information and document subpoenas. |
| 10/24/2018 | Dimitrov, Delyan M | 0.5 | 770 | 385 | Attend meet and confer with counsel for Van Merkensteijn, A. Neuman and M. Burke regarding privilege issues. |
| 10/24/2018 | Dimitrov, Delyan M | 0.5 | 770 | 385 | Correspondence with C. Ferguson (counsel for J. van Merkensteijn) regarding FRE 502 agreement and missing attachments to produced e-mails. |
| 10/24/2018 | Dimitrov, Delyan M | 0.6 | 770 | 462 | Prepare for meet and confer with counsel for J. van Merkensteijn regarding privilege dispute. |
| 10/24/2018 | Eisinger, Vincent R | 0.3 | 733 | 219.9 | Discuss subpoena for B. Eisler with process server. |
| 10/24/2018 | Eisinger, Vincent R | 0.3 | 733 | 219.9 | Correspond with Long Tuminello regarding subpoena. |
| 10/24/2018 | Eisinger, Vincent R | 0.6 | 733 | 439.8 | Revise letter to S. McCarthy regarding C. Eisler subpoena. |
| 10/24/2018 | Eisinger, Vincent R | 0.9 | 733 | 659.7 | Review documents produced by Wells Fargo Home Mortgage. |
| 10/25/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Multiple meet and confers on subpoenas. |
| 10/25/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Coordinate with managing attorney the service of subpoenas for B. Eisler and D. Marshall. |
| 10/25/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Meet and confer with A. Neuman, D. Dimitrov, and counsel for C. Eisler. |
| 10/25/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Meet with A. Neuman, D. Dimitrov, and M. Burke to discuss C. Eisler and J. Merkensteijn. |
| 10/26/2018 | Neuman, Andrea E | 0.3 | 1179 | 353.7 | Edit response to Page. |
| 10/26/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Review and comment on proposed van Merkensteijn 502 agreement. |
| 10/26/2018 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Team meeting regarding subpoena status and required follow-up regarding same. |
| 10/26/2018 | Champion, Anne M | 1.0 | 1017 | 1017 | Meet with team regarding status of subpoenas. |
| 10/26/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding post-judgment discovery. |
| 10/26/2018 | Herrera, Alejandro A | 4.1 | 774 | 3173.4 | Review and analyze J. Rizack supplemental production. |
| 10/26/2018 | Dimitrov, Delyan M | 1.8 | 770 | 1386 | Review and analyze supplemental J. van Merkensteijn's document productions. |
| 10/26/2018 | Eisinger, Vincent R | 0.4 | 733 | 293.2 | Correspond with counsel for B. Eisler and serve subpoena. |
| 10/26/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Revise subpoena to Glenhill Capital. |
| 10/26/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Correspond with D. Marshall and serve subpoena. |
| 10/26/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review documents produced by D. Marshall. |
| 10/26/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Revise letter to G. Krevlin and send. |

# SA384

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 10/26/2018 | Eisinger, Vincent R | 1.3 | 733 | 952.9 | Meet with A. Neuman, A. Champion, D. Dimitrov, and M. Burke regarding statuses of served subpoenas. |
| 10/26/2018 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Revise chart of served subpoenas for status meeting. |
| 10/27/2018 | Thomson, William E | 0.7 | 1039 | 727.3 | Analyze new production from van Merkensteijn. |
| 10/27/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and analyze Rizack documents related to Donziger hard drive protocol. |
| 10/27/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | Correspondence with counsel for van Merkensteijn regarding amended privilege log. |
| 10/29/2018 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Address multiple subpoena and discovery issues. |
| 10/29/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding post-judgment discovery and motion practice. |
| 10/29/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | Analyze C. Eisler's document production. |
| 10/29/2018 | Dimitrov, Delyan M | 0.7 | 770 | 539 | Revise summary of noteworthy C. Eisler and J. van Merkensteijn documents. |
| 10/29/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Correspond with L. Suarez regarding Wells Fargo Production and C. Ford. |
| 10/29/2018 | Eisinger, Vincent R | 2.0 | 733 | 1466 | Review documents produced by D. Sherman and J. Coleman. |
| 10/29/2018 | Barrett, Claudia M | 0.6 | 716 | 429.6 | E-mail correspondence regarding A. Page subpoena. |
| 10/30/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on Donziger discovery issues. |
| 10/30/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Correspond with team regarding filing and courtesy copies. |
| 10/30/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Review materials in preparation for A. Page meet and confer. |
| 10/30/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Review JVM documents. |
| 10/30/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Correspondence with counsel for J. van Merkensteijn regarding deficiencies with amended privileged log and non-produced attachments. |
| 10/30/2018 | Dimitrov, Delyan M | 1.8 | 770 | 1386 | Review and analyze J. van Merkensteijn's October 30 document productions and revised privilege log. |
| 10/30/2018 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Speak with C. Patterson counsel regarding document production deadline. |
| 10/30/2018 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Review documents produced by J. Merkensteijn. |
| 10/30/2018 | Eisinger, Vincent R | 2.5 | 733 | 1832.5 | Begin drafting letter to C. Eisler. |
| 10/30/2018 | Eisinger, Vincent R | 3.0 | 733 | 2199 | Review documents produced by D. Shermand and D. Marshall. |
| 10/30/2018 | Barrett, Claudia M | 3.5 | 716 | 2506 | Draft notes in preparation for A. Page meet and confer. |
| 10/31/2018 | Dimitrov, Delyan M | 1.2 | 770 | 924 | Review and analyze C. Eisler's noteworthy documents. |
| 10/31/2018 | Eisinger, Vincent R | 0.8 | 733 | 586.4 | Draft letter to counsel for D. Sherman regarding answers to information requests. |
| 10/31/2018 | Eisinger, Vincent R | 1.0 | 733 | 733 | Revise letter to C. Eisler regarding document production. |
| 10/31/2018 | Eisinger, Vincent R | 2.2 | 733 | 1612.6 | Review documents produced by J. Merkensteijn. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page245 of 301

68

**A-2: Discovery**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 12/02/2018 | Henrick, Stephen W | 1.00 | 729 | 729 | Draft post-judgment discovery subpoena to D. Zelman. |
| 12/04/2018 | Mastro, Randy M | 0.50 | 1255 | 627.5 | Work on discovery issues and court filing. |
| 12/04/2018 | Eisinger, Vincent R | 0.80 | 733 | 586.4 | Revise subpoena for D. Zelman. |
| 12/11/2018 | Eisinger, Vincent R | 0.60 | 733 | 439.8 | Revise subpoena to D. Zelman. |
| 01/02/2019 | Eisinger, Vincent R | 1.00 | 805 | 805 | Review documents regarding D. Zelman. |
| 01/15/2019 | Eisinger, Vincent R | 1.00 | 805 | 805 | Review documents produced by D. Zelman. |
| 01/23/2019 | Eisinger, Vincent R | 0.20 | 805 | 161 | Review D. Zelman document production. |
| 01/24/2019 | Eisinger, Vincent R | 0.50 | 805 | 402.5 | Review documents produced by D. Zelman. |
| 01/30/2019 | Eisinger, Vincent R | 0.80 | 805 | 644 | Correspond with D. Zelman counsel and schedule deposition. |
| 02/01/2019 | Eisinger, Vincent R | 0.5 | 805 | 402.5 | Revise notice of deposition for D. Zelman and organize reservations. |
| 02/25/2019 | Champion, Anne M | 0.7 | 1121 | 784.7 | Review D. Zelman documents. |
| 02/28/2019 | Neuman, Andrea E | 0.4 | 1395 | 558 | Review and comment on meet and confer correspondence. |
| 02/28/2019 | Neuman, Andrea E | 0.5 | 1395 | 697.5 | Exchanges with Donziger on meet and confer issues. |
| 03/05/2019 | Neuman, Andrea E | 0.70 | 1395 | 976.5 | Conduct Zelman and Rizack meet and confers. |
| 03/07/2019 | Neuman, Andrea E | 0.40 | 1395 | 558 | Review/edit meet and confer correspondence to Zelman. |
| 03/07/2019 | Eisinger, Vincent R | 0.40 | 805 | 322 | Call with S. Baumgardner and M. Burke regarding D. Zelman supplemental production. |
| 03/16/2019 | Neuman, Andrea E | 0.30 | 1395 | 418.5 | Exchanges with team on Zelman meet and confer. |
| 03/19/2019 | Champion, Anne M | 1.10 | 1121 | <u>1233.1</u> | Review recently produced Zelman notes and discuss with team. |
| | **Total** | | | 807,544.70 | |

Case 18-855, Document 141, 12/17/2019, 2732048, Page246 of 301

# EXHIBIT A-3

# SA387

**A-3: Discovery Motions**

Champion Decl. Exhibit A - GDC Billing Records

Case 18-855, Document 141, 12/17/2019, 2732048, Page248 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 05/03/2018 | Champion, Anne M | 0.2 | 1017 | 203.4 | Draft and send e- mail to S. Donziger requesting meet and confer on motion to compel |
| 05/03/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Telephone conference with A. Herrera regarding motion to compel. |
| 05/03/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Edit draft motion to compel. |
| 05/03/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Update client on meet and confer and proposed response. |
| 05/03/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Correspond with team regarding motion to compel against Donziger and Judge Kaplan rulings on discovery motions. |
| 05/03/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Review draft motion to compel and edit. |
| 05/03/2018 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | E-mail with team regarding potential addition to motion seeking to compel Donziger to respond to discovery requests. |
| 05/03/2018 | Hamburger, Bradley J | 0.4 | 848 | 339.2 | Review motion seeking to compel Donziger to respond to discovery requests. |
| 05/03/2018 | Herrera, Alejandro A | 3 | 774 | 2322 | Draft motion to compel post-judgment discovery from Donziger and supporting documents. |
| 05/04/2018 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Review and comment on draft MTC and exchanges with team regarding same. |
| 05/04/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Discuss cite check with S. Henrick. |
| 05/04/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Telephone conference with A. Romero regarding motion to compel. |
| 05/04/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Telephone conference with W. Thomson regarding motion to compel. |
| 05/04/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Circulate draft motion to team and client. |
| 05/04/2018 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Conduct meet and confer with Donziger and revise motion to compel. |
| 05/04/2018 | Champion, Anne M | 3.4 | 1017 | 3457.8 | Review Donziger objections to subpoena and revise motion to compel. |
| 05/04/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Strategize with attorney team regarding the same. |
| 05/04/2018 | Herrera, Alejandro A | 1.8 | 774 | 1393.2 | Edit and finalize motion to compel Donziger to comply with post-judgment subpoenas. |
| 05/04/2018 | Henrick, Stephen W | 1.4 | 729 | 1020.6 | Conduct substantive cite check of motion to compel Donziger's compliance with judgment enforcement discovery requests. |
| 05/10/2018 | Thomson, William E | 0.7 | 1039 | 727.3 | Analyze Donziger opposition to motion to compel and formulate reply strategy. |
| 05/10/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Review and summarize opposition to motion to compel. |
| 05/10/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Start draft of reply in support of motion to compel. |
| 05/11/2018 | Thomson, William E | 0.6 | 1039 | 623.4 | Review Donziger opposition to motion to compel and edit draft reply. |
| 05/11/2018 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review Donziger's response to discovery motion. |
| 05/11/2018 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | E-mail with A. Champion regarding reply in support of discovery motion. |
| 05/11/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Review and analyze Donziger opposition to motion to compel. |
| 05/11/2018 | Henrick, Stephen W | 0.8 | 729 | 583.2 | Revise draft reply brief insert and e-mails with team regarding same. |

# SA388

**A-3: Discovery Motions**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 05/11/2018 | Henrick, Stephen W | 1.1 | 729 | 801.9 | Work on substantive cite check and quality control for half of reply brief in support of motion to compel Donziger to respond to discovery requests. |
| 05/12/2018 | Eisinger, Vincent R | 0.9 | 733 | 659.7 | Revise reply brief in support of motion to compel discovery. |
| 05/13/2018 | Eisinger, Vincent R | 2.2 | 733 | 1612.6 | Complete revisions to reply in support of motion to compel discovery. |
| 05/13/2018 | Henrick, Stephen W | 0.4 | 729 | 291.6 | Revise draft reply brief in support of motion to compel Donziger to respond to discovery requests. |
| 05/14/2018 | Neuman, Andrea E | 0.6 | 1179 | 707.4 | Finalize pleadings regarding motion to compel and exchanges with team regarding same. |
| 05/14/2018 | Thomson, William E | 0.7 | 1039 | 727.3 | Review and edit latest draft of reply in support of motion to compel. |
| 05/14/2018 | Champion, Anne M | 3.1 | 1017 | 3152.7 | Incorporate further research and edits into reply in support of motion to compel for filing. |
| 05/14/2018 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review reply in support of motion to compel Donziger to comply with discovery. |
| 05/14/2018 | Eisinger, Vincent R | 0.4 | 733 | 293.2 | Review and propose revisions to reply brief in support of motion to compel production. |
| 05/14/2018 | Henrick, Stephen W | 2.9 | 729 | 2114.1 | Finalize reply brief and supporting exhibits for filing regarding motion to compel Donziger. |
| 05/17/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Review and report motion to compel order to client. |
| 05/17/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Strategize with attorney team regarding the same. |
| 05/17/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Review order granting motion to compel production. |
| 06/11/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Draft motion to compel discovery from J. Rizack. |
| 06/11/2018 | Herrera, Alejandro A | 1.1 | 774 | 851.4 | Research and analyze legal authority regarding motions to compel. |
| 06/12/2018 | Neuman, Andrea E | 0.6 | 1179 | 707.4 | Address and edit Rizack Motion to Compel. |
| 06/12/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Review and edit motion to compel discovery from J. Rizack. |
| 06/12/2018 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Research and analyze legal authority regarding motion to compel. |
| 06/13/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and analyze K. Sullivan's letter regarding protective order. |
| 06/14/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Draft and circulate letter to Court regarding K. Sullivan's request for a protective order. |
| 06/15/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding the same. |
| 06/15/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Revise and file letter to court regarding K. Sullivan request for protective order. |
| 06/16/2018 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Analysis of Donziger's motion for protective order regarding deposition. |
| 06/16/2018 | Thomson, William E | 1.1 | 1039 | 1142.9 | Analyze Donziger's motion for protective order and circulate same to client. |
| 06/16/2018 | Henrick, Stephen W | 0.5 | 729 | 364.5 | Review Donziger motion for protective order and e-mails with team regarding same. |
| 06/18/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and revise motion to compel discovery from J. Rizack. |

# SA389

Case 18-855, Document 141, 12/17/2019, 2732048, Page250 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/18/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Review and analyze letter in response to Donziger motion for protective order. |
| 06/18/2018 | Henrick, Stephen W | 0.6 | 729 | 437.4 | Discussions with team regarding same. |
| 06/18/2018 | Henrick, Stephen W | 2 | 729 | 1458 | Draft letter response to Donziger protective order motion. |
| 06/19/2018 | Thomson, William E | 1.1 | 1039 | 1142.9 | Edit draft letter opposition to Donziger's motion for a protective order. |
| 06/19/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and edit letter to court regarding Donziger motion for protective order. |
| 06/19/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Strategize with attorney team regarding the same. |
| 06/19/2018 | Henrick, Stephen W | 1.8 | 729 | 1312.2 | Revise draft letter to court regarding Donziger protective order motion and discuss same with team. |
| 06/24/2018 | Thomson, William E | 1.1 | 1039 | 1142.9 | Edit draft motion to compel Rizack. |
| 06/25/2018 | Champion, Anne M | 0.2 | 1017 | 203.4 | Correspond with team on motion to compel. |
| 06/26/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Outline Donziger Motion to Compel issues and exchanges with team regarding same. |
| 06/26/2018 | Eisinger, Vincent R | 2 | 733 | 1466 | Begin reviewing and revising motion to compel discovery. |
| 06/26/2018 | Henrick, Stephen W | 6 | 729 | 4374 | Draft and revise motion to compel Donziger regarding discovery issues and discussions with team regarding same. |
| 06/26/2018 | Cole, Laura R | 5.2 | 656 | 3411.2 | Draft motion to compel regarding Donziger discovery issues. |
| 07/02/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding Donziger motion to compel. |
| 07/02/2018 | Henrick, Stephen W | 0.3 | 729 | 218.7 | E-mails with team regarding Donziger motion to compel. |
| 07/03/2018 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review draft of motion to compel Donziger to produce hard drive for inspection. |
| 07/03/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Review and edit Donziger motion to compel. |
| 07/09/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and revise outline of motion to compel as to Donziger. |
| 07/09/2018 | Herrera, Alejandro A | 2.2 | 774 | 1702.8 | Draft outline for motion to compel post-judgment discovery from Donziger and other witnesses. |
| 07/10/2018 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Review and edit motion to compel production from Donziger. |
| 07/11/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Review and edit motion to compel production from Donziger. |
| 07/12/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Review and edit motion to compel discovery from Donziger. |
| 07/13/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Strategize with attorney team regarding motion to strike K. Sullivan confidentiality designations. |
| 07/13/2018 | Herrera, Alejandro A | 3 | 774 | 2322 | Draft motion to compel additional discovery from Donziger. |
| 07/13/2018 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Discuss revisions to motion to A. Herrera. |
| 07/13/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Research case law regarding removing confidentiality designations. |
| 07/13/2018 | Eisinger, Vincent R | 4.5 | 733 | 3298.5 | Revise motion regarding removal of K. Sullivan confidentiality designation based on A. Neuman's instructions. |

Champion Decl. Exhibit A - GDC Billing Records

Case 18-855, Document 141, 12/17/2019, 2732048, Page251 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 07/15/2018 | Neuman, Andrea E | 1.3 | 1179 | 1532.7 | Review, draft and edit Second Motion to Compel and exchanges with team regarding same. |
| 07/16/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and edit motion to strike K. Sullivan confidentiality designations. |
| 07/16/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding the same. |
| 07/16/2018 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Review and edit motion to compel discovery from Donziger. |
| 07/16/2018 | Eisinger, Vincent R | 0.4 | 733 | 293.2 | Discuss revisions to motion with A. Herrera. |
| 07/17/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Review and comment on Donziger MTC. |
| 07/17/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Review and edit motion to compel discovery from Donziger. |
| 07/17/2018 | Eisinger, Vincent R | 0.8 | 733 | 586.4 | Draft cover letter for unredacted version of motion to remove K. Sullivan confidentiality designations. |
| 07/22/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Review and edit Donziger motion to compel. |
| 07/22/2018 | Eisinger, Vincent R | 0.2 | 733 | 146.6 | Discuss new motion to compel with A. Neuman. |
| 07/23/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding Donziger motion to compel. |
| 07/26/2018 | Mastro, Randy M | 0.2 | 1255 | 251 | E-mails and telephone conferences regarding same. |
| 07/26/2018 | Mastro, Randy M | 0.8 | 1255 | 1004 | Work on motion to compel Donziger to produce documents. |
| 07/26/2018 | Neuman, Andrea E | 0.4 | 1179 | 471.6 | Address motion to compel strategy issue with co-counsel and client. |
| 08/08/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Edit draft motion to compel. |
| 08/11/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Revise introduction to Motion to Compel regarding new developments. |
| 08/12/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on Sullivan letter response. |
| 08/12/2018 | Cole, Laura R | 2.3 | 656 | 1508.8 | Research case law for response to K. Sullivan request for protective order. |
| 08/13/2018 | Mastro, Randy M | 0.4 | 1255 | 502 | Review Donziger motion. |
| 08/13/2018 | Mastro, Randy M | 1.1 | 1255 | 1380.5 | Revise Sullivan opposition letter brief. |
| 08/13/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Draft and edit Motion to Compel Donziger. |
| 08/13/2018 | Hamburger, Bradley J | 0.3 | 848 | 254.4 | Review letter briefing regarding discovery dispute with Sullivan. |
| 08/13/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and redraft Donziger motion to compel discovery. |
| 08/14/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Conferences and exchanges with A. Champion on motion to compel issues. |
| 08/14/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding motion for contempt against Donziger. |
| 08/15/2018 | Mastro, Randy M | 1 | 1255 | 1255 | Work on motion to compel Donziger. |
| 08/15/2018 | Neuman, Andrea E | 0.8 | 1179 | 943.2 | Edit motion to compel and exchanges with A. Champion regarding same. |
| 08/15/2018 | Champion, Anne M | 4.2 | 1017 | 4271.4 | Revise motion to compel and send to client for comment. |
| 08/15/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and edit motion to compel as to Donziger. |
| 08/16/2018 | Thomson, William E | 0.8 | 1039 | 831.2 | Edit draft motion to compel and circulate internally. |

73

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 08/16/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Discuss same with A. Romero. |
| 08/16/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Revise motion to compel Donziger. |
| 08/16/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Correspond with team regarding motion to compel. |
| 08/16/2018 | Champion, Anne M | 3.2 | 1017 | 3254.4 | Revise and finalize for filing. |
| 08/16/2018 | Eisinger, Vincent R | 3 | 733 | 2199 | Prepare exhibits for second motion to compel from review of document productions from K. Sullivan and TD Bank. |
| 08/16/2018 | Eisinger, Vincent R | 5 | 733 | 3665 | Revise second motion to compel. |
| 09/19/2018 | Mastro, Randy M | 0.5 | 1255 | 627.5 | Work on motion to compel. |
| 09/19/2018 | Mastro, Randy M | 0.8 | 1255 | 1004 | E-mails and telephone conference regarding same. |
| 09/19/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Strategize with attorney team regarding K. Sullivan confidentiality designations. |
| 09/24/2018 | Dimitrov, Delyan M | 0.5 | 770 | 385 | Attention to revising draft motion to de-designate confidentiality designations. |
| 09/29/2018 | Dimitrov, Delyan M | 1.2 | 770 | 924 | Conduct legal research in connection with same. |
| 09/29/2018 | Dimitrov, Delyan M | 2 | 770 | 1540 | Revise draft motion to remove confidentiality designations from Sullivan produced documents. |
| 09/30/2018 | Dimitrov, Delyan M | 1.5 | 770 | 1155 | Revise draft motion to remove confidentiality designations from Sullivan produced documents. |
| 10/01/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Conduct legal research in connection with same. |
| 10/01/2018 | Dimitrov, Delyan M | 0.6 | 770 | 462 | Conference with A. Neuman and M. Burke regarding J. van Merkensteijn discovery dispute letter and Merkensteijn deposition strategy. |
| 10/01/2018 | Dimitrov, Delyan M | 1.1 | 770 | 847 | Revise motion to remove Donziger's confidentiality designations with respect to Sullivan produced documents. |
| 10/08/2018 | Dimitrov, Delyan M | 1.9 | 770 | 1463 | Revise motion to strike confidentiality as to K. Sullivan's document production. |
| 10/09/2018 | Thomson, William E | 0.8 | 1039 | 831.2 | Edit draft motion to remove Sullivan confidentiality designations and circulate same. |
| 10/09/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Correspond with team regarding confidentiality designations. |
| 10/09/2018 | Champion, Anne M | 2.8 | 1017 | 2847.6 | Edit confidentiality designation motion and send to team for comment. |
| 10/09/2018 | Dimitrov, Delyan M | 1.2 | 770 | 924 | Review, analyze and revise list of documents subject to motion to strike confidential documents. |
| 10/09/2018 | Dimitrov, Delyan M | 1.6 | 770 | 1232 | Revise motion to strike Donziger's confidentiality designations to K. Sullivan's productions. |
| 10/09/2018 | Eisinger, Vincent R | 2.0 | 733 | 1466 | Research standard for striking confidentiality designations. |
| 10/09/2018 | Eisinger, Vincent R | 3.0 | 733 | 2199 | Review and revise motion to strike confidentiality designations of K. Sullivan documents. |
| 10/10/2018 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Implement edits to confidentiality designation motion. |
| 10/10/2018 | Dimitrov, Delyan M | 1.2 | 770 | 924 | Revise motion to strike Donziger's confidentiality designations as to Sullivan produced documents. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page252 of 301

# SA392

**A-3: Discovery Motions**

**Champion Decl. Exhibit A - GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 10/10/2018 | Dimitrov, Delyan M | 1.3 | 770 | 1001 | Review and analyze documents subject to motion to strike confidential documents. |
| 10/10/2018 | Dimitrov, Delyan M | 1.3 | 770 | 1001 | Revise exhibit list regarding same. |
| 10/10/2018 | Eisinger, Vincent R | 3.3 | 733 | 2418.9 | Review and revise motion to strike confidentiality designations. |
| 10/11/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Attention to multiple revisions from client and team regarding same. |
| 10/11/2018 | Dimitrov, Delyan M | 1.5 | 770 | 1155 | Attention to review and revision of motion to strike confidentiality designations from Sullivan's production and exhibit of documents subject to motion. |
| 10/12/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Discuss confidentiality motion with team. |
| 10/12/2018 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Review and revise motion to strike confidentiality designations. |
| 10/14/2018 | Champion, Anne M | 1.7 | 1017 | 1728.9 | Draft letter to court regarding confidentiality waiver. |
| 10/14/2018 | Champion, Anne M | 1.8 | 1017 | 1830.6 | Edit Sullivan confidentiality motion and send to client. |
| 10/15/2018 | Thomson, William E | 0.4 | 1039 | 415.6 | Edit draft letter to court regarding lifting of temporary sealing. |
| 10/15/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Edit letter to court regarding lifting confidentiality designations on docs filed under seal. |
| 10/15/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Correspondence with V. Eisinger and A. Champion regarding same. |
| 10/15/2018 | Dimitrov, Delyan M | 1.3 | 770 | 1001 | Revise letter to unseal exhibits and draft motion to strike confidentiality designations. |
| 10/15/2018 | Eisinger, Vincent R | 1.5 | 733 | 1099.5 | Revise motion to strike confidentiality designations. |
| 10/16/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Finalize confidentiality designation motion. |
| 10/16/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Attention to finalizing draft letter to court regarding unsealing and motion to strike confidentiality designations. |
| 10/17/2018 | Dimitrov, Delyan M | 0.9 | 770 | 693 | Analysis and revision of motion to strike Donziger's confidentiality designations to Sullivan's document productions and letter to unseal contempt motion support documents produced by Sullivan. |
| 10/18/2018 | Thomson, William E | 0.7 | 1039 | 727.3 | Analyze Judge Kaplan order on motion to compel and strategize with A. Neuman regarding upcoming Donziger deposition and device imaging. |
| 10/18/2018 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review motions regarding Donziger's confidentiality designations. |
| 10/23/2018 | Thomson, William E | 0.3 | 1039 | 311.7 | Analyze Donziger letter to Judge Kaplan regarding sealing. |
| 10/24/2018 | Neuman, Andrea E | 0.2 | 1179 | <u>235.8</u> | Review order unsealing Sullivan materials. |
| | **Total** | | | 149,804.20 | |

Case 18-855, Document 141, 12/17/2019, 2732048, Page253 of 301

# EXHIBIT A-4

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 04/17/2018 | Neuman, Andrea E | 0.70 | 1179 | 825.3 | Prep for Donziger regarding exhibits and exchanges with A. Herrera regarding same. |
| 04/17/2018 | Herrera, Alejandro A | 0.70 | 774 | 541.8 | Draft deposition outline for S. Donziger deposition. |
| 04/18/2018 | Herrera, Alejandro A | 0.30 | 774 | 232.2 | Draft Donziger deposition outline. |
| 04/26/2018 | Champion, Anne M | 0.30 | 1017 | 305.1 | Follow up on scheduling of depositions. |
| 05/01/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Follow up on deposition scheduling with A. Herrera. |
| 05/01/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and edit deposition outline for S. Donziger. |
| 05/02/2018 | Neuman, Andrea E | 1.1 | 1179 | 1296.9 | Work with team draft outlines. |
| 05/02/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Provide comments on high-level admissions outline for Donziger deposition. |
| 05/02/2018 | Cole, Laura R | 0.2 | 656 | 131.2 | Telephone call with A. Herrera regarding post-judgment depositions. |
| 05/04/2018 | Cole, Laura R | 1.1 | 656 | 721.6 | Work on outline for Donziger post-judgment deposition. |
| 05/07/2018 | Cole, Laura R | 3.5 | 656 | 2296 | Draft outline for Donziger deposition. |
| 05/08/2018 | Cole, Laura R | 4.1 | 656 | 2689.6 | Draft outline for Donziger deposition. |
| 05/09/2018 | Cole, Laura R | 0.7 | 656 | 459.2 | Work on S. Donziger deposition outline. |
| 05/11/2018 | Cole, Laura R | 2.5 | 656 | 1640 | Work on S. Donziger deposition outline. |
| 05/15/2018 | Champion, Anne M | 1.6 | 1017 | 1627.2 | Review Donziger bank records in connection with hearing and deposition preparation. |
| 05/15/2018 | Barrett, Claudia M | 0.3 | 716 | 214.8 | Analyze materials relating to Donziger in connection with upcoming deposition. |
| 05/16/2018 | Neuman, Andrea E | 1.5 | 1179 | 1768.5 | Address Donziger deposition before hearing with team, including outlining deposition goals and cross-referencing with potential cross- examination. |
| 05/16/2018 | Neuman, Andrea E | 2 | 1179 | 2358 | Analysis of Donziger deposition transcript (portions). |
| 05/16/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Telephone conference regarding Donziger deposition preparation. |
| 05/16/2018 | Barrett, Claudia M | 0.3 | 716 | 214.8 | Prepare for and participate in conference call with A. Champion and A. Neuman regarding deposition topics. |
| 05/16/2018 | Barrett, Claudia M | 6.9 | 716 | 4940.4 | Analyze materials in connection with preparation for Donziger deposition. |
| 05/16/2018 | Cole, Laura R | 1 | 656 | 656 | Analyze Donziger deposition transcripts in preparation for enforcement deposition. |
| 05/21/2018 | Barrett, Claudia M | 6.8 | 716 | 4868.8 | Analysis of documents relating to Donziger and his representation of UDAPT and ADAT and prepare deposition outline regarding same. |
| 05/21/2018 | Cole, Laura R | 2.8 | 656 | 1836.8 | Prepare materials for Donziger deposition. |
| 05/22/2018 | Henrick, Stephen W | 1 | 729 | 729 | Strategize with team regarding Donziger deposition modules and revise same. |
| 05/22/2018 | Barrett, Claudia M | 4.5 | 716 | 3222 | Analyze materials in connection with deposition outline preparation and review deposition outline. |
| 05/22/2018 | Cole, Laura R | 0.8 | 656 | 524.8 | Prepare materials for Donziger deposition. |

# SA395

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page256 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|------------|------|------|--------|-----------|
| 05/23/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | E-mail Donziger regarding deposition scheduling and correspond with A. Neuman regarding same. |
| 05/23/2018 | Henrick, Stephen W | 1.6 | 729 | 1166.4 | Revise Donziger deposition outline. |
| 05/23/2018 | Barrett, Claudia M | 2.7 | 716 | 1933.2 | Work on deposition outline for Donziger deposition. |
| 05/24/2018 | Barrett, Claudia M | 3.1 | 716 | 2219.6 | Analyze materials in connection with deposition outline for Donziger deposition. |
| 05/29/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Telephone conference with team to discuss Donziger deposition outline. |
| 05/29/2018 | Henrick, Stephen W | 2.1 | 729 | 1530.9 | Revise Donziger deposition modules. |
| 05/30/2018 | Herrera, Alejandro A | 0.3 | 774 | 232.2 | Strategize with attorney team regarding Donziger deposition. |
| 05/30/2018 | Henrick, Stephen W | 5.2 | 729 | 3790.8 | Revise Donziger deposition outline. |
| 05/31/2018 | Neuman, Andrea E | 0.7 | 1179 | 825.3 | Outline Donziger deposition issues. |
| 05/31/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Follow up on Donziger deposition scheduling and draft outline. |
| 05/31/2018 | Henrick, Stephen W | 3.6 | 729 | 2624.4 | Revise Donziger deposition outline. |
| 05/31/2018 | Barrett, Claudia M | 4.1 | 716 | 2935.6 | Analyze materials in connection with outline for Donziger deposition and revise deposition outline. |
| 06/01/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Conference with team regarding current Donziger deposition outline. |
| 06/01/2018 | Neuman, Andrea E | 1.4 | 1179 | 1650.6 | Review and analyze issues regarding Donziger deposition outline. |
| 06/01/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Follow up on deposition outline preparation with team. |
| 06/01/2018 | Henrick, Stephen W | 0.5 | 729 | 364.5 | Call with team regarding Donziger deposition outline. |
| 06/01/2018 | Henrick, Stephen W | 4.2 | 729 | 3061.8 | Revise Donziger deposition modules. |
| 06/01/2018 | Barrett, Claudia M | 1.3 | 716 | 930.8 | Revise Donziger deposition outline. |
| 06/03/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Finalize notice of deposition and draft cover e-mail and send e-mail to S. Donziger. |
| 06/03/2018 | Henrick, Stephen W | 0.2 | 729 | 145.8 | E-mails with team regarding Donziger deposition. |
| 06/04/2018 | Barrett, Claudia M | 1.1 | 716 | 787.6 | Analyze materials in connection with Donziger deposition preparation. |
| 06/05/2018 | Mastro, Randy M | 0.8 | 1255 | 1004 | Conference with A. Neuman regarding Donziger deposition. |
| 06/05/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Draft letter to court regarding Donziger deposition. |
| 06/07/2018 | Champion, Anne M | 1.3 | 1017 | 1322.1 | Draft and send e-mail to Donziger regarding deposition and outstanding document production issues and draft stipulation. |
| 06/07/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Strategize with attorney team regarding the same. |
| 06/07/2018 | Herrera, Alejandro A | 0.6 | 774 | 464.4 | Draft meet and confer response to Donziger regarding deposition. |
| 06/08/2018 | Neuman, Andrea E | 2.3 | 1179 | 2711.7 | Work on Donziger deposition and cross outlines. |
| 06/08/2018 | Barrett, Claudia M | 1.3 | 716 | 930.8 | Analyze materials in connection with Donziger deposition. |
| 06/12/2018 | Neuman, Andrea E | 2.1 | 1179 | 2475.9 | Review and edit draft Donziger deposition outline. |
| 06/12/2018 | Barrett, Claudia M | 2.7 | 716 | 1933.2 | Revise outline for Donziger deposition and e-mails with S. Henrick and A. Neuman regarding same. |

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page257 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/13/2018 | Henrick, Stephen W | 0.3 | 729 | 218.7 | Discussions with team regarding Donziger deposition preparation. |
| 06/13/2018 | Barrett, Claudia M | 5 | 716 | 3580 | Research and revise Donziger deposition outline. |
| 06/14/2018 | Barrett, Claudia M | 2 | 716 | 1432 | Revise Donziger deposition outline. |
| 06/14/2018 | Cole, Laura R | 1.6 | 656 | 1049.6 | Work on Donziger deposition outline. |
| 06/19/2018 | Neuman, Andrea E | 0.6 | 1179 | 707.4 | Conference with client on deposition strategy. |
| 06/19/2018 | Champion, Anne M | 7.2 | 1017 | 7322.4 | Review documents and draft questions in preparation for deposition of K. Sullivan. |
| 06/19/2018 | Herrera, Alejandro A | 0.9 | 774 | 696.6 | Strategize with attorney team regarding document production and deposition of K. Sullivan and Streamline. |
| 06/19/2018 | Barrett, Claudia M | 6.5 | 716 | 4654 | Research various issues relating to Donziger and Sullivan depositions and conference call with A. Champion, S. Henrick, S. Bell, A. Herrera, and V. Eisinger regarding same. |
| 06/19/2018 | Cole, Laura R | 4.4 | 656 | 2886.4 | Work on outline for S. Donziger deposition. |
| 06/20/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Correspond with K. Sullivan counsel and team regarding K. Sullivan deposition and document production. |
| 06/20/2018 | Champion, Anne M | 9.9 | 1017 | 10068.3 | Review documents and prepare for deposition of K. Sullivan. |
| 06/20/2018 | Herrera, Alejandro A | 2.1 | 774 | 1625.4 | Prepare for K. Sullivan deposition. |
| 06/20/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Discuss deposition outline for K. Sullivan with A. Champion, J. Bell, A. Herrera, and S. Henrick. |
| 06/20/2018 | Henrick, Stephen W | 1.2 | 729 | 874.8 | Discussions with team regarding preparation for outstanding depositions. |
| 06/20/2018 | Barrett, Claudia M | 4.5 | 716 | 3222 | Research and draft Donziger deposition modules. |
| 06/20/2018 | Cole, Laura R | 4.2 | 656 | 2755.2 | Work on S. Donziger deposition outline. |
| 06/21/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Revise summary. |
| 06/21/2018 | Champion, Anne M | 10.9 | 1017 | 11085.3 | Prepare for and attend K. Sullivan deposition. |
| 06/21/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Strategize with attorney team regarding the same. |
| 06/21/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Review and analyze documents related to Donziger deposition. |
| 06/21/2018 | Herrera, Alejandro A | 9.3 | 774 | 7198.2 | Deposition of K. Sullivan. |
| 06/21/2018 | Eisinger, Vincent R | 1 | 733 | 733 | Review and discuss L. Cole's summary of Donziger admissions of selling shares in judgment. |
| 06/21/2018 | Henrick, Stephen W | 0.5 | 729 | 364.5 | E-mails with team regarding deposition preparation. |
| 06/21/2018 | Cole, Laura R | 6.4 | 656 | 4198.4 | Work on modules for S. Donziger deposition. |
| 06/22/2018 | Champion, Anne M | 1.4 | 1017 | 1423.8 | Prepare for Donziger deposition. |
| 06/22/2018 | Herrera, Alejandro A | 1.3 | 774 | 1006.2 | Review and revise modules for Donziger deposition. |
| 06/22/2018 | Herrera, Alejandro A | 2.8 | 774 | 2167.2 | Review and analyze documents for Donziger deposition. |
| 06/22/2018 | Barrett, Claudia M | 0.8 | 716 | 572.8 | Review deposition transcript of K. Sullivan. |
| 06/22/2018 | Cole, Laura R | 5 | 656 | 3280 | Work on modules for S. Donziger deposition. |

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/23/2018 | Neuman, Andrea E | 8.6 | 1179 | 10139.4 | Analysis of materials including former testimony, Donziger documents and draft modules and meeting with A. Herrera regarding Donziger deposition preparation. |
| 06/23/2018 | Herrera, Alejandro A | 10.8 | 774 | 8359.2 | Prepare documents and question outlines for Donziger deposition. |
| 06/23/2018 | Barrett, Claudia M | 0.7 | 716 | 501.2 | Analyze K. Sullivan deposition transcript. |
| 06/24/2018 | Neuman, Andrea E | 9.7 | 1179 | 11436.3 | Preparation for Donziger deposition, including analysis of documents and testimony and drafting modules regarding same and finalizing deposition exhibit set, outline, and topics. |
| 06/24/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Contact Donziger regarding schedule and update team. |
| 06/24/2018 | Champion, Anne M | 2.4 | 1017 | 2440.8 | Review and respond to e-mails regarding Donziger deposition preparation. |
| 06/24/2018 | Herrera, Alejandro A | 9.9 | 774 | 7662.6 | Prepare documents and question outlines for Donziger deposition. |
| 06/24/2018 | Henrick, Stephen W | 0.7 | 729 | 510.3 | Discussions with team regarding letter filing and case strategy in advance of upcoming Donziger deposition. |
| 06/25/2018 | Neuman, Andrea E | 2.2 | 1179 | 2593.8 | Follow-up meetings with co-counsel and client regarding Donziger deposition and contempt hearing and witness preparation and additional tasks regarding same. |
| 06/25/2018 | Neuman, Andrea E | 7.5 | 1179 | 8842.5 | Prepare for and take Donziger deposition. |
| 06/25/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Review and revise summary of deposition. |
| 06/25/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Respond to inquiries from A. Neuman in preparation for deposition. |
| 06/25/2018 | Champion, Anne M | 1.3 | 1017 | 1322.1 | Review documents prepared for deposition and discuss with A. Herrera. |
| 06/25/2018 | Champion, Anne M | 5.5 | 1017 | 5593.5 | Attend and assist with Donziger deposition. |
| 06/25/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Draft letter to the court regarding Donziger deposition. |
| 06/25/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Draft and revise summary of Donziger deposition. |
| 06/25/2018 | Herrera, Alejandro A | 7.8 | 774 | 6037.2 | Donziger deposition. |
| 06/25/2018 | Henrick, Stephen W | 2 | 729 | 1458 | Summarize key admissions from Donziger deposition. |
| 06/25/2018 | Barrett, Claudia M | 0.8 | 716 | 572.8 | Review Donziger deposition transcript and Donziger letter motion. |
| 06/26/2018 | Neuman, Andrea E | 4.2 | 1179 | 4951.8 | Prepare for Rizack deposition. |
| 06/26/2018 | Champion, Anne M | 0.5 | 1017 | 508.5 | Draft e-mail to Donziger on deposition transcripts and discuss with team. |
| 06/26/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Strategize with attorney team regarding proposed deposition of J. Rizack. |
| 06/26/2018 | Herrera, Alejandro A | 1.1 | 774 | 851.4 | Strategize with attorney team regarding Donziger deposition. |
| 06/27/2018 | Neuman, Andrea E | 3.6 | 1179 | 4244.4 | Attend Rizack deposition and follow-up regarding same. |
| 06/27/2018 | Neuman, Andrea E | 6.7 | 1179 | 7899.3 | Prepare for Rizack deposition, analysis of RICO and contempt productions and testimony regarding same. |
| 06/27/2018 | Champion, Anne M | 3.4 | 1017 | 3457.8 | Attend Rizack deposition and update cross-examination team on key issues. |
| 06/27/2018 | Herrera, Alejandro A | 0.5 | 774 | 387 | Calls with J. Rizack regarding deposition. |

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 06/27/2018 | Herrera, Alejandro A | 1 | 774 | 774 | Strategize with attorney team regarding the same. |
| 06/27/2018 | Herrera, Alejandro A | 4.1 | 774 | 3173.4 | J. Rizack deposition. |
| 06/27/2018 | Herrera, Alejandro A | 4.4 | 774 | 3405.6 | Prepare documents and questioning for J. Rizack deposition. |
| 06/27/2018 | Barrett, Claudia M | 3.9 | 716 | 2792.4 | Review Donziger deposition transcript and e-mails with A. Herrera regarding same. |
| 07/25/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Draft e-mail to counsel for Sullivan regarding scope of depositions. |
| 08/23/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Multiple correspondence and telephone conference with A. Champion regarding K. Sullivan's document production and deposition preparation. |
| 08/23/2018 | Dimitrov, Delyan M | 1.6 | 770 | 1232 | Review and analysis of K. Sullivan's prior deposition transcript and deposition transcripts in connection with preparation for supplemental deposition. |
| 08/23/2018 | Dimitrov, Delyan M | 2.2 | 770 | 1694 | Review and analyze noteworthy K. Sullivan's documents in connection with deposition preparation. |
| 08/24/2018 | Dimitrov, Delyan M | 1.8 | 770 | 1386 | Review and analysis of K. Sullivan's June 21 deposition transcript and corresponding exhibits in connection with deposition outline for supplemental deposition. |
| 08/24/2018 | Dimitrov, Delyan M | 4 | 770 | 3080 | Review and analyze documents produced by K. Sullivan on August 23 in connection with supplemental deposition and post-judgment enforcement strategy. |
| 08/25/2018 | Champion, Anne M | 2.1 | 1017 | 2135.7 | Review documents from Sullivan production and analyze for deposition. |
| 08/26/2018 | Dimitrov, Delyan M | 1.2 | 770 | 924 | Review and analysis of contempt proceedings against Donziger and Rizack deposition in connection with outline for Sullivan supplemental deposition. |
| 08/27/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Review Sullivan documents and analyze for deposition. |
| 08/27/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Correspond with K. Sullivan regarding scheduling of deposition and remaining document production and update team. |
| 08/27/2018 | Dimitrov, Delyan M | 1.5 | 770 | 1155 | Revise discovery dispute letter to F. Libby in light of correspondence refusing to designate a deposition date and to complete discovery on the agreed upon schedule. |
| 08/27/2018 | Dimitrov, Delyan M | 1.7 | 770 | 1309 | Review of noteworthy post-judgment discovery in connection with preparation for K. Sullivan's supplemental deposition. |
| 08/28/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Correspond with F. Libby regarding deposition date. |
| 08/28/2018 | Dimitrov, Delyan M | 0.8 | 770 | 616 | Draft letter to Judge Kaplan regarding Sullivan's failure to designate a deposition date and her ongoing document production deficiencies. |
| 08/28/2018 | Dimitrov, Delyan M | 1.8 | 770 | 1386 | Revise letter to F. Libby regarding failure to designate a deposition date as required under the Court's August 20, 2018 order and outstanding discovery disputes. |
| 08/29/2018 | Dimitrov, Delyan M | 1.3 | 770 | 1001 | Review deposition topics and strategy for K. Sullivan's supplemental deposition. |

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/03/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review draft letter to F. Libby regarding Sullivan deposition and document production. |
| 09/04/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Work on Sullivan deposition outline. |
| 09/04/2018 | Dimitrov, Delyan M | 1.3 | 770 | 1001 | Prepare outline for supplemental deposition of K. Sullivan. |
| 09/04/2018 | Dimitrov, Delyan M | 1.5 | 770 | 1155 | Attention to analysis of noteworthy Sullivan documents in connection with same. |
| 09/05/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Correspond with opposing counsel regarding outstanding document production issues and deposition logistics. |
| 09/05/2018 | Champion, Anne M | 3.5 | 1017 | 3559.5 | Review Sullivan documents in preparation for deposition. |
| 09/05/2018 | Dimitrov, Delyan M | 1.4 | 770 | 1078 | Attention to drafting deposition outline for supplemental deposition of K. Sullivan. |
| 09/06/2018 | Neuman, Andrea E | 1 | 1179 | 1179 | K. Sullivan deposition preparation meeting and prepare for same. |
| 09/06/2018 | Champion, Anne M | 3.3 | 1017 | 3356.1 | Review Sullivan documents in connection with deposition. |
| 09/06/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Meet with A. Neuman and D. Dimitrov in preparation for Sullivan deposition. |
| 09/06/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | Correspondence with A. Champion regarding Sullivan deposition. |
| 09/06/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Draft notice of K. Sullivan's September 12 deposition. |
| 09/06/2018 | Dimitrov, Delyan M | 1.1 | 770 | 847 | Conference with A. Champion and A. Neuman regarding RICO post-judgment legal strategy and supplemental deposition of K. Sullivan. |
| 09/06/2018 | Dimitrov, Delyan M | 1.3 | 770 | 1001 | Attention to revising K. Sullivan supplemental deposition outline. |
| 09/07/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Contact new counsel for Sullivan regarding deposition. |
| 09/07/2018 | Champion, Anne M | 0.8 | 1017 | 813.6 | Address logistics for Sullivan deposition. |
| 09/07/2018 | Champion, Anne M | 1.2 | 1017 | 1220.4 | Review Sullivan documents. |
| 09/07/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Strategize with attorney team regarding deposition of K. Sullivan. |
| 09/07/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Revise notice of deposition to be served on Donziger. |
| 09/07/2018 | Dimitrov, Delyan M | 1.8 | 770 | 1386 | Attention to Sullivan deposition outline and review of noteworthy documents. |
| 09/08/2018 | Champion, Anne M | 1.1 | 1017 | 1118.7 | Correspond with team regarding review of Sullivan documents. |
| 09/08/2018 | Champion, Anne M | 3.2 | 1017 | 3254.4 | Review Sullivan documents in preparation for deposition. |
| 09/09/2018 | Champion, Anne M | 6.1 | 1017 | 6203.7 | Review Sullivan documents in preparation for deposition and send comments to D. Dimitrov regarding deposition outline. |
| 09/09/2018 | Dimitrov, Delyan M | 1.2 | 770 | 924 | Attention to Sullivan deposition preparation. |
| 09/10/2018 | Champion, Anne M | 2.8 | 1017 | 2847.6 | Prepare for Sullivan deposition. |
| 09/10/2018 | Dimitrov, Delyan M | 1.2 | 770 | 924 | Attention to Sullivan deposition preparation strategy and outline. |
| 09/11/2018 | Dimitrov, Delyan M | 1.7 | 770 | 1309 | Attention to review and analysis of noteworthy Sullivan documents in connection with Sullivan Deposition preparation. |
| 09/12/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Correspond with S. Donziger regarding deposition scheduling. |

# SA400

SA400

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/13/2018 | Champion, Anne M | 0.4 | 1017 | 406.8 | Correspond with Donziger regarding executed documents and deposition scheduling. |
| 09/13/2018 | Champion, Anne M | 0.6 | 1017 | 610.2 | Correspond with A. Neuman regarding upcoming depositions and accounting schedules. |
| 09/25/2018 | Champion, Anne M | 2.6 | 1017 | 2644.2 | Prepare for Sullivan deposition. |
| 09/26/2018 | Champion, Anne M | 0.3 | 1017 | 305.1 | Organize Sullivan deposition. |
| 09/26/2018 | Champion, Anne M | 2.4 | 1017 | 2440.8 | Review and provide comments on Sullivan deposition outline. |
| 09/26/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Multiple correspondence with A. Champion and S. Baumgardner in connection with same. |
| 09/26/2018 | Dimitrov, Delyan M | 0.5 | 770 | 385 | Multiple correspondence and telephone conference with C. Pico and A. Santamaria regarding deposition Materials for Sullivan deposition. |
| 09/26/2018 | Dimitrov, Delyan M | 1 | 770 | 770 | Conference with A. Neuman, A. Herrera, and M. Burke regarding deposition preparation for deposition of John van Merkensteijn. |
| 09/26/2018 | Dimitrov, Delyan M | 2.5 | 770 | 1925 | Revise deposition outline for deposition of K. Sullivan. |
| 09/27/2018 | Mastro, Randy M | 0.7 | 1255 | 878.5 | Work on deposition preparation. |
| 09/27/2018 | Champion, Anne M | 0.7 | 1017 | 711.9 | Meet with team to prepare for deposition. |
| 09/27/2018 | Champion, Anne M | 2.7 | 1017 | 2745.9 | Review documents in preparation for deposition. |
| 09/27/2018 | Herrera, Alejandro A | 0.2 | 774 | 154.8 | Draft and service deposition for J. Rizack. |
| 09/27/2018 | Herrera, Alejandro A | 0.7 | 774 | 541.8 | Strategize with attorney team regarding deposition of K. Sullivan. |
| 09/27/2018 | Dimitrov, Delyan M | 1.4 | 770 | 1078 | Attention to deposition preparation for deposition of John van Merkensteijn. |
| 09/28/2018 | Neuman, Andrea E | 1.9 | 1179 | 2240.1 | Exchanges with team and client regarding Sullivan deposition, review of rough deposition transcript and Conference with client, A. Champion and W. Thomson regarding strategy for use of Sullivan testimony. |
| 09/28/2018 | Champion, Anne M | 3.1 | 1017 | 3152.7 | Prepare for K. Sullivan deposition. |
| 09/28/2018 | Champion, Anne M | 4.5 | 1017 | 4576.5 | Attend deposition of K. Sullivan. |
| 09/28/2018 | Hamburger, Bradley J | 0.2 | 848 | 169.6 | Review e-mails regarding Sullivan deposition. |
| 09/28/2018 | Hamburger, Bradley J | 1 | 848 | 848 | Review Sullivan deposition transcript. |
| 09/28/2018 | Herrera, Alejandro A | 4.1 | 774 | 3173.4 | Deposition of K. Sullivan. |
| 09/28/2018 | Dimitrov, Delyan M | 0.8 | 770 | 616 | Telephone conference with A. Romero, A. Champion, A. Neuman and W. Thomson regarding Sullivan Deposition debrief and contempt motion strategy. |
| 09/28/2018 | Dimitrov, Delyan M | 2.2 | 770 | 1694 | Attention to review and analysis of J. van Merkensteijn's noteworthy documents in connection with Deposition preparation. |
| 09/28/2018 | Dimitrov, Delyan M | 3.1 | 770 | 2387 | Attention to K. Sullivan deposition and A. Champion's document requests in connection thereto. |
| 09/28/2018 | Eisinger, Vincent R | 0.5 | 733 | 366.5 | Review transcript of K. Sullivan deposition. |
| 09/29/2018 | Dimitrov, Delyan M | 2.4 | 770 | 1848 | Review and revise van Merkensteijn's deposition outline. |

# SA401

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 09/29/2018 | Dimitrov, Delyan M | 3.2 | 770 | 2464 | Attention to review and analysis of J. van Merkensteijn's documents in connection with van Merkensteijn deposition preparation. |
| 09/30/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Multiple correspondence with M. Burke regarding same. |
| 09/30/2018 | Dimitrov, Delyan M | 0.9 | 770 | 693 | Review, analyze and revise J. van Merkensteijn's deposition outline. |
| 09/30/2018 | Dimitrov, Delyan M | 1.4 | 770 | 1078 | Review and analyze noteworthy documents from J. van Merkensteijn's supplemental document production in connection with deposition preparation. |
| 10/01/2018 | Neuman, Andrea E | 5.6 | 1179 | 6602.4 | Prepare for van Merkensteijn deposition and analysis of documents and meeting with team regarding same. |
| 10/01/2018 | Dimitrov, Delyan M | 1.7 | 770 | 1309 | Conference with A. Neuman and M. Burke regarding J. van Merkensteijn deposition preparation. |
| 10/01/2018 | Dimitrov, Delyan M | 2.6 | 770 | 2002 | Review and analysis of J. van Merkensteijn's noteworthy documents in connection with deposition preparation. |
| 10/01/2018 | Barrett, Claudia M | 3.1 | 716 | 2219.6 | Analyze Sullivan 9/28 deposition transcript. |
| 10/02/2018 | Herrera, Alejandro A | 0.8 | 774 | 619.2 | Draft deposition outline for J. Rizack. |
| 10/03/2018 | Neuman, Andrea E | 5.1 | 1179 | 6012.9 | Rizack deposition preparation. |
| 10/03/2018 | Herrera, Alejandro A | 1.4 | 774 | 1083.6 | Draft J. Rizack deposition outline. |
| 10/03/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | Revise notice of deposition for J. van Merkensteijn. |
| 10/03/2018 | Dimitrov, Delyan M | 1.3 | 770 | 1001 | Review and analysis of J. van Merkensteijn's documents in connection with deposition preparation and discovery dispute letter. |
| 10/04/2018 | Neuman, Andrea E | 1.2 | 1179 | 1414.8 | Review Rizack prior deposition testimony regarding deposition preparation. |
| 10/04/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Review and revise deposition outline for J. Rizack. |
| 10/04/2018 | Herrera, Alejandro A | 2.0 | 774 | 1548 | Review and analyze documents for J. Rizack deposition. |
| 10/04/2018 | Dimitrov, Delyan M | 1.1 | 770 | 847 | Review and revise J. van Merkensteijn's deposition outline. |
| 10/04/2018 | Dimitrov, Delyan M | 1.7 | 770 | 1309 | Review of relevant van Merkensteijn and K. Sullivan's documents in connection with van Merkensteijn's deposition. |
| 10/05/2018 | Neuman, Andrea E | 9.4 | 1179 | 11082.6 | Prepare for and take Rizack deposition. |
| 10/05/2018 | Champion, Anne M | 2.1 | 1017 | 2135.7 | Attend deposition of J. Rizack. |
| 10/05/2018 | Herrera, Alejandro A | 1.7 | 774 | 1315.8 | Prepare materials for the same. |
| 10/05/2018 | Herrera, Alejandro A | 5.5 | 774 | 4257 | Deposition of J. Rizack. |
| 10/08/2018 | Herrera, Alejandro A | 1.2 | 774 | 928.8 | Draft summary of Rizack deposition. |
| 10/09/2018 | Neuman, Andrea E | 0.5 | 1179 | 589.5 | Draft and edit summary of Rizack deposition. |
| 10/09/2018 | Herrera, Alejandro A | 0.4 | 774 | 309.6 | Review and redraft summary of J. Rizack deposition. |
| 10/15/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Correspondence with counsel for J. van Merkensteijn regarding alternative deposition dates  and completion of document productions. |
| 10/16/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | Draft amended notice of deposition for J. van Merkensteijn. |

Case 18-855, Document 141, 12/17/2019, 2732048, Page262 of 301

83

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page263 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 10/16/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Correspondence with counsel for van Merkensteijn and client regarding deposition date. |
| 10/19/2018 | Dimitrov, Delyan M | 0.7 | 770 | 539 | Analyze and revise J. van Merkensteijn's deposition outline in connection with same. |
| 10/19/2018 | Dimitrov, Delyan M | 0.8 | 770 | 616 | Review and analyze noteworthy J. van Merkensteijn documents in connection with deposition preparation. |
| 10/19/2018 | Dimitrov, Delyan M | 1.4 | 770 | 1078 | Conference with A. Neuman and M. Burke regarding J. van Merkensteijn's deposition strategy. |
| 10/20/2018 | Dimitrov, Delyan M | 1.9 | 770 | 1463 | Review and analyze J. van Merkensteijn's October 19, 2018 document production in connection with deposition preparation. |
| 10/21/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Refine deposition outline and deposition topics for J. van Merkensteijn. |
| 10/21/2018 | Dimitrov, Delyan M | 2.5 | 770 | 1925 | Review and analyze J. van Merkensteijn's October 19, 2018 document production in connection with deposition preparation. |
| 10/22/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Multiple correspondence with M. Burke regarding deposition preparation for J. van Merkensteijn deposition. |
| 10/22/2018 | Dimitrov, Delyan M | 4.5 | 770 | 3465 | Review and analyze J. van Merkensteijn's document productions from October 19 and October 23 in connection with deposition preparation. |
| 10/23/2018 | Neuman, Andrea E | 1.0 | 1179 | 1179 | Outline van Merkensteijn deposition approach. |
| 10/23/2018 | Neuman, Andrea E | 5.2 | 1179 | 6130.8 | Participate in van Merkensteijn deposition preparation with team and analysis of additional productions from multiple witnesses. |
| 10/23/2018 | Dimitrov, Delyan M | 2.3 | 770 | 1771 | Attend J. van Merkensteijn deposition preparation meeting with A. Neuman and M. Burke. |
| 10/23/2018 | Dimitrov, Delyan M | 3.4 | 770 | 2618 | Review and analysis of J. van Merkensteijn's document productions from October 19 and October 23 in connection with deposition preparation. |
| 10/24/2018 | Neuman, Andrea E | 0.9 | 1179 | 1061.1 | Meet and confer conference with van Merkensteijn's counsel and prepare for same. |
| 10/24/2018 | Dimitrov, Delyan M | 0.7 | 770 | 539 | Conference with A. Neuman and M. Burke regarding J. van Merkensteijn deposition preparation. |
| 10/24/2018 | Dimitrov, Delyan M | 4.1 | 770 | 3157 | Review and analyze deposition preparation materials for J. van Merkensteijn's deposition. |
| 10/25/2018 | Neuman, Andrea E | 4.2 | 1179 | 4951.8 | Prepare for depositions and meet with team regarding same. |
| 10/25/2018 | Thomson, William E | 0.4 | 1039 | 415.6 | Edit draft letter to Judge Kaplan regarding deposition date and special master. |
| 10/25/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Attend meet and confer with counsel for J. van Merkensteijn and C. Eisler, A. Neuman and V. Eisinger regarding C. Eisler's responses and objections to document and information subpoenas and J. van Merkensteijn's deposition. |
| 10/25/2018 | Dimitrov, Delyan M | 1.7 | 770 | 1309 | Review and analyze van Merkensteijn's noteworthy documents in connection with deposition preparation. |
| 10/25/2018 | Dimitrov, Delyan M | 5.1 | 770 | 3927 | Conference with A. Neuman and M. Burke regarding J. van Merkensteijn deposition preparation. |

# SA403

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

Case 18-855, Document 141, 12/17/2019, 2732048, Page264 of 301

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|---|---|---|---|---|---|
| 10/26/2018 | Dimitrov, Delyan M | 0.7 | 770 | 539 | Multiple correspondence with C. Ferguson and S. McCarthy regarding J. van Merkensteijn's and C. Eisler's document productions and deposition scheduling. |
| 10/26/2018 | Dimitrov, Delyan M | 1.8 | 770 | 1386 | Attention to deposition preparation for J. van Merkensteijn. |
| 10/27/2018 | Dimitrov, Delyan M | 1.0 | 770 | 770 | Review and analyze C. Eisler's first production in connection with same. |
| 10/27/2018 | Dimitrov, Delyan M | 1.4 | 770 | 1078 | Review and analyze supplemental van Merkensteijn productions in connection with deposition preparation. |
| 10/28/2018 | Neuman, Andrea E | 3.2 | 1179 | 3772.8 | Review and analyze additional van Merkensteijn documents and deposition outline and folders. |
| 10/28/2018 | Dimitrov, Delyan M | 1.3 | 770 | 1001 | Review and analyze van Merkensteijn's supplemental productions and C. Eisler's productions in connection with van Merkensteijn's deposition preparation. |
| 10/28/2018 | Dimitrov, Delyan M | 1.5 | 770 | 1155 | Review and analyze electronic folder of deposition preparation materials for J. van Merkensteijn. |
| 10/29/2018 | Dimitrov, Delyan M | 0.5 | 770 | 385 | Attend J. van Merkensteijn deposition preparation conference with M. Burke. |
| 10/29/2018 | Dimitrov, Delyan M | 5.2 | 770 | 4004 | Continue deposition preparation for J. van Merkensteijn deposition. |
| 10/30/2018 | Neuman, Andrea E | 10.2 | 1179 | 12025.8 | Prepare for van Merkensteijn deposition and analysis of documents, continue drafting outline regarding same, and meeting with team regarding same. |
| 10/30/2018 | Dimitrov, Delyan M | 0.2 | 770 | 154 | Correspondence with client regarding Merkensteijn deposition logistics. |
| 10/30/2018 | Dimitrov, Delyan M | 0.3 | 770 | 231 | Multiple correspondence and telephone conference with W. Cai regarding same. |
| 10/30/2018 | Dimitrov, Delyan M | 3.0 | 770 | 2310 | Review and analyze potential exhibits for deposition of J. van Merkensteijn. |
| 10/30/2018 | Dimitrov, Delyan M | 6.8 | 770 | 5236 | Participate in Merkensteijn deposition preparation with A. Neuman and M. Burke. |
| 10/30/2018 | Eisinger, Vincent R | 0.6 | 733 | 439.8 | Create schedule for third-party depositions. |
| 10/31/2018 | Neuman, Andrea E | 9.4 | 1179 | 11082.6 | Prepare for and take deposition of J. van Merkensteijn and de-brief with client regarding same. |
| 10/31/2018 | Dimitrov, Delyan M | 0.4 | 770 | 308 | Attention to scheduling and deposition preparation for C. Eisler's deposition. |
| 10/31/2018 | Dimitrov, Delyan M | 2.8 | 770 | 2156 | Continue deposition preparation for deposition of J. van Merkensteijn. |
| 10/31/2018 | Dimitrov, Delyan M | 7.5 | 770 | 5775 | Second-chair taking of deposition of J. van Merkensteijn. |
| 01/04/2019 | Herrera, Alejandro A | 0.40 | 833 | 333.2 | Strategize with attorney team regarding post-judgment depositions. |
| 02/18/2019 | Eisinger, Vincent R | 0.2 | 805 | 161 | Discuss D. Zelman deposition with S. Baumgardner. |
| 02/21/2019 | Neuman, Andrea E | 1.5 | 1395 | 2092.5 | Analysis of Zelman productions and exchanges with team regarding same. |
| 02/26/2019 | Neuman, Andrea E | 3.1 | 1395 | 4324.5 | Prepare for Zelman deposition and analysis of outline and documents regarding same. |

85

**A-4: Deposition**

**Champion Decl. Exhibit A – GDC Billing Records**

| Date | Timekeeper | Time | Rate | Amount | Narrative |
|------|-----------|------|------|--------|-----------|
| 02/27/2019 | Neuman, Andrea E | 4.3 | 1395 | 5998.5 | Prepare for a take Zelman deposition. |
| 02/27/2019 | Champion, Anne M | 1.5 | 1121 | 1681.5 | Attend deposition of D. Zelman. |
| 02/28/2019 | Neuman, Andrea E | 0.8 | 1395 | 1116 | Review and edit Zelman summary and exchanges regarding same. |
| 02/28/2019 | Dimitrov, Delyan M | 0.2 | 811 | <u>162.2</u> | Telephone conference with S. Baumgardner regarding Zelman deposition. |
| | **Total** | | | 509,443.40 | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 6/28/2019

Plaintiff,

-against-                                          11-cv-0691 (LAK)

STEVEN DONZIGER, et al.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER CONCERNING COERCIVE CIVIL MONETARY SANCTIONS WITH RESPECT TO CONTEMPT OF FORENSIC INSPECTION PROTOCOL PARAGRAPHS 4 AND 5

LEWIS A. KAPLAN, *District Judge.*

By orders dated May 23 and 29, 2019, the Court imposed coercive and increasing monetary civil contempt sanctions for continuing violation of paragraphs 4 and 5, respectively, of the Court's Forensic Inspection Protocol [DI 2172] (the "Protocol"). The contemnors have not purged themselves of contempt of paragraph 5. It is not yet clear whether they have done so with respect to contempt of paragraph 4. They have not paid any of those monetary sanctions.

In current circumstances, it does not appear that the further accumulation of monetary civil contempt sanctions for these violations is likely to have the desired effect. Accordingly, the further accumulation of such monetary sanctions with respect to the contempts of paragraphs 4 and 5 of the Protocol is suspended, subject to further order of this Court.

Nothing herein forecloses the possibility of the Court granting additional coercive relief, including increased fines and other measures, in the event all civil contempts are not fully purged.

SO ORDERED.

Dated:      June 28, 2019

                                                     Lewis A. Kaplan
                                              United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>                   Plaintiff,<br><br>         v.<br><br>STEVEN DONZIGER *et al.*,<br><br>                   Defendants. | 11 Civ. 0691 (LAK) |

### OPPOSITION TO UNTIMELY MOTION FOR ATTORNEY'S FEES

Fed. R. Civ. P. Rule 54(d)(2)(B) states that "[u]nless a statute or a court order provides otherwise, [a claim for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment." A "judgment" is defined to "include[ ] a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Court issued its final opinion and order on the contempt motions on May 23, 2019 ("Contempt Decision"), and the clerk formally entered the new supplemental money judgment associated with the order on May 24, 2019. Nothing in the Contempt Decision provided any alternative deadline. Thus, any attorney's fee motion was due June 6, 2019 or at the latest June 7, 2019. Chevron neglected to file its motion until June 18, 2019—almost twice the time allowed under the rules. It has forfeited any claim to fees regarding the Contempt Decision.

The Court has excused Chevron (and itself) from compliance with the federal rules time and time again—most recently in its decision that the Circuit's clear divestment-of-jurisdiction rule does not apply to Chevron or Your Honor, allowing the Court effectively to amend the Contempt Opinion after undersigned had already filed a notice of appeal. The Court should not repeat this violation here. The failure to timely file for fees can only be a product of pure arrogance

and laziness: Chevron's "elite" counsel clearly know the provisions of the federal rules; they apparently just don't think such petty items such as deadlines apply to a large oil company backed by a powerful corporate law firm, as opposed to a sole practitioner like myself. Or, they simply trust that Your Honor will let them off the hook. It is supremely hard to imagine how Chevron and its army of experienced lawyers might make out any claim of "excusable neglect" under these circumstances. The 14-day deadline in Rule 54(d) "serves important purposes," *Cardona v. City of New York*, 2007 WL 690126, at *1 (S.D.N.Y. Mar. 7, 2007) (Lynch, J.). Consistent with the law, the Court should find that Chevron forfeited any claim to fees regarding the Contempt Decision.

If the Court ultimately turns a blind eye to this hard deadline, it will be yet more evidence of the foundational illegitimacy of these post-judgment proceedings—a separate substantive reason why any fee request must be denied. As I have articulated countless times, and as is now on appeal, there never has been any good faith basis for these proceedings: Chevron's original (and subsequent) contempt motions never *even pretended* to put forward any evidence showing non-compliance under the scope of the RICO Injunction as explained in the Court's Stay/Clarification Opinion. I reasonably and in good faith relied on this Opinion from 2014-2018 in conforming my efforts to the "constrained" nature of the relief the Court issued on March 4, 2014. While Chevron likes to point to the fact that it was also entitled to discovery regarding the first money judgment – discovery offered by the Court without Chevron even asking for it -- I offered to cooperate with appropriately narrow discovery regarding my financial accounts and assets in my very first (timely) responses to Chevron's first subpoena to me in April 2018. Chevron categorically rejected the offer and refused to meet and confer, demanding absolute compliance with its overbroad and deeply intrusive "money judgment" requests that were of course

intermingled with the "contempt" discovery requests. The record is obvious that these post-judgment proceedings have never about the simple task of discovering the extent of my assets. Rather, the record shows they are about the harassment, intimidation, and intrusion into constitutionally-protected associational activity that I have resisted for over a year, and which I am raising as issues in my pending appeals.

An award of fees for pursuit of these ill-founded proceedings would be an abuse of discretion for the further reason that it exacerbates what I have repeatedly described, in pleadings dating back almost two years now, as the Court's "end run" around the essential protections of the civil jury right enshrined in the Seventh Amendment to the U.S. Constitution. I will not belabor the argument here, but simply recount the obvious: desperate to avoid the scrutiny of a fair-minded civil jury that would have appreciated the ridiculousness of a massive oil company's theatrics pretending to be the poor hapless victim of a nefarious global scheme apparently executed from the kitchen table of my two-bedroom apartment, Chevron in cowardly fashion took the drastic step of waiving all claims to money damages on the eve of trial.  This paved the way for this court to deny me a jury on the theory that it would be issuing *injunctive relief only*. And so the Court did in its March 4, 2014. This gave Chevron its injunction that it has used, against its express promises, to try to kneecap independent enforcement actions outside of New York. But it did not give it an obvious means to crush me personally and ruin me financially—another avowed Chevron goal with this RICO action.

Under the Constitution, Chevron's right to target me financially should have been subject to the scrutiny of an independent jury. Existing case law clearly prevents the most obvious strategies to "end run" this guarantee. *See, e.g.*, *Aetna Casualty & Surety Co. v. Liebowitz*, 730 F.2d 905 (2d Cir. 1984) (holding that attorney's fees are only available in a RICO case where there

has been a "final recovery of damages"). Thus Chevron has elaborated more far-fetched, but as yet

unaddressed, claims: exorbitant costs; special master fees for Your Honor's close friend Max

Gitter who still has not disclosed how many millions Chevron has paid him; damages on an

imaginary contempt that does not exist according to Your Honor's own clarification order; and

now, outrageous fees derived from post-judgment proceedings that have been illegitimate and

unnecessary from the first moment.[1] I expect the Second Circuit will use my pending appeal on

these issues to put an end to these end runs just as it did to the attorney fee claim in *Aetna*. In the

meantime, the money judgments and fines pile up, clear stand-ins for the money damages claims

Chevron supposedly waived because it did not have enough confidence in its evidence—including

in its corrupt star witness Guerra—to put it before an impartial jury of citizens. This obviously is

in service of Chevron's deeper goal, linked to its avowed "demonization" campaign, to destroy me

financially and thereby send a message to the human rights and environmental communities about

what happens to individuals who dare to successfully challenge powerful corporate interests as

profoundly as my clients and I have done with the Ecuador case.

    Any award of fees is a patent abuse of discretion for all the foregoing reasons. An award

would also need to be reversed or rescinded if I prevail on my pending appeals. The Court should

---

[1]   The fees that Gibson Dunn and Stern Kilcullen seek are egregiously excessive. Even if the
post-judgment proceeding had some base of legitimacy, it would require a responsible and
cooperative law firm only minimal legal work to comprehend the state of my assets and the
appropriateness under the RICO Injunction of the few litigation finance arrangements I was
involved in. The Gibson Dunn and Stern Kilcullen model is to generate and sustain pointless
controversies, file ridiculously oversized and unnecessary pleadings, padded by absurdly
unnecessary declarations and "expert" reports, and wrap everything in reams of entirely non-
legal rhetorical excess. The bills Gibson Dunn and Stern Kilcullen have submitted in support
of the motion are brilliant illustrations of all these billing strategies. Even if an award of fees
were proper in this context, which it is not for all the reasons discussed herein, it would be an
abuse of discretion for the Court to award even a fraction of the amount demanded.

**SA410**

deny Chevron's motion as untimely, unwarranted, or at the very minimum dismiss it without

prejudice pending resolution of my appeals.

DATED:          July 2, 2019                     Respectfully submitted,

                                                 _s/ Steven R. Donziger_____
                                                 Steven R. Donziger
                                                 245 W. 104th Street, #7D
                                                 New York, NY 10025
                                                 Tel: (917) 678-3943
                                                 Fax: (212) 409-8628
                                                 Email: sdonziger@donzigerandassociates.com

                                                 *Pro se*

**MEMO ENDORSED**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

CHEVRON CORPORATION,

           Plaintiff,

    v.

STEVEN DONZIGER *et al.*,

           Defendants.

---

11 Civ. 0691 (LAK)

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 7/2/2019

---

### EMERGENCY MOTION TO STAY FINES AND SANCTIONS
### PENDING APPEAL OR IN THE ALTERNATIVE FOR AN
### ADMINISTRATIVE STAY

    Undersigned moves the Court to stay (a) the draconian coercive fines imposed on me, a human rights advocate and sole practitioner, for making good-faith efforts to protect the core constitutional rights of me and my Ecuadorian clients, Indigenous peoples and farmer communities who are victims of extensive oil pollution in the Amazon rainforest; and (b) its recent order that I turn over my passport pending resolution of the pending motion to vacate (Dkt. 2221). I ask for a stay pending resolution of my appeal of the Court's May 23, 2019 contempt opinion ("Contempt Opinion") and potentially resolution of any forthcoming appeal of the Court's one-page "Paragraph 5" contempt finding (Dkt. 2219) ("Paragraph 5 Contempt Order") or two-page Passport Order (Dkt. 2232), depending on the outcome of the motion to vacate and whether I need to separately notice appeals of those orders. I further request an immediate administrative stay of all fines and coercive orders to allow for resolution of the instant motion and if necessary an emergency stay motion to the Second Circuit. This matter implicates my fundamental constitutional rights and the fundamental rights of thousands of Indigenous peoples in Ecuador,

Memorandum Endorsement                    Chevron Corp.. v. Donziger, 11-cv-0691 (LAK)

I

This matter is before the Court in consequence of Steven Donziger's virtually absolute refusal to comply with court orders requiring him to produce documents for the purpose of permitting his judgment creditor to locate assets that may be used to satisfy its unstayed money judgment against Donziger and to determine whether and to what extent Donziger has violated an injunction already affirmed by the Court of Appeals and seek contempt remedies as may be appropriate.

Donziger has been held in civil contempt for his failure to comply with two provisions of a court order (the "Forensic Inspection Protocol" or "Protocol"), among other misconduct. The Protocol provisions of which he is in contempt (paragraphs 4 and 5) require him to identify his electronic devices and storage media and to turn them over to a court appointed expert for a brief period to permit the devices to be imaged. DI 2172, ¶¶ 4-5. The imaging of these media would protect the integrity of the electronically stored information ("ESI") they contain, detect any spoliation of evidence and permit a technologically assisted search of their contents for "documents" responsive to a document subpoena with which Donziger has not complied despite court orders that he do so.

The Court, following a brief grace period, imposed increasing coercive fines for each day during which Donziger failed to comply with the identification and temporary turnover provisions of the Protocol. DI 2209, DI 2219. The fines are to be expunged if and when Donziger purges himself of contempt. Nevertheless, when the coercive fines did not result in Donziger's compliance, the Court suspended the further accumulation of the fines. DI 2252. But in a further and measured attempt to coerce compliance, it directed Donziger to surrender his passport(s) to the Clerk of the Court, the passport to be returned to Donziger upon full compliance with the Court's orders. Donziger initially agreed to turn over the passport(s) if the Court so required but then reneged and refused to comply with the Court's order.

Donziger now seeks a stay pending appeal of the coercive fines imposed for his refusal to comply with the relevant provisions of the Protocol until he complies fully with their terms. While he has been held in civil contempt for other misconduct, those determinations are not implicated by the present motion because they did not result in any coercive relief or, in one instance, was purged. Moreover, the further accumulation of coercive fines was suspended after he filed this motion.

II

In determining whether to issue a stay pending appeal, the Court considers "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"[1] "The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of

---

[1]    *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

2

the other [stay] factors."[2]

Donziger is not entitled to any stay pending appeal under this standard, substantially for the reasons set forth in Chevron's memorandum. DI 2237. In addition to the reasons advanced by Chevron, the Court emphasizes an additional point with respect to each of the passport order and the order holding Donziger in contempt of paragraph 5 of the Forensic Inspection Protocol (the "Protocol").

1.      Donziger has been stalling perfectly legitimate post-judgment discovery since Chevron served its information subpoenas many, many months ago. The Court first directed him to comply with parts of the subpoenas. When Donziger made no serious effort to comply with his court-directed obligations, the Court adopted in principle the proposal that Donziger's electronically stored information be located, imaged to protect its integrity and to return Donziger's devices to him as quickly as possible, and searched. Despite Donziger's refusal to play any meaningful role in formulating a process for doing so, the Court laboriously developed the process reflected in the Forensic Inspection Protocol, which is highly protective of Donziger. *See generally* DI 2171, DI 2172. When Donziger refused to comply with the Protocol, Chevron moved successfully to hold Donziger in civil contempt. As there was no meritorious defense to that motion, it was granted. The Court first resorted to coercive fines to induce compliance. But that measure failed. So the Court elected to require Donziger to surrender his passport(s) pending his compliance with paragraphs 4 and 5 of the Protocol. After initially stating on the record that he would surrender the passport(s), he refused.

In this posture, there is no real merit to the stay motion. The further accumulation of coercive fines has been suspended, essentially on the ground that it has been ineffective. DI 2252. So all that remains of the stay motion is the order to turn over the passport.

District courts have broad discretion to formulate remedies to coerce compliance with their orders. As the Second Circuit has said, "[t]o the extent that a contempt sanction is coercive, the court has 'broad discretion to design a remedy that will bring about compliance.'" *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004) (quoting *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)). Given that coercive fines had failed, it is difficult to imagine any other remedy short of incarceration that might be effective. In my judgment, there is no meaningful possibility that the passport surrender order would be overturned on appeal.

2.      Donziger's position is even weaker as to the contempt holding with respect to the provision of the Protocol requiring him to turn over his devices and media to the Neutral Forensic Expert, paragraph 5. DI 2219. He has not appealed either from that order (which in any case probably was not appealable) or from the order holding him in civil contempt for failing to comply with paragraph 5. The time within which to have done so has expired with respect to both orders. Quite

---

2

Mohammed v. Reno, 309 F.3d 95,101 (2d Cir. 2002) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) (internal quotation marks omitted)).

3

apart from that, there was no merit to his substantive argument.

\* \* \*

All of that said, it is relevant to focus on the two different parts of the Forensic Inspection Protocol. The first part involves Donziger adequately identifying and accounting for his devices and media, Donziger turning them over to the Neutral Forensic Expert ("NFE"), and the NFE then imaging the devices and media in order to preserve the integrity of the data and permit return of the original items to Donziger. The second involves the analytical and search process that is designed to result in the production to Chevron of the documents that the Court ordered produced a very long time ago and that Donziger has not produced. Any further delay in the first part would be dangerous to the integrity of the data and, moreover, entirely unjustified. A modest further delay of the second part would be inconvenient but tolerably so if any appeal were pursued and resolved promptly.

In all the circumstances, Donziger's motion for a stay pending appeal of certain relief granted in the Court's contempt ruling (DI 2234) is granted to the extent that those portions of the Protocol as require or permit disclosure to Chevron of information obtained from Donziger – specifically, paragraphs 7(b), 7(d)-(f), and 8 through 10 – are stayed pending appeal. In order to avoid unnecessary additional delay, this stay is conditioned explicitly on the following conditions:

1.    Donziger shall file his appellate brief and appendix in support of his appeal from the decision of May 23, 2019 no later than July 31, 2019 and his reply brief no later than 14 days after the filing of Chevron's brief.

2.    Donziger shall not oppose any motion for the Second Circuit to expedite that or any related appeal.

Donziger's motion is denied in all other respects. Without limiting the foregoing, he remains obligated to comply fully with paragraphs 4 and 5 of the Protocol and to surrender his passport(s) to the Clerk as previously directed.

SO ORDERED.

Dated:        July 2, 2019

_____
Lewis A. Kaplan
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - x

CHEVRON CORPORATION,

        Plaintiff,

        v.

STEVEN DONZIGER, *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMO ENDORSED**

11 Civ. 0691 (LAK)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/2019
```

**NOTICE OF CHEVRON CORPORATION'S**
**MOTION FOR AWARD OF ATTORNEYS' FEES**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

STERN, KILCULLEN & RUFOLO LLC
325 Columbia Tpke, Ste 110
P.O. Box 992
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Chevron Corporation*

Memorandum Endorsement                    Chevron Corp. v. Donziger, 11-cv-0691 (LAK)

On May 23, 2019, the Court granted in whole or in part four motions by Chevron Corporation ("Chevron") to hold Steven Donziger and Donziger & Associates, PLLC, in civil contempt and found that at least some of those contempts were wilful and ruled that Chevron was entitled to recover reasonable attorneys' fees in prosecuting those applications. DI 2209, at 69-71 & ¶ 4.  The same order stated that any application for attorneys' fees was to be filed on or before June 18, 2019.  Id. at 69.  On June 18, 2019, Chevron timely filed this application for attorneys' fees pursuant to the May 23, 2019 decision.  DI 2243.

Donziger & Associates, PLLC, which has been unrepresented here at least since Steven Donziger was suspended from the practice of law, has not opposed the motion.  Donziger himself opposes it on the ground that it is untimely.  Donziger's argument is both frivolous and deceptive.

Donziger contends that the motion is untimely because:

"Fed. R. Civ. P. Rule 54(d)(2)(B) states that '[u]nless a statute or a court order provides otherwise, [a claim for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment.' A 'judgment' is defined to 'include[ ]a decree and any order from which an appeal lies.' Fed. R. Civ. P. 54(a). The Court issued its final opinion and order on the contempt motions on May 23, 2019 ('Contempt Decision'), and the clerk formally entered the new supplemental money judgment associated with the order on May 24, 2019. Nothing in the Contempt Decision provided any alternative deadline. Thus, any attorney's fee motion was due June 6, 2019 or at the latest June 7, 2019. Chevron neglected to file its motion until June 18, 2019—almost twice the time allowed under the rules. It has forfeited any claim to fees regarding the Contempt Decision."[1]

Nowhere does he acknowledge that the Court's May 23 order, as expressly permitted by Fed. R. Civ. P. 54(d)(2)(B), specifically and unequivocally fixed June 18 as the date by which Chevron's motion had to be filed. Thus, his timeliness argument is utterly without merit.

I have considered Donziger's other submissions.  All are without merit.  Indeed, he has not made an serious attempt to address the merits of Chevron's motion.  He does not, for example, challenged the reasonableness of the hourly rates charged or, beyond his use of pejorative and conclusory adjectives, address the reasonableness of the services performed or the time devoted to providing them.  As a review the chronology provided by Chevron [DI 2245-2] demonstrates, Donziger's intransigence is directly responsible for the considerable efforts Chevron was forced to undertake to get at the pertinent facts. The Court finds that the rates charged, the services performed, and the time devoted to those services were reasonable.

Accordingly, Chevron's motion [DI 2243] is granted in all respects.  The Clerk shall enter a supplemental judgment awarding to Chevron and against Donziger and Donziger & Associates, PLLC, jointly and severally, the sum of $3,433,384.30 as reasonable attorneys' fees incurred.

SO ORDERED.

Dated:        July 16, 2019

/s/     Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge

_____
[1]

DI 2253, at 1.

**SA417**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/2019
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

                 -against-                              11-cv-0691 (LAK)

STEVEN DONZIGER,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER TO SHOW CAUSE WHY DEFENDANT STEVEN DONZIGER SHOULD NOT BE HELD IN CRIMINAL CONTEMPT

LEWIS A. KAPLAN, *District Judge.*

        Steven Donziger is hereby

        ORDERED, pursuant to Fed. R. Crim. P. 42, to show cause at a trial beginning at 9:30

a.m. on September 23, 2019 or such later date as the Court may fix, before the Honorable Loretta A.

Preska, District Judge, in the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New

York 10007, Courtroom 12A, why he should not be held in criminal contempt of court, pursuant to 18

U.S.C. §§ 401(3) and 2 and Fed. R. Crim. P. 42, on the following grounds:

### COUNT I
(Forensic Inspection Protocol ¶ 4)

        1.      On or about March 5, 2019, this Court entered an order in Chevron Corporation

v. Steven Donziger, *et al.*, 11-cv-691 (LAK), entitled Forensic Inspection Protocol (the "Protocol").

        2.      Paragraph 4 of the Protocol provides:

        "Within three (3) business days of entry of this Protocol, defendant Steven

        Donziger ('Donziger') shall provide to both the Neutral and Chevron's Forensic

2

Experts via email a representation listing under penalty of perjury all devices he has used to access or store information or for communication since March 4, 2012 – including, but not limited to, personal computers, tablets, phones, and external storage devices, such as external hard drives and thumb drives – (the 'Devices'), indicating for each of the Devices whether he has possession, custody, or control of the Devices and, if not, stating the reasons why that is so, i.e., whether they were destroyed, lost, etc. and the present location of the Devices.  Additionally, Donziger shall produce under penalty of perjury a list of all accounts – including, but not limited to, email accounts (including web-based email accounts); accounts (including web- or cloud-based) related to any document management services, such as Dropbox; and accounts related to any messaging services, such as WhatsApp, Facebook Messenger, instant messages, etc. – Donziger has used since March 4, 2012 (the 'Media'), indicating whether he presently has the ability to access those accounts and, if not, stating the reasons why that is so. At this time, prior discovery has revealed that Donziger used the following types of accounts to conduct business related to the Ecuadorian judgment:

a)      Email addresses, including, but not limited to, sdonziger@donzigerandassociates.com, stevenrdonziger@gmail.com, steven.donziger@donfordcapital.com, and gringograndote@gmail.com;

b)      A Dropbox account; and

c)      A WhatsApp account."

3.      Donziger, in disobedience of paragraph 4 of the Protocol, knowingly and wilfully failed fully to comply with the requirements thereof for all or part of the period commencing

3

on March 8, 2019 to and including May 28, 2019.

(18 U.S.C. § 401(3))


**COUNT II**

(Forensic Inspection Protocol ¶ 5)

4.      The Court repeats and realleges each of the allegations of paragraphs 1 through 3 hereof.

5.      Paragraph 5 of the Protocol provides:

"The Neutral Forensic Expert shall take possession of Donziger's Devices and have access to his Media for the purposes of making a mirror image of those Devices and Media.  The Devices shall be surrendered to the Neutral Forensic Expert at Donziger's address at 245 West 104th Street, #7D, New York, NY 10025.  The Neutral Forensic Expert shall take possession, custody, and control of the Devices and transport them directly to its offices for the imaging described herein.  The devices shall be surrendered to the Neutral Forensic Expert at 12:00 pm at 245 West 104th Street, #7D, New York, NY 10025 on March 18, 2019.  At no time shall Chevron's Forensic Expert have access to the original Devices or to live Media accounts absent further Court order.

a)      On the date and time specified per the above, Donziger shall turn over all Devices in his possession, custody, or control to the Neutral Forensic Expert.

Additionally, to the extent information contained in any of Donziger's accounts/media is not stored on any of Donziger's available Devices, Donziger shall provide the Neutral Forensic Expert with the information and/or things

4

necessary to access and image his accounts and media.  The Devices shall be returned to Donziger without unnecessary delay after the completion of the imaging required herein by the Neutral Forensic Expert.

b)      If any user names, passwords, or other information is required to access any of the electronically stored information on any of the produced Devices or Media, Donziger shall provide such usernames, passwords, and other information to the Neutral Forensic Expert at the time of the imaging.  Such information shall be kept strictly confidential by the Neutral Forensic Expert.

c)      Before beginning any work on the Devices and Media, the Neutral Forensic Expert will utilize a hardware write block device on the Devices and Media in order to protect the integrity of the existing data (or other techniques standard in the industry to protect the integrity of data).

d)      The Neutral Forensic Expert will create full forensic images of each Device and Media/Account.  The forensic images of each shall include, to the extent possible, allocated, unallocated, and host protected areas.  As part of the creation of the forensic images, the Neutral Forensic Expert will record on a log, where applicable: (1) the date and time at which the Device or Media was provided for forensic imaging and the date and time at which the Device or Media was imaged; (2) the time set in the BIOS or system clock at the time of imaging; (3) the "boot order" recorded in the BIOS of the Device or Media at the time of imaging; (4) the make, model, and serial number of the Device; (5) the username associated with any Media; (6) any identifying marks or labels on

5

any Device or Media; (7) the tool and/or method used to create the forensic images; and (8) MD5 and SHA1 hash values of the data collected from the Device or Media.

e)        Upon completion of the imaging, the Neutral Forensic Expert will verify the resulting forensic images by executing the form attached hereto as Exhibit A and return the Devices and Media to Donziger.

f)        The Neutral Forensic Expert then will create four (4) identical copies of the images of Donziger's Devices and Media, which shall be written to encrypted drives for security purposes.  Within two (2) calendar days of the imaging of Donziger's Devices and Media, one copy shall be provided to Donziger, two copies shall be lodged with the Clerk of Court in a sealed envelope, and one copy shall be retained by the Neutral Forensic Expert.  The Neutral Forensic Expert shall maintain the set of images created from Donziger's original Devices and Media unexamined and unaltered until further order from the Court.  The Neutral Forensic Expert shall use the copy of the images that it retains for searches and analysis as proscribed by this Protocol."

6.        Donziger, in disobedience of paragraph 5 of the Protocol, knowingly and wilfully failed to comply with the requirements thereof commencing on or about March 18, 2019 to at least on or about May 28, 2019.

(18 U.S.C. § 401(3))

# SA422

6

### COUNT III

(Passport Surrender Order)

7.    On June 11, 2019, this Court entered an order that provided in relevant part that: "Donziger, on or before June 12, 2019 at 4 p.m., shall surrender to the Clerk of the Court each and every passport issued to him by each and every nation to have issued a passport to him, the Clerk to retain possession thereof unless and until this Court determines that Donziger has complied fully with paragraphs 4 and 5 of the Protocol."

8.    Said order was served on Donziger electronically on June 11, 2019.

9.    Donziger, in disobedience of said order, knowingly and wilfully failed to comply with the requirements thereof by the required time or thereafter.

(18 U.S.C. § 401(3))

### COUNT IV

(RICO Judgment ¶ 1 – 2011 Retainer Agreement)

10.    On March 4, 2014, this Court entered a judgment (the "RICO Judgment") in *Chevron Corporation v. Steven Donziger, et al.*, 11-cv-691 (LAK) against Donziger, among others.

11.    The RICO Judgment contained the following definitions, among others:

(a)    "'Amazonia' means Amazonia Recovery Limited, an entity registered in Gibralter, together with its successors and assigns."

(b)    "'Donziger Defendants' means Steven Donziger, The Law Offices of Steven R. Donziger, and Donziger Associates PLLC collectively."

(c)     "'Donziger' means the Donziger Defendants, and each of them, unless the text hereof otherwise provides."

(d)     "'Judgment' means the judgment entered in the Lago Agrio Case on February 14, 2011 as modified by subsequent proceedings."   (This Judgment hereinafter is referred to as the "Ecuador Judgment").

(e)     "'Lago Agrio Case' means Lawsuit No. 2003-0002, entitled *Maria Aguinda y Otros v. Chevron Corporation,* in the Sucumbíos Provincial Court of Justice of the Republic of Ecuador and all appeals with respect to any judgment, order or decree entered therein."

(f)     "'Retainer Agreement' means the agreement, dated as of January 5, 2011, between and among (a) each of the individual plaintiffs in the Lago Agrio Case, together with their respective successors and assigns, (b) the ADF, (c) the Assembly, and (d) Donziger & Associates, PLLC, together with its successors and assigns and all successors to and predecessors of the Retainer Agreement."

3.      Paragraph 1 of the RICO Judgment provided:

"The Court hereby imposes a constructive trust for the benefit of Chevron on all property, whether personal or real, tangible or intangible, vested or contingent, that Donziger has received, or hereafter may receive, directly or indirectly, or to which Donziger now has, or hereafter obtains, any right, title or interest, directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment anywhere in the world including, without limitation, all rights to any contingent fee under the Retainer Agreement and

8

all stock in Amazonia.  Donziger shall transfer and forthwith assign to Chevron all such property that he now has or hereafter may obtain."

12.     At all times from March 4, 2014 to and including the date of this order, Donziger owned and controlled Donziger & Associates, PLLC, a/k/a Donziger Associates PLLC, a/k/a Donziger and Associates, PLLC.

13.     At all times from March 4, 2014 to and including September 3, 2018, Donziger, directly or indirectly, and Donziger & Associates PLLC had property that was traceable to the Ecuador Judgment.

14.     At all times from March 4, 2014 to and including September 3, 2018, Donziger, in disobedience of paragraph 1 of the RICO Judgment, knowingly and wilfully failed and refused to transfer or assign to Chevron property that he then had, directly or indirectly, traceable to the Ecuador Judgment, to wit, contractual rights to a contingent fee under the Retainer Agreement as that term is defined in the RICO Judgment, and knowingly and wilfully caused Donziger & Associates to fail and refuse to transfer said property.

(18 U.S.C. §§ 401(3) and 2)

## COUNT V

(RICO Judgment ¶ 1 – ADF Contingent Fee Grant)

15.     The Court repeats and realleges each of the allegations of paragraphs 10 through 12 above.

16.     On or about November 1, 2017, The Frente de Defensa de la Amazonia ("Amazon Defense Front" or "ADF"), the sole beneficiary of a "Judgment," as that term is defined

9

in the RICO Judgment, granted to Donziger a property right traceable to the Ecuador Judgment, to wit, "*an INTEREST in his own right equal to Mr. DONZIGER's existing contractual INTEREST. Such INTEREST, in any case, shall be understood to entitle Mr. DONZIGER to 6.3% of any FUNDS RECOVERED . . .*" in connection with the Lago Agrio Case or the Ecuador Judgment (the "ADF Property Right").

17.    Donziger had the ADF Property Right on or about November 1, 2017 and at all times from that date to and including May 27, 2019.

18.    At all times from on or about November 1, 2017 to on or about May 27, 2019, Donziger, in disobedience of paragraph 1 of the RICO Judgment, knowingly and wilfully failed and refused to transfer or assign to Chevron property that he then had, to wit, the ADF Property Right.

(18 U.S.C. § 401(3))

## COUNT VI

(RICO Judgment ¶ 5 – Personal Interest)

19.    The Court repeats and realleges each of the allegations of paragraphs 10 and 11 above.

20.    Paragraph 5 of the RICO Judgment provides in relevant part:

"Donziger . . . is hereby further enjoined and restrained from undertaking any acts to monetize or profit from the Judgment, as modified or amended, or any New Judgment, including without limitation by selling, assigning, pledging, transferring or encumbering any interest therein."

21.    On or about December 23, 2016, Donziger, in disobedience of paragraph 5

10

of the RICO Judgment, knowingly and wilfully acted to monetize or profit from the Ecuador

Judgment, to wit, by selling, assigning, pledging, transferring or encumbering a portion of his own

personal interest in the Ecuador Judgment in exchange for personal services.

(18 U.S.C. § 401(3))

It is further

ORDERED, that the defendant appear personally before the Honorable Loretta A.

Preska, District Judge, in the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York,

New York 10007, Courtroom 12A on August 6, 2019 at 10:00 am for an initial conference.

Dated:        July 30, 2019

_____

Lewis A. Kaplan
United States District Judge

**SA427**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                    -against-                                         11-cv-0691 (LAK)

STEVEN DONZIGER,

                          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/31/2019

### ORDER TO SHOW CAUSE WHY DEFENDANT STEVEN DONZIGER SHOULD NOT BE HELD IN CRIMINAL CONTEMPT

LEWIS A. KAPLAN, *District Judge.*

        Steven Donziger is hereby

        ORDERED, pursuant to Fed. R. Crim. P. 42, to show cause at a trial beginning at 9:30

a.m. on September 23, 2019 or such later date as the Court may fix, before the Honorable Loretta A.

Preska, District Judge, in the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New

York 10007, Courtroom 12A, why he should not be held in criminal contempt of court, pursuant to 18

U.S.C. §§ 401(3) and 2 and Fed. R. Crim. P. 42, on the following grounds:

### COUNT I
#### (Forensic Inspection Protocol ¶ 4)

       1.      On or about March 5, 2019, this Court entered an order in Chevron Corporation

v. Steven Donziger, *et al.*, 11-cv-691 (LAK), entitled Forensic Inspection Protocol (the "Protocol").

       2.      Paragraph 4 of the Protocol provides:

         "Within three (3) business days of entry of this Protocol, defendant Steven

         Donziger ('Donziger') shall provide to both the Neutral and Chevron's Forensic

2

Experts via email a representation listing under penalty of perjury all devices he has used to access or store information or for communication since March 4, 2012 – including, but not limited to, personal computers, tablets, phones, and external storage devices, such as external hard drives and thumb drives – (the 'Devices'), indicating for each of the Devices whether he has possession, custody, or control of the Devices and, if not, stating the reasons why that is so, i.e., whether they were destroyed, lost, etc. and the present location of the Devices. Additionally, Donziger shall produce under penalty of perjury a list of all accounts – including, but not limited to, email accounts (including web-based email accounts); accounts (including web- or cloud-based) related to any document management services, such as Dropbox; and accounts related to any messaging services, such as WhatsApp, Facebook Messenger, instant messages, etc. – Donziger has used since March 4, 2012 (the 'Media'), indicating whether he presently has the ability to access those accounts and, if not, stating the reasons why that is so. At this time, prior discovery has revealed that Donziger used the following types of accounts to conduct business related to the Ecuadorian judgment:

        a)      Email addresses, including, but not limited to, sdonziger@donzigerandassociates.com, stevenrdonziger@gmail.com, steven.donziger@donfordcapital.com, and gringograndote@gmail.com;

        b)      A Dropbox account; and

        c)      A WhatsApp account."

3.      Donziger, in disobedience of paragraph 4 of the Protocol, knowingly and wilfully failed fully to comply with the requirements thereof for all or part of the period commencing

3

on March 8, 2019 to and including May 28, 2019.

(18 U.S.C. § 401(3))


**COUNT II**

(Forensic Inspection Protocol ¶ 5)

4.      The Court repeats and realleges each of the allegations of paragraphs 1 through 3 hereof.

5.      Paragraph 5 of the Protocol provides:

"The Neutral Forensic Expert shall take possession of Donziger's Devices and have access to his Media for the purposes of making a mirror image of those Devices and Media. The Devices shall be surrendered to the Neutral Forensic Expert at Donziger's address at 245 West 104th Street, #7D, New York, NY 10025. The Neutral Forensic Expert shall take possession, custody, and control of the Devices and transport them directly to its offices for the imaging described herein. The devices shall be surrendered to the Neutral Forensic Expert at 12:00 pm at 245 West 104th Street, #7D, New York, NY 10025 on March 18, 2019. At no time shall Chevron's Forensic Expert have access to the original Devices or to live Media accounts absent further Court order.

a)      On the date and time specified per the above, Donziger shall turn over all Devices in his possession, custody, or control to the Neutral Forensic Expert.

Additionally, to the extent information contained in any of Donziger's accounts/media is not stored on any of Donziger's available Devices, Donziger shall provide the Neutral Forensic Expert with the information and/or things

**SA430**

4

necessary to access and image his accounts and media. The Devices shall be returned to Donziger without unnecessary delay after the completion of the imaging required herein by the Neutral Forensic Expert.

b)      If any user names, passwords, or other information is required to access any of the electronically stored information on any of the produced Devices or Media, Donziger shall provide such usernames, passwords, and other information to the Neutral Forensic Expert at the time of the imaging. Such information shall be kept strictly confidential by the Neutral Forensic Expert.

c)      Before beginning any work on the Devices and Media, the Neutral Forensic Expert will utilize a hardware write block device on the Devices and Media in order to protect the integrity of the existing data (or other techniques standard in the industry to protect the integrity of data).

d)      The Neutral Forensic Expert will create full forensic images of each Device and Media/Account. The forensic images of each shall include, to the extent possible, allocated, unallocated, and host protected areas. As part of the creation of the forensic images, the Neutral Forensic Expert will record on a log, where applicable: (1) the date and time at which the Device or Media was provided for forensic imaging and the date and time at which the Device or Media was imaged; (2) the time set in the BIOS or system clock at the time of imaging; (3) the "boot order" recorded in the BIOS of the Device or Media at the time of imaging; (4) the make, model, and serial number of the Device; (5) the username associated with any Media; (6) any identifying marks or labels on

5

any Device or Media; (7) the tool and/or method used to create the forensic images; and (8) MD5 and SHA1 hash values of the data collected from the Device or Media.

e)      Upon completion of the imaging, the Neutral Forensic Expert will verify the resulting forensic images by executing the form attached hereto as Exhibit A and return the Devices and Media to Donziger.

f)      The Neutral Forensic Expert then will create four (4) identical copies of the images of Donziger's Devices and Media, which shall be written to encrypted drives for security purposes. Within two (2) calendar days of the imaging of Donziger's Devices and Media, one copy shall be provided to Donziger, two copies shall be lodged with the Clerk of Court in a sealed envelope, and one copy shall be retained by the Neutral Forensic Expert. The Neutral Forensic Expert shall maintain the set of images created from Donziger's original Devices and Media unexamined and unaltered until further order from the Court. The Neutral Forensic Expert shall use the copy of the images that it retains for searches and analysis as proscribed by this Protocol."

6.      Donziger, in disobedience of paragraph 5 of the Protocol, knowingly and wilfully failed to comply with the requirements thereof commencing on or about March 18, 2019 to at least on or about May 28, 2019.

(18 U.S.C. § 401(3))

6

## COUNT III

(Passport Surrender Order)

7.      On June 11, 2019, this Court entered an order that provided in relevant part that:

"Donziger, on or before June 12, 2019 at 4 p.m., shall surrender to the Clerk of

the Court each and every passport issued to him by each and every nation to

have issued a passport to him, the Clerk to retain possession thereof unless and

until this Court determines that Donziger has complied fully with paragraphs

4 and 5 of the Protocol."

8.      Said order was served on Donziger electronically on June 11, 2019.

9.      Donziger, in disobedience of said order, knowingly and wilfully failed to comply

with the requirements thereof by the required time or thereafter.

(18 U.S.C. § 401(3))

## COUNT IV

(RICO Judgment ¶ 1 – 2011 Retainer Agreement)

10.     On March 4, 2014, this Court entered a judgment (the "RICO Judgment") in

Chevron Corporation v. Steven Donziger, *et al.*, 11-cv-691 (LAK) against Donziger, among others.

11.     The RICO Judgment contained the following definitions, among others:

(a)     "'Amazonia' means Amazonia Recovery Limited, an entity registered

in Gibralter, together with its successors and assigns."

(b)     "'Donziger Defendants' means Steven Donziger, The Law Offices of

Steven R. Donziger, and Donziger Associates PLLC collectively."

(c)     "'Donziger' means the Donziger Defendants, and each of them, unless the text hereof otherwise provides."

(d)     "'Judgment' means the judgment entered in the Lago Agrio Case on February 14, 2011 as modified by subsequent proceedings." (This Judgment hereinafter is referred to as the "Ecuador Judgment").

(e)     "'Lago Agrio Case' means Lawsuit No. 2003-0002, entitled *Maria Aguinda y Otros v. Chevron Corporation,* in the Sucumbíos Provincial Court of Justice of the Republic of Ecuador and all appeals with respect to any judgment, order or decree entered therein."

(f)     "'Retainer Agreement' means the agreement, dated as of January 5, 2011, between and among (a) each of the individual plaintiffs in the Lago Agrio Case, together with their respective successors and assigns, (b) the ADF, (c) the Assembly, and (d) Donziger & Associates, PLLC, together with its successors and assigns and all successors to and predecessors of the Retainer Agreement."

3.      Paragraph 1 of the RICO Judgment provided:

"The Court hereby imposes a constructive trust for the benefit of Chevron on all property, whether personal or real, tangible or intangible, vested or contingent, that Donziger has received, or hereafter may receive, directly or indirectly, or to which Donziger now has, or hereafter obtains, any right, title or interest, directly or indirectly, that is traceable to the Judgment or the enforcement of the Judgment anywhere in the world including, without limitation, all rights to any contingent fee under the Retainer Agreement and

8

all stock in Amazonia. Donziger shall transfer and forthwith assign to Chevron all such property that he now has or hereafter may obtain."

12. At all times from March 4, 2014 to and including the date of this order, Donziger owned and controlled Donziger & Associates, PLLC, a/k/a Donziger Associates PLLC, a/k/a Donziger and Associates, PLLC.

13. At all times from March 4, 2014 to and including September 3, 2018, Donziger, directly or indirectly, and Donziger & Associates PLLC had property that was traceable to the Ecuador Judgment.

14. At all times from March 4, 2014 to and including September 3, 2018, Donziger, in disobedience of paragraph 1 of the RICO Judgment, knowingly and wilfully failed and refused to transfer or assign to Chevron property that he then had, directly or indirectly, traceable to the Ecuador Judgment, to wit, contractual rights to a contingent fee under the Retainer Agreement as that term is defined in the RICO Judgment, and knowingly and wilfully caused Donziger & Associates to fail and refuse to transfer said property.

(18 U.S.C. §§ 401(3) and 2)

## COUNT V

(RICO Judgment ¶ 1 – ADF Contingent Fee Grant)

15. The Court repeats and realleges each of the allegations of paragraphs 10 through 12 above.

16. On or about November 1, 2017, The Frente de Defensa de la Amazonia ("Amazon Defense Front" or "ADF"), the sole beneficiary of a "Judgment," as that term is defined

9

in the RICO Judgment, granted to Donziger a property right traceable to the Ecuador Judgment, to wit, *"an INTEREST in his own right equal to Mr. DONZIGER's existing contractual INTEREST. Such INTEREST, in any case, shall be understood to entitle Mr. DONZIGER to 6.3% of any FUNDS RECOVERED . . ."* in connection with the Lago Agrio Case or the Ecuador Judgment (the "ADF Property Right").

  17. Donziger had the ADF Property Right on or about November 1, 2017 and at all times from that date to and including May 27, 2019.

  18. At all times from on or about November 1, 2017 to on or about May 27, 2019, Donziger, in disobedience of paragraph 1 of the RICO Judgment, knowingly and wilfully failed and refused to transfer or assign to Chevron property that he then had, to wit, the ADF Property Right.

(18 U.S.C. § 401(3))

**COUNT VI**

(RICO Judgment ¶ 5 – Personal Interest)

  19. The Court repeats and realleges each of the allegations of paragraphs 10 and 11 above.

  20. Paragraph 5 of the RICO Judgment provides in relevant part:

    "Donziger . . . is hereby further enjoined and restrained from undertaking any acts to monetize or profit from the Judgment, as modified or amended, or any New Judgment, including without limitation by selling, assigning, pledging, transferring or encumbering any interest therein."

  21. On or about December 23, 2016, Donziger, in disobedience of paragraph 5

10

of the RICO Judgment, knowingly and wilfully acted to monetize or profit from the Ecuador

Judgment, to wit, by selling, assigning, pledging, transferring or encumbering a portion of his own

personal interest in the Ecuador Judgment in exchange for personal services.

(18 U.S.C. § 401(3))

It is further

ORDERED, that the defendant appear personally before the Honorable Loretta A.

Preska, District Judge, in the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York,

New York 10007, Courtroom 12A on August 6, 2019 at 10:00 am for an initial conference.

Dated:        July 30, 2019

_____

Lewis A. Kaplan
United States District Judge

# SA437

1

J86sDONa

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                            19 CR 561 (LAP)
                                   11 Civ. 691 (LAP)

STEVEN DONZIGER,

               Defendant.

------------------------------x

                             New York, N.Y.
                             August 6, 2019
                             10:00 a.m.

Before:

                    HON. LORETTA A. PRESKA,

                             District Judge

                      APPEARANCES

FOR THE GOVERNMENT
BY:   RITA M. GLAVIN
      BRIAN P. MALONEY
      SAREEN ARMANI
SEWARD & KISSEL LLP

STEVEN DONZIGER, Pro Se

ALSO PRESENT:
GEORGE GOLTZER, Advisory Counsel
LEAH HARMON, Pretrial Services Officer

J86sDONa

1    I have regular appointments that require me to travel to carry

2    out this aspect of my work that Judge Kaplan said I could do,

3    the Second Circuit validated, and by the way, the Supreme Court

4    of Canada also issued a ruling the right to the Ecuadorians to

5    try to enforce the judgment in that country.

6            So this is legitimate work, and I would ask the court

7    to at least take that into account when imposing conditions of

8    release.

9            What I would propose, if I may, is you say normal

10   course.  This is unfamiliar to me, except obviously I'm

11   learning about it today being here.  But what I would propose,

12   because I don't think this is a normal kind of case, given the

13   long history of my particular role in this, is to allow me to

14   keep my passport, for me to propose when I want to travel to

15   another international place, that I would inform the court or

16   inform pretrial services or whatever the process is, get

17   permission to go for a certain period of time, and be allowed

18   to return.

19           I've probably left this country 150 times since the

20   RICO judgment was filed.  And I recognize that was civil, this

21   is criminal, but there were criminal allegations in the RICO

22   judgment.  I came every day, several weeks of trial, 19 days of

23   depositions.  So I am a person who shows up.

24           I intend to contest these charges.  I don't think I

25   should be treated like any normal person in the normal course.

# SA439

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **To:** | CourtMail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:19-cr-00561-LAP USA v. Donziger Status Conference |
| **Date:** | Wednesday, December 4, 2019 1:37:35 PM |

[External Email]

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Southern District of New York

### Notice of Electronic Filing

The following transaction was entered on 12/4/2019 at 1:35 PM EST and filed on 12/4/2019
**Case Name:** USA v. Donziger {11cv691}
**Case Number:** 1:19-cr-00561-LAP
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Minute Entry for proceedings held before Judge Loretta A. Preska:Status Conference as to Steven Donziger held on 12/4/2019 as to Steven Donziger( Status Conference set for 1/6/2020 at 10:00 AM before Judge Loretta A. Preska.) Defendant present with his attorney Andrew Frisch. Special Prosecutors Rita Glavin and Brian Maloney present. Trial scheduled for June 15, 2020 at 10:00 a.m. Next conference scheduled for January 6, 2020 at 10:00 a.m. Time is excluded from today, until January 6, 2020 from calculation under the speedy trial act in the interest of justice (jw)**

**1:19-cr-00561-LAP-1 Notice has been electronically mailed to:**

Andrew James Frisch     afrisch@andrewfrisch.com

Rita Marie Glavin     glavin@sewkis.com

Steven Robert Donziger     StevenRDonziger@gmail.com, sdonziger@donzigerandassociates.com

Brian Paul Maloney     maloney@sewkis.com

**SA440**

Sareen Karla Armani    armani@sewkis.com

**1:19-cr-00561-LAP-1 Notice has been delivered by other means to:**